# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,**[1]<br><br>**Debtor.** | Chapter 11<br><br>Civ. Action No. ___23 Civ. 5751___<br><br>Bankr. Case No. 20-12345 (MG) |

### DECLARATION OF ERIC P. STEPHENS IN SUPPORT OF JOINT PETITION TO FIX VENUE FOR CLAIMS RELATED TO THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE'S BANKRUPTCY UNDER 28 U.S.C. §§ 157(b)(5) AND 1334(b)

JONES DAY
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew Butler
250 Vesey Street
New York, New York  10281
Telephone:     (212) 326-3939
Facsimile:      (212) 755-7306

-and-

JONES DAY
Christopher DiPompeo (*pro hac vice*)
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone:  (202) 879-7686
Facsimile:  (202) 626-1700

*Counsel for the Debtor
and Debtor in Possession*

Brian R. Davey
Mulholland Minion Davey McNiff & Beyrer
374 Hillside Ave
Williston Park, NY 11596
516-248-1200
bdavey@mmlaw.us.com

-and-

Charles J. Adams
Patrick F. Adams, P.C.
3500 Sunrise Highway, Building 300
Great River, NY 11739
631-666-6200
cjadams@pfapc.com

*Counsel for the DRVC Related Parties*

---

[1] The Debtor in the chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

**TABLE OF EXHIBITS**

| EX. | TITLE |
| --- | --- |
| A | Declaration of Charles Moore |
| B | Agreed Coverage Summary |
| C | Direct Testimony of Eric P. Stephens |
| D | Direct Testimony of Kenneth F. Porter |
| E | Direct Testimony of Charles Moore |
| F-1 | Illustrative Pre-petition Complaint |
| F-2 | Illustrative Post-petition Complaint |
| G | Letter to Bankruptcy Court |

I, Eric P. Stephens, hereby declare under penalty of perjury:

1.     I am a partner at the law firm of Jones Day, which serves as counsel to the Roman

Catholic Diocese of Rockville Centre, New York, the debtor and debtor-in-possession (the

"Diocese") in its ongoing chapter 11 case.

2.     I submit this Declaration to provide the Court with documents in

support of the Debtor's and its affiliated parishes, schools, and other organizations' ("DRVC

Related Parties") *Joint Petition to Fix Venue for Claims Related to the Diocese of Rockville*

*Centre's Bankruptcy Under 28 U.S.C. §§ 157(b)(5) and 1334(b).*

3.     Attached hereto are true and correct copies of the following documents, under the

identified exhibit pages:

(a)     Exhibit A is the Declaration of Charles Moore in Support of Chapter 11

Petition and First Day Pleadings.  [Bankr. Case No. 20-12345, Dkt. No.

3].

(b)     Exhibit B is the Notice of Agreed Coverage Summary between the Debtor

and the Official Committee of Unsecured Creditors, as well as Exhibit A

attached thereto.  [Adv. Pro. Case No. 20-01226, Dkt. No. 169].

(c)     Exhibit C is the Direct Testimony of Eric P. Stephens, as well as Exhibits

A & B attached thereto.  [Adv. Pro. Case No. 20-01226, Dkt. No. 180].

(d)     Exhibit D is the Direct Testimony of Kenneth F. Porter, as well as Exhibit

1 attached thereto.  [Adv. Pro. Case No. 20-01226, Dkt. No. 181].

(e)     Exhibit E is the Direct Testimony of Charles Moore, as well as Exhibit 1

attached thereto.  [Adv. Pro. Case No. 20-01226, Dkt. No. 182].

(f)     Exhibit F-1 is the summons and complaint filed in CVA Index No.

9000058/2020.

(g)     Exhibit F-2 is the summons and complaint filed in CVA Index No.

900148/2021.

(h)     Exhibit G is an April 18, 2023 Letter from Christopher DiPompeo to the

Bankruptcy Court.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on July 5, 2023

Eric P. Stephens

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
In re:                                            )
                                                  )    Case No. 20-12345
The Roman Catholic Diocese of Rockville           )
Centre, New York,[1]                              )    Chapter 11
                                                  )
            Debtor.                               )
                                                  )
-------------------------------------------------------x

**DECLARATION OF CHARLES MOORE, MANAGING DIRECTOR OF ALVAREZ
& MARSAL NORTH AMERICA, LLC, PROPOSED RESTRUCTURING ADVISOR
TO THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,
IN SUPPORT OF CHAPTER 11 PETITION AND FIRST DAY PLEADINGS**

I, Charles Moore, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury

that:

1.      I am a Managing Director within the Restructuring & Turnaround division

of Alvarez & Marsal North America, LLC ("A&M"), a professional services firm specializing in

turnaround management and performance improvement.  I serve as an advisor to The Roman

Catholic Diocese of Rockville Centre, New York (the "Diocese" or the "Debtor").  I have over

twenty-five years of experience in operational and financial restructuring, turnaround consulting,

performance improvement, and interim management.

2.      The Diocese is the seat of the Roman Catholic Church on Long Island.[2]

The Diocese has been under the leadership of Bishop John O. Barres since February 2017.

---

[1]  The last four digits of the Debtor's federal tax identification number are 7437.  The Debtor's mailing address is 50
North Park Avenue, Rockville Centre, New York 11571.

[2]  The Diocese serves the entirety of Suffolk and Nassau counties, excepting Fishers Island, which is a part of the
Diocese of Norwich.  The area served by the Diocese is referred to herein as Long Island.

       3.      Bishop Barres has initiated a review of the Diocese's finances and operations, and a review of its insurance history and coverage levels going back to its creation. The stated purpose of this review is to assure that: (i) the Diocese maintains and continues to strengthen its efforts to prevent abuse of children and young people; (ii) existing Diocese resources not otherwise restricted or reasonably required for the Diocese to serve the faithful and others in need are identified, preserved and made available to assist the Diocese in providing care and compensation to the victims of clerical abuse (the "<u>abuse survivors</u>"); and (iii) there remains adequate financial support to serve the faithful and those in need on Long Island, and to continue to improve such ministry over time.

       4.      To further those ends, the first objective of my engagement has been to provide transparency in the Diocese's finances and operations and to evaluate whether resources, including cash, are managed in conformity with the Diocese's commitments and obligations.

       5.      The second objective of my work has been to analyze the Diocese's resources, obligations and ongoing operations in order to assess the operating model of the Diocese and make recommendations for improvement. Bishop Barres seeks to improve efficiency within the Diocese, and the operating model reflects those efficiency improvements. The model also quantifies and forecasts the resources reasonably required for the Diocese to fulfill its mission and give effect to its prior and continuing commitments to donors and others supporting and relying upon its mission. This objective was pursued with a view to providing financial support for the compensation and care for the abuse survivors utilizing existing Diocesan resources. It also aims to provide for the ongoing needs of the Diocese to continue its ministry to the faithful and the needy on Long Island, and to discharge its obligations.

6.      On the date hereof (the "Petition Date"), the Diocese caused its attorneys

to file a voluntary petition for chapter 11 bankruptcy relief under title 11 of the United States

Code (the "Bankruptcy Code") in this Court (the "Bankruptcy Court").  Pursuant to 11 U.S.C

§§ 1107(a) and 1108, the Diocese continues to operate its ministry and manage its properties as a

debtor in possession.

7.      To enable the Diocese to minimize the adverse effects of the

commencement of this chapter 11 case on its operations, the Diocese has requested various types

of relief in its first-day motions (collectively, the "First Day Motions").  The First Day Motions

seek relief aimed at, among other things:  facilitating a smooth transition to this chapter 11 case;

continuing the ministry of the Catholic Church to the nearly 1.5 million Catholics in the Diocese;

maintaining employee compensation; maintaining the good will and morale of the approximately

188 priests, lay employees and others who work on the programs and services provided by the

Diocese; preserving and maximizing the Diocese's property, including its insurance assets, to

satisfy Diocesan creditors; and maintaining services for those Catholics and non-Catholics alike

who benefit from the many critical services provided by the charitable, educational and other

service organizations affiliated with the Diocese.  All of the First Day Motions are vital to the

Diocese's reorganization efforts, and expedited approval of the First Day Motions is important to

the Diocese's success in this chapter 11 case.

8.      I submit this declaration (the "Declaration") pursuant to Rule 1007 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-2 of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Rules") (a) in support of the

relief requested in the First Day Motions; (b) to explain to the Court and interested parties the

circumstances that compelled the Diocese to seek relief under the Bankruptcy Code; and (c) to provide certain information as required by Local Rule 1007-2.

9.      As the lead Managing Director at A&M responsible for this engagement, I have become familiar with the Diocese's day-to-day operations, financial affairs, and books and records through review of certain financial documents, discussions with Diocese management, and discussions with the Diocese's other professionals.  Except as otherwise noted, all facts set forth in this Declaration are based upon my personal knowledge, information supplied to me by others associated with the Diocese and/or colleagues of mine at A&M, my review of relevant documents or my opinion based on my experience with and knowledge of the Diocese's operations, financial condition and financial outlook.  If called upon to testify, I could and would testify competently to the facts set forth herein.  I am authorized by the Diocese to submit this Declaration.

10.      This Declaration provides background on the Diocese's operations relevant to this chapter 11 case, and further provides factual information relevant to and in support of the First Day Motions.  Part I of this Declaration provides background regarding the Diocese, its mission, its charitable, educational and religious-service affiliates, and its Parishes and their schools in order to contextualize long-standing operational practices of the Diocese.  Part II provides information from the financial and operational analysis conducted by A&M of the Diocese, its affiliates and the plans and programs it administers.  Part III sets forth the events that precipitated commencement of this case.  Part IV discusses the objectives of the filing and the actions that the Diocese has taken to reduce expenses and operate more efficiently.  Part V provides a summary of the First Day Motions.  Part VI identifies the annexed schedules that contain information required by Local Rule 1007-2.

I.    **<u>BACKGROUND</u>**

A.    **Organization of the Catholic Church**

11.    I understand that there are around 1.3 billion baptized Catholics worldwide, of whom around 70 million reside in the United States.  As a general matter, the Catholic community is composed of the ordained clergy (i.e., bishops, priests and deacons) and the laity.  The Catholic Church[3] operates though dioceses, each working within a specific geography, under the leadership of archbishops or bishops responsible to the Holy See in the Vatican.  In turn a diocese provides administrative functions to, supports, and serves, among others:  (i) local churches, known as parishes, and parish schools;[4] and (ii) other charitable, educational, and religious-service affiliates that are critical to the ministry of the Church within that diocese and that are supported and often administered by the diocese.[5]

B.    **Structure of the Diocese, the Parishes and the Diocese Affiliates**

12.    As explained above, the Diocese is the seat of the Church on Long Island. The Diocese was established by the Vatican in 1957 from territory that was formerly part of the Diocese of Brooklyn.

13.    The State of New York established the Diocese as a religious corporation in 1958.  *See* 1958 N.Y. Sᴇss. Lᴀws Ch. 70 (1958), § 1.  Under the New York statute, the purpose of the Diocesan corporation is "to support, maintain, aid, advise and cooperate with any charitable, religious, benevolent, recreational, welfare or educational corporation, association,

---

[3]  As used in this Declaration, the term "Church" refers to the Roman Catholic Church.

[4]  Each parish and parish school is generally supervised by a pastor.

[5]  In addition to those listed, there is another type of organization within the Catholic community known as a religious order.  Religious orders are largely autonomous and governed by the statutes and constitutions of the particular order.  The priests, religious women and brothers of religious orders do not normally report directly to or take ultimate direction from diocesan bishops.  The principal authority for supervising, reassigning or punishing members of religious orders are the superiors of those orders.

institution, committee, agency, or activity . . . within the state of New York or elsewhere . . . ."
*Id.* § 4.[6]  The statute provides that "[t]he bishop, vicar-general and chancellor of the [Diocese] . . . . shall, by virtue of their offices, be the members and trustees of the corporation." *Id*. § 8.

       14.     The Diocese is one of eight Catholic dioceses in New York, including the Archdiocese of New York.  The Diocese's total Catholic population is approximately 1.4 million, roughly half of Long Island's total population of 3.0 million.  The Diocese is the eighth largest diocese in the United States when measured by the number of baptized Catholics.

       15.     The Diocese has 135 parishes (each a "Parish Corporation" or "Parish," and collectively, the "Parish Corporations" or "Parishes").  The Diocese's administrative offices are in Rockville Centre. In the Diocese, there are 553 priests (active and retired), 801 religious women, 34 brothers, and 285 permanent deacons.

       16.     Parishes are the epicenter of the Church's mission, and play a central role in the lives of Catholics by administering key aspects of the Catholic Faith, including:  baptism, education, communion, Mass, confirmation, marriage, and bereavement, including last rites, funeral services and grief support.[7]  In this way, a parish is the critical connection of the Church to the faithful, from the beginning of life to the end.

       17.     The Diocese's Parishes are separate religious corporations, formed under Article 5 of the New York's Religious Corporations Law, N.Y. RELIG. CORP. § 90.  Under the

---

[6]  Pursuant to the statute, the Diocese has the power to take and hold, by bequest, devise, gift, purchase or lease, either absolutely or in trust for any of its purposes, any property real or personal, without limitation as to amount or value; to sell, mortgage, lease or otherwise convey or transfer such property, and to invest and reinvest any principal and income and to deal with, use, apply and expend any property and the income derived therefrom in such a manner as in the judgment of its trustees will best promote its objects.  1958 N.Y. SESS. LAWS Ch. 70 (1958), § 5.

[7] In response to the COVID-19 pandemic and in accordance with government directives and guidance from the Centers for Disease Control, Parishes temporarily transitioned many of these activities to virtual formats, reduced in-person gatherings or suspended them altogether.  As of the Petition Date, Parishes on Long Island have begun to re-open at reduced capacity.

- 6 -

Religious Corporations Law, the trustees of each Parish Corporation are the Diocese's bishop and vicar-general, the Parish pastor and two laypersons from the Parish. *Id.* § 91.

18.      Parishes own and operate twenty-six elementary schools and two high schools in the Diocese.  There are also four private Catholic elementary schools and five private Catholic high schools operating in the Diocese.  The Diocese does not own or operate any of the Parish schools or private Catholic schools.  The Department of Education, Diocese of Rockville Centre owns and operates two additional high schools and supervises nine regional elementary schools in the Diocese.

19.      In addition, the Diocese has fourteen primary charitable, educational and other religious-service affiliates (each such organization, a "Diocese Affiliate").  Generally, each of these affiliates is a separate, not-for-profit charitable member corporation that has its own board and governance.  Each has a role in furthering the ministry of the Church and serving the Parishes and the communities of Long Island.  There may be additional Catholic Faith-based entities that provide charitable, educational and other religious services on Long Island.

20.      The fourteen Diocese Affiliates are:  Catholic Charities of the Diocese of Rockville Centre; Catholic Community Foundation of Long Island, Inc.; Unitas Investment Fund, Inc.; Mission Assistance Corporation; Catholic Cemeteries of the Roman Catholic Diocese of Rockville Centre, Inc.; Diocese Rockville Centre Catholic Cemetery Permanent Maintenance Trust; Department of Education, Diocese of Rockville Centre; Tomorrow's Hope Foundation, Inc.; Seminary of the Immaculate Conception; Catholic Faith Network; Catholic Press Association of the Diocese of Rockville Centre, Inc.; Diocesan Service, Inc.; Ecclesia Assurance Company; and Society for the Propagation of Faith and Mission Office.  The Diocese provides

administrative support to many of the Diocese Affiliates pursuant to administrative services

agreements.[8]  Each Diocese Affiliate is discussed in greater detail in Section II.B below.

21.    In sum, within the geographic territory of the Diocese on Long Island,

there are 135 Parishes, 39 schools, and the fifteen Diocese Affiliates (each, a "<u>Ministry</u>

<u>Member</u>," and collectively, the "<u>Ministry Members</u>," or the "<u>Ministry</u>").  Though the Ministry,

the Diocese furthers its mission and serves the faithful and those in need in communities across

Long Island.

22.    None of the Ministry Members have sought relief under chapter 11 or are

debtors herein.

**C.    Diocese Support of Ministry:  Administrative Support for Insurance, Health,
Welfare and Retirement Programs**

23.    To support the Ministry, the Diocese provides administrative support for

and participates in plans providing retirement, health and welfare benefits for clergy and lay

persons employed by the Diocese and by Ministry Members.  The plans for employee and clergy

benefits are the Diocese of Rockville Centre 403(b) Employee Retirement Plan, the Diocese of

Rockville Centre Health and Welfare Benefits Program, the Diocese of Rockville Centre Pension

Plan, the Diocese of Rockville Centre Qualified Retirement Plan for Diocesan Priests and the

Diocese of Rockville Centre Health Care and Other Assistance Plan for Retired and Disabled

Diocesan Priests (collectively, the "<u>Benefit Plans</u>").  The Benefit Plans are each funded by

separate trusts for the benefit of their participants.[9]  The insurance program maintained for the

---

[8] The Diocese has, as of March 2019, administrative services agreements in place with the following Ministry
Members:  Ecclesia Assurance Company; Catholic Community Foundation of Long Island, Inc.; Unitas Investment
Fund, Inc.; Department of Education; Mission Assistance Corporation; Catholic Faith Network; Catholic Press
Association of the Diocese of Rockville Centre, Inc.; Diocesan Service, Inc.; and Tomorrow's Hope Foundation,
Inc.

[9] The 403(b) Employees' Retirement Plan is funded by custodial accounts and annuity contracts held by an
insurance company, which are in the nature of trusts, but not technically trusts.  For ease of reference, these funding
vehicles will be referred to herein as "trusts" along with the other trusts funding plans.

insurance needs of the Diocese and Ministry Members is the Protected Self Insurance Program of

the Diocese of Rockville Centre (the "Protected Self Insurance Program" and collectively with

the Benefit Plans, the "Benefit and Insurance Plans").

24.    Each of the Benefit and Insurance Plans is primarily funded by its

participating Ministry Members other than the Diocese, with the Diocese contributing a modest

portion of annual funding for its own employees and insurance needs as an entity.  Participating

Ministry Members make contributions to the Benefit and Insurance Plans on behalf of their

employees in the case of the Benefit Plans and on behalf of themselves in the case of the

Protected Self Insurance Program.  The Diocese provides administrative services to the Benefit

and Insurance Plans and receives reimbursement for the costs incurred by the Diocese to

administer these arrangements.  The Diocese acts as contribution agent for the Benefit Plans,

collecting contributions from all participants and remitting them to the plan trusts or paying plan-

specific administrative expenses.  The premiums or Benefit Plan contributions paid by the

Ministry Members assure coverage and benefit Ministry Members and employees of Ministry

Members.

## II.    FINANCES AND OPERATIONS OF THE DIOCESE

### A.    Our Analysis of the Diocese's Finances and Operations

25.    Members of my team and I have worked with the financial staff at the

administrative office of the Diocese to analyze the Diocese's finances.  Specifically, we have

reviewed certain financial statements since 2014, treasury records, bank accounts, and human

resources records.  This review has focused on the Diocese's operational efficiency, financial

condition, and its current and historical cash management practices.

26.    The Diocese has no indebtedness for borrowed money.

27.     The Diocese's recurring revenues are limited and largely dependent on donors and parishioners.  They are also unpredictable and have more recently been declining due to the impacts on the Diocese from the COVID-19 pandemic.  The Diocese's recurring revenues are:  (i) a share of the weekly offertory made by the faithful at every Parish; (ii) other bequests and donor-directed gifts; (iii) investment income; (iv) revenue for administrative services provided to Ministry Members; and (v) revenues from the Diocese's sublease to third parties of a portion of the spectrum within its educational broadcast license.[10]

28.     Other than the spectrum revenue, administrative services revenue and investment income described above, recurring revenues depend on the Diocese's ability to raise revenues from the faithful.  These revenues are unpredictable and have more recently been declining due to disruptions caused by the COVID-19 pandemic, the impact of which is further described in Section IV.F below.  The Diocese depends on these revenues to continue its mission of ministering to the faithful and providing charity to those in need.  In turn, the faithful make donations in anticipation of the Diocese continuing its mission.

29.     Separate from the principal pastoral and temporal functions of the Diocese is the Catholic Ministries Appeal (the "CMA"), an annual campaign to support particular charitable, religious and educational missions undertaken by the Diocese and entities that are sponsored by and/or affiliated with the Diocese.  CMA donations collected in a given calendar year are designated for use in the following calendar year.  For the CMA and other non-offertory donations, the Diocese asks its donors to provide these revenues to fund areas of particular

---

[10]   The Diocese also assists Parishes and the furtherance of Catholic education by acting as an agent to collect a "non-school assessment" from Parishes that do not have schools.  The money collected is used to fund efforts related to Catholic education.  The primary function is to fund parish schools.  This money goes through an identified, segregated account used solely for this purpose.  Monies collected though the non-school assessment are remitted to the Department of Education, which then disburses the funds to the parish schools that receive this support and for other operational needs.

importance to the mission of the Church.  These areas of particular importance include the

provision of religious education for thousands of students on Long Island; affordable and safe

housing for seniors, veterans and adults with mental and physical disabilities; food programs for

seniors, low-income families and women and their children; foster care; youth, campus and

young adult ministries; priests', deacons' and lay leaders' education and formation; faith

formation, including baptismal preparation, pre-Cana marriage preparation and Rite of Christian

Initiation of Adults programs; hospital ministry to those who are ill and their families; prison

ministry; substance abuse services and day treatment programs; and Catholic Diversity initiatives

(collectively, the "CMA Missions").  In order to incentivize participation in the CMA, any Parish

that raises more than its fundraising goal set by the Diocese in that year's campaign is eligible

for a refund from the CMA in the amount of the excess.

> 30.    Our financial and treasury review included reviewing the handling of

monies received by the Diocese from the Parishes as part of the weekly offertory by parishioners,

its administrative services revenues, its investment income and its spectrum revenues.  The

Diocese uses these revenues to provide ongoing, ordinary-course administrative support and

services to the Parishes, their schools and the affiliated charitable, educational and service

organizations.

> 31.    We separately reviewed and analyzed revenues derived from the CMA.

CMA donations are made into a separate bank account and, for the most part, remain in that

account until the following calendar year.  At the beginning of each calendar year, funds from

the previous year's CMA are disbursed from this account in one of four ways:  (i) through

transfers to the Diocese to support its engagement in CMA Missions; (ii) as direct contributions

to Diocesan Affiliates that engage in CMA Missions; (iii) through transfers to the Diocese to

fund the administrative support it provides such Diocesan Affiliates; and (iv) as refunds to

parishes that raised funds in excess of their goal amount for that year's CMA. Typically,

contributions to Catholic Charities of the Diocese of Rockville Centre, a Diocese Affiliate, occur

prior to the end of the CMA campaign year. In addition, some refunds to parishes occur prior to

the end of the campaign year based on collections. All funds raised in a given calendar year's

CMA are disbursed in the following calendar year and the CMA has no endowment. In each

year of the Review Period (as defined below), the Diocese's expenditures in support of CMA

Missions exceeded the funds raised by the CMA.

      32.     In fiscal year 2019, ended August 31, 2019, the Diocese operated with a

$2.1 million deficit.[11]

      33.     We also separately reviewed the receipts and disbursements of the five

insurance, health and retirement plans or programs administered by the Diocese. These plans

and programs, described in greater detail in Section II.C below, operate for the benefit of the

Diocese, its charitable, educational and religious-service affiliates, its Parishes, their schools and

the employees and clergy of each of the foregoing. These receipts and disbursements are

premised upon financial support and direct funding (whether premiums or contributions) from

each participating Parish, school or affiliate.

      34.     We have worked with the Diocese's financial staff to provide a rolling

thirteen-week cash forecast, and we will continue to work with the Diocese to identify cost

---

[11]  In its calculation of operating income, the Diocese excludes certain non-cash items, non-recurring items or items that are pass-through in nature. Excluded items include, but are not limited to: investment income, gains/(losses) on the sale of assets, restructuring charges, depreciation & amortization, bad debt expense and changes in restricted asset balances.

Monetary figures provided in this Declaration are rounded approximations, as appropriate.

savings and opportunities for efficiencies in order to enhance the Diocese's ability to preserve its

cash and investment assets for the benefit of creditors, including abuse survivors.

**B.    Diocese Affiliates and the Ministry**

35.    The Diocese provides centralized human resources, accounting, and

financial management services to certain Diocese Affiliates in support of their religious,

educational and charitable missions.  The Diocese historically has also made significant financial

contributions to several of its affiliates.  However, even prior to the financial challenges imposed

by the recent pandemic, these contributions have been eliminated or significantly curtailed in

light of the Diocese's declining financial health, the causes of which are described in Section IV

below.

36.    Independent accountants have conducted annual financial audits of the

Diocese and the Diocese Affiliates.  I, or others working under my direction, have reviewed the

financial statements of the administrative office of the Diocese for its fiscal years from 2014

through 2019 (the "Review Period") and of certain Diocese Affiliates for the years within the

Review Period for which such financial statements are available.  In addition, I, or others

working under my direction, have reviewed the performance and status of the Protected Self

Insurance Program and the Diocesan high schools, which have historically been reported

separately from the administrative office of the Diocese.  The Parish Corporations also prepare

their own financial statements.

*(a)    Catholic Charities*

37.    Catholic Charities of the Diocese of Rockville Centre ("Catholic

Charities") is a non-profit organization with three affiliated corporations:  Catholic Charities

Support Corporation, which holds the organization's investments and certain real property;

Regina Maternity Services Corporation, which provides services to pregnant women, mothers

and infants; and Catholic Charities Health Systems of the Diocese of Rockville Centre, Inc.

Catholic Charities also administers Cleary Deaf Child Center, Inc. (the "Cleary Center"), which

is an organization that runs a school for children who are deaf.

38.    To support the charitable mission of the Church, Catholic Charities'

mission is broad, addressing social issues ranging from homelessness, foster care, chemical

dependence and food insecurity to mental health, HIV/AIDS support and family and senior

services.  Many of the charitable services delivered by Catholic Charities are the only services

reasonably accessible and effective in the communities served by the Diocese, offering help and

creating hope for self-reliance for Catholics and non-Catholics alike, whether resident,

immigrant or temporarily present.

39.    Since its inception, Catholic Charities has had its own independent board

of trustees and has been responsible for its own financials.  It participates in the Benefit and

Insurance Plans.  The trustees of Catholic Charities also direct its investments.  Catholic

Charities leases space from Ministry Members.  Catholic Charities is donor dependent and relies

upon such donations and contracts under various government programs to provide its services.

*(b)    Catholic Community Foundation of Long Island*

40.    Catholic Community Foundation of Long Island, Inc. (the "Catholic

Foundation") is a New York, non-profit corporation established to develop financial resources to

support the Diocese, the apostolic activities of the Church and the charitable mission locally and

across the globe.  The Catholic Foundation has its own board and audited financial statements.

41.    Led by former Bishop William Murphy, the Diocesan Task Force for the

Formation of a Catholic Foundation identified in Spring 2011 certain "critical areas of need"

related to faith formation, charitable service for the poor and support to needy parishes.  To

support these ends, the Catholic Foundation was incorporated on March 1, 2016.

- 14 -

    *(c)*     *Unitas*

       42.     Unitas Investment Fund, Inc. ("Unitas") is a separately incorporated, non-regulated investment fund organized for the purpose of offering the Diocese and Ministry Members the opportunity, but not the obligation, to invest in harmony with the teachings of the Church.  Unitas serves as a non-profit fund manager for investments of the Diocese and other Ministry Members, to the extent any Ministry Member chooses to participate.  Certain of the Diocese Affiliates and the Benefit and Insurance Plans administered by the Diocese participate in Unitas.

       43.     Unitas has its own board and audited financial statements.  Unitas does not have employees.  The Diocese provides administrative support to Unitas, and Unitas reimburses the Diocese for the cost of that support.

       44.     Unitas charges investor-participants investment fees, fees for general expenses and what is known as a "mission fee."  A mission fee is a performance fee charged as a percentage of assets in periods generating investment returns above a certain threshold.  Mission fees are remitted to the Mission Assistance Corporation, discussed below.

       45.     Investments with Unitas are reflected on the financial statements of Unitas and on the separate financial statements of the Diocese and each other investor-participant. There are approximately 105 investor-participants in Unitas, each of which has its own separate account and receives its own separate account statements.  Each investor-participant has an individual account agreement with Unitas, executed upon account opening, and has control over the extent and timing of its participation in Unitas (i.e., the decision to invest and to withdraw funds remains within the sole discretion of the investor-participant).  Each investor-participant in Unitas is forbidden from assigning or transferring any part of its interest in Unitas.

> ### (d)    *Mission Assistance Corporation*

46.    Mission Assistance Corporation ("MAC") is a New York, non-profit corporation that primarily provides loans to Parishes in need.  Interest rates on the loans it offers to Parishes are generally below market.  MAC also offers loan forgiveness and grants to Parishes that, without such assistance, would be unable to fulfill the mission of the Church.  Funds are earmarked for short-term bridge financing and capital improvement projects, especially in aging Parish buildings.  MAC has its own board and audited financial statements.

47.    MAC was originally incorporated on November 17, 2003 and funded on September 1, 2005 by an initial transfer of approximately $5.4 million and subsequent transfers prior to 2010 totaling $7 million.  Such transfers came from the segregated funds of the deposit loan account of the Diocese (the "Deposit Loan Account").  The Deposit Loan Account was a predecessor program within the Diocese that had provided many of the same services now provided by MAC and Unitas.

48.    Continued funding of MAC comes from mission fees imposed on Unitas investments and from MAC's own investment returns.  In fiscal year 2019, ended August 31, 2019, mission fees amounted to $0.5 million, of which approximately $7,000 was attributable to the Diocese.

> ### (e)    *Cemetery Corporation and Cemetery Trust*

49.    Catholic Cemeteries of the Roman Catholic Diocese of Rockville Centre, Inc. ("Cemetery Corporation"), a New York corporation, owns three and operates four Diocesan cemeteries located on Long Island (collectively, the "Cemeteries"):  Cemetery of the Holy Rood in Westbury, New York; Holy Sepulchre Cemetery in Coram, New York; Queen of All Saints Cemetery in Central Islip, New York; and the Queen of Peace Cemetery in Old Westbury, New

- 16 -

York.[12]  Cemetery Corporation operates the Cemeteries together with Diocese Rockville Centre

Catholic Cemetery Permanent Maintenance Trust ("Cemetery Trust"), a New York permanent

maintenance trust.  Cemetery Corporation and Cemetery Trust each has its own board and

audited financial statements.

50.    Cemetery Corporation and Cemetery Trust together provide for the burial

of the faithful according to the Catholic tradition.  They also have the obligation to provide

"perpetual care."  Such obligation is central to the operating structure of Catholic cemeteries and

is part of the contractual arrangements for every interment.  Funds from every interment are set

aside for a permanent maintenance fund to be held, invested, and used to provide perpetual care.

51.    The current organizational structure of Cemetery Corporation and

Cemetery Trust arose out of the need to fulfill the Diocese's canonical obligations to provide for

Catholic burial of the deceased.  Prior to September 1, 2017, three of the Diocese's four

Cemeteries (i.e., excluding the Queen of Peace Cemetery in Old Westbury, New York) and their

associated permanent maintenance fund were administered as a self-contained operation within

the Diocese ("Cemetery Division").  During the Review Period, Cemetery Division had at all

times segregated its funds from those of the Diocese and had at all times maintained separate

accounts and financial statements.  Cemetery Division held and invested such segregated funds,

and also bore the related obligation to provide perpetual care for the deceased.

52.    The Diocese engaged outside consultants to assess the financial needs of

the Cemeteries and to identify means to optimize their operation.  Based on those studies, the

consultants determined that the Cemetery Division would be more appropriately structured as an

---

[12]  The establishment of the Queen of Peace Cemetery was delayed due to litigation brought by the Village of Old
Westbury, New York (the "Village").  Such litigation between the Village and the Diocese, which lasted for more
than twenty years, was successfully resolved in 2016.

independent corporation and permanent maintenance trust.  The consultants also determined

through those studies that the cash reasonably necessary for the Cemeteries to discharge their

perpetual care obligation did not require the full amount of the cash held in Cemetery Division

and its permanent maintenance fund.

53.     Accordingly, on September 1, 2017, the Diocese transferred the

operations, certain of the assets (including certain cemeteries) and all of the liabilities of

Cemetery Division to Cemetery Corporation and Cemetery Trust (the "Cemetery Transaction").

Specifically, under the Cemetery Transaction:  (a) Cemetery Corporation assumed, and the

Diocese was relieved of, all obligations to provide perpetual care for the deceased; (b) the

Diocese retained $47.6 million of the amount previously segregated in the Cemetery Division;

and (c) Cemetery Corporation purchased the Queen of Peace Cemetery in Old Westbury, New

York for its appraised value of $15.3 million.  In addition, the Diocese retained the $7.5 million

payment it received from the Village of Old Westbury in settlement of its litigation with the

Village to operate and put into service the Queen of Peace Cemetery.

54.     In each of the fiscal years 2014 through 2017 prior to the Cemetery

Transaction, Cemetery Division provided $3.25 million annually to the Diocese.  Since the

Cemetery Transaction, Cemetery Corporation and Cemetery Trust have not provided financial

support to the Diocese.

55.     Cemetery Corporation, like Cemetery Division before it, participates in

the Benefit and Insurance Plans.  Cemetery Trust relies upon Unitas for the investment of its

permanent maintenance funds.

**(f)     *Department of Education***

56.     The Department of Education, Diocese of Rockville Centre (the

"Department of Education") owns, supervises and manages the two Diocesan high schools, Holy

Trinity and St. John the Baptist.  The Department of Education also supervises and helps manage the many Parish and regional Catholic elementary schools, but it does not own or operate the Parish or regional schools.  The Department of Education does not oversee the two Parish High Schools.  The teachers in the high schools are unionized and their employment is governed by a collective bargaining agreement.

57.    The Department of Education was incorporated by the Regents of the University of the State of New York on April 26, 1974.  Its primary purpose is to provide educational and financial support to the Parish and Diocesan schools operating within the Diocese.  The Department of Education also manages relationships, grants, subsidies and funding with the State of New York and the federal government on behalf of all the Parish and Diocesan schools.

58.    The Department of Education has its own board and audited financial statements.  The Diocese provides administrative support to the Department of Education in exchange for reimbursement of costs pursuant to an administrative services agreement.

59.    As of September 1, 2017, the Diocese transferred the operations, real estate assets and related liabilities of three Diocesan high schools—Holy Trinity, St. John the Baptist and Bishop McGann-Mercy—to the Department of Education.  In the deed providing for the transfer of the real estate from the Diocese to the Department of Education, the Diocese retained a reversionary interest in the event the property was no longer used as a school.  In summer 2018, Bishop McGann-Mercy was shut down.  In May 2020, the McGann-Mercy property was sold to Peconic Bay Medical Center Foundation for $14 million.  The Diocese received the proceeds from the sale.

60.     Consistent with past practice, the audit and financial reporting for the two operational schools remains separate from the audit and financial reporting for the Department of Education in order to provide transparency regarding the operations and financial standing of the high schools.  The financial statements of Bishop McGann-Mercy were consolidated with those of the Department of Education on July 1, 2018.

61.     The Department of Education has undertaken an efficiency review of its operations in order to reduce, and ultimately eliminate, its financial dependence on the Diocese.

*(g)     Tomorrow's Hope Foundation*

62.     Tomorrow's Hope Foundation, Inc. ("THF") is a non-profit corporation whose mission is to ensure the excellence and continuance of Catholic education on Long Island. It provides support through student scholarships and program funding.  THF has its own board and audited financial statements.

63.     THF solicits and receives direct donations to enable it to grant scholarships.  For the 2019-2020 school year,  THF paid roughly $1.7 million for student scholarships directly to schools.

*(h)     Seminary of the Immaculate Conception*

64.     The Seminary of the Immaculate Conception of the Diocese of Rockville Centre (the "Seminary") is an institution of formation in the Catholic Faith, originally established by the Diocese of Brooklyn in 1930 as an institution of higher learning for the purpose of training men for the priesthood.  The Diocese of Brooklyn transferred the Seminary to the Diocese in 1957 when the Diocese was formed out of territory that was formerly within of the Diocese of Brooklyn.  The Seminary is a religious, non-profit corporation ("Seminary Corporation").  The Seminary has an independent Board of Governors, and Seminary Corporation has its own board and audited financial statements.

- 20 -

65.     On November 10, 2011, the Diocese, the Archdiocese of New York and

the Diocese of Brooklyn created an interim Inter-Diocesan Partnership with a view towards

establishing a single program for priestly formation for their three dioceses located at St.

Joseph's Seminary in Dunwoodie, New York.  Since 2014, the Diocese, the Diocese of Brooklyn

and the Archdiocese of New York have jointly conducted seminary programs for the ongoing

formation of priests and deacons for the three dioceses at Saint Joseph's Seminary, under the

control and authority of the cardinal and two bishops of the three dioceses.

66.     Since the consolidation, the Seminary has conducted or overseen the

conduct of retreats, education and similar programs at its facilities.

67.     The Seminary has substantial real estate assets in Huntington, New York,

consisting of more than 220 acres on the north shore of Lloyd's Neck.  It is also the burial site

for the bishops of the Diocese.  Bishops John Raymond McGann and James Thomas McHugh

are buried there.

68.     In January 2017, the Diocese transferred the Seminary's land and

buildings to Seminary Corporation in order to align title with the organization and operations of

the Seminary.  The expenses of maintaining the Seminary have historically exceeded the revenue

it generates from its various events, retreats and conferences.  Given the advent of COVID-19

and the inability to pursue conferences, retreats and similar hosted events, the Seminary has

suffered a loss of its primary revenue source.

*(i)     Catholic Faith Network*

69.     The Catholic Faith Network ("CFN") is the single largest outreach effort

of the Diocese on Long Island, reaching 1.5 million homes via television broadcasts.  The

broadcasts include live religious services, devotional programs, Catholic education, and youth

programs.  CFN is incorporated as a non-profit New York Educational Corporation, and was

formerly known as Telecare of the Diocese of Rockville Centre.  CFN has its own Board of

Trustees and audited financial statements.

70.     CFN's operations center on education broadband service spectrum

licenses held by the Diocese.  The Diocese and CFN are party to lease agreements leasing use of

certain portions of this spectrum to third parties.  The U.S. Federal Communications Commission

conditions the licenses on continued educational broadcasting.  The Diocese meets this

requirement by retaining CFN, pursuant to a services agreement, to create and broadcast

programming over the spectrum.  In consideration for these services, this agreement provides

that the Diocese will perform certain administrative services for CFN, provide rent-free

operating space to CFN, and share a portion of the spectrum lease revenues with CFN.  CFN has

separate agreements to provide programming services to third parties.

### (j)     Catholic Press Association

71.     Catholic Press Association of the Diocese of Rockville Centre, Inc.

("Catholic Press") is a non-profit corporation that publishes the monthly magazine of the

Diocese, *The Long Island Catholic*, and a Spanish-language newspaper, *Fe Fuerza Vida*.

Catholic Press has its own board and audited financial statements.

### (k)     Diocesan Service and Ecclesia Assurance Company

72.     Diocesan Service, Inc. ("Diocesan Service") is an insurance broker that

helps the Diocese and related organizations purchase insurance coverage.  It is a 501(c)(3)

corporation with common stock held by a nonprofit trust for which the Bishop of the Diocese is

the sole trustee.  As of August 31, 2019, Diocesan Service had minimal revenues and expenses.

73.     Ecclesia Assurance Company ("Ecclesia") is a captive property and

casualty insurance company that provides insurance to the Diocese and other Ministry Members.

It is a separate corporation that is wholly owned by the Diocese.  Ecclesia was incorporated in

- 22 -

New York in December 2003.  The company is a licensed insurer and reinsurer.  It is subject to
the supervision of the New York State Department of Financial Services.  Ecclesia has its own
board and its own audited financial statements.

74.    Since 1986, Ecclesia has provided insurance to the Diocese and the
Ministry Members.  The sexual abuse liability coverage provided by Ecclesia is subject to self-
insured retentions (or deductibles) of $250,000 per occurrence and an aggregate coverage limit
for sexual abuse claims of (i) $15 million for claims made before October 31, 2020 based on
alleged incidents that occurred on or after September 1, 1986 and prior to October 31, 2019 and
(ii) $7.5 million for claims made, and based on alleged incidents that occurred on or after
October 31, 2019.

75.    Ecclesia works closely with the Protected Self Insurance Program (as
hereinafter defined), which historically insured the $250,000 self-insured retention layer,
assessed and collected premiums and paid deductibles on all Ecclesia policies.  However,
effective November 1, 2019, the Diocese's insurance regime underwent certain changes that
reduce the role of the Protected Self Insurance Program.  First, the Protected Self Insurance
Program ceased to provide the $250,000 self-insured retention layer.  Following this change,
only historical liabilities remain with the Protected Self Insurance Program.  Second, Ecclesia
began to provide first-dollar coverage for various types of insurance policies including,
difference in conditions, general liability, directors and officers liability, employment practices
liability, professional liability, and medical professional liability.  Third, Ecclesia began to
provide property, boiler, and crime coverage after a $5,000 deductible per incident.

- 23 -

76.    In calendar year 2019, Ecclesia received income from insurance premiums, net after reinsurance, of $3.5 million, and returns on invested premiums of $2.9 million.

### (l)    *Society for the Propagation of Faith and Mission Office*

77.    The Society for the Propagation of Faith, Diocese of Rockville Centre (the "Society") and the Mission Office are two entities administered together.  They provide support for Catholic missionaries.  The Society and Mission Office have their own board and audited financial statements consolidated with one another.  The Society is a member of a national organization of the same name.

### C.    **Benefit and Insurance Plans**

78.    As with the Diocese Affiliates, independent accountants have conducted annual financial audits of each of the five Benefit and Insurance Plans.  I, or others working under my direction, have reviewed the financial statements for the Benefit and Insurance Plans during the Review Period.

### (a)    *The Priests' Pension and Benefits Plans*

79.    The Diocese of Rockville Centre Qualified Retirement Plan for Diocesan Priests (the "Priests' Pension Plan") is a defined benefit retirement plan that provides for the basic income needs of priests in old age as well as certain housing benefits for these priests.  The Priests' Pension Plan is tax-qualified under section 401(a) of the Internal Revenue Code (the "Tax Code") and maintains a separate trust that is tax-qualified under section 501(a) of the Tax Code.  All priests incardinated in the Diocese or on official assignment within the Diocese are eligible to participate in the Priests' Pension Plan.  Priests are eligible to receive benefits under the plan after reaching age 72 and having at least 10 years of service to the Diocese.  Retirement

from service must be approved by the Bishop.  The plan also provides benefits for priests who become disabled prior to the normal age of retirement.

80.     Contributions to the Priests' Pension Plan totaled $1.9 million in calendar year 2019.  The Diocese funded $303,000 or 15.7% of such contributions.  Ministry Members with priests in their service contributed the remaining 84.3%.

81.     The Diocese of Rockville Centre Health Care and Other Assistance Plan for Retired and Disabled Diocesan Priests (the "Priests' Benefits Plan") is a separate plan to provide for health benefits and other assistance to retired and disabled priests.  The Priests' Benefits Plan is funded with a separate trust that provides benefits including, but not limited to, medical, dental, life insurance, automobile insurance, supplemental disability, housing and annual retreat and education reimbursement.  Diocesan priests are eligible to receive benefits in the Priests' Benefits Plan if they are eligible to receive benefits under the Priests' Pension Plan or otherwise have permission from the Bishop.

82.     Contributions to the Priests' Benefits Plan in calendar year 2019 totaled $1.5 million.  The Diocese funded $229,000 or 15.7% of such contributions.  Ministry Members with priests in their service contributed the remaining 84.3%.

83.     Both the Priests' Pension Plan and the Priests' Benefits Plan are governed by the Priests' Sickness, Disability and Retirement Board, a committee of active and senior priests incardinated within the Diocese.

   *(b)     Employees' Pension Plan and 403(b) Employees' Retirement Plan*

84.     The Diocese of Rockville Centre Pension Plan (the "Employees' Pension Plan"), a separate trust, is a Tax Code section 401(a) tax-qualified, defined benefit retirement plan for lay employees of the Diocese as an employer, Ministry Members and Catholic Health Services.  Catholic Health Services, an integrated health system on Long Island, is not a Ministry

Member and does not receive administrative support from the Diocese other than through its

participation in certain Benefit Plans.  Catholic Health Services has the most participating

employees and accounts for the majority of contributions to the Employees' Pension Plan.  The

Employees' Pension Plan is governed by the Lay Pension Committee, whose members are senior

leaders of the various employer groups that are participating employers in the plan.

85.     In 2015, the Employees' Pension Plan froze accruals for employees with

under 30 years of service and who are not employed by Catholic Health Services.  For those

employees, the Employees' Pension Plan was replaced by the Diocese of Rockville Centre

403(b) Employees' Retirement Plan (the "403(b) Employees' Retirement Plan").  The 403(b)

Employees' Retirement Plan is a Tax Code section 403(b) tax-qualified, defined contribution

retirement plan for employees of the Diocese and the Ministry Members.  The 403(b) plan is

open to employees of the Diocese and Ministry Members.  Contributions to the 403(b)

Employees' Retirement Plan are held in various annuity contracts and custodial accounts in the

plan's name.[13]  The standard employer contribution is 3% with an additional 1% match of

employee contributions.[14]  The employer contribution and match are provided by the employee's

employer, either the Diocese or a Ministry Member.  The Diocese has 134 participating

employees.  There are another 2,316 participating employees of the Ministry Members.  The

403(b) Employees' Retirement Plan is governed by the 403(b) Plan Committee, whose members

are senior leaders of the various employer groups that are participating employers in the plan.

---

[13]  Contributions from 2015 onward have been held in annuity contracts and custodial accounts with Mutual of
America.  Contributions from earlier years were made to T. Rowe Price, Trans America and other institutions.

[14] In response to the financial impact of the COVID-19 pandemic, the 403(b) Plan Committee temporarily
suspended all employer contributions to the 403(b) Employees' Retirement Plan for all participating employers for
covered services performed by employees from April 1, 2020 through June 30, 2020.

86.     During calendar year 2019, contributions to the Employees' Pension Plan were $100.1 million.  The Diocese funded $707,000 or 0.7% of such contributions.  The remainder of the contributions were made by other participating employers and employees.

87.     During the same year, contributions to the 403(b) Employees' Retirement Plan totaled $11.7 million.  The Diocese funded $404,000 or 3.4% of such contributions.  The remainder of the contributions were made by other participating employers and employees.

*(c)*     ***Employees' Benefits Program***

88.     The Diocese of Rockville Centre Health and Welfare Benefits Program (the "Employees' Benefits Program") provides medical coverage, dental coverage, life insurance, disability insurance and similar welfare benefits for employees of the Diocese and of the Ministry Members (including predominantly active lay employees but also active priests).  Employees who are regularly scheduled to work 28 or more hours per week may participate in the Employees' Benefits Program.

89.     The Employees' Benefits Program is governed by the Diocesan Health Plan Committee, whose members are senior leaders of the various employer groups that are participating employers in the plan.  The Diocese administers certain financial activities for the Employees' Benefits Program, including assessing and directing premiums to the program's trust and arranging for the program trust to fund a segregated medical operating account used by Empire Blue Cross as plan insurance administrator to pay benefits.  The program's medical and dental benefits are self-insured by its participating employers, and the plan purchases stop-loss coverage for catastrophic claims over certain limits.

90.     Contributions from 169 different employers and employees totaled $36 million in fiscal year 2019, ended August 31, 2019.  The Diocese contributed $2.3 million or 6.3% of the total annual contribution.

91.    Premiums contributed from employees and participating employers, as well as reimbursements from insurance companies for expenditures over the individual stop-loss cap, are held in trust for the plan.  This trust is tax-exempt under section 501(c)(3) of the Tax Code.

(d)    *The Protected Self Insurance Program*

92.    The Protected Self Insurance Program is a program to provide insurance coverage and risk management services to the Diocese and Ministry Members.  The program currently secures coverage for the following categories of insurance: (i) workers' compensation, (ii) property, (iii) boiler and machinery; (iv) general liability, (v) automobile liability and physical damage; (vi) crime; (vii) directors' and officers' liability; (viii) employment practices liability; (ix) employee benefits liability; (x) professional liability; (xi) medical professional liability; (xii) sexual abuse liability; (xiii) fiduciary liability; (xiv) student accident; and (xv) cyber.

93.    The Protected Self Insurance Program historically provided for the self-indemnification of property, casualty, automobile and other losses of the Diocese and Ministry Members.  However, as described above, the Protected Self Insurance Program transitioned in 2019 to purchasing first-dollar coverage from Ecclesia for these losses.  The program also covered workers' compensation on a self-insured basis until 2012, when, in response to a change in New York law, the Diocese arranged for third-party coverage for itself and the Ministry Members and placed its self-insurance program for workers' compensation into runoff.  The Diocese maintains a security deposit of $7.6 million in cash with the New York State Workers' Compensation Board for the benefit of the employees of the Ministry.

94.    The Protected Self Insurance Program has funded expenses relating to (i) the Independent Reconciliation and Compensation Program, described in detail below, (ii) the

care for those who suffered clergy sexual abuse, (iii) the Diocesan Child Protection Policy,[15] (iv)

the annual expenses of audits by StoneBridge Business Partners, an outside expert, of the

Diocese and Ministry Members to ensure compliance with the Charter for the Protection of

Children and Young People established by the U.S. Conference of Catholic Bishops (the

"Charter");[16] and (v) investigations, including responding to the Attorney General inquiries.

95.    The Protected Self Insurance Program is funded by assessments on

Ministry Members and the Diocese, which are used to fund the insurance coverage purchased by

the program and other program expenses.  As part of its oversight, the Diocese supports risk-

reduction efforts at Ministry Members.  Third-party administrators administer claims settlement

and make recommendations on reserves for historical liabilities that remain with the Protected

Self Insurance Program.

96.    In fiscal year 2019, ended August 31, 2019, program revenues amounted

to $14.6 million.  Of those revenues, $13.9 million were sourced from assessments to Ministry

Members, with the remaining $0.7 million derived from investment income realized by the

Protected Self Insurance Program.  The Diocese funded $203,000, or 1.5%, of such assessment.

## III.    THE DIOCESE'S MISSION TO EFFECT RECONCILIATION AND COMPENSATION

**A.    Zero Tolerance, Vigilant Child Protection and Reconciliation and Healing**

97.    In keeping with the Diocese's mission, including "embracing Christ's

healing power and the Mission of Mercy of the Catholic Church," the Diocese undertook a

---

[15]    *See* Diocesan Child Protection Policy (Revised 2012), *available at* https://www.drvc.org/policies-and-procedures/.

[16]    *See* Diocese of Rockville Centre, Efforts to Protect Children and Young People, *available at* https://www.drvc.org/efforts-to-protect-children-and-young-people/ (last visited August 26, 2019); *see also* U.S. Conference of Catholic Bishops, Charter for the Protection of Children and Young People, *available at* http://www.usccb.org/issues-and-action/child-and-youth-protection/charter.cfm (last visited August 26, 2019).

review of its policies relating to safety of children and instituted new programs as part of its

"commitment and vigilance to the protection of children in our Church and in society."[17]

98.    In 2003, while under the leadership of Bishop Murphy, the Diocese

created the Office for the Protection of Children and Young People (the "Office for the

Protection of Children") and established standards and protocols to ensure that the most

vulnerable parishioners would be safe.[18]  In furtherance of this goal, the Office for the Protection

of Children created a Diocesan Child Protection Policy which established a procedure for

screening individuals to ensure that they do not pose a risk of harm to children, and protocols for

reporting and investigating alleged incidents of abuse.[19]  As Bishop Barres has publicly stated,

the Office for the Protection of Children has worked to "put[] the safety and well-being of

children first" and it "seeks to reach out to and support victims and survivors of abuse."[20]

99.    Upon his arrival in February 2017, Bishop Barres took steps to ensure that

the Diocesan Child Protection Policy was effective and vigilantly enforced in order to confirm

zero tolerance for sexual misconduct and strict adherence to Diocese-wide requirements for the

safety of children and young people.  This policy has been applied to all personnel, including

clerics, as well as all volunteers.  If a credible allegation of sexual misconduct is made against a

cleric, the policy mandates that such cleric be removed from his assignment and prohibited from

the public exercise of ministry pending the outcome of the full investigation.  Further, the policy

requires that any cleric found to have committed an act of sexual abuse be permanently removed

from ministry.  Other requirements under the policy include screening, background checks by an

---

[17] *See* https://www.drvc.org/statement-hidden-disgrace-ii-report/.

[18] *See* drvc.org/efforts-to-protect-children-and-young-people/.

[19] *See* https://www.drvc.org/wp-content/uploads/2018/12/child_protection_manual.pdf.

[20] *See* https://d2y1pz2y630308.cloudfront.net/22803/documents/2019/8/CV A %20letter--English-2.pdf.

outside expert firm, and training regarding a safe environment for both children and adults, all

subject to periodic renewal and reevaluation.  Bishop Barres also instituted weekly staff meetings

to bring to his attention any allegations of clerical misconduct or misconduct relating to other

Diocesan personnel.  He personally ensured that, following any allegation of abuse, appropriate

actions would be taken in addition to mandatory reporting to the appropriate law enforcement

officials.

100.    Bishop Barres further sought to enhance the Diocesan Review Board,

which was established under the Diocesan Child Protection Policy and is responsible for

investigating and assessing allegations of sexual abuse of minors and in determining a cleric's

suitability for ministry.  In assessing an allegation, the Diocesan Review Board reviews:  (i) the

complete written record of the allegation; (ii) detailed descriptions of interviews of the alleged

victim and the response of the accused; (iii) pertinent information from the personnel files; (iv)

any presentation the accused or the alleged victim chooses to make; and (iv) the findings of the

independent investigation conducted by an outside expert firm.  Further, the Diocesan Review

Board may conduct its own interviews of the accused or the alleged victim.

101.    In addition to increasing membership on the Diocesan Review Board from

five to seven members, Bishop Barres increased the frequency of the Diocesan Review Board's

regular meetings.  He also required outside expert investigators to circulate their reports in

advance of meetings with the board in order to assure a thorough, timely and robust

consideration of any reported misconduct, especially incidents in respect of active or retired

clerics who prior to such report were still in ministry.

102.    In furtherance of these improvements, Bishop Barres also shifted and

refocused the responsibility for conducting investigations.  Specifically, Bishop Barres relieved

the Victim Assistance Coordinator at the Diocese, Mary F. McMahon, of the responsibility to

conduct an investigation, directing her instead to focus on caring for victims.  This responsibility

now rests with the Chief Operating Officer of the Diocese, who oversees the retention of an

outside expert firm to conduct the investigation.

103.    In addition, and as described below, Bishop Barres implemented a

reconciliation, assistance and compensation program.  Under the program, a leading outside

independent expert evaluates claims and, if appropriate, sets compensation for individuals

alleging clergy sexual abuse ("Abuse Claimants").

**B.    Independent Reconciliation and Compensation Program**

104.    The Diocese adopted and announced the Independent Reconciliation and

Compensation Program (the "IRCP") on October 16, 2017.  The IRCP, which remained open

until shortly before the Petition Date, was directed at individual reconciliation and compensation

based on the independent review by and judgement of nationally recognized fund administrators

in other multiple-victim situations.

105.    The Diocese chose Kenneth Feinberg and Camille Biros (the

"Administrators") to provide independent review and neutral administration of the IRCP.  Mr.

Feinberg is known for his work as administrator of the September 11th Victim Compensation

Fund and the Deepwater Horizon Oil Spill Trust, which resulted from the oil spill in the Gulf of

Mexico in April 2010.  He and Ms. Biros also administer similar compensation programs in the

Archdiocese of New York, the Diocese of Brooklyn and the Diocese of Pittsburgh, among

others.

106.    Through the IRCP, Bishop Barres delegated to the Administrators the

authority to investigate and evaluate claims of abuse survivors brought under the IRCP and to

offer compensation to claimants who are eligible.  The protocols of the IRCP defined the process

by which claims were to be evaluated and eligible claimants compensated. In general, claims as to the actual occurrence and extent of sexual abuse, if any, were accepted or rejected based on the weight and credibility of the evidence, as determined independently by the Administrators. Compensation decisions were made according to a number of factors, including the nature, extent and frequency of the abuse, again as determined solely by the Administrators.

107.    The Diocese pledged to honor the resolutions reached by the IRCP. In contrast, an Abuse Claimant was not bound by an Administrator's eligibility and compensation determination unless the claimant chose to accept the compensation awarded. Abuse survivors were eligible to participate in the IRCP regardless of when their alleged abuse occurred. Participation in the IRCP was completely voluntary, and participation did not affect any rights of the abuse survivor unless and until he or she accepted compensation and signed a release. In addition, the Diocese has committed to all participants in the IRCP that their claims and associated information will remain confidential without regard to whether a resolution is reached. The participants, however, remain free to disclose or discuss their claim and/or the compensation determination of their own claim.

108.    As a condition of accepting the compensation offer determined by the Administrators, abuse survivors under the IRCP were required to sign a release. The release states that the abuse survivor waives all claims or potential claims of sexual abuse against the Diocese and any related entities. Before signing releases, all abuse survivors were required to consult with an attorney selected by the abuse survivor, or, if requested by the abuse survivor, an attorney provided by the Administrators free of charge.

109.    As of September 29, 2020, 445 abuse claimants filed claims and a total of about 350 of them accepted compensation totaling approximately $62 million, with about 25

- 33 -

claims still being processed as of the Petition Date and 18 outstanding determinations. The Diocese paid compensation to every claimant who was deemed eligible by the Administrators and who accepted the compensation offered and submitted a signed release prior to the Petition Date.

## IV.    **EVENTS LEADING TO THE FILING: THE NEW YORK CHILD VICTIMS ACT**

### A.    **The New York Child Victims Act**

110.    On February 14, 2019, New York Governor Andrew Cuomo signed New York Senate Bill S.2440, known as the Child Victims Act (the "CVA"), into law.  The CVA extends the statute of limitations under which certain criminal and civil actions arising out of the sexual abuse of minors may be brought.  The CVA also revives certain previously time-barred causes of action.

111.    Specifically, the CVA amends the statute of limitations for bringing civil actions against any party whose intentional or negligent acts or omissions are alleged to have resulted in the commission of child sexual offenses.  Such actions must now be commenced on or before the plaintiff reaches the age of 55.  The CVA also revives all civil actions that allege child sexual offenses that were time-barred as of February 14, 2019, the date the bill was signed into law (the "Effective Date").  The CVA originally provided that revived actions may be commenced during the twelve-month period that runs from six months after the Effective Date (i.e., August 14, 2019) to eighteen months after the Effective Date (i.e., August 14, 2020).  On August 3, 2020, Governor Cuomo signed New York Senate Bill S.7082 into law, which extends the window for bringing revived actions by one year (i.e., until August 21, 2021).

### B.    **Insurance Assets of the Diocese**

112.    As a consequence of the CVA's passage, claims of sexual abuse that allegedly occurred decades ago have now been asserted against the Diocese, Ministry Members

and persons working for or otherwise affiliated with and under the authority of the Diocese

and/or Ministry Members.  The Diocese has acted to identify and preserve insurance policies in

effect when such abuse allegedly occurred, including, at various points, primary and excess

insurance policies.

113.    In the period leading up to the effective date of the CVA, the Diocese

expended substantial effort to pull together insurance policies and secondary evidence of

insurance coverage from the late 1950s to the present. Due to the passage of time and the

disposal of documents in the ordinary course of business, several documents regarding coverage

were no longer available in the files. Accordingly, among other measures, the Diocese engaged

insurance coverage counsel at Reed Smith to assist the Diocese in finding relevant insurance

policies covering what are in many cases decades-old claims. Among the sources searched in

connection with this effort were court dockets for litigation between the Diocese and Royal

Insurance Company in the early 1990s, which is how the Diocese was able to uncover pertinent

insurance policies issued by this carrier from approximately 1960 to 1976.

114.    During the periods prior to September 1, 1976, Royal Indemnity Insurance

(now known as Arrowood Indemnity Company, "Royal") provided general liability coverage,

including primary and excess coverage, to the Diocese and the Ministry Members (the "Royal

Period").  Following the Royal Period and continuing up to September 1, 1986, the Diocese

purchased insurance coverage, including primary and excess insurance coverage, for itself and

the Ministry Members from a syndicate of insurers known as the "London Market Insurers,"

with various other insurers, including Interstate Fire & Casualty Company, an indirect subsidiary

of Allianz Global Risks U.S. Insurance Co., providing excess coverage as well (the "Bishop's

Program Period").  Critically, in many of these coverage years, there were no aggregate policy

limits, exposing certain insurers to unlimited aggregate liability for claims arising during those

years. For claims alleging sexual abuse that took place after September 1, 1986, coverage is

provided by the Diocese's captive insurer, Ecclesia, as described above.

115.    On February 19, 2019, the Diocese sent notice to its various insurers of all

reported sexual abuse claims that had been time-barred prior to the CVA's effect date.  These

claims, which included claims made in the IRCP, alleged abuse that dated back to as early as

1946.  The Diocese has continued to provide notice of all additional reported claims since the

original notices.

116.    In addition, the Diocese has provided notice to its various insurers of all

cases commenced on or after August 14, 2019 (as well as two cases commenced previously and

stayed until that date).  For claims alleging abuse during the Royal Period, the Diocese has

requested that Royal honor its obligation to reimburse the Diocese's defense costs.  The Diocese

similarly has invoked its rights and requested that the London Market Insurers honor their

obligation to reimburse the Diocese's defense costs for claims alleging abuse during the Bishop's

Program Period, to the extent that the applicable self-insured retention has been met.

117.    However, as of the time of this motion, despite ongoing discussions with

the Diocese, the Diocese's insurers have reserved their rights and have not agreed to indemnify

the Diocese for any liability determinations.  While the Diocese's insurers have in some cases

agreed to reimburse the Diocese's defense costs, these reimbursements have been far below the

amounts to which the Diocese is entitled under the policies.

118.    Because the Diocese and certain insurers have not reached a resolution of

certain disputes, the Diocese is filing an adversary proceeding in this case against certain of the

Diocese's insurers seeking, among other things, a declaratory judgment with respect to the

Diocese's rights and the insurers' obligations under such insurance policies for the benefit of the abuse survivors.

119.    The Diocese believes that there is substantial value in the insurance policies that it purchased over many decades.  These assets are an important resource to further the Diocese's goals of compensating and reconciling with abuse survivors.

120.    Concurrently with this Declaration, the Diocese has filed an application to retain Reed Smith as its coverage counsel.  The Diocese seeks to engage coverage counsel to assist and advise it in protecting, pursuing and enforcing its rights to recover from its insurance assets.  Further detail regarding the work and reputation of Reed Smith is set forth in the application.

**C.      Independent Review of Significant Transactions**

121.    To fulfill its obligations as a debtor in possession in the above-captioned chapter 11 case, the Diocese has appointed an independent committee (the "Independent Advisory Committee") to review certain transactions between the Diocese and the Diocese Affiliates outside the ordinary course of administration and support that the Diocese provides to the Diocese Affiliates.  Specifically, the Independent Advisory Committee was charged with reviewing all such transactions in excess of $2.5 million that occurred on or after January 1, 2014 (the "Affiliate Transactions").

122.    Because the Affiliate Transactions took place between affiliates, they are subject to a conflict analysis, which the Diocese has addressed as a governance matter meriting independent review.  Bishop Barres delegated to the Independent Advisory Committee his authority to determine whether there are colorable claims related to any given Affiliate Transaction and, if so, to pursue recovery and resolution on behalf of the Diocese.

123.    The Independent Advisory Committee identified the following Affiliate Transactions for its review:  (i) the Cemetery Transaction; (ii) the January 2017 transfer of the real property parcel located in Huntington, New York to Seminary Corporation; (iii) the September 2017 transfer of assets, operations and liabilities of the Diocesan high schools to the Department of Education; and (iv) the 2018 transfer of $3 million to the Catholic Foundation.

124.    The Independent Advisory Committee consists of three members, each having an impeccable reputation and well-recognized experience in bankruptcy, investigations and restructuring.  The members of the Independent Advisory Committee are:  (1) Arthur J. Gonzalez, formerly Chief Judge of the U.S. Bankruptcy Court for the Southern District of New York and currently Senior Fellow at New York University School of Law and a member of the Financial Oversight and Management Board for Puerto Rico; (2) Melanie L. Cyganowski, formerly Chief Judge of the U.S. Bankruptcy Court for the Eastern District of New York and currently a partner at Otterbourg, P.C. in New York; and (3) Harrison J. Goldin, a Senior Managing Director at Goldin Associates, LLC,[21] formerly the Comptroller for the City of New York.  Mr. Gonzalez chairs the Independent Advisory Committee.

125.    The members of the Independent Advisory Committee are compensated on a monthly, fixed-fee basis for their services, but with an hourly or per diem amount for extraordinary services, such as days in mediation, testimony, depositions or preparation for the same.  The monthly fixed fees are $25,000 to the chair and $20,000 to the two other members.

126.    The Independent Advisory Committee has been in place since May 2019. It has retained its own professionals.  The Independent Advisory Committee and its advisors have had access to over 220,000 documents, consisting of Diocese records, such as minutes,

---

[21] On August 24, 2020, Goldin Associates was acquired by Teneo.

financial statements, reports and other materials prepared for the Finance Council of the Diocese.

Such documentation includes emails relevant to Affiliate Transactions of key Diocese personnel,

including the current and former bishops, the Chief Operating Officer, the Chief Financial

Officer, the Director of Communications, and others.

127.    The Independent Advisory Committee has had access to Diocese

personnel and their full cooperation, including interviewing Bishop Barres, Bishop Murphy, the

Diocese's Chief Financial Officer, the Diocese's Chief Operating Officer, and the Diocese's

Director of Risk Management.

128.    The Independent Advisory Committee has access to me, my firm and

other advisors to the Diocese, primarily for confirmation of facts (i.e., cash movements,

holdings, accounts).  To date, I have participated in at least five meetings and calls with the

Independent Advisory Committee or their advisors.  The Independent Advisory Committee also

has had access to the analysis of operations and treasury review conducted by me and my firm.

Neither my firm nor Jones Day was engaged or otherwise retained by the Diocese at any time

before Fall 2018, and neither had any role in any of the Affiliate Transactions.

**D.    Operational Review and Cost-Savings Measures**

129.    Beginning in 2019, the Diocese undertook a strategic review, with A&M's

assistance, of its operations.  This review focused on opportunities to enable the Diocese to

operate more efficiently and save costs.  The Diocese was motivated by its twin goals of

providing compensation and support to abuse survivors and continuing its ministry to the faithful

and the needy on Long Island.

130.    The Diocese has considered and implemented many cost-saving initiatives

pursuant to this review of its operations.  The first phase of implementation, which began in

October 2019, has resulted in an average annual savings of $3.5 million.  These initiatives

include: (i) transitioning financial support of a retirement home for priests to the Priests'

Benefits Plan; (ii) eliminating financial support to the Department of Education; and (iii)

reducing the financial support given to Catholic Faith Network.

131.    Implementation of a second phase of initiatives began in August 2020.

This second phase has required even deeper budget cuts and is expected to result in an average

annual savings of $5.0 million. Initiatives implemented in the second phase include a reduction

in the size of the Dioceses' administrative office workforce, and transitioning certain costs

related to the care of priests to the Priests' Benefits Plan.

132.    Despite already implementing significant cost reduction measures, the

Diocese's net assets are anticipated to further deteriorate in light of the impact of COVID-19 and

the ongoing and increasing expenses of the CVA litigation, addressed in more detail below.

E.    **Revived Abuse Cases and Resolution of Litigation**

133.    As anticipated by the CVA, the Office of Court Administration (the

"OCA") of the New York State Unified Court System (the "New York Courts") adopted rules

that govern the administration of all cases commenced under the CVA. *See* N.Y. COMP. CODES

R. & REGS. tit. 22, § 202.72 (entitled "Actions Revived Pursuant to CPLR 214-g") (effective July

31, 2019). Section 202.72 provides for an aspirational timeline that includes, among other

things, a preliminary conference within 30 days of filing of a Request for Judicial Intervention

("RJI") and completion of discovery within one year after the conference. *Id.* On August 13,

2019, the Hon. Lawrence K. Marks, Chief Administrative Judge of the New York Courts, stated

in a press release that all such cases were to be immediately assigned, based on region, to one of

five judges for pretrial proceedings, including conferences and motions.[22]  All cases filed in the

Tenth Judicial District, which comprises Nassau and Suffolk counties, together with cases filed

in Ninth Judicial District, which comprises Westchester, Putnam, Duchess, Orange and Rockland

counties, were assigned to Justice Steven M. Jaeger.  All cases filed in New York City were

assigned to Justice George Silver, Deputy Chief Administrative Judge for the New York City

Courts.

134.    Starting on August 14, 2019, civil actions were commenced against the

Diocese and certain Parish Corporations in the Supreme Court of the State of New York alleging

sexual abuse that, but for the passage of the CVA, would have been time barred (the "Revived

Abuse Cases").[23]  As of September 29, 2020, there have been a total of 223 cases filed against

the Diocese, with 194 filed in the Ninth and Tenth Judicial Districts, 28 in the New York City

CVA regional court and one case removed to federal district court.  In many of these cases, the

plaintiffs sought to proceed anonymously.

135.    In September, 2019, given the high number of cases (46) then pending

against the Diocese before Justice Jaeger in the Ninth and Tenth Judicial Districts (and which

have since quadrupled), the Diocese sought, pursuant to CPLR 602, an order providing for pre-

trial proceedings in all of the CVA actions in which the Diocese is named as a defendant.  The

court granted the Diocese's motion on November 19, 2019, issuing a Case Management Order

("CMO"), "applicable to all cases filed pursuant to CPLR 214-g where the Diocese is a named

---

[22]  *See* New York Courts, Hon. Lawrence K. Marks, "New York State Courts Prepare for Influx of Cases as Key
Provision of New York's New Child Victims Act Takes Effect," Press Release dated August 13, 2019, *available at*
https://ww2.nycourts.gov/sites/default/files/document/2019-09/PR19_18.pdf (last visited August 27, 2019).

[23]  There were 2 cases commenced before August 14, 2019.  Upon consent of the plaintiffs, those cases were stayed
until August 14, 2019, except with respect to a motion filed by the plaintiffs, which the plaintiffs later withdrew.

party-defendant in the Ninth and Tenth Judicial Districts."[24]  The CMO states that "[i]t is in the interest of justice to encourage and bring about the fair, expedient and inexpensive resolution of these cases."  The CMO provides for "coordination of motions practice," as well as discovery and pretrial conferences, among other procedures to streamline the administration of all the cases.

136.    In accordance with the CMO, the Diocese filed two separate motions to dismiss pursuant to CPLR 3211(a)(5) and (a)(7); first on November 12, 2019, in 44 cases, and second on January 10, 2020, in 22 cases.  Each of the motions to dismiss raise the identical issue of whether the claim revival period of the CVA violates the Diocese's right to due process of law under the New York State Constitution.  On May 11, 2020, the court denied the first motion to dismiss with respect to the constitutional arguments, however the court granted the Diocese's motions to dismiss with respect to many individual claims made across these 44 cases.  Based on the court's rulings, plaintiffs in additional cases that were not subject to the motions to dismiss have agreed to drop individual claims similar to those for which the motions to dismiss were granted.

137.    On May 29, 2020, the Diocese appealed Judge Jaeger's denial of the Diocese's motions to dismiss to the Supreme Court of the State of New York, Appellate Division Second Judicial Department (the "Appellate Division").  These appeals remain pending before the Appellate Division, however, on September 21, 2020 the Diocese's request that the cases be stayed pending the outcome of the appeal was denied.

138.    There are also currently 28 cases pending before Justice Silver as the CVA regional court for all of the boroughs in New York City.  Justice Silver entered Case

---

[24] *ARK3 DOE v. Diocese of Rockville Centre a/k/a The Roman Catholic Diocese of Rockville Centre, New York, et al.*, No. 900010/2019, Case Management Order (N.Y. Sup. Ct. Nov. 19, 2019).

Management Order No. 1 on February 24, 2020.  Pursuant to that case management order on

May 8, 2020 the Diocese moved to dismiss those CVA cases on substantially the same

constitutional and other grounds as in the proceedings before Justice Jaeger.  The case

management order in the New York City CVA regional court provides for a stay of discovery

while those motions to dismiss are pending.

139.    During the course of the CVA litigation process, and subject to reasonable

confidentiality agreements, the plaintiffs through their lead counsel had access to vast amounts of

information including:  (i) insurance policies in effect over a period of approximately 50 years;

(ii) six years of financial records reflecting the financial condition of the Diocese, including its

assets and liabilities; (iii) six years of financial records respecting the Diocese's dealing with the

Ministry Members; and (iv) financial records of the Diocese's cash management and collections

practices.  I also made a presentation on September 21, 2020 explaining financial information

contained in the Diocese's document productions to the plaintiffs' counsel responsible for

approximately 75 percent of the CVA cases against the Diocese.

140.    This access and exchange of information was effected through the

electronic production of over 13,000 pages of documents, which were complete and well

organized for review by counsel to the plaintiffs.  The Diocese is committed to financial

transparency as well as transparency on its mandates respecting zero tolerance, protection of

children and reconciliation and compensation to abuse survivors. The data room(s) serve as

evidence of that commitment.

F.    The Financial Impact of the COVID-19 Pandemic

141.    The COVID-19 pandemic has provided further and extraordinary pressure

on the Diocese's financial condition.  The COVID-19 pandemic and resulting precautions taken

to mitigate its impact have led to the closing or significantly reduced operations of all Parishes,

schools and non-essential businesses for a still-indefinite period, massive loss of jobs on Long Island and elsewhere, as well as uncertainty as to the region's overall economic prospects.  The pandemic has had a particularly devastating impact on the Diocese.

142.    The Diocese receives a portion of its income from the Parishes' offertory collections.  This share of the Parish's collection typically represents approximately 40% of the Diocese's annual revenue.  In the second half of March 2020, after masses and other church gatherings ceased to occur due to the pandemic, the Parish offertory payments to the Diocese declined 77% compared to the first half of March.  For the two week period from March 23 to April 3, 2020, the Diocese did not receive any deposits related to the Parish offertory.  During the month of April 2020, despite the month containing Holy Week and Easter Sunday, with continued fundraising efforts and the availability of televised masses, the Diocese collected from Parishes only approximately $363,000, down approximately 60% from the average of the prior 10 months.  Although Parish offertory payments have since recovered somewhat in a number of Parishes, for the current fiscal year through July 2020, Parish offertory collections across the Diocese are estimated to be down approximately 9 – 11% in aggregate compared to the previous fiscal year.  Like many organizations impacted by the pandemic, the material drop in revenues received has placed enormous additional financial pressures on the Diocese and its Parishes and schools.

143.    At this time, the Diocese is taking steps to gradually re-open at least some of the services, while ensuring full compliance with all the governmental directives and health standards.  That requires significant re-working of the customary procedures at great expense to the Diocese.  The scope and the timing of re-opening will also depend heavily on local

conditions at individual Parishes and their ability to implement new protocols, especially as the situation remains fluid.

## V.    SUMMARY OF FIRST DAY MOTIONS[25]

144.    To enable the Diocese to operate effectively and to minimize adverse effects from its chapter 11 filing, the Diocese has filed, or will file upon scheduling of a further hearing by this Court, the motions and applications described below.

145.    In connection with preparing for this case, I have reviewed each of the First Day Motions referenced below.  The First Day Motions were prepared with my input and assistance, or the input and assistance of employees working under my supervision.  The information contained in the First Day Motions is accurate and correct to the best of my knowledge.  I believe that the entry of orders granting the relief requested in these motions and applications is critical to the Diocese's ability to preserve the value of its estate, succeed in its reorganization efforts, and continue to provide ministry to the faithful, Catholic education to children and charity to the community.

### A.    Debtor's Motion Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c), 2002(m) and 9007 for an Order Implementing Certain Notice and Case Management Procedures

146.    Implementing the Case Management Procedures will maximize the efficiency of this chapter 11 case and reduce the costs associated with traditional case management procedures.  Granting the relief requested will also limit the administrative burdens and costs associated with preparing for hearings and serving and mailing documents.  In addition, the Case Management Procedures will assist the Diocese and its personnel and professionals in organizing and prioritizing the numerous tasks attendant to this case.

---

[25]  Capitalized terms used but not defined in this section have the meanings given them in the relevant First Day Motion.

Implementing the Case Management Procedures will yield significant savings to this estate and will also avoid unnecessary costs or delays.

147.    This chapter 11 case will be complex and will move quickly.  As a result, the demands on the Diocese and its personnel and professionals are great.  In addition to performing their ordinary duties, the Diocese's personnel now carry the substantial additional burdens imposed by this chapter 11 case.  The Case Management Procedures, by authorizing the Diocese to schedule omnibus hearing dates and by establishing clear timelines for the filing of Court papers, will assist the Diocese's management and professionals (and, indeed, all parties in interest) in organizing their time and directing the attention of their personnel to issues raised by this chapter 11 case.

148.    The Diocese anticipates that hundreds of interested parties may request service of Court papers in this chapter 11 case.  Consequently, service by e-mail by the Core Parties is the most efficient, cost-effective method for service.  To serve the Diocese's hundreds of creditors with each Motion could easily cost the Diocese tens of thousands of dollars in printing, mailing and service costs.  In comparison, the cost of e-mail service is de minimis.  Considering the vast number of Court papers that are likely to be filed and served in this chapter 11 case, the process proposed herein will save this estate significant amounts of money.

149.    Pursuant to the Case Management Procedures, hearings shall be conducted only when necessary to the resolution of disputes between the Diocese and third parties.  This process will reduce the administrative burdens and costs to the estate associated with preparing for and attending hearings, and will minimize the burden on the Court.  The Case Management Procedures, by authorizing the Diocese to maintain a Case Website and employ the Claims and Noticing Agent, will also preserve the Diocese's goodwill by providing a vehicle to keep

interested parties informed of the restructuring process by providing easy and affordable access to information.

**B.**    **Debtor's Motion for an Order Authorizing the Debtor to (I) Pay Prepetition Employee Wages, Salaries, Benefits and Other Related Items; (II) Reimburse Prepetition Employee Business Expenses; (III) Continue Employee Benefit Programs; and (IV) Continue Such Programs in the Ordinary Course**

150.    As of the Petition Date, the Debtor employed approximately 160 full-time and 28 part-time employees (each an "Employee" and collectively, the "Employees"), including members of clergy.  Approximately 61 of the Employees are non-exempt employees and approximately 127 are exempt employees.  In addition, the Debtor also utilizes the services of certain independent contractors and temporary employees (collectively, the "Contractors").

151.    In the summer of 2020, the Debtor undertook a series of cost-savings measures focused on its internal organization.  Among these measures were a reorganization of certain departments and headcount reductions, which reduced the size of the Debtor's workforce by 17 employees.  The Debtor anticipates that these actions, along with other cost savings measures, will result in approximately $5 million in annual savings, of which approximately $1.2 million is related to headcount reductions.  As a result of the headcount reductions, the Debtor estimates that it incurred approximately $203,000 in potential state and federal unemployment insurance obligations (the "Unemployment Obligations"), depending on the length of time the impacted individuals remain unemployed.

152.    The Employees and Contractors perform a variety of critical functions for the Debtor, including administration of programs essential to the Debtor's charitable, religious and educational mission and a variety of services related to finance, legal, corporate governance and human resources.  The Employees and Contractors also provide administrative services to affiliates of the Debtor in exchange for reimbursements pursuant to administrative services

agreements.  The Employees' and Contractors' skills, along with their knowledge and

understanding of the Debtor's operations and infrastructure are essential to the effective

operation of the Debtor's ministry.  Disruption of the Employees' and Contractors' continued

services would jeopardize the Debtor's efforts to reorganize.

153.    Any interruption in payment of the Employee Obligations will impose

additional hardship on Employees and Contractors and is certain to jeopardize their continued

performance during this critical time.  As of the Petition Date, many Employees and Contractors

may be owed or have accrued various sums for wages, salaries, various employee benefits,

contractual compensation and other accrued compensation and related costs and expenses

(collectively, the "Prepetition Employee Compensation"), unreimbursed and unpaid prepetition

Business Expenses (collectively, the "Prepetition Business Expenses") and certain payroll

deductions as described below.

154.    ***Compensation and Prepetition Deductions***.  The Debtor pays the

Employees' wages semimonthly.  The Employees accrue additional compensation through the

Benefits Programs described below.  The Debtor estimates that its Employee compensation costs

total approximately $1.3 million per month.

155.    The compensation for the Employees hired on or after July 1, 2009 is paid

semimonthly on a two week delay.  The compensation for the Employees hired before that date

is paid on a current basis, meaning that their semimonthly pay includes accrued compensation up

to and including the date of the payroll issuance.  The Debtor makes employer contributions

earned by the Employees to the various Benefits Programs monthly at the same times as the

second payroll payment of each month.  The Debtor makes certain deductions from the

Employees' paychecks for the purpose of (a) making payments on behalf of the Employees in

connection with, among other things, the Benefit Programs; (b) garnishing Employee wages

pursuant to court orders, including for tax levies, child support obligations and spousal support

obligations; and (c) remitting, on the Employees' behalf, various federal, state, or local income,

Social Security, Medicare/Medicaid, and other taxes to the appropriate taxing authority ((a)

through (c), collectively, the "Prepetition Deductions").  The Debtor must then match the

withheld amounts from its own funds for Social Security and Medicare taxes and pay, based on a

percentage of gross payroll, additional amounts for federal and state unemployment insurance

(collectively, the "Employer Payroll Taxes").  The Debtor also makes payments to Contractors

and staffing agencies on account of their Contractors for the Contractors' services.

156.    The Debtor estimates that the Prepetition Employee Compensation and

Prepetition Deductions total $884,000 and $77,000, respectively, as of the Petition Date.  Of

these amounts, the Debtor estimates that $36,000 of Prepetition Employee Compensation and

$4,000 of Prepetition Deductions are attributable to insiders of the Debtor.  The Debtor believes

that the amount of Prepetition Employee Compensation owing to or on account of any particular

Employee will not exceed $13,650.

157.    *Business Expenses*.  In the ordinary course of its business, the Debtor

reimburses Employees and Contractors for certain reasonable and customary expenses

necessarily incurred in the scope of their service to the Debtor (collectively, the "Business

Expenses").  Reimbursement for work travel, including prison ministry and other field ministry

programs, comprise the majority of the Business Expenses.  To obtain reimbursement of

Business Expenses, an Employee or Contractor is required to submit receipts in an electronic

expense report for approval through accounts payable.  In addition, the Debtor has arrangements

with a number of financial institutions to issue corporate credit cards to Employees for Business

Expenses.  These credit card arrangements are described in detail below.  Employees and

Contractors are similarly required to submit expense reports and obtain approval for Business

Expenses paid with the corporate credit cards.

158.    In the aggregate, the Debtor's Employees and Contactors incur, on

average, approximately $33,000 per pay period in Business Expenses.  Although the Debtor

requests that the Employees and Contractors submit reimbursement requests promptly, there is

inevitably some lag time between the incurrence of a Business Expense and processing the

Debtor's reimbursement thereof.  Based on historical figures, the Debtor estimates that it owes

approximately $49,000 on account of Prepetition Business Expenses.

159.    ***The Benefit Programs***.  The Debtor provides administrative support for

and participates in the Benefit Plans, which are described in detail above.  The Debtor acts as

contribution agent for the Benefit Plans, collecting contributions from all participants and

remitting them to the plan trusts or paying plan-specific administrative expenses.  The Debtor

maintains five segregated bank accounts for this purpose (the "Contribution Agent Accounts"),

one for each Benefit Plan, in order to ensure that contributions from participants are not

comingled with contributions to other Sponsored Plans or funds of the Debtor.  The Debtor also

acts as paying agent for the Employees' Benefits Program, receiving funds from the Employees'

Benefits Program trust and using those funds to pay covered benefits.  The Debtor maintains a

segregated bank account for this purpose (the "Paying Agent Account" and, collectively with the

Contribution Agent Accounts, the "Agent Accounts").  The Debtor also maintains various other

benefit programs for its Employees, including the following:  (a) health, dental, life and

disability insurance benefits provided under the Benefit Plans; (b) COBRA benefits; (c) paid

time off; (d) severance; (e) housing for priests; and (d) various other benefits.

160.    <u>Priests' Pension Plan</u>.  The Diocese administers and participates in the Priests' Pension Plan, which is described in detail above.  The Debtor contributes approximately $26,000 per month to the Priests' Pension Plan as an element of the total compensation of priests who are Employees.  This represents approximately 15.7% of the total contributions to the Priests' Pension Plan by the Debtor and Participating Employers.  The Debtor estimates that, as of the Petition Date, it owes $31,000 in Prepetition Employee Compensation on account of the Priests' Pension Plan.

161.    <u>Priests' Benefits Plan</u>.  The Diocese administers and participates in the Priests' Benefits Plan, which is in detail described above.  The Debtor pays approximately $20,000 per month on account of the Priests' Benefits Plan as an element of the total compensation of priests who are Employees.  This represents approximately 15.7% of the total contributions to the Priests' Benefits Plan by the Debtor and Participating Employers.  The Debtor estimates that, as of the Petition Date, it owes $23,000 in Prepetition Employee Compensation on account of the Priests' Benefits Plan.

162.    <u>Employee Retirement Plans</u>.  The Diocese administers and participates in the Employees' Pension Plan and the 403(b) Employees' Retirement Plan, each of which are described in detail above.  As an element of the total compensation of its Employees, the Debtor contributes approximately $59,000 per month to the Employees' Pension Plan and approximately $34,000 per month to the 403(b) Employees' Retirement Plan.  These contributions represent approximately 0.7% and 3.4%, respectively, of the total contributions to these plans by the Debtor, participating employees and Participating Employers.  The Debtor estimates that, as of the Petition Date, it owes $112,000 in Prepetition Employee Compensation on account of the Employees' Pension Plan and 403(b) Employees' Retirement Plan.

163.   <u>Employees' Benefits Program</u>.  The Debtor administers and participates in the Employees' Benefits Program, which is described in detail above.  The Debtor shares the cost of premiums and administrative expenses of the Employees' Benefits Program with participating Employees and Participating Employers.  The Debtor's share of such costs and expenses is approximately $190,000 per month, or approximately 6.3% of the total.  The Debtor estimates that, as of the Petition Date, it owes $228,000 in Prepetition Employee Compensation on account of the Employees' Benefits Program.

164.   <u>Housing for Priests</u>.  The Debtor provides a housing benefit (the "<u>Housing Benefit</u>") for priests who are Employees of the Diocese to live in parish rectories.  The Housing Benefit pays $500 per month for each participating priest, which is the monthly rent for a priest living in a parish rectory.  The amount is paid directly to parishes on behalf of the participating Employees.  The Debtor estimates that, as of the Petition Date, it owes $24,000 in Prepetition Employee Compensation on account of the Housing Benefit for Employees.

165.   <u>Severance</u>.  The Debtor maintains a severance program for all of its full-time Employees.  Pursuant to the program, the Debtor provides Employees who are terminated in certain covered circumstances with one weeks' pay for each full year of service, subject to a minimum of four weeks' pay.  The Debtor estimates that it owes $4,300 in Prepetition Employee Compensation on account of the severance program related to terminations that occurred prior to the Petition Date.

166.   <u>COBRA</u>.  Pursuant to the Consolidate Omnibus Budget Reconciliation Act of 1985, the Debtor offers eligible former employees the opportunity to elect to continue insurance coverage under certain of the insurance plans maintained by the Debtor (the "<u>COBRA Benefits</u>").  Following eligible employee termination, such former employees are billed directly

and are solely responsible for payment of premiums.  As of the Petition Date, the Debtor does

not believe that it owes any accrued and unpaid amounts in respect of the COBRA Benefits,

apart from *de minimis* costs associated with the administration thereof.

167.    <u>Paid Time Off</u>.  The Debtor provides certain Employees with various

types of paid time off ( "<u>Paid Time Off</u>"), including (a) a number of paid vacation days (the

"<u>Vacation Days</u>"), (b) paid holidays, and (c) paid personal and sick time (the "<u>Sick Time</u>").  The

Vacation Days accrue each month and up to two years of unused Vacation Days may be rolled

over from one calendar year to the next.  At the end of a calendar year, any unused Vacation

Days in excess of this cap are automatically converted into Sick Time.  When an Employees

retires or is terminated, the Debtor's policy is to pay that Employee for all accrued but unused

Vacation Days.  Additionally, when an Employee retires, if that Employee has at least ten years

of service and 60 or more days of accrued but unused Sick Time, the Debtor pays that Employee

for half of their accrued Sick Time, up to a maximum of 30 days.  The Debtor estimates that, as

of the Petition Date, the total value of the Paid Time Off accrued by Employees but not yet used

is $1,629,000.

168.    <u>Training for Clergy</u>.  The Debtor is responsible for the formation of

clergy, which it accomplishes in part through educational sponsorship of seminarians studying to

become priests, individuals studying to become deacons and continuing education for priests and

deacons.  Providing for the training of priests and deacons is critical to the Debtor's ability to

continue its mission.  This sponsorship includes the payment of tuition, and, in some cases, room

and board (the "<u>Tuition Payments</u>").  As of the Petition Date, there were approximately 30

seminarians studying at a number of universities under the sponsorship of the Diocese, along

with smaller numbers of priests, deacons and individuals studying to become deacons.  The

Debtor estimates that, as of the Petition Date, it owes approximately $164,000 on account of Tuition Payments. The vast majority of this amount represents payments invoiced, but not yet due, for the Fall 2020 semester, which is in progress as of the Petition Date. If the Tuition Payments are not made, the seminarians and others may be unable to continue attending classes. The Debtor expects that the Tuition Payments for the Spring 2021 semester will total approximately $450,000.

169. <u>Benefits for Diocesan Priests</u>. The Debtor provides other benefits to clergy assigned within the territory of the Debtor, including treatment for addiction, including stays at an outpatient treatment center, and sponsorship of sabbaticals. As of the Petition Dater, there were no clergy in addiction treatment centers sponsored by the Debtor and no clergy on sabbatical sponsored by the Debtor.

170. ***Costs and Expenses Incident to the Foregoing***. The Debtor accrues certain costs and expenses (the "<u>Payroll Costs</u>") attendant to its compensation and benefit programs, including (a) payments to ADP, Inc., which provides payroll and other services, (b) payments to its insurance providers, (c) the Employer Payroll Taxes, including the Unemployment Obligations, and (d) other charges for administration of the Prepetition Employee Compensation, Prepetition Deductions and Benefit Programs. The Debtor's payments to ADP, Inc. include payroll processing costs for itself and participants in the Sponsored Plans. The Sponsored Plans, in turn, reimburse approximately 73% of this processing cost. By having all participants in the Sponsored Plans use a single payroll provider, the Debtor's costs of administering the Sponsored Plans are reduced. If participants in the Sponsored Plans were to use different payroll processors, administration would be impractical. The Debtor estimates that there are approximately $170,000 Employer Payroll Taxes, excluding the Unemployment

Obligations, that were accrued but unpaid as of the Petition Date.  The Unemployment

Obligations are payable over a period of up to 26 weeks, and the total amount of such obligations

depends on the length of time impacted individuals remain unemployed.

       171.    The Debtor estimates that the aggregate amount of Payroll Costs accrued

but unpaid as of Petition Date (the "Prepetition Payroll Costs"), is approximately $183,000 plus

up to $203,000 in Unemployment Obligations.  Payment of the Prepetition Payroll Costs is

necessary because the failure to pay any such amounts might disrupt services provided by

third-party providers with respect to payment of Employee compensation, deductions related to

the same and Benefit Programs.

**C.    Debtor's Motion for Interim and Final Orders Establishing Adequate Assurance
Procedures With Respect to Debtor's Utility Providers**

       172.    The Diocese currently uses various types of utility services, including, but

not limited to, electric, phone and telecommunications, water, waste, and other similar utility

services (collectively, the "Utility Services") provided by, among others, the utility companies

identified on Exhibit C to the utilities motion (the "Utility Companies").   The Diocese estimates

that its average total monthly obligations to the Utility Companies on account of services

rendered is approximately $25,454.

       173.    The Utility Companies provide services essential to the Diocese's

operations.  As such, any interruption in Utility Services could prove damaging.  Any disruption

in this service would disrupt an essential element of the Diocese's organization.  Temporary or

permanent discontinuation of Utility Services could irreparably disrupt the Diocese's operations

and fundamentally undermine the Diocese's efforts in this chapter 11 case.

       174.    Section 366(c)(2) of the Bankruptcy Code requires the Diocese to provide

the Utility Companies with adequate "assurance of payment" within thirty days of the

commencement of this chapter 11 case to prevent a utility from altering, refusing or

discontinuing a Diocese's utility service.  The Diocese proposes to satisfy the requirement to

provide "adequate assurance" in two ways.

175.    *First*, the Diocese intends to pay any postpetition obligations to the Utility

Companies in a timely fashion and in the ordinary course, as it has substantially done prior to the

Petition Date.

176.    *Second*, the Diocese also proposes to deposit, as adequate assurance of

payment, approximately $11,748, equal to two weeks of the Diocese's average cost of services

for the Utility Services, into a segregated, interest bearing account (the "Adequate Assurance

Deposit") within 20 days of the Petition Date.  The Diocese estimates that the proposed

Adequate Assurance Deposit is sufficient under the circumstances, particularly in light of any

prepetition deposits, letters of credit, surety bonds or other similar forms of adequate assurance

already provided to the Utility Companies.

**D.**     **Debtor's Motion for Entry of an Order Authorizing the Debtor to Continue Its
        Insurance Programs and Pay Related Obligations**

177.    ***Protected Self Insurance Program and Ecclesia.***  The Debtor has

implemented an insurance program as a means of ensuring that the Debtor and certain other non-

debtor related entities (collectively, the "Insured Parties") are protected by adequate insurance

coverage at a reasonable price.  The Debtor accomplishes this in part by spreading risk among a

large number of participants and leveraging their collective buying power to secure coverage at

favorable rates.  Although the Debtor's insurance program was originally designed and styled as

a self-insurance program, over time it has transitioned such that the vast majority of the

insurance now obtained through and administered by the Protected Self Insurance Program is

provided by third-party insurers.

178.   Under the Protected Self Insurance Program, the Debtor coordinates and administers an insurance program providing coverage and risk management services for itself and each of the Insured Parties.  The Protected Self Insurance Program currently secures coverage for the following categories of insurance: (i) workers' compensation, (ii) property, (iii) boiler and machinery; (iv) general liability, (v) automobile liability and physical damage; (vi) crime; (vii) directors' and officers' liability; (viii) employment practices liability; (ix) employee benefits liability; (x) professional liability; (xi) medical professional liability; (xii) sexual abuse liability; (xiii) fiduciary liability; (xiv) student accident; (xv); cyber; and (xvi) life insurance for priests (the "Insurance Policies").  Maintaining such insurance coverage is essential to preserve the value of the Debtor's estate.  In some instances, the insurance coverage must be maintained as required by various laws, regulations or contracts.[26]

179.   The Protected Self Insurance Program is funded by the Debtor and the Insured Parties.  Assessments to cover the costs of providing insurance coverage under the Protected Self Insurance Program are collected from each of the Insured Parties, including the Debtor (the "Assessments").  The Assessments are calculated in coordination with the Debtor's broker, Porter & Curtis (discussed further below), using allocation methodologies that take into account several variables, including, among other things, replacement values by construction type, square footage, payroll, and automobile count by type.  In calculating each Insured Party's contribution to the Assessments, the Protected Self Insurance Program strives to achieve a fair and consistent allocation of costs among the Insured Parties.  The Protected Self Insurance

---

[26] As described in this Declaration, prior to the Petition Date, the Protected Self Insurance Program funded expenses relating to (i) the Independent Reconciliation and Compensation Program, (ii) the care for those who suffered clergy sexual abuse, (iii) the Diocesan Child Protection Policy, (iv) the annual expenses of audits by StoneBridge Business Partners, an outside expert, of the Debtor and Insured Parties to ensure compliance with the Charter for the Protection of Children and Young People established by the U.S. Conference of Catholic Bishops;  and (v) investigations, including responding to the Attorney General inquiries.

Program collects Assessments from the Insured Parties in a segregated account on a monthly

basis.  Such Assessments are used to pay the expenses of the program.

180.    In fiscal year 2019, ended August 31, 2019, program revenues amounted

to $14.6 million.  Of those revenues, $13.9 million were sourced from the Assessments, with the

remaining $0.7 million derived from investment income realized by the Protected Self Insurance

Program.  The Debtor funded 1.5% of such Assessments.  If there are surplus funds remaining at

the end of a fiscal year after payment of all costs and expenses related to the Protected Self

Insurance Program, such surplus funds remain in separate accounts and are held for the benefit of

the Debtor and the Insured Parties and used to offset future obligations under the program.

181.    The Debtor also owns a captive insurance company known as Ecclesia.

Ecclesia is a property and casualty insurance company that, in coordination with the Protected

Self Insurance Program, insures certain risks for the Debtor and the Insured Parties.  It is a

separate corporation that is wholly-owned by the Debtor.  Ecclesia was incorporated in New

York in December 2003.  The company is a licensed insurer and is subject to the supervision of

the New York State Department of Financial Services.

182.    ***Self-Insured Retention and Policy Limits.***  In the past, the Protected Self

Insurance Program was responsible under the property and liability policies for paying self-

insured retention ("SIR") claim payments for the Debtor and all Insured Parties from the

Assessments and the buildup of retained funds.  In order to reduce the risk of claims variance and

quantify premium amounts, the Debtor obtained a policy from Ecclesia on November 1, 2019

that covers the SIR obligations of the Protected Self Insurance Program for claims occurring on

or after November 1, 2019.[27]  Under the policy, the Protected Self Insurance Program pays the

---

[27] The Ecclesia SIR policy does not cover SIR payments associated with the Debtor's insurance coverage for sexual abuse claims described below.  Similarly, the Ecclesia SIR policy does not cover the $5,000 SIR associated with

SIR and then receives reimbursement of the SIR payment from Ecclesia on a monthly basis.  The

insurance provides the Debtor with first-dollar coverage for SIR payments that may be due and

payable for claims occurring on or after November 1, 2019.  The Debtor retains the SIR liability

prior to November 1, 2019 for (i) claims already made and in-process and (ii) general liability

and auto claims that were incurred but not yet reported.

183.    If the Protected Self Insurance Program does not make SIR payments for

claims occurring before November 1, 2019, the Protected Self Insurance Program may

jeopardize insurance coverage for the Debtor and the Insured Parties for amounts above the

SIR.[28]  As a consequence, receiving court authorization to continue to make such SIR payments

in the ordinary course of business is an important aspect of maintaining insurance coverage for

the Debtor and the Insured Parties.

184.    As part of the Protected Self Insurance Program's insurance program, it

may advance amounts on account of claims in excess of the SIR to the Insured Parties before it

receives reimbursements on account of such amounts.  Depending on the nature of the coverage

involved, the Protected Self Insurance Program receives reimbursements from Ecclesia or from

an insurance carrier on account of such advances.  Such payment advances are generally

designed to protect properties by enabling the Debtor and the Insured Parties to engage

contractors and repair properties quickly, and thus to mitigate further damage, in the event that

payment from the insurance carrier is delayed.  In such circumstances, the Protected Self

Insurance Program may also requests interim payments from the insurance carriers to offset such

advances.  The Protected Self Insurance Program generally receives reimbursements from

---

the Debtor's insurance coverage for crime.  The Debtor chose not to pay for such coverage due to the small size
of the crime coverage SIR.

[28] The Debtor reserves all rights with respect to the terms of its insurance policies.

Ecclesia and insurance carriers on account of such payments within a matter of months, and the

delay on account of such reimbursements is rarely longer than six months.[29]  The Debtor is

seeking authority to continue such payment advances as part of the Protected Self Insurance

Program's insurance program.

185.    The Debtor and the Insured Parties' insurance coverage includes a $200

million limit for property (including excess coverage).  The insurance coverage also includes a

$125 million limit for general liability and auto liability (including excess coverage).  The

insurance coverage contains separate limits for sexual abuse.  After 1986, the Debtor and the

Insured Parties generally have $15 million in aggregate sexual abuse liability coverage (this is

the total coverage amount from 1986 to date for claims made during the current policy period).

Such coverage for sexual abuse claims is subject to a $250,000 SIR and $1 million per claim

limits (including the SIR).  The Debtor is not seeking authority herein to make any payments for

SIRs associated with the Debtor's insurance coverage for sexual abuse claims.

186.    ***Insurance Program Administration.***  The Protected Self Insurance

Program employs four full-time professionals with several decades of insurance experience to

oversee the Protected Self Insurance Program's risk management programs.  The Assessments

charged to the Insured Parties include amounts necessary to cover the Protected Self Insurance

Program's operating expenses, including wages for the employees that are dedicated full-time to

the Protected Self Insurance Program's risk management program.

187.    The Protected Self Insurance Program and Ecclesia rely on the staff of the

Debtor to provide financial and technology services.  In connection with these services, the

---

[29] In rare circumstances, insurance carriers have denied coverage for claims after PSIP has advanced funds to
Insured Parties.  In such circumstances, PSIP has not sought to claw back advanced funds from the Insured
Parties.  Such denials of coverage are rare and are not expected to occur during this chapter 11 case.

Protected Insurance Program and Ecclesia each pay fees to the Debtor on a quarterly basis.  Such

amounts are funded by the Assessments.

188.    The Protected Self Insurance Program and Ecclesia utilize third-party

insurance brokers to assist them in purchasing appropriate coverage and administering various

aspects of its risk management programs.  The Protected Self Insurance Program's third-party

insurance broker is Porter & Curtis.  Ecclesia's third-party reinsurance broker is Trinity

Reinsurance Intermediaries ("Trinity" and together with Porter & Curtis, the "Brokers").  In

connection with these services, the Protected Self Insurance Program and Ecclesia each owe fees

to the Brokers on a quarterly basis (the "Brokers' Fees").  The Brokers' Fees are funded by the

Assessments.  The Debtor does not believe that any Brokers' Fees are currently due.

189.    The Protected Self Insurance Program and Ecclesia use two third-party

administrators for assistance in administering various aspects of the risk management program.

The Protected Self Insurance Program and Ecclesia utilize Network Adjusters, Inc. ("Network

Adjusters") for administration of workers' compensation coverage, all property and crime

coverage, and for first reports of all losses.  Additionally, the Protected Self Insurance Program

and Ecclesia use Claims Service Bureau of New York ("CSB") for administration of liability

claims.  The Protected Self Insurance Program and Ecclesia each owe amounts to Network

Adjusters and CSB based on the services provided.  Such amounts, which reflect the claim

activity, are funded by the Assessments and are paid on a monthly basis.  The Debtor does not

believe that any payments to Network Adjustors or CSB are currently due.

190.    The Protected Self Insurance Program and Ecclesia utilize a third-party

actuary to estimate the ultimate value of unpaid claims and claim related amounts.  Ecclesia also

utilizes the third party actuary to forecast projected retained claims and claim related amounts.

The actuary is Actuarial Technical Solutions ("ATS").  In connection with these services, the Protected Self Insurance Program and Ecclesia each periodically pay fees to ATS.  Such amounts are funded by the Assessments and are paid as services are rendered.  The Debtor does not believe that any payments to ATS are currently due.

191.    The Protected Self Insurance Program and Ecclesia utilize a third party auditor to produce annual audited financial statements. The auditor is Crowe LLP ("Crowe"). In connection with these services, the Protected Self Insurance Program and Ecclesia each periodically pay fees to Crowe. Such amounts are funded by the Assessments and are paid as services are rendered. The Debtor does not believe that any payments to Crowe are currently due.

192.    Ecclesia also utilizes a third-party captive manager to operate the captive and interface with regulators. The captive manager is Marsh Captive Solutions ("Marsh"). In connection with these services, Ecclesia pays fees to Marsh on a quarterly basis. Such amounts are funded by the Assessments.

193.    As of the Petition Date, the Debtor anticipates that no prepetition insurance premiums are currently due.  Director and Officer liability insurance coverage was renewed prior to the Petition Date.  The Debtor's workers' compensation coverage is expected to renew on January 1, 2021, and the Debtor's property insurance coverage is expected to renew on April 1, 2021.

194.    The Protected Self Insurance Program and Ecclesia provide a practical, cost-effective way to manage risk for the Debtor and the Insured Parties under a single, comprehensive insurance program.  If the Protected Self Insurance Program and Ecclesia are not continued, the Debtor and each of the Insured Parties will be forced to purchase separate

Insurance Policies covering each entity and their respective properties.  Moreover, it is likely that

the Debtor and each of the other Insured Parties would incur substantially higher costs to obtain

their own individualized insurance (with or without a retention or deductible) than what they are

currently assessed under the Protected Self Insurance Program.  Without the broad collective risk

profile provided by the Protected Self Insurance Program and Ecclesia, certain types of coverage

and available coverage limits may simply not be available on an individualized basis or on

commercially reasonable terms.

195.    ***Automobile Insurance and Associated Letter of Credit.***  One aspect of the

Debtor's insurance coverage program is automobile liability and physical damage coverage.

Prepetition, the Debtor contracted with Old Republic Insurance Company ("Old Republic") for

this coverage.  The Debtor and Old Republic agreed that Old Republic would issue automobile

liability and physical damage insurance coverage for the statutory obligations of the Debtor and

the Insured Parties.  The Debtor agreed to pay Old Republic premium charges in exchange for

the coverage and the Debtor effectively self-insured its statutory obligation by holding Old

Republic harmless from and against all claims, losses, costs and expenses which Old Republic

may incur under the automobile insurance.

196.    As part of the automobile insurance, the Debtor also agreed to provide Old

Republic with a letter of credit (or other security acceptable to Old Republic) in Old Republic's

favor.  The issuance of the letter of credit shifts the risk of the Debtor's non-performance or non-

payment.  Thus, if Old Republic incurs a loss that is not reimbursed by the Debtor, Old Republic

is entitled to recover the full amount of that loss from the issuing bank.  This right to recovery is

set forth in the automobile insurance and is a condition to issuance of the policy.  In satisfaction

of its obligation under the automobile insurance, the Debtor obtained such a letter of credit from

JPMorgan Chase Bank, N.A., and the Debtor has renewed the letter of credit in the ordinary

course.  The letter of credit is currently secured by a Certificate of Deposit in the amount of

approximately $929,875.34 (plus any accrued interest).  The Debtor believes that all premiums

and related fees that were due as of the Petition Date have been paid.

197.    On September 1, 2020, the Debtor's automobile insurance was up for

renewal.  The Debtor declined to renew its automobile insurance with Old Republic and instead

opted to obtain automobile insurance through a new insurance provider in order to lock in the

substantially reduced premium rates available in the market at that time.  The new insurance

policy entered into by the Debtor thus allowed the Debtor to realize substantial cost savings.

Furthermore, the new insurance provider did not require the Debtor to post a letter of credit.

198.    As a consequence, the Debtor expects to eventually receive back funds

from the Certificate of Deposit in the amount of approximately $929,875.34 (plus any accrued

interest) held at JPMorgan Chase Bank, N.A. to secure the old letter of credit provided the

Debtor pays the entirety of its claim obligations due under the prior insurance and then only after

both the statute of limitations runs out following the expiration of the last covered period on

September 1, 2020 and all claims are closed.  The Debtor is not seeking authority to pay any

prepetition insurance claims or other amounts that may be due to Old Republic on account of the

Debtor's Old Republic automobile insurance.

199.    ***Workers' Compensation Insurance.***  As required by applicable law, the

Debtor and the Insured Parties must maintain workers' compensation insurance coverage (the

"Workers' Compensation Program") for its employees for claims arising from, or related to, their

employment by the Debtor or the Insured Parties.

200.    Historically, the Protected Self Insurance Program covered workers' compensation on a self-insured basis, but on January 1, 2012, the Debtor arranged for third-party coverage for itself and the Insured Parties with the New York State Insurance Fund.  As required by the State of New York, the Debtor posted security in the amount of $7.6 million in cash with the New York State Workers' Compensation Board for the benefit of the pre-2012 self-insured claims.  The Debtor makes payments to pre-2012 claimants (the "Legacy Payments") in the amount of approximately $126,819 per month on average, including the expenses for Network Adjustors described above.  The Debtor requests authority to continue to make these Legacy Payments and amounts associated with administering the Workers' Compensation Program in the ordinary course of business.

201.    For the current coverage periods, the Debtor's and Insured Parties' aggregate annual premium for the Workers Compensation Program totaled approximately $1.8 million, paid to New York State Insurance Fund ("NYSIF").  These premiums for the current coverage period have been paid in full and, accordingly, the Debtor does not believe any prepetition amounts are outstanding on account of the Workers Compensation Program.

202.    The Debtor seeks to continue to maintain the Protected Self Insurance Program, Ecclesia, and the Workers' Compensation Program for itself and on the behalf of the Insured Parties and to pay claims, premiums, obligations, legacy workers' compensation obligations, and other administrative costs under the Protected Self Insurance Program, Ecclesia, and the Workers' Compensation Program in accordance with past practice and in the ordinary course of business.  The Debtor believes that the maintenance of the Protected Self Insurance Program, Ecclesia, and the Workers' Compensation Program is in the best interest of the estate and its creditors.

E.    **Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Continued Use of the Debtor's Cash Management System, Bank Accounts and Business Forms and (II) Granting Related Relief**

203.    In the ordinary course of business, the Diocese utilizes a centralized cash management system (the "Cash Management System") to collect, manage, invest and disburse funds in support of its mission.  The Diocese holds accounts with a number of financial institutions (the "Banks") in order to facilitate the Cash Management System.  A list of the Diocese's bank accounts can be found attached hereto as Exhibit C to the Cash Management Motion (the "Bank Accounts").

204.    A diagram setting forth the flow of funds among the Bank Accounts and summarizing the Cash Management System, as it exists on the Petition Date, is attached hereto as Exhibit D.

205.    ***The Diocese's Bank Accounts***.  In the ordinary course of business, the Diocese maintains the Bank Accounts described herein to facilitate the financial operations of its central administrative offices.

206.    *The Main Accounts*.  As of the Petition Date, the Diocese maintained the following accounts (the "Main Accounts") with JPMorgan Chase Bank, N.A. ("JPMorgan Chase"):  (a) its primary operating account (the "Main Operating Account"); and (b) a money market account (the "Main Money Market Account").  The Main Money Market Account is invested in short-term U.S. Government securities.

207.    *The Main Investment Accounts*.  Historically, the Diocese maintained its long-term investments in accounts with Unitas Investment Fund, Inc. and The Vanguard Group Inc. (the "Main Investment Accounts").  The Main Investment Accounts held a diversified portfolio of securities.  Similarly, the Diocese maintained long-term investments subject to donor restrictions, such as endowments and bequests, in separate Main Investment Accounts.  As of the

Petition Date, the Diocese no longer maintained any funds for long-term investment in the Main

Investment Accounts.  Instead, the Diocese's long-term investments are held in the Main Money

Market Account.  The long-term investments subject to donor restrictions are held in separate

FHO Accounts (as defined herein), including Legacy Endowment Funds (as defined herein) held

with Unitas Investment Fund, Inc.

208.    *The Utilities Adequate Assurance Account.*  The Diocese maintains an

account with JPMorgan Chase (the "Utilities Adequate Assurance Account") in which it intends

to place a deposit, in an amount approved by the Court, as adequate assurance of payment for the

Diocese's utility services.

209.    *The IOR Accounts.*  The Diocese maintains two accounts (the "IOR

Accounts") with the Institute for the Works of Religion, a financial institution located inside

Vatican City.  As of the Petition Date, the IOR Accounts had *de minimis* balances.  The Diocese

is in the process of closing the IOR Accounts and expects they will be closed soon after the

Petition Date.

210.    *Other Deposit Accounts.*  The Diocese maintains a number of other

deposit accounts for a variety of other purposes in order to facilitate its Cash Management

System.  Each account is listed in Exhibit C to the Cash Management Motion.

211.    **The Insurance Accounts**.  The Diocese maintains a number of Bank

Accounts (the "Insurance Accounts") in support of its insurance programs.  The Insurance

Accounts are denoted as such in Exhibit C to the Cash Management Motion.  The funds in the

Insurance Accounts are held on behalf of the participants in and the beneficiaries of the

Diocese's insurance programs.

212.    *The PSIP Accounts.*  The Diocese maintains two accounts (the "<u>PSIP Accounts</u>") with JPMorgan Chase related to its Protected Self Insurance Program, which is described in the Insurance Motion:  (a) a primary operating account (the "<u>PSIP Operating Account</u>"); and (b) a money market account utilized to generate interest for short periods if there are excess funds in the PSIP Operating Account (the "<u>PSIP Money Market Account</u>").

213.    The PSIP Operating Account is used to collect insurance premiums on behalf of the entities that participate in the Protected Self Insurance Program.  Claim payments disbursed by Network Adjusters (as defined herein) to participating entities that have suffered losses are funded by these PSIP Operating Account premium deposits.  In addition, the Protected Self Insurance Program uses those premiums, in part, to obtain insurance coverage from Ecclesia Assurance Company and other third party insurers for Protected Self Insurance Program participants.  As a result, the PSIP Operating Account receives recovery payments from insurance carriers to, in some instances, offset claim payments processed by Network Adjusters.

214.    *The Network Adjusters Disbursement Account.*  The Diocese maintains an account (the "<u>Network Adjusters Disbursement Account</u>") with JPMorgan Chase to fund payments to entities that have suffered a loss that is either covered by the Protected Self Insurance Program or for which the Protected Self Insurance Program has received coverage from a third-party insurer on behalf of such entity.  Network Adjusters, Inc. ("**Network Adjusters**") is a third-party claims administrator that manages claims and pays claimants using funds drawn from the Network Adjusters Disbursement Account.

215.    *The NYS Workers Comp Deposit Account.*  As required by the State of New York in respect of the Diocese's former self-insurance program for workers' compensation, the Diocese has posted cash security with the New York State Workers' Compensation Board

(the "<u>NYS Workers Comp Deposit Account</u>").  As of the Petition Date, the balance in the NYS

Workers Comp Deposit Account was approximately $7.6 million.  More information about the

obligations that the funds in the NYS Workers Comp Deposit Account support can be found in

the Insurance Motion.

216.    *The Letter of Credit Account*.  As of the Petition Date, the Diocese

maintained a certificate of deposit (the "<u>PSIP LC Collateral Account</u>") with JPMorgan Chase as

collateral for an irrevocable letter of credit (the "<u>Letter of Credit</u>") issued by JPMorgan Chase in

favor of Old Republic Insurance Company.  As of the Petition Date, the PSIP LC Collateral

Account had a market value of approximately $972,000.  More information about the Letter of

Credit and the PSIP LC Collateral Account can be found in the Insurance Motion.

217.    ***Restricted Funds and Funds Held for Others***.  In the ordinary course of

business, the Diocese holds funds on behalf of other entities that work with the Diocese to

advance its mission or funds with donor restrictions limiting their use.  As described further

herein, the Diocese maintains separate Bank Accounts (the "<u>FHO Accounts</u>") for the funds it

holds for others and the funds it holds with donor restrictions.  The FHO Accounts are denoted as

such in Exhibit C to the Cash Management Motion.  Funds held in the FHO Accounts are

accounted for individually and kept separate from the general operating funds of the Diocese.

218.    *The CMA Accounts*.  The Diocese maintains the following two accounts

(the "<u>CMA Accounts</u>") for CMA purposes, as described in greater detail above, with JPMorgan

Chase for funds raised through the CMA in order to keep such funds segregated from the

Diocese's general operating funds: (a) a primary operating account (the "<u>CMA Operating

Account</u>"); and (b) a money market account utilized to generate interest for short periods if there

are excess funds in the CMA Operating Account (the "<u>CMA Money Market Account</u>").

219.    *Contribution and Disbursement Agent Accounts*.  The Diocese sponsors one healthcare plan for employees, one plan for healthcare and other assistance for retired priests, and three retirement plans (collectively, the "Benefit Plans") for employees and retirees of the Diocese and certain affiliated employers.  Each of the Benefit Plans is a separate trust.  More information about the Benefit Plans can be found in this Declaration.  In order to facilitate payments into and out of the Benefit Plans, the Diocese maintains a number of contribution and paying agent accounts (the "Agent Accounts").  The Diocese also maintains money market agent accounts associated with the Agent Accounts utilized to generate interest for short periods if there are excess funds in the Agent Accounts.  The Agent Accounts permit the Diocese to collect contributions from participating employers and make consolidated transfers to the Benefit Plans on behalf of all participants.  Similarly, the Agent Accounts permit the Diocese to draw funds from the Benefit Plans and make payments to certain vendors.  Using the Agent Accounts reduces the administrative costs of the Benefit Plans.

220.    *Non-School Assessment Accounts*.  The Diocese assists its parishes and the furtherance of Catholic education by acting as an agent to collect a "non-school assessment" from parishes in the territory of the Diocese that do not have schools.  The money collected is used to fund efforts related to Catholic Education.  The primary function is to fund the parish and regional schools.  This money goes through one of two identified, segregated accounts (the "Non-School Assessment Accounts") used solely for this purpose: (a) a primary operating account (the "NSA Operating Account"); and (b) a money market account utilized to generate interest for short periods if there are excess funds in the NSA Operating Account (the "NSA Money Market Account").  Funds collected into the Non-School Assessment Accounts are transferred to the Department of Education, Diocese of Rockville Centre (the "Department of

- 70 -

Education"), which was incorporated by the Regents of the University of the State of New York

on April 26, 1974.  The Department of Education then disburses the funds to the parish and

regional schools that receive this support and for other operational needs.

221.    *The Legacy Endowment Funds*.  The Diocese maintains nineteen separate

accounts (the "Legacy Endowment Funds") with Unitas Investment Fund, Inc. to hold

endowment funds donated to the Diocese subject to donor-restrictions on their use.  The average

balance in each account as of the Petition Date was approximately $32,600.  The costs and

administrative burden of moving the Legacy Endowment Funds to new accounts at banks that

are authorized depositories under the U.S. Trustee Guidelines would be unreasonably high

compared to the small balances that exist in many of these accounts.

222.    *Restricted Donations/Collections Account*.  The Diocese maintains an

additional account (the "Restricted Donations/Collections Account") with JPMorgan Chase to

hold other funds that it holds on behalf of others and funds with donor-restrictions that are not

held in any of the other accounts described above.  The Restricted Donations/Collections

Account also, from time to time, holds contributions to the Benefit Plans made by participating

employers when such contributions first need to be allocated among the Agent Accounts.  The

purpose of this account is to ensure such funds are never comingled with the Diocese's general

operating funds.  The Diocese tracks the funds held in the Restricted Donations/Collections

Account according to the beneficial owner of the funds or the restriction, as applicable, such that

it can trace the origin and use of each dollar held in or transferred from the Restricted

Donations/Collections Account.

223.    **Non-Diocese Accounts**.  As of the Petition Date, there were three Bank

Accounts (the "Non-Diocese Accounts") in the Diocese's name that belong to non-Diocese

entities (the "Non-Dioceses").  The Non-Diocese Accounts are denoted as such in Exhibit C to

the Cash Management Motion.  The Diocese does not maintain any of its funds in any of the

Non-Diocese Accounts and does not exercise operational control over them.  Activity in the

Non-Diocese Accounts is not included in the Diocese's financial accounting.

224.    *High School Accounts*.  Holy Trinity Diocesan High School (the "High

School") in Hicksville, New York maintains two accounts (the "High School Accounts") with

Citibank, N.A. ("Citibank"):  (a) a primary operating account (the "High School Operating

Account"); and (b) a money market account utilized to generate interest for short periods if there

are excess funds in the High School Operating Account (the "High School Money Market

Account").  As of the Petition Date, the High School Accounts bore the Diocese's name and tax

identification number.  However, the Diocese does not maintain any of its funds in the High

School Accounts and does not exercise operational control over them.  The High School is

working to open new accounts in its own name to replace the High School Accounts as quickly

as it can.  In the meantime, the High School requires use of the High School Accounts in order to

pay its teachers and staff, the vendors that support the High School's operations and all the other

expenses incident to running the High School.

225.    *Cursillo de Cristianidad Operating Account*.  Cursillos de Cristianidad is

an independent, non-Diocese organization that maintains an account with JPMorgan Chase (the

"Cursillo de Cristianidad Operating Account").  The Cursillo de Cristianidad Operating Account

bears the Diocese's name and tax identification number, however the Diocese does not maintain

any funds in or exercise control over this account.  As of the Petition Date, the Cursillo de

Cristianidad Operating Account had a *de minimis* balance.

226.    ***Credit Card Programs***.  In the ordinary course of its business, the Diocese

maintains four different credit card accounts (the "Credit Card Accounts") to provide credit cards

for employees of the Diocese to use to make business purchases.  The Diocese generally pays the

balance for each of the Credit Card Accounts in full on a monthly basis.  Debt incurred under

each of the Credit Card Accounts is unsecured.  As of the Petition Date, the aggregate balance on

the Credit Card Accounts was $585.  The Diocese generally incurs approximately $17,000 per

month in charges and fees in aggregate under the Credit Card Accounts.  Use of the Credit Card

Accounts gives the Diocese greater flexibility in making necessary purchases.

227.    *American Express Corporate Cards*.  The Diocese has 27 American

Express corporate credit cards used by employees of the Diocese for general business expenses.

228.    *Visa Corporate Cards*.  The Diocese has four additional corporate credit

cards issued by Signature Bank on the Visa network used by employees of the Diocese for

general business expenses.

229.    *Exxon Mobile Fuel Cards*.  The Diocese has 13 Exxon Mobile fuel cards

used by employees of the Diocese to purchase fuel for work-related travel.

230.    *Home Depot Credit Card*.  The Diocese has one credit card issued by

Home Depot Credit Services used to purchase construction and property-maintenance products

from Home Depot.

231.    ***Existing Business Forms and Checks***.  In the ordinary course of business,

the Diocese uses numerous business forms, including, without limitation, checks, business cards,

letterhead, purchase orders and invoices (the "Business Forms").  Ordering new Business Forms

would cause the Diocese to incur additional expenses and delay actions that require use of the

Business Forms.

232.    ***Bank Fees***.  In the ordinary course of business, the Diocese incurs and pays, honors, or allows to be deducted from the appropriate Bank Accounts certain monthly service fees and other charges, costs, and expenses charged by the Banks (collectively, the "Bank Fees").  The Diocese estimates that approximately $12,000 in monthly Bank Fees are due and owing as of the Petition Date.

**F.    Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing and Approving Special Noticing and Confidentiality Procedures, (II) Authorizing and Approving Procedures for Providing Notice of Commencement, and (III) Granting Related Relief**

233.    ***Confidentiality Procedures***.  To protect the confidentiality of the identities and personal contact information of certain holders of claims against the Diocese arising from allegations of abuse ("Abuse Claims"), including certain litigants that have commenced prepetition lawsuits against the Diocese using a Doe or other pseudonym (collectively, "Doe Claimants"), minors, and current and former employees of the Diocese, the Diocese is requesting authorization to redact the Creditor Matrix, the schedules of assets and liabilities, and any pleadings or other documents, including affidavits of service, filed in these chapter 11 cases containing such information in accordance with certain procedures (the "Confidentiality Procedures").

234.    The Diocese is a defendant in approximately 209 prepetition lawsuits asserting Abuse Claims and the Diocese is aware of certain other holders of Abuse Claims that have not commenced lawsuits prepetition, but may, for example, have been participating in the IRCP prior to the Petition Date.  While some abuse victims have made their Abuse Claims public, many of the lawsuits alleging Abuse Claims have been filed by Doe Claimants who wish to remain anonymous.

235.    Due to the nature of the allegations by holders of Abuse Claims, including the Doe Claimants, which pertain to sexual abuse, the redaction of the identities and personal contact information from all documents filed in these chapter 11 cases will aid in protecting such persons against the disclosure of a scandalous matter in publicly filed Court documents.

236.    The Confidentiality Procedures are also consistent with certain of the Diocese's other confidentiality obligations.  With regard to certain Doe Claimants, and as reflected in certain court-ordered stipulations filed in prepetition lawsuits, the Diocese has agreed to designate certain Doe Claimants with pseudonyms in public filings in New York state court to preserve the anonymity of such Doe Claimants.  As described above, the Confidentiality Procedures will preserve the anonymity of such Doe Claimants.

237.    Additionally, and as described in further detail in this Declaration, the Diocese has committed to all participants in the IRCP that their claims and associated information will remain confidential without regard to whether a resolution is reached.  The participants, however, remain free to disclose or discuss their claim and/or the compensation determination of their own claim.  Certain holders of Abuse Claims may have participated in the IRCP and failed to reach a resolution of their claim.  The Diocese will include any such Abuse Claims in its Creditor Matrix.  The Confidentiality Procedures will preserve the confidentiality of such Abuse Claims.

238.    *Creditor Matrix*.  The Creditor Matrix will also include current and retired employees of the Diocese.   In order to protect against the risk of identity theft and the disclosure of personal identifying information, the Diocese is requesting authority to redact the home addresses and other personal contact information for these individuals.

239.    In recognition of the sensitivity of disclosure related to these parties, the

Confidentiality Procedures will protect the privacy of such creditors and preserve their identities

from public disclosure.

**G.    Debtor's Motion for Interim and Final Orders Authorizing the (I) Payment of Certain Prepetition Invoices for Psychological Counseling, Therapy and Related Treatment, (II) Continuation of its Prepetition Practice of Paying for Certain Psychological Counseling, Therapy and Related Treatment, and (III) Granting Certain Related Relief**

240.    As part of the Diocese's comprehensive efforts to provide care and

compensation to individuals who have been the victims of clerical abuse, the Diocese provides

psychological counseling and related medical treatment, including medications where

appropriate ("Pastoral Care"), for certain individuals who have been impacted by clerical abuse.

The Diocese has maintained a program to provide Pastoral Care since at least 2003.

241.    The Diocese considers the provision of Pastoral Care for any requesting

individual who makes a credible allegation of clerical abuse as a minor.  The Diocese will also

consider the provision of Pastoral Care for individuals alleging abuse by non-clergy affiliated

with the Diocese and for family members who have been affected by the abuse of a loved one.

The majority of recipients of Pastoral Care are individuals who have made claims and received

monetary compensation from the Diocese through the Diocese of Rockville Centre Independent

Reconciliation and Compensation Program.

242.    The Pastoral Care is administered by psychologists, psychiatrists, licensed

clinical social workers and licensed marriage and family therapists selected by the recipient

(each, a "Counselor").  The Diocese requires each Counselor to provide evidence that he or she

is a state-licensed mental health professional with at least a master's degree in a relevant field.

The Diocese recommends Counselors who have a background in trauma therapy, but does not

require it.  The Counselors are not employed by or otherwise affiliated with the Diocese.  In

order to receive compensation, Counselors invoice the Diocese on a monthly basis for Pastoral

Care services provided to recipients, which the Diocese then pays directly to the Counselor.

243.    Each recipient of Pastoral Care is required to sign a confidentiality

agreement that provides for the release of information to the Diocese in order to confirm active

participation.  The Diocese also annually requests updates from the Counselors on the goals of

the therapy and the progress toward those goals.

244.    As part of the Pastoral Care, the Diocese also provides medications and

medication management services for recipients of Pastoral Care who require medication as a

result of clerical abuse.

245.    The Diocese estimates that payments for Pastoral Care will total

approximately $25,000 per month going forward.  The Diocese estimates that the aggregate

amount of the unpaid invoices for Pastoral Care provided before the Petition Date is

approximately $37,500.

## VI.    INFORMATION REQUIRED BY LOCAL RULE 1007-2

246.    In accordance with Local Rule 1007-2, the schedules attached hereto

provide certain information related to the Debtor.

247.    Schedule 1 hereto provides a diagram of the Debtor's corporate structure.

248.    Pursuant to Local Rule 1007-2(a)(3), there has been no committee

organized prior to the order for relief in this chapter 11 case.

249.    Pursuant to Local Rule 1007-2(a)(4), Schedule 2 hereto provides a list of

the holders of the thirty five (35) largest unsecured claims, excluding insiders.

250.    Pursuant to Local Rule 1007-2(a)(5), Schedule 3 hereto provides a list of

the holders of the five (5) largest secured claims.

251.    Pursuant to Local Rule 1007-2(a)(6), Schedule 4 hereto provides a

summary of the assets and liabilities of the Diocese.

252.    Pursuant to Local Rule 1007-2(a)(7), there are not any shares of stock,

debentures or other securities of the Diocese that are publicly held.

253.    Pursuant to Local Rule 1007-2(a)(8), Schedule 5 hereto provides a list of

the Diocese's property that is in the possession or custody of any custodian, public officer,

mortgagee, pledgee, assignee of rents or secured creditor, or agent for any such entity.

254.    Pursuant to Local Rule 1007-2(a)(9), Schedule 6 hereto provides a list of

the premises owned, leased or held under other arrangement from which the Diocese operates its

business.

255.    Pursuant to Local Rule 1007-2(a)(10), Schedule 7 hereto provides the

location of the Diocese's substantial assets, the location of its books and records, and the nature,

location and value of any assets held by the debtor outside the territorial limits of the United

States.

256.    Pursuant to Local Rule 1007-2(a)(11), Schedule 8 hereto provides a list of

the nature and present status of each action or proceeding, pending or threatened, against the

Diocese or its property where a judgment against the debtor or a seizure of its property may be

imminent.

257.    Pursuant to Local Rule 1007-2(a)(12), Schedule 9 hereto provides a list of

the names of the individuals who comprise the Diocese's existing senior management, their

tenure with the Diocese, and a brief summary of their relevant responsibilities and experience.

258.    Pursuant to Local Rule 1007-2(b)(1)-(2)(A), Schedule 10 hereto the

estimated amount of weekly payroll to the Debtor's employees (not including officers, directors,

and stockholders) and the estimated amount to be paid to officers, stockholders, directors, and

financial and business consultants retained by the Debtor for the 30-day period following the

filing of the chapter 11 petition.

259.    Pursuant to Local Rule 1007-2(b)(3), Schedule 11 hereto provides, for the

thirty (30) day period following the filing of this chapter 11 petition, an estimate of the cash

receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue

but remain unpaid, other than professional fees.


Dated:  October 1, 2020

The Roman Catholic Diocese of Rockville
Centre, New York
Debtor and Debtor in Possession

/s/ Charles Moore
Charles Moore
Managing Director of Alvarez & Marsal
North America, LLC, proposed restructuring
advisor to The Roman Catholic Diocese of
Rockville Centre, New York

### Schedule 1

**Debtor's Corporate Structure**



## <u>Schedule 2</u>

### List of Holders of the Debtor's 35 Largest Unsecured Claims

Pursuant to Local Rule 1007-2(a)(4), the following is a list of the Debtor's creditors holding the 35 largest unsecured claims based on the Debtor's unaudited books and records as of the Petition Date. This list has been prepared in accordance with Bankruptcy Rule 1007(d) and does not include (i) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code or (ii) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 35 largest unsecured claims.  In order to protect the anonymity of abuse claimants, who comprise all holders of the 35 largest unsecured claims against the Debtor, the Debtor has only identified the counsel representing these claimants in the following list.  The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtor. The Debtor reserves all rights to assert that any debt or claim included herein is a disputed claim or debt, and to challenge the priority, nature, amount, or status of any such claim or debt.

| Name of counsel representing creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of Unsecured Claim |
|---|---|---|---|---|
| JEFF ANDERSON & ASSOCIATES, P.A. 55 WEST 39TH STREET, 11TH FLOOR NEW YORK, NY 10018 | ATTN: JEFFREY R. ANDERSON EMAIL - Jeff@AndersonAdvocates.com PHONE - 646-759-2551 FAX - | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| PFAU COCHRAN VERTETIS AMALA PLLC 403 COLUMBIA STREET SUITE 500 SEATTLE, WA 98104 31 HUDSON YARDS, 11TH FLOOR, SUITE 36 NEW YORK, NY 10001-2170 | ATTN: MICHAEL T. PFAU EMAIL - michael@pcvalaw.com PHONE - 206-462-4335 FAX - 206-623-3624 | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| MARSH LAW FIRM PLLC 151 EAST POST ROAD SUITE 102 WHITE PLAINS, NY 10601 | ATTN: JAMES A. MARSH EMAIL - jamesmarsh@marsh.law PHONE - 212-372-3030 FAX - 833-210-3336 | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| SIMMONS HANLY CONROY LLC 112 MADISON AVENUE, 7TH FLOOR NEW YORK, NY 10016 | ATTN: PAUL J. HANLY, JR. EMAIL - phanly@simmonsfirm.com PHONE - 212-784-6401 FAX - 212-213-5949 | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |

| Name of counsel representing creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of Unsecured Claim |
|---|---|---|---|---|
| CERTAIN & ZILBERG PLLC 488 MADISON AVENUE 20TH FLOOR NEW YORK, NY 10022 | ATTN: GARY CERTAIN EMAIL - gcertain@certainlaw.com PHONE - 212-687-7800 FAX - | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| SLATER SLATER SCHULMAN LLP488 MADISON AVENUE 20TH FLOORNEW YORK, NY 10022 | ATTN: ADAM SLATER EMAIL - aslater@sssfirm.com PHONE - 212-922-0906 FAX - | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| HERMAN LAW 434 W. 33RD STREET, PENTHOUSE NEW YORK, NY 10001 | ATTN: JEFF HERMAN EMAIL - jherman@hermanlaw.com PHONE - 212-390-0100 FAX - | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| MICHAEL G. DOWD 1981 MARCUS AVENUE, SUITE 200 LAKE SUCCESS, NY 11042 | ATTN: MICHAEL G. DOWD EMAIL - michaelgdowd@gmail.com PHONE - 212-751-1640 FAX - 212-872-1777 | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| SWEENEY, REICH & BOLZ, LLP 1981 MARCUS AVENUE, SUITE 200 LAKE SUCCESS, NY 11042 | ATTN: GERARD J. SWEENEY EMAIL - cxuereb@srblawfirm.com PHONE - 718-459-9000 FAX - | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| LAW OFFICES OF MITCHELL GARABEDIAN 100 STATE STREET, 6TH FLOOR BOSTON, MA 02109 | ATTN: MITCHELL GARABEDIAN EMAIL - mgarabedian@garabedianlaw.com PHONE - 617-523-6250 FAX - | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| MERSON LAW PLLC 150 EAST 58TH STREET, 34TH FLOOR NEW YORK, NY 10155 | ATTN: JORDAN K. MERSON EMAIL - jmerson@mersonlaw.com PHONE - 212-603-9100 FAX - 347-441-4171 | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| JAMES, VERNON & WEEKS, P.A.1626 LINCOLN WAYCOEUR D'ALENE, ID 83815 | ATTN: LEANDER L. JAMES IV EMAIL - ljames@jvwlaw.net PHONE - 208-667-0683 FAX - 208-664-1684 | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| PATRICK NOAKER, NOAKER LAW FIRM, LLC 1600 UTICA AVENUE S, 9TH FLOOR ST. LOUIS PARK, MN 55416 | ATTN: PATRICK NOAKER EMAIL - patrick@noakerlaw.com PHONE - 952-491-6798 FAX - | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| TOLMAGE, PESKIN, HARRIS, & FALICK 20 VESEY ST., SUITE | ATTN: STEPHAN H. PESKIN EMAIL - peskin@tolmagepeskinlaw.com | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |

| Name of counsel representing creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of Unsecured Claim |
|---|---|---|---|---|
| 700<br>NEW YORK, NY 10007 | PHONE - 212-964 1390<br>FAX - 212-608-4959 | | | |
| PHILLIPS & PAOLICELLI, LLP<br>747 THIRD AVENUE, 6TH FLOOR<br>NEW YORK, NY 10027 | ATTN: DIANE PAOLICELLI<br>EMAIL - dpaolicelli@p2law.com<br>PHONE - 212-388-5100<br>FAX - 212-388-5100 | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| DELL & DEAN PLLC<br>1225 FRANKLIN AVENUE, SUITE 450<br>GARDEN CITY, NY 11530 | ATTN: JOSEPH G. DELL<br>EMAIL - JTipa@d2triallaw.com<br>PHONE - 516-880-9700<br>FAX - 516-880-9707 | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| BETTI & ASSOCIATES<br>30 WALL STREET, 8TH FLOOR<br>NEW YORK, NY 10005 | ATTN: MICHELE M. BETTI, ESQ.EMAIL - mbettilaw@gmail.comPHONE - 646-895-0939FAX - | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| DESIMONE & ASSOCIATES, LLC745 FIFTH AVENUE, SUITE 500NEW YORK, NY 10151 | ATTN: RALPH DESIMONE<br>EMAIL - rdesimone@dlaw.net<br>PHONE - 646-776-7425<br>FAX - | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM, HERSHENHORN, STEIGMAN & MACKAUF<br>80 PINE STREET, 34TH FLOOR<br>NEW YORK, NY 10005 | ATTN: RACHEL L. JACOBS & PETER SAGHIR<br>EMAIL - rjacobs@gairgair.com; psaghir@gairgair.com<br>PHONE - 212-943-1090<br>FAX - 212-425-7513 | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| JANET, JANET & SUGGS LLC<br>4 RESERVOIR CIRCLE, SUITE 200<br>BALTIMORE, MD 21208 | ATTN: ANDREW S. JANET<br>EMAIL - asjanet@jjsjustice.com<br>PHONE - 410-653-3200<br>FAX - 410-653-9030 | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| LEVY KONIGSBERG, LLP<br>800 THIRD AVENUE, 11TH FLOOR<br>NEW YORK, NY 11231 | ATTN: HELENE M. WEISS & VARA LYONS<br>EMAIL - vlyons@levylaw.com;<br>PHONE - 212-605-6200<br>FAX - | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| RHEINGOLD GIUFFRA RUFFO & PLOTKIN LLP<br>551 FIFTH AVENUE 29TH FLOOR<br>NEW YORK, NY 10016 | ATTN: THOMAS P. GIUFFA<br>EMAIL - tgiuffra@Rheingoldlaw.com<br>PHONE - 212-684-1880<br>FAX - | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| THE LAW OFFICE OF JOSHUA W. SKILLMAN<br>111 JOHN STREET, | ATTN: JOSHUA W. SKILLMAN<br>EMAIL - Josh@skillmanlaw.nyc | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |

| Name of counsel representing creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of Unsecured Claim |
|---|---|---|---|---|
| SUITE 1050 NEW YORK, NY 10038 | PHONE - 212-785-0808 FAX - 212-785-0177 | | | |
| BUTTAFUOCO & ASSOCIATES, PLLC144 WOODBURY ROADWOODBURY, NY 11797 | ATTN: JAMES S. MCCARTHY & ELLEN BUCCHOLZ EMAIL - jmccarthy@buttafuocolaw.com PHONE - 516-746-81000 FAX - | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| HACH ROSE SCHIRIPPA & CHEVERIE 112 MADISON AVENUE, 10TH FLOOR NEW YORK, NY 10016 | ATTN: MICHAEL ROSE & HILLARY NAPPI EMAIL - mrose@hrsclaw.com; Hnappi@hrsclaw.com PHONE - 212-213-8311 FAX - | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| HAMBURGER, MAXSON, YAFFE & MCNALLY, LLP 225 BROADHOLLOW ROAD, SUITE 301E MELVILLE, NY 11747 | ATTN: RICHARD HAMBURGER, DAVID N. YAFFE, & DOUGLAS MCNALLY EMAIL - rhamburger@hmylaw.com; dmcnally@hmylaw.com; dyaffe@hmylaw.com PHONE - 631-694-2400 FAX - 631-694-1376 | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| HURLEY MCKENNA & MERTZ P.C. 33 N. DEARBORN STREET, SUITE 1430 CHICAGO, IL 60602 | ATTN: CHRISTOPHER HURLEY, EVAN SMOLA, & MARK MCKENNA EMAIL - churley@hurley-law.com; esmola@hurley-law.com; mmckenna@hurley-law.com PHONE - 312-553-4900 FAX - | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| LAURA A. AHEARN, ESQ. PLLC3075 VETERAN'S MEMORIAL HWY., SUITE 200RONKONKOMA, NY 11779 | ATTN: LAURA A. AHEARN EMAIL - lahearn@lauraahearn.com PHONE - 631-320-5204 FAX - | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| LAW OFFICES OF RONALD J. KIM, PC P.O. BOX 318 SARATOGA SPRINGS, NY 12866 | ATTN: RONALD J. KIM EMAIL - ron@ronaldkimlaw.com PHONE - 518-581-8416 FAX - | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| PARKER WAICHMAN LLP 6 HARBOR DRIVE PORT WASHINGTON, NY 11050 | ATTN: BRETT ZEKOWSKI & FRED ROSENTHAL EMAIL - bzekowski@yourlawyer.com; frosenthal@yourlawyer.com | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |

| Name of counsel representing creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of Unsecured Claim |
|---|---|---|---|---|
| | PHONE - 516-466-6500<br>FAX - | | | |
| ROMANO & ASSOCIATES<br>350 OLD COUNTRY ROAD, SUITE 205<br>GARDEN CITY, NY 11530 | ATTN: MICHAEL J. ROMANOEMAIL - mjr@romanofirm.comPHONE - 516-248-8880FAX - | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| RUSSO, KARL, WIDMAIER & CORDANO PLLC<br>400 TOWNLINE ROAD, SUITE 170<br>HAUPPAUGE, NY 11788 | ATTN: CHRISTOPHER GERACE<br>EMAIL - cg@rkwclaw.com<br>PHONE - 631-265-7200<br>FAX - 631-265-7578 | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| SILBERSTEIN, AWAD & MIKLOS, P.C.<br>600 OLD COUNTRY ROAD SUITE 505<br>GARDEN CITY, NY 11530 | ATTN: MICHAEL LAUTERBORN<br>EMAIL - mlaw@ask4sam.net<br>PHONE - 516-832- 7777<br>FAX - 516-832-7877 | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C.120 BROADWAY 18TH FLOORNEW YORK, NY 10271 | ATTN: ERIC K. SCHWARZ<br>EMAIL - Eschwarz@triallaw1.com<br>PHONE - 212-266-4116<br>FAX - 212-266-4141 | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |
| THE ZALKIN LAW FIRM, P.C. AND BARASCH MCGARRY SALZMAN & PENSON<br>11 PARK PLACE<br>NEW YORK, NY 10007 | ATTN: BRUCE KAYE, DOMINIQUE PENSON, ELIZABETH CATE, DEVIN STOREY, IRWIN ZALKIN, DANA COHEN<br>EMAIL - elizabeth@zalkin.com<br>dms@zalkin.com<br>irwin@zalkin.com<br>PHONE - 212-385-8000<br>FAX - 212-385-7845 | Litigation | Contingent, Unliquidated, and Disputed | Undetermined |

## Schedule 3

### List of Holders of the Debtor's Five Largest Secured Claims

Pursuant to Local Rule 1007-2(a)(5), the following is a list of creditors holding the five largest secured claims against the Debtor as of the Petition Date. The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtor. The Debtor reserves all rights to assert that any debt or claim included herein is a disputed claim or debt, and to challenge the priority, nature, amount, or status of any such claim or debt. The descriptions of the collateral securing the underlying obligations are intended only as brief summaries. In the event of any inconsistencies between the summaries set forth below and the respective corporate and legal documents relating to such obligations, the descriptions in the corporate and legal documents shall control.

| | Name of Creditor | Creditor Mailing Address | Amount of Claim (as of Petition Date) | Collateral Description and Value |
|---|---|---|---|---|
| 1. | New York State Workers' Compensation Board | 328 State Street Schenectady, NY 12305 | Undetermined | $7,600,000 bond in support of statutory workers' compensation obligations |
| 2. | JPMorgan Chase Bank, N.A. | JPMorgan Chase 4 New York Plaza, 17th Floor New York, NY 10004 | Undetermined | $972,000 CD in support of letter of credit issued to Old Republic Insurance Company |
| 3. | Dominican Village Inc. | 565 Albany Ave. Amityville, NY 11701 | Undetermined | $25,000 security deposit in support of lease obligations |
| 4. | Apple Inc. | 2600 Grand Blvd. Kansas City, MO 64108 | Undetermined | Computer Equipment and Fixtures |
| 5. | CIT Bank, N.A. | 10201 Centurion Parkway North Jacksonville, FL 32256 | Undetermined | 2 Konica Minolta Copiers |

**Schedule 4**

**Summary of Assets and Liabilities**

Pursuant to Local Rule 1007-2(a)(6), the following are estimates of the assets and liabilities of the Debtor as of August 31, 2020.  As of the Petition Date, the Debtor is in the process of conducting its accounts close for its fiscal year ended August 31, 2020.  As such, these estimates do not reflect the final accounting, including certain actuarial reports, for the Debtor's past fiscal year.  The Debtor has not included in these estimates the total potential liability arising from claims made under the Child Victims Act in the 223 cases that were pending as of the Petition Date.  Any potential liability arising from these claims is contingent, unliquidated and disputed.  Nor has the Debtor included in these estimates the value of its insurance assets that provide coverage for both defense and payment on such claims.  The Debtor keeps financial records for its Protected Self Insurance Program separate from those the Debtor's Administrative Offices, which includes chancery operations and plant, its diocesan loan account and Catholic Ministries Appeal.  The estimates below do not include the assets or liabilities of the Diocesan Affiliates, which are not debtors in this chapter 11 case.

| Assets and Liabilities | Amount |
|---|---|
| Assets | Administrative Offices:  $90.9 million<br>Protected Self Insurance Program: $113.0 million |
| Liabilities | Administrative Offices:  $12.9 million<br>Protected Self Insurance Program:  $88.4 million |

## Schedule 5

### Debtor's Property Held by Others

Pursuant to Local Rule 1007-2(a)(8) the following is a list of property that is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, secured creditor, or agent for any such entity.

1) The Debtor has posted security in the amount of $7.6 million in cash with the New York State Workers' Compensation Board.  This security is required by state law to support the Debtor's legacy workers' compensation obligations.
2) The Debtor has a certificate of deposit held by JPMorgan Chase Bank, N.A. in support of a letter of credit issued by JPMorgan Chase in favor of Old Republic Insurance Company.  The Debtor estimates that market value of the CD is approximately $972,000 as of the Petition Date.
3) Dominican Village Inc. holds $25,000 of the Debtor's funds as security in support of the Debtor's lease obligations.
4) Electronic media containing backups of certain of the Debtor's records are located in offsite storage facilities in Port Washington, New York operated by Iron Mountain, Inc.
5) Certain claims files related to the Debtor's insurance programs are held by Network Adjusters, Inc. in its facilities in Farmingdale, NY.
6) The Debtor stores certain archive files and furniture with Our Lady of Lourdes Roman Catholic Church in Massapequa, NY.
7) The Debtor stores certain archive files with the Seminary of the Immaculate Conception in Huntington, NY.

## Schedule 6

**Debtor's Leased and Owned Properties**

Pursuant to Local Rule 1007-2(a)(9), the following lists the property or premises owned, leased, or held under other arrangement from which the Debtor operates its businesses.

1) The Debtor's headquarters and base of operations is an office building it owns located at 50 North Park Avenue, Rockville Centre, NY 11570.
2) To the extent there are additional real properties that the Debtor owns or leases, such information will be provided during these chapter 11 cases.

## Schedule 7

### Location of the Debtor's Substantial Assets, Books and Records, and Nature and Location of Debtors' Assets Outside the United States

Pursuant to Local Bankruptcy Rule 1007-2(a)(10), the following provides the location of the Debtor's substantial assets, books and records, and the nature, location, and value of any assets held by the Debtor outside the territorial limits of the United States as of the Petition Date.

### Location of the Debtor's Substantial Assets

As of October 1, 2020, the Debtor had substantial assets at 50 North Park Avenue, Rockville Centre, NY 11570.

### Location of the Debtor's Books and Records

The Debtor's books and records are located at 50 North Park Avenue, Rockville Centre, NY 11570.

### Debtor's Assets Outside the United States

The Debtor maintains two bank accounts (the "IOR Accounts") with the Institute for the Works of Religion, a financial institution located inside Vatican City. One account is denominated in U.S. Dollars and the other in Euros. As of the Petition Date, the combined balances in the IOR Accounts totaled approximately $70,000, based upon prevailing exchange rates. The Debtor is in the process of repatriating these funds and closing the IOR Accounts. The Debtor expects the IOR Accounts will be closed soon after the Petition Date.

## Schedule 8

**Legal Actions Against the Debtor in which Judgment is Imminent**

Pursuant to Local Rule 1007-2(a)(11), to the best of the Debtor's knowledge, belief, and understanding, there are no actions or proceedings pending or threatened against the Debtors or their property, as of the Petition Date, where a judgment against the Debtors or a seizure of their property may be imminent.  As described in Section IV.E of this declaration, as of the Petition Date, the Debtor is a defendant in 223 cases commenced under the Child Victims Act.  The Debtor does not believe that judgement is imminent in any of these cases.  Additional information on these cases, including a list of claimants, will be provided in the schedules to be filed by the Debtor in this chapter 11 case.

## Schedule 9

### Debtor's Senior Management

Pursuant to Local Rule 1007-2(a)(12), the following is a list of the names of the individuals who comprise the Debtor's existing senior management, their tenure with the Debtor, and a brief summary of their relevant responsibilities and experience.

| Name / Position | Relevant Experience / Responsibility | Tenure |
|---|---|---|
| Most Rev. John O. Barres - Bishop, Diocese of Rockville Centre | Bishop Barres is responsible for directing and overseeing the mission of the Diocese. He became Bishop of the Diocese in January 2017. Prior to serving as Bishop of the Diocese, Bishop Barres served as the Bishop of the Diocese of Allentown from 2009 to 2016. Previously, he served as a priest in the Diocese of Wilmington for over 20 years. | 1/31/2017 - Present |
| Rev. Eric Fasano - Vicar General and Moderator of the Curia | Fr. Fasano is Co-Chancellor and Secretary to Bishop Barres. Bishop Barres in February of 2019 named Fr. Fasano as Vicar General and Moderator of the Curia. Prior to being named Co-Chancellor, Fr. Fasano served on the Diocesan Tribunal. Fr. Fasano has a Licentiate of Canon Law. | 7/1/2008 - Present |
| Sr. Maryanne Fitzgerald, SC - Co-Chancellor | Sr. Maryanne Fitzgerald is Co-Chancellor of the Diocese.  Sr. Maryanne was named Vicar for Religious of the Diocese in 1998 and then became Chancellor.  In 2008, she transitioned to a leadership role with Sisters of Charity, Halifax, and continued to serve the Diocese as a volunteer.  In 2014 Sr. Maryanne was named Co-Chancellor. | 9/1998 – 6/2008 10/2014 - Present |
| Rev. John McCartney - Co-Chancellor, Assoc. Mod. of the Curia and Secr. to the Bishop | In February of 2019, Bishop Barres appointed Fr. McCartney as Co-Chancellor, Associate Moderator of the Curia and Secretary to Bishop Barres. Fr. McCartney has served as parochial vicar and pastor for a number of parishes in the Diocese since 1999. Fr. McCartney practiced law for several years before he was ordained a priest. | 3/1/2010 - Present |
| Thomas Renker - Chief Operating Officer and General Counsel | Thomas Renker has been the Diocese's General Counsel since 2007.  In 2017, Mr. Renker assumed the Chief Operating Officer role in addition to remaining General Counsel.  As Chief Operating Officer, he has responsibility for all temporal functions of the Diocese. The position works closely with the Bishop and Vicar General. | 10/22/2007 - Present |
| William G. Chapin - Director of Facilities and Risk Management | William Chapin oversees all risk management and insurance programs for the Diocese, including its captive insurer. | 1/5/1998 - Present |

| | | |
|---|---|---|
| | The programs Mr. Chapin oversees include the shared programs that Ministry Members participate in and the Diocese supports. Mr. Chapin has served with the Diocese since 1998 | |
| Thomas Doodian - Chief Financial Officer - Director of Finance | Thomas Doodian oversees all financial and accounting functions for the Diocese, including financial administrative services provided to Ministry Members. Prior to joining the Diocese, Mr. Doodian was Chief Operating Officer and Chief Financial Officer of Hyperion Brookfield Asset Management. | 8/17/2009 - Present |

### Schedule 10

**Payroll**

Pursuant to Local Rule 1007-2(b)(1)-(2)(A) and (C), the following provides the estimated amount of weekly payroll to the Debtor's employees (not including officers, directors, and stockholders) and the estimated amount to be paid to officers, stockholders, directors, and financial and business consultants retained by the Debtor for the 30-day period following the filing of the chapter 11 petition.

| Payments | Payment Amount |
|---|---|
| Payments to employees (exclusive of officers, and directors) | $344,000 |
| Payments to officers and directors | $70,000 |
| Payments to financial and business consultants | $0 |

## Schedule 11

### Cash Receipts and Disbursements, Net Cash Gain or Loss, Unpaid Obligations and Receivables

Pursuant to Local Rule 1007-2(b)(3), Schedule 11 hereto provides, for the thirty (30) day period following the filing of this chapter 11 petition, an estimate of the cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees.

| Type | Protected Self Insurance Program Amount | Administrative Offices Amount | Total Amount |
|---|---|---|---|
| Cash Receipts | $0.9 million | $1.9 million | $2.8 million |
| Cash Disbursements | $1.2 million | $3.2 million | $4.4 million |
| Net Cash Loss | $0.3 million | $1.3 million | $1.6 million |

**EXHIBIT B**

JONES DAY
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Eric Stephens
Andrew Butler
250 Vesey Street
New York, New York 10281
Telephone:     (212) 326-3939
Facsimile:     (212) 755-7306

     -and-

JONES DAY
Christopher DiPompeo (*pro hac vice*)
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-7686
Facsimile: (202) 626-1700

*Counsel for the Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| THE ROMAN CATHOLIC DIOCESE OF | : | Case No. 20-12345 (MG) |
| ROCKVILLE CENTRE, NEW YORK,[1] | : | |
| | : | |
| | : | |
| Debtor. | : | |

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

|  | : | |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK, | : | |
|  | : | |
| Plaintiff, | : | |
|  | : | |
| v. | : | Adv. Pro. No. 20-01226 (MG) |
|  | : | |
| ARK320 DOE, *et al.*,[2] | : | |
|  | : | |
| Defendants. | : | |
|  | : | |

## NOTICE OF AGREED COVERAGE SUMMARY

**PLEASE TAKE NOTICE** that on January 25, 2023, the Bankruptcy Court entered the *Amended Stipulated Scheduling Order with Respect to Debtor's Motion for Preliminary Injunction Under Sections 362 and 105(a) of the Bankruptcy Code* [Adv. Pro. Docket No. 168] (the "Scheduling Order").

**PLEASE TAKE FURTHER NOTICE** that, consistent with the terms of the Scheduling Order, the Debtor hereby files the Agreed Coverage Summary (as defined in the Scheduling Order) attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that the Agreed Coverage Summary contains confidential information about individual proofs of claim and associated state court complaints and, therefore, is being filed under seal upon the joint request of the Parties. The Agreed Coverage Summary is subject to qualifications as stated therein. An unredacted version is available to (i) the Court, (ii) the Debtor, (iii) the Committee, and (iv) upon request, other Authorized Parties, as that term is defined in the *Order Establishing Deadlines for Filing Proofs of Claim and Approving the Form and Manner of Notice*

---

[2] A full list of the Defendants in this adversary proceeding is included in Exhibit A to the Verified Complaint for Declaratory and Injunctive Relief [Adv. Pro. Docket No. 1].

*Thereof*, dated January 27, 2021 [Docket No. 333], subject to the limitations of their

authorization, as set forth therein.


Dated: February 1, 2023                          JONES DAY
      New York, New York

/s/ *Corinne Ball*
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Eric Stephens
Andrew Butler
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Email:  cball@jonesday.com
      trgeremia@jonesday.com
      brosenblum@jonesday.com
      epstephens@jonesday.com
      abutler@jonesday.com

-and-

Christopher DiPompeo (*pro hac vice*)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-7686
Facsimile: (202) 626-1700
Email: cdipompeo@jonesday.com

*Counsel for the Debtor and*
*Debtor in Possession*

<u>**EXHIBIT A**</u>

**Agreed Coverage Summary (Redacted Form)**

| CVA Index Number | Redacted Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** Start | End | Insurance Program Potentially Implicated by POC Period* Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | DIYCe/ Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 400094/2021 | REDACTED | REDACTED | St. Matthew Catholic Church and Andrew L. Miller | Negligence, Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report Abuse Under Sec. Serv Law 413 and 420 | Approximately 1977 | 1/1/1977 | 12/31/1977 | N | 10/1/76-77 10/1/77-78 | N | St. Matthew Roman Catholic Church |
| 400195/2021 | REDACTED | REDACTED | Seton Hall High School, New York Province, Sisters of Charity, Halifax; and Sisters of Charity (Halifax) Supporting Corporation | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Sec. Serv. Law 413 and 420; Premises Liability | Approximately 1970 | 1/1/1970 | 12/31/1971 | 10/1/69-70 10/1/70-71 10/1/71-72 | N | N | |
| 432464/2020 | REDACTED | REDACTED | CLAUDE MARGOT, MERCHRIST, ST. MARY'S CHILDREN AND FAMILY SERVICES INC., ST. MARY OF THE ANGELS HOME, SISTERS OF MERCY OF THE AMERICA a/k/a SISTERS OF MERCY a/k/a SISTERS OF MERCY OF THE AMERICA, INC. a/k/a INSTITUTE OF THE SISTERS OF MERCY OF THE AMERICAS NORTH ATLANTIC COMMUNITY, INC. a/k/a CONVENT OF MERCY; THE ROMAN CATHOLIC DIOCESE OF BROOKLYN; THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, CITY OF NEW YORK, NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES | Negligence, Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report Abuse Under Sec. Serv. Law 413 and 420 | Approximately 1975 - 1976 | 1/1/1975 | 12/30/1976 | 10/1/74-75 10/1/75-76 | 10/1/76-77 | N | DIVC |
| 506103/2020 | REDACTED | REDACTED | The Roman Catholic Diocese of Brooklyn, New York; The Roman Catholic Diocese of Rockville Centre, New York; and The Roman Catholic Church of Saint Margaret of Scotland | Negligent Hiring/Retention/Supervision/Direction; Negligence; Gross Negligence; Negligent Infliction of Emotional Distress | Approximately 1956 - 1959 | 1/1/1956 | 12/31/1959 | 10/1/56-57 10/1/57-58 10/1/58-59 10/1/59-60 | N | N | DIVC |
| 506559/2020 | REDACTED | REDACTED | Roman Catholic Diocese of Brooklyn, Franciscan Brothers of Brooklyn a/k/a Franciscan Brothers, Inc., Camp Alvernia a/k/a Mount Alvernia Inc., Roman Catholic Diocese of Rockville Centre, John and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to plaintiff | Negligent Supervision; Negligent Failure to Warn, Negligent Failure to Provide a Safe and Secure Environment | Approximately 1962 | 6/1/1962 | 8/30/1962 | 10/1/61-62 | N | N | DIVC |
| 508122/2021 | REDACTED | REDACTED | Roman Catholic Diocese of Brooklyn and St. Dominic Catholic Church | Negligence, Negligent Hiring, Retention and Supervision | Approximately 1952-1953 | 1/1/1952 | 12/31/1953 | N | N | N | St. Dominic Catholic Church |
| 510647/2021 | REDACTED | REDACTED | St. Joseph Roman Catholic Church a/k/a Babylon in the County of Suffolk in the State of New York (d/b/a ... Joseph Catholic School and St. Joseph Roman Catholic Church, Franciscan Brothers, Inc. (d/b/a Franciscan Brothers of Brooklyn), and Joseph McComiskey | Negligent Hiring, Retention, Supervision, Direction, Negligent, Reckless, and Willful Misconduct; Negligent Infliction of Emotional Distress; Premises Liability; Breach of Mandatory Duty, Breach of Duty in Loco Parentis; Breach of Statutory Duties to Report | Approximately 1974 | 1/1/1974 | 12/31/1974 | 10/1/73-74 10/1/74-75 | N | N | St. Joseph Catholic Church |
| 512125/2020 | REDACTED | REDACTED | Diocese of Brooklyn, Diocese of Rockville Centre, and St. Joseph's Parish | Negligence | Approximately 1975-1976 | 1/1/1973 | 12/30/1976 | 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 | N | DIVC |
| 512330/2020 | REDACTED | REDACTED | Diocese Of Brooklyn, Diocese Of Rockville Centre, Parish Of St. Agnes Cathedral Church And School, Society Of St. Dominic Of Amityville | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1956 | 1/1/1956 | 12/30/1956 | 10/1/56-57 | N | N | DIVC |
| 512833/2020 | REDACTED | REDACTED | Diocese Of Rockville Centre, St. Joseph Catholic School, St. Joseph Roman Catholic Church, Franciscan Brothers, Inc. d/b/a FRANCISCAN BROTHERS OF BROOKLYN | Negligent Hiring, Retention, Supervision, and Direction; Negligent, Reckless, and Willful Misconduct; Negligent Infliction of Emotional Distress; Premises Liability; Breach of Mandatory Duty, Breach of Duty in Loco Parentis; Breach of Statutory Duties to Report | Approximately 1969-1971;1973-1974 | 1/1/1969 | 12/31/1974 | 10/1/68-69 10/1/69-70 10/1/70-71 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 | N | N | DIVC |
| 515366/2020 | REDACTED | REDACTED | Diocese of Brooklyn, Camp Alvernia, and Franciscan Brothers of Brooklyn | Negligence, Outrage and Intentional Infliction of Emotional Distress; | Approximately 1969 | 6/1/1969 | 8/31/1969 | 10/1/68-69 | N | N | Camp Alvernia |
| 515592/2020 | REDACTED | REDACTED | Diocese of Brooklyn, Camp Alvernia, and Franciscan Brothers of Brooklyn | Negligence, Outrage and Intentional Infliction of Emotional Distress; | Approximately 1962 | 6/1/1962 | 8/31/1962 | 10/1/61-62 | N | N | Camp Alvernia |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | |
| 518632/2020 | REDACTED | | DIOCESE OF BROOKLYN a/k/a THE ROMAN CATHOLIC DIOCESE OF BROOKLYN, NEW YORK; DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; BROTHERS OF THE SACRED HEART a/k/a BROTHERS OF THE SACRED HEART PROVINCE OF NEW YORK a/k/a THE PROVINCE OF THE UNITED STATES OF THE BROTHERS OF THE SACRED HEART, INC. a/k/a BROTHERS OF THE SACRED HEART OF NEW JERSEY/NEW YORK, INC., CONNER HALL; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1956 - 1960 | 1/1/1956 | 12/30/1960 | 10/1/56-57 10/1/57-58 10/1/58-59 10/1/59-60 10/1/60-61 | N | N | DRVC |
| 518865/2020 | REDACTED | | DIOCESE OF ROCKVILLE CENTRE; FRANCISCAN BROTHERS OF BROOKLYN and ST. ANTHONY'S HIGH SCHOOL | Negligence, Negligent Hiring, Retention and Supervision; Negligent Infliction of Emotional Distress | Approximately 1963-1966 | 1/1/1963 | 12/31/1966 | 10/1/61-62 10/1/62-63 10/1/63-64 10/1/64-65 10/1/65-66 10/1/66-67 | N | N | DRVC |
| 514064/2021 | REDACTED | | Diocese of Brooklyn a/k/a The Roman Catholic Diocese of Brooklyn, New York; St. Dominic's a/k/a St. Dominic's Roman Catholic Church; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1951 - 1953 | 1/1/1951 | 12/31/1953 | N | N | N | St. Dominic Catholic Church |
| 514070/2021 | REDACTED | | Diocese of Brooklyn a/k/a The Roman Catholic Diocese of Brooklyn, New York; St. Dominic's a/k/a St. Dominic's Roman Catholic Church; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1956 - 1957 | 1/1/1956 | 12/31/1957 | 10/1/56-57 10/1/57-58 | N | N | St. Dominic Catholic Church |
| 514631/2021 | REDACTED | | Roman Catholic Diocese of Brooklyn, and Church of the Blessed Sacrament - Valley Stream a/k/a Blessed Sacrament Roman Catholic Church | Negligence | Approximately 1956 - 1957 | 1/1/1956 | 12/31/1958 | 10/1/56-57 10/1/57-58 10/1/58-59 | N | N | Church of the Blessed Sacrament |
| 515570/2020 | REDACTED | | The Roman Catholic Archdiocese of New York, Order of Friars Minor - Holy Name Province, a/k/a Holy Name Province of Franciscan Friars, St. Francis of Assisi, The Roman Catholic Diocese of Brooklyn, New York, Camp Alverna, Congregation of the Religious Brothers of the Third Order Regular of St. Francis a/k/a The Franciscan Brothers Generalate a/k/a The Franciscan Brothers of Brooklyn a/k/a Franciscan Brothers Inc | Negligent Hiring, Retention, Supervision, Direction; Negligent, Reckless, and Willful Misconduct; Negligent Infliction of Emotional Distress; | Approximately 1977 - 1978; 1983 - 1988 | 1/1/1977 | 12/31/1978 | N | 10/1/76-77 10/1/77-78 10/1/78-79 | N | Camp Alverna |
| 515746/2020 | REDACTED | | BRYAN ROBERT MURPHY, f/k/a BROTHER BRYAN ROBERT MURPHY, O.S.F.; THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; CONGREGATION OF THE RELIGIOUS BROTHERS OF THE THIRD ORDER REGULAR OF ST. FRANCIS, a/k/a THE FRANCISCAN BROTHERS OF BROOKLYN, THE FRANCISCAN BROTHERS GENERALATE, FRANCISCAN BROTHERS, INC., and MOUNT ALVERNIA, INC. | Intentional Infliction of Emotional Distress; Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Fiduciary Duty | Approximately 1995 | 1/1/1995 | 12/31/1995 | N | N | Y | DRVC |
| 517530/2020 | REDACTED | | THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; CONGREGATION OF THE RELIGIOUS BROTHERS OF THE THIRD ORDER REGULAR OF ST. FRANCIS, a/k/a THE FRANCISCAN BROTHERS OF BROOKLYN, THE FRANCISCAN BROTHERS GENERALATE, FRANCISCAN BROTHERS, INC., and ST. ANTHONY'S HIGH SCHOOL OF SOUTH HUNTINGTON, NEW YORK. | Negligence/Gross Negligence; Negligent Hiring, Retention, Supervision, Direction; Breach of Fiduciary Duty | Approximately 1969-1971 | 1/1/1969 | 12/31/1971 | 10/1/67-68 10/1/68-69 10/1/69-70 10/1/70-71 10/1/71-72 | N | N | DRVC |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | Ecclesia Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | | |
| 518525/2020 | REDACTED | REDACTED | ROMAN CATHOLIC DIOCESE OF BROOKLYN, NEW YORK; THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; and THE PROVINCE OF THE UNITED STATES OF THE BROTHERS OF THE SACRED HEART, INC. (A DELAWARE CORPORATION), A/K/A, BROTHERS OF THE SACRED HEART OF NEW ORLEANS, INC. A/K/A, BROTHERS OF THE SACRED HEART FOUNDATION, INC., A/K/A, BROTHERS OF THE SACRED HEART OF NEW JERSEY/NEW YORK, INC. | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Fiduciary Duty | Approximately 1951-1952 | 1/1/1951 | 12/30/1952 | N | N | N | DRVC |
| 518563/2021 | REDACTED | REDACTED | Diocese of Brooklyn a/k/a The Roman Catholic Diocese of Brooklyn, New York, St. Raymond's, and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1954 - 1957 | 1/1/1954 | 12/31/1957 | 10/2/56-57 10/2/57-58 | N | N | St. Raymond's Church |
| 518595/2021 | REDACTED | REDACTED | Franciscan Brothers of Brooklyn and St. Anthony's High School | Negligence, Negligent Hiring, Retention and Supervision | Approximately 1978 - 1981 | 1/2/1978 | 12/31/1981 | N | N | N | DRVC |
| 518726/2019 | REDACTED | REDACTED | Education Plus, Corp. d/b/a The Family Foundation School, Diocese of Rockville Centre, a/k/a The Roman Catholic Diocese of Rockville Centre, New York, The Roman Catholic Church of Saint Aiden, Saint Aiden School, and Herricks Union Free School District | Negligent Hiring, Negligent Training, Negligent Supervision, Negligent Retention, Negligence, Negligent Infliction of Emotional Distress | Approximately 1989 - 1992 | 1/3/1989 | 12/30/1992 | 10/2/70-71 10/2/71-72 10/2/72-73 10/2/73-74 10/2/74-75 10/2/75-76 | 10/1/77-78 10/1/78-79 10/2/79-80 10/2/80-81 10/2/81-82 | Y | DRVC |
| 518736/2021 | REDACTED | REDACTED | Franciscan Brothers of Brooklyn and Church of St. Aidan | Negligence; Negligent Hiring, Retention and Supervision; | Approximately 1973-1977 | 3/2/1971 | 5/31/1977 | 10/2/70-71 10/2/71-72 10/2/72-73 10/2/73-74 10/2/74-75 10/2/75-76 | N | N | Church of St. Aidan |
| 519192/2019 | REDACTED | REDACTED | Diocese of Rockville Centre, Diocese of Brooklyn, Franciscan Brothers of Brooklyn and St. Anthony's High School | Negligence, Negligent Hiring, Retention and Supervision, Negligent Infliction of Emotional Distress | Approximately 1967 - 1969 | 9/1/1967 | 5/31/1969 | 10/2/66-67 10/2/67-68 10/2/68-69 | N | N | DRVC |
| 519450/2021 | REDACTED | REDACTED | Franciscan Brothers of Brooklyn and St. Anthony's High School | Negligence, Negligent Hiring, Retention and Supervision; Negligent Infliction of Emotional Distress; | Approximately 1968 - 1969 | 9/1/1968 | 5/31/1969 | 10/2/66-67 10/2/68-69 | N | N | DRVC |
| 519731/2021 | REDACTED | REDACTED | Diocese of Brooklyn a/k/a The Roman Catholic Diocese of Brooklyn, New York, Sacred Heart, and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1953 – 1956 | 1/3/1953 | 12/30/1956 | 10/2/56-57 | N | N | Sacred Heart Church |
| 519862/2019 | REDACTED | REDACTED | Bryan Robert Murphy f/k/a Brother Bryan Robert Murphy, O.S.F.; The Roman Catholic Diocese of Rockville Centre, New York; Congregation of the Religious Brothers of the Third Order Regular of St. Francis, a/k/a The Franciscan Brothers of Brooklyn; The Franciscan Brothers Generalate; Franciscan Brothers, Inc.; St. Anthony's High School; and Mount Alvernia, Inc. | Assault, Battery; Intentional Infliction of Emotional Distress; Negligence, Gross Negligence; Breach of Non-Delegable Duty; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress; Breach of Duty to/Loco Parentis; Breach of Statutory Duty to Report Abuse under Soc. Serv. Law 413, 420 | Approximately 1992 - 1994 | 1/2/1992 | 12/30/1996 | N | N | Y | DRVC |
| 520080/2021 | REDACTED | REDACTED | Nassau Chapter of the Knights of Columbus, Inc.; Nassau Charities, Inc.; Nassau County Chapter of the Knights of Columbus Incorporated; New York State Council Knights of Columbus Charities, Inc.; Arthur Thomas E. B. Carroll Council 666 of the Knights of Columbus; Knights of Columbus; Knights of Columbus Charities USA, Inc.; Knights of Columbus Charitable Fund, Inc.; and Holy Name of Mary Parish | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premise Liability | Approximately 1991 | 1/2/1991 | 12/31/1991 | N | N | Y | Holy Name of Mary Parish |
| 520225/2021 | REDACTED | REDACTED | St. John Nepomucene Church. | Negligence; Negligent Supervision, Negligent Hiring, Training, Direction and Supervision. | Approximately 1969 - 1970 | 9/1/1969 | 11/30/1970 | 10/2/68-69 10/2/69-70 10/2/70-71 | N | N | St. John Nepomucene Church |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** Start | Approximate POC Period of Alleged Abuse** End | Insurance Program Potentially Implicated by POC Period* Royal/Arrowood | Insurance Program Potentially Implicated by POC Period* LMI/Allianz Program | Insurance Program Potentially Implicated by POC Period* Ecclesia Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 520779/2021 | REDACTED | REDACTED | St. Agnes Cathedral, et al | Negligent Training, Supervision, and Control | Approximately 1962-1966 | 1/1/1962 | 12/31/1966 | 10/2/65-62 10/2/63-63 10/2/63-64 10/2/64-65 10/2/65-66 10/2/66-67 | N | N | St. Agnes Cathedral |
| 522308/2019 | REDACTED | REDACTED | THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, OUR LADY OF PERPETUAL HELP SCHOOL, OUR LADY OF PERPETUAL HELP ROMAN CATHOLIC CHURCH, and JOHN DOE | Negligence, Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty, Breach of Non-Delegable Duty; Breach of Duty in Loco Parentis; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law § 413 and 420; Battery, Assault | Approximately 1967 | 8/15/1967 | 8/14/1969 | 10/2/66-67 10/2/67-58 10/2/68-69 | N | N | DRVC |
| 34/2019, 614454, | REDACTED | REDACTED | Holy Family Diocesan High School, now known as St. Anthony's High School; The Roman Catholic Diocese of Rockville Centre, Congregation of the Religious Brothers of the Third Order Regular of St. Francis, A/K/A The Franciscan Brothers of Brooklyn, The Franciscan Brothers Generalate, Franciscan Brothers Inc., Thomas Murtaugh | Negligent Hiring, Retention, Supervision, and/or Direction; Negligent, Reckless, and Willful Misconduct; Negligent Infliction of Emotional Distress; Premises Liability; Breach of Fiduciary Non-Delegable Duty; Breach of Duty in Loco Parentis; Breach of Statutory Duties; Battery, Assault, Intentional Infliction of Emotional Distress | Approximately 1973-1976 | 1/1/1972 | 12/31/1974 | 10/1/71-72 10/2/72-73 10/1/73-74 10/2/74-75 | N | N | DRVC |
| 5365/4/2019 | REDACTED | REDACTED | Diocese of Brooklyn and Diocese of Rockville Centre | Negligence | Approximately 1977-1978 | 1/1/1976 | 12/31/1977 | 10/2/75-76 | 10/1/76-77 10/2/77-78 | N | DRVC |
| 527922/2019 | REDACTED | REDACTED | Roman Catholic Diocese of Brooklyn, New York, The Roman Catholic Diocese of Rockville Centre, New York, and Roman Catholic Church of Our Lady of Peace at Lynbrook | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Non-Delegable Duty; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress; Breach of Duty in Loco Parentis | Approximately 1954 - 1956 | 1/1/1954 | 12/30/1956 | 10/2/55-57 | N | N | DRVC |
| 600406/2015 | REDACTED | REDACTED | Roman Catholic Diocese of Rockville Centre, St. Francis of Assisi Parish, and, Father Gregory Yarachyn, Does 1-5 whose identities are unknown to Plaintiff | Negligence, Nuisance and Request for Injunctive Relief; Violation of General New York General Business Law Section 349; Negligent Infliction of Emotional Distress Against All Defendants; | Approximately 2003 | 1/1/2003 | 12/31/2003 | N | N | Y | DRVC |
| 600873/2020 | REDACTED | REDACTED | Brother Antonio F. Antonucci, The Roman Catholic Diocese of Rockville Centre, NY and Infant Jesus Roman Catholic Church | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Non-Delegable Duty; Negligent Infliction of Emotional Distress; Breach of Duty in Loco Parentis | Approximately 1979 - 1981 | 1/1/1979 | 12/31/1981 | N | 10/1/78-79 10/1/79-80 10/2/80-81 10/1/81-82 | N | DRVC |
| 600873/2020 | REDACTED | REDACTED | Brother Antonio F. Antonucci, The Roman Catholic Diocese of Rockville Centre, NY and Infant Jesus Roman Catholic Church | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Non-Delegable Duty; Negligent Infliction of Emotional Distress; Breach of Duty in Loco Parentis | Approximately 1979 - 1982 | 1/1/1979 | 12/31/1981 | N | 10/1/78-79 10/1/79-80 10/2/80-81 10/1/81-82 | N | DRVC |
| 600873/2020 | REDACTED | REDACTED | Brother Antonio F. Antonucci, The Roman Catholic Diocese of Rockville Centre, NY and Infant Jesus Roman Catholic Church | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Non-Delegable Duty; Negligent Infliction of Emotional Distress; Breach of Duty in Loco Parentis | Approximately 1979 - 1983 | 1/1/1979 | 12/31/1981 | N | 10/1/78-79 10/1/79-80 10/2/80-81 10/1/81-82 | N | DRVC |
| 602830/2016 | REDACTED | REDACTED | Roman Catholic Diocese of Rockville Centre, St. Francis of Assisi Parish; and Does 1-5 whose identities are unknown to Plaintiff | Nuisance (Common Law) and Request for Injunctive Relief Against the Diocese of Rockville Centre; Nuisance (N.Y. Penal Law 240.45) and Request for Injunctive Relief Against the Diocese of Rockville Centre; Negligence; | Approximately 2001-2003 | 1/1/2001 | 12/30/2004 | N | N | N | DRVC |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** Start | End | Insurance Program Potentially Implicated by POC Period* Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 59/2021; 614921 | REDACTED | REDACTED | SUFFOLK COUNTY COUNCIL INC., BOY SCOUTS OF AMERICA, SAINT ANNE'S R.C. CHURCH, and DIOCESE OF ROCKVILLE CENTRE | Negligence | Approximately 1976 - 1979 | 1/1/1976 | 12/31/1979 | 10/1/75-76 | 10/1/77-78 10/1/77-78 10/1/79-79 10/1/79-80 | N | DRVC |
| 605441/2020 | REDACTED | REDACTED | The Roman Catholic Diocese of Rockville Centre, New York and St. James Roman Catholic Church | Negligent Hiring, Retention, Supervision, Direction; Negligence, Gross Negligence; Breach of Fiduciary Duty | Approximately 1973-1974 | 1/1/1973 | 12/31/1974 | 10/1/72-73 10/1/73-74 10/1/74-75 | N | N | DRVC |
| 608396/2020 | REDACTED | REDACTED | The Diocese of Rockville Centre and Church of St. Rosalie | Negligence, Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Non-Delegable Duty, Negligent Infliction of Emotional Distress | Approximately 1974-1976 | 1/2/1975 | 12/30/1976 | 10/1/74-75 10/1/75-76 | 10/1/76-77 | N | DRVC |
| 608441/2021 | REDACTED | REDACTED | St. Hugh of Lincoln Roman Catholic Church, John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Negligent Failure to Warn; Negligent Failure to Provide a Safe and Secure Environment | Approximately 1974 - 1977 | 1/1/1974 | 12/31/1977 | 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 | N | St. Hugh of Lincoln Church |
| 606672/2020 | REDACTED | REDACTED | Roman Catholic Diocese of Rockville Centre, New York, The Roman Catholic Church of Saint Margaret of Scotland, and The Roman Catholic Church of Our Lady Queen of Martyrs | Negligent Hiring, Retention, Supervision, Direction; Negligence, Gross Negligence; Breach of Fiduciary Duty | Approximately 1971 - 1976 | 1/1/1971 | 12/30/1976 | 10/1/70-71 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 | N | DRVC |
| 606674/2020 | REDACTED | REDACTED | Roman Catholic Diocese of Rockville Centre, New York, The Roman Catholic Church of Our Lady Queen of Martyrs, and the Roman Catholic Church of St. Joseph, Kings Park, NY | Negligent Hiring, Retention, Supervision, Direction; Negligence, Gross Negligence; Breach of Fiduciary Duty | Approximately 1976 - 1982 | 1/1/1976 | 12/31/1982 | 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 10/1/80-81 10/1/81-82 10/1/82-83 | N | DRVC |
| 607440/2020 | REDACTED | REDACTED | Roman Catholic Diocese of Rockville Centre, St. Patrick Parish, Father Faiella Faris, and John and Jane Doe 1 through 10. Individuals, (the names John and Jane Doe being fictious, as the true names are presently unknown) | Negligence, Civil Conspiracy | Approximately 1994 | 6/2/1994 | 3/2/1995 | N | N | Y | DRVC |
| 607768/2020 | REDACTED | REDACTED | Suffolk County Council, Inc., Boy Scouts of America, St. Mary Roman Catholic Church, and The Diocese of Rockville Centre | Negligence | Approximately 1983-1984 | 1/1/1983 | 12/31/1984 | N | 9/21/80-9/21/88 9/7/88-9/21/85 84-85 | N | DRVC |
| 608382/2020 | REDACTED | REDACTED | ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, and SAINT MARTIN OF TOURS ROMAN CATHOLIC CHURCH, a.k.a. SAINT MARTIN OF TOURS RC CHURCH | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence | Approximately 1988 | 1/2/1988 | 12/30/1988 | N | N | Y | DRVC |
| 609115/2020 | REDACTED | REDACTED | Diocese of Rockville Centre, Our Lady of Perpetual Help Roman Catholic Church, Our Lady Of Perpetual Help Catholic School, Does 1-10 | Offensive Physical Contact/Childhood Sexual Assault/Battery; Imminent Battery/Assault; Negligence; Negligent Supervision/Failure to Warn; Negligent Hiring/Retention; Fraud, Actual Fraudulent Transfers; Constructive Fraudulent Transfers; Unjust Enrichment and Imposition of Constructive Trust; Negligent Infliction of Emotional Distress; Intentional Infliction of Emotional Distress; Premises Liability; Punitive Damages | Approximately 1972-1981 | 8/2/1972 | 12/31/1981 | 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 10/1/80-81 10/1/81-82 | N | DRVC |
| 610036/2021 | REDACTED | REDACTED | St. Francis of Assisi Roman Catholic Church | Negligence | Approximately 1967 - 1968 | 1/1/1967 | 12/30/1968 | 10/1/65-66 10/1/66-67 10/1/67-68 10/1/68-69 | N | N | St. Francis of Assisi Roman Catholic Church |
| 610228/2021 | REDACTED | REDACTED | St. Patrick | Summons with Notice Only | Summons with Notice Only | 10/15/1974 | 10/14/1977 | 10/1/74-75 | 10/1/76-77 10/1/77-78 | N | Church of St. Patrick |
| 610237/2021 | REDACTED | REDACTED | St. Joseph's Catholic School | Summons with Notice Only | Summons with Notice Only | 4/30/1959 | 4/29/1961 | 10/1/58-59 10/1/59-60 10/1/60-61 | N | N | St. Joseph's Catholic School |
| 610244/2021 | REDACTED | REDACTED | St. John Nepomucene Church and St. John Nepomucene School | Summons with Notice Only | Summons with Notice Only | 1/1/1971 | 12/31/1973 | 10/1/70-71 10/1/71-72 10/1/72-73 10/1/73-74 | N | N | St. John Nepomucene Church and St. John Nepomucene School |

| CVA Index Number | Redated Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Ironwood Program | LMI/Allianz Program | Ecclesia Program | |
| 610243/2021 | REDACTED | REDACTED | Saint Joseph Roman Catholic Church; and Franciscan Brothers, Inc. a/k/a Franciscan Brothers of Brooklyn, a/k/a Congregation of the Religious Brothers of the Third Order Regular of St. Francis | Summons with Notice Only | | 1/1/1973 | 12/31/1973 | 10/12/73-73 10/12/73-74 | N | N | St. Joseph Roman Catholic Church |
| 610406/2021 | REDACTED | REDACTED | Our Lady of Mount Carmel Roman Catholic Church | Summons with Notice Only | | 1/1/1993 | 12/31/1994 | N | N | Y | Our Lady of Mount Carmel Roman Catholic Church |
| 610846/2021 | REDACTED | REDACTED | St. Patrick's Church a/k/a Church of St. Patrick | Negligence | Approximately 1977; Approximately 1981 | 5/12/1976 | 5/12/1981 | 10/12/75-76 | N | N | St. Patrick's Church a/k/a Church of St. Patrick |
| 610849/2021 | REDACTED | REDACTED | Our Lady of Lourdes Catholic Church | Summons with Notice Only | | 1/1/1986 | 12/31/1989 | N | 9/1/85-86 | N | Our Lady of Lourdes Catholic Church |
| 610938/2021 | REDACTED | REDACTED | Saint Joseph Roman Catholic Church; and Franciscan Brothers, Inc. a/k/a Franciscan Brothers of Brooklyn, a/k/a Congregation of the Religious Brothers of the Third Order Regular of St. Francis | Summons with Notice Only | | 1/1/1958 | 12/31/1959 | 10/1/57-58 10/1/58-59 10/1/59-60 | N | N | St. Joseph Roman Catholic Church |
| 611047/2021 | REDACTED | REDACTED | St. Patrick's Roman Catholic Church; St. Patrick's School; and Sisters of St. Joseph | Summons with Notice Only | | 1/1/1968 | 12/30/1976 | 10/12/67-68 10/12/68-69 10/12/69-70 10/12/70-71 10/12/71-72 10/12/72-73 10/12/73-74 10/12/74-75 10/12/75-76 | 10/1/76-77 | N | St. Patrick's Roman Catholic Church |
| 611155/2019 | REDACTED | REDACTED | The Roman Catholic Diocese of Rockville Centre New York, Church of Saint Francis of Assisi | Negligent hiring / retention / supervision; Negligence / gross negligence; Breach of non-delegable duty; Breach of fiduciary duty; Negligent infliction of emotional distress; Breach of duty in loco parentis | Approximately 1970 | 1/1/1970 | 12/31/1970 | 10/1/69-70 10/12/70-71 | N | N | DRVC |
| 611337/2021 | REDACTED | REDACTED | Parish of St. Mary a/k/a St. Mary School a/k/a St. Mary Church | Negligent Retention and Negligent Supervision; Negligence/Gross Negligence/Recklessness; Negligent Training and Supervision of Employees; | Approximately 1968 | 1/1/1968 | 5/31/1968 | 10/1/67-68 | N | N | Parish of St. Mary |
| 612520/2021 | REDACTED | REDACTED | St. Philip Neri Roman Catholic Parish Church, Trinity Regional School f/k/a St. Philip Neri Roman Catholic Parish School, Sisters of Saint Joseph, John Doe, priests, clergy and administrators whose names are unknown to the Plaintiff, Jane Doe, priests, clergy and administrators whose names are unknown to the Plaintiff, Robed Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Failure to Provide a Safe and Secure Environment; Negligent Retention | Approximately 1956 - 1958 | 1/1/1956 | 12/31/1958 | 10/1/56-57 10/1/57-58 10/1/58-59 | N | N | St. Philip Neri Church |
| 612686/2021 | REDACTED | REDACTED | St. Patrick's Roman Catholic Church and St. Patrick's School | Summons with Notice Only | | 1/22/1979 | 1/21/1981 | N | 10/1/78-79 10/1/79-80 10/1/80-81 | N | St. Patrick's Roman Catholic Church |
| 613022/2021 | REDACTED | REDACTED | St. Sylvester Roman Catholic Church | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1977 - 1978 | 3/1/1977 | 8/31/1977 | N | 10/1/76-77 | N | St. Sylvester Roman Catholic Church |
| 613032/2021 | REDACTED | REDACTED | St. Sylvester Roman Catholic Church | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1977 - 1978 | 3/1/1977 | 8/31/1977 | N | 10/1/76-77 | N | St. Sylvester Roman Catholic Church |
| 613012/2021 | REDACTED | REDACTED | St. Anthony of Padua School, Trinity Regional School, St. Anthony of Padua Parish, and The Sisters of Saint Joseph | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1978 - 1983 | 1/1/1978 | 12/31/1983 | N | 10/1/77-78 10/1/78-79 10/1/79-80 10/1/80-81 10/1/81-82 10/1/82-83 9/1/83-84 | N | St. Anthony of Padua Parish |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** Start | End | Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 610014/2021 | REDACTED | REDACTED | St. Francis Cabrini Church | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law #413 and 420 | Approximately 1974 - 1980 | 1/1/1974 | 12/31/1986 | 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/75-77 10/1/77-78 10/1/78-79 10/1/79-80 10/1/80-81 10/1/81-82 10/1/82-93/83 9/1/83-84 9/1/84-85 9/1/85-86 | N | St. Frances Cabrini Church |
| 610015/2021 | REDACTED | REDACTED | Saint Lawrence The Martyr Roman Catholic Church | Negligence; Negligent Hiring, Retention, or Direction | Approximately 1966 | 1/1/1966 | 12/31/1966 | 10/1/65-66 10/1/66-67 | N | N | Saint Lawrence The Martyr Roman Catholic Church |
| 610015/2021 | REDACTED | REDACTED | Saint Lawrence The Martyr Roman Catholic Church | Negligence; Negligent Hiring, Retention, or Direction | Approximately 1966 | 1/1/1966 | 12/31/1966 | 10/1/65-66 10/1/66-67 | N | N | Saint Lawrence The Martyr Roman Catholic Church |
| 610020/2021 | REDACTED | REDACTED | St. Hugh of Lincoln Parish | Negligence; Negligent Hiring, Retention, or Direction | Approximately 1987 | 1/2/1987 | 12/31/1987 | N | N | Y | St. Hugh of Lincoln Parish |
| 612213/2021 | REDACTED | REDACTED | Saints Cyril and Methodius Roman Catholic Church; Saints Cyril and Methodius School; Our Lady of Guadalupe Catholic School; The Sisters of Saint Joseph; and Peter A. Libasci | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law #413 and 420 | Approximately 1983 - 1984 | 8/2/1983 | 4/30/1984 | N | 10/1/82-93/83 9/1/83-84 | N | Saints Cyril and Methodius Roman Catholic Church |
| 613133/2021 | REDACTED | REDACTED | St. Hugh of Lincoln School; Trinity Regional School; St. Hugh of Lincoln Parish, and Sisters of the Order of St. Dominic | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law #413 and 420 | Approximately 1975 - 1976 | 1/1/1974 | 12/31/1975 | 10/1/73-74 10/1/74-75 10/1/75-76 | N | N | St. Hugh of Lincoln Parish |
| 614430/2021 | REDACTED | REDACTED | St. Philip Neri Catholic Church and Sisters of the Order of St. Dominic | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law #413 and 420 | Approximately 1997 - 2000 | 9/2/1999 | 12/31/2000 | N | N | Y | St. Philip Neri Church |
| 617392/2021 | REDACTED | REDACTED | St. John the Evangelist Roman Catholic Parish; and St. John the Evangelist School | Negligence | Approximately 1982 | 12/1/1983 | 2/28/1984 | N | 9/1/83-84 | N | St. John the Evangelist Roman Catholic Parish |
| 617332/2021 | REDACTED | REDACTED | Our Lady of Perpetual Help Parish and Our Lady of Perpetual Help Church | Negligence; Negligent Failure to Warn and Implement Child Sexual Abuse Policies; Negligent Hiring, Negligent Supervision and Training; Negligent Retention; Breach of Fiduciary Duty; Failure to Report Abuse; | Approximately 1981 - 1983 | 9/1/1982 | 5/31/1984 | N | 10/1/81-82 10/1/82-93/83 9/1/83-84 | N | Our Lady of Perpetual Help Parish |
| 618503/2017 | REDACTED | REDACTED | The Diocese of Rockville Centre, St. Kilian Roman Catholic Church and Joseph Brosioli | Negligent Hiring/Retention/Supervision/Direction | 2014 | 12/24/2014 | 12/24/2014 | N | N | Y | DRVC |
| 618976/2018 | REDACTED | REDACTED | FR. BENET SWIADOMBA, OUR LADY OF MOUNT CARMEL ROMAN CATHOLIC PARISH CHURCH, BISHOP JOHN BARRES, ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, JOHN DOE and JANE DOE, RICHARD ROE and JANE ROE | Negligent supervision, negligent retention, negligent failure to train, negligent hiring to limit abuse; negligent failure to warn; negligent failure to provide a safe and secure environment. | 2015 | 6/1/2015 | 8/31/2016 | N | N | Y | DRVC |
| 619957/2021 | REDACTED | REDACTED | St. Luke's Roman Catholic Church | Negligence | Approximately 1978 - 1979 | 1/2/1978 | 12/31/1979 | N | 10/1/77-78 10/1/78-79 10/1/79-80 | N | St. Luke's Roman Catholic Church |
| 641460/2020 | REDACTED | REDACTED | St. Hugh of Lincoln Roman Catholic Church | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Fiduciary Duty; | Approximately 1968 to 1970 | 1/1/1968 | 12/31/1973 | 10/2/67-68 10/1/68-69 10/1/69-70 10/1/70-71 10/1/71-72 10/1/72-73 10/1/73-74 | N | N | St. Hugh of Lincoln Roman Catholic Church |
| 641462/2020 | REDACTED | REDACTED | St. Hugh of Lincoln Roman Catholic Church | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Fiduciary Duty; | Approximately 1968 to 1970 | 1/1/1968 | 12/31/1973 | 10/2/67-68 10/1/68-69 10/1/69-70 10/1/70-71 10/1/71-72 10/1/72-73 10/1/73-74 | N | N | St. Hugh of Lincoln Roman Catholic Church |
| 643990/2021 | REDACTED | REDACTED | Maryhaven Center of Hope, Inc. and The Daughters of Wisdom, Inc. | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law #413 and 420 | Approximately 1998 - 2000 | 1/1/1998 | 12/30/2000 | N | N | Y | Maryhaven Center of Hope, Inc., Catholic Health Services of Long Island |
| 644002/2021 | REDACTED | REDACTED | Church of the Good Shepherd | Negligence; Negligent Hiring, Retention, or Direction; Premises Liability | Approximately 1983 - 1986 | 3/1/1983 | 12/31/1986 | N | 10/1/82-93/83 9/1/83-84 9/1/84-85 9/1/85-86 | N | Church of the Good Shepherd |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | | DRY/Cat Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | |
| 614404/2021 | REDACTED | REDACTED | St. Patrick's Church of Smithtown and Anthony Vitic Colangelo | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; | Approximately 1974 - 1975 | 12/1/1974 | 2/28/1975 | 10/1/74-75 | | N | St. Patrick's Church of Smithtown |
| 32/2021, 614930/2021 | REDACTED | REDACTED | Our Lady Queen of Martyrs Catholic Church, St. Philip Neri School, Trinity Regional School, St. Philip Neri Church and the Sisters of Saint Joseph | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; | Approximately 1975 - 1976 | 1/1/1975 | 12/31/1977 | 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 | N | Our Lady Queen of Martyrs Catholic Church, St. Philip Neri Church |
| 614400/2021 | REDACTED | REDACTED | Our Lady Queen of Martyrs Catholic Church, St. Philip Neri School, Trinity Regional School, St. Philip Neri Church and the Sisters of Saint Joseph | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; | Approximately 1975 - 1976 | 1/1/1975 | 12/31/1977 | 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 | N | Our Lady Queen of Martyrs Catholic Church, St. Philip Neri Church |
| 614400/2021 | REDACTED | REDACTED | Our Lady of Perpetual Help Roman Catholic Church Lindenhurst a/k/a Our Lady of Perpetual Help Roman Catholic Church of Lindenhurst and Sisters of the Order of St. Dominic | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | Approximately 1970 - 1973 | 1/2/1967 | 12/31/1970 | 10/1/66-67 10/1/67-68 10/1/68-69 10/1/69-70 10/1/70-71 | | N | Our Lady of Perpetual Help Roman Catholic Church Lindenhurst |
| 614400/2021 | REDACTED | REDACTED | Our Lady of Perpetual Help Roman Catholic Church Lindenhurst a/k/a Our Lady of Perpetual Help Roman Catholic Church of Lindenhurst and Sisters of the Order of St. Dominic | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | Approximately 1970 - 1973 | 1/2/1970 | 12/31/1973 | 10/1/69-70 10/1/70-71 10/1/71-72 10/1/72-73 10/1/73-74 | | N | Our Lady of Perpetual Help Roman Catholic Church Lindenhurst |
| 614404/2021 | REDACTED | REDACTED | St. Joseph School, St. Joseph Roman Catholic Church, and Atlantic - Midwest Province of the School Sisters of Notre Dame | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; | Approximately 1979 - 1982 | 3/1/1979 | 12/31/1982 | | 10/1/78-79 10/1/79-80 10/1/80-81 10/1/81-82 10/1/82-83 | N | St. Joseph Roman Catholic Church |
| 614405/2021 | REDACTED | REDACTED | Our Lady of Perpetual Help Roman Catholic Church | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; | Approximately 1983 | 1/1/1983 | 12/31/1983 | | 10/1/82-83/83 9/1/83-84 | N | Our Lady of Perpetual Help Roman Catholic Church |
| 614406/2021 | REDACTED | REDACTED | St. Mary School, Parish of St. Mary, and Atlantic Midwest Province of the Schools Sisters of Notre Dame, Inc. | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; | Approximately 1972 | 1/2/1972 | 12/30/1972 | 10/1/71-72 10/1/72-73 | | N | Parish of St. Mary |
| 614442/2021 | REDACTED | REDACTED | St. Martin of Tours Roman Catholic Church | Summons with Notice Only | Approximately 1959 - 1960 | 3/14/1976 | 12/28/1977 | | 10/1/76-77 10/1/77-78 | N | St. Martin of Tours Roman Catholic Church |
| 614326/2021 | REDACTED | REDACTED | St. Joseph's Parish | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; | Approximately 1959 - 1960 | 10/1/1959 | 3/31/1960 | 10/1/59-60 | | N | St. Joseph's Parish |
| 614326/2021 | REDACTED | REDACTED | St. Joseph's Parish | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; | Approximately 1959 - 1960 | 10/1/1959 | 3/31/1960 | 10/1/59-60 | | N | St. Joseph's Parish |
| 614747/2021 | REDACTED | REDACTED | St. John the Baptist Diocesan High School | Summons with Notice Only | Summons with Notice Only | 9/1/1980 | 9/2/1991 | N | N | Y | St. John the Baptist Diocesan High School |
| 614747/2021 | REDACTED | REDACTED | St. John the Baptist Diocesan High School | Summons with Notice Only | Summons with Notice Only | 1/2/1980 | 12/31/1993 | N | N | Y | St. John the Baptist Diocesan High School |
| 614751/2021 | REDACTED | REDACTED | St. Anthony of Padua Roman Catholic Church | Negligence | Approximately 1968 - 1979 | 6/10/1968 | 6/18/1979 | 10/1/63-68 10/1/68-69 10/1/69-70 10/1/70-71 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 | N | St. Anthony of Padua Roman Catholic Church |
| 614751/2021 | REDACTED | REDACTED | St. Anthony of Padua Roman Catholic Church | Negligence | Approximately 1968 - 1979 | 6/19/1968 | 6/18/1979 | 10/1/63-68 10/1/68-69 10/1/69-70 10/1/70-71 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 | N | St. Anthony of Padua Roman Catholic Church |
| 614752/2021 | REDACTED | REDACTED | St. Luke Parish, and Saul Londono | Negligence, Negligent Hiring, Retention, or Direction; Premises Liability | Approximately 1998 - 2000 | 1/2/1998 | 12/31/1999 | | N | Y | St. Luke Parish |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | Ecclesia Program | DEF/CoI Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | | |
| 6148482021 | REDACTED | REDACTED | Infant Jesus Roman Catholic Church, and Does 1 through 5 | Negligence; Gross Negligence; Breach of Fiduciary Duty, Fraudulent Concealment; | Approximately 1978 - 1980 | 1/1/1978 | 12/30/1980 | N | 10/1/77-78 10/1/78-79 10/1/79-80 10/1/80-81 | N | Infant Jesus Roman Catholic Church |
| 6149112021 | REDACTED | REDACTED | St. John the Evangelist Catholic Parish and St. John the Evangelist Roman Catholic Church | Negligence; Negligent Failure to Warn and Implement Child Sexual Abuse Policies.; Negligent Hiring; Negligent Supervision and Training; Negligent Retention.; Breach of Fiduciary Duty; Failing to Report Abuse; | Approximately 1970-1972 | 6/1/1972 | 8/30/1972 | 10/1/71-72 | N | N | St. John the Evangelist Roman Catholic Church |
| 6149312021 | REDACTED | REDACTED | Saint Anthony of Padua Roman Catholic Church, Saint Philip Parish Catholic Church and Trinity Regional School | Negligence; Negligent Hiring of Employees; Negligent Training and Supervision.; Negligent Retention of Employees; | Approximately 1998 | 1/1/1998 | 12/31/1998 | N | N | Y | St. Anthony of Padua Roman Catholic Church, St. Philip-ber Catholic Church |
| 6151212021 | REDACTED | REDACTED | Saint Isidore School, Saint John Paul II Regional School, Saint Isidore R.C. Church, and Sisters of the Holy Family of Nazareth-U.S.A. and Sisters of the Holy Family of Nazareth | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv Law § 413 and 420; Premises liability | Approximately 1980-- 1985 | 1/2/1980 | 12/31/1985 | N | 10/1/79-80 10/1/80-81 10/1/81-82 10/1/82-91/o383 9/1/83-84 9/1/84-85 9/1/85-86 | N | St. Isidore Roman Catholic Church |
| 6151222021 | REDACTED | REDACTED | St. Joseph Roman Catholic Church | Negligence; Negligent Supervision; Negligent Hiring, Retention, Training, Direction and Supervision; | Approximately 1973 | 1/1/1973 | 8/30/1973 | 10/1/72-73 | N | N | St. Joseph Roman Catholic Church |
| 6151332021 | REDACTED | REDACTED | Suffolk County Council, Boy Scouts of America and St. Elizabeth Church | Negligence, Negligent Hiring, Retention and Supervision; Negligent Infliction of Emotional Distress; | Approximately 1968 | 1/2/1968 | 12/31/1983 | 10/1/67-68 10/1/68-69 10/1/69-70 10/1/70-71 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 10/1/80-81 10/1/81-82 10/1/82-91/o383 10/1/83-84 | N | St. Elizabeth Church |
| 6151342021 | REDACTED | REDACTED | St. John the Evangelist R.C. Church, Roman Catholic Church of St. John the Evangelist, St. Anthony of Padua Roman Catholic Church | Negligence; Negligent Training and Supervision; Negligent Retention | Approximately 1970 -- 1979 | 6/1/1970 | 8/30/1979 | 10/1/69-70 10/1/70-71 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 | N | St. John the Evangelist Roman Catholic Church, St. Anthony of Padua Roman Catholic Church |
| 6151342021 | REDACTED | REDACTED | St. John the Evangelist R.C. Church, Roman Catholic Church of St. John the Evangelist, St. Anthony of Padua Roman Catholic Church | Negligence; Negligent Training and Supervision; Negligent Retention | Approximately 1970 -- 1979 | 6/2/1970 | 8/31/1979 | N | 10/1/76-77 10/1/77-78 10/1/78-79 | N | St. John the Evangelist Roman Catholic Church, St. Anthony of Padua Roman Catholic Church |
| 6151462021 | REDACTED | REDACTED | Sts. Philip and James School and Academy, Sts. Philip and James Church, St. James, The Sisters of Saint Joseph a/k/a Sisters of Saint Joseph Brentwood, and Michael A. Carroll | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv Law § 413 and 420; Premises liability | Approximately 1996 - 2000 (complaint indicated "over 7 years" but also indicates only from 1996-2000) | 1/1/1998 | 12/30/2000 | N | N | Y | Sts. Philip and James Church |
| 6151462021 | REDACTED | REDACTED | Sts. Philip and James School and Academy, Sts. Philip and James Church, St. James, The Sisters of Saint Joseph a/k/a Sisters of Saint Joseph Brentwood, and Michael A. Carroll | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv Law § 413 and 420; Premises liability | Approximately 1996 - 2000 (complaint indicated "over 7 years" but also indicates only from 1998-2000) | 1/1/1994 | 12/31/1999 | N | N | Y | Sts. Philip and James Church |
| 6153312021 | REDACTED | REDACTED | Saint Joseph Roman Catholic Church | Summons with Notice Only | Summons with Notice Only | 3/3/1970 | 11/30/1970 | 10/1/69-70 10/1/70-71 | N | N | St. Joseph Roman Catholic Church |
| 6154222021 | REDACTED | REDACTED | St. Patrick's Roman Catholic Parish Church, John Doe, priests, clergy and administrators whose names are unknown to the Plaintiff, Richard Doe, priests, clergy and administrators whose names are unknown to the Plaintiff, Jane Doe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Negligent Failure to Warn; Negligent Failure To Provide a Safe and Secure Environment; | Approximately 1999 - 2003 | 1/2/1999 | 12/31/2003 | N | N | Y | St. Patrick's Roman Catholic Church |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Programs Potentially Implicated by POC Periods* | | | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | |
| 615933/2019 | REDACTED | REDACTED | The Roman Catholic Diocese of Rockville Centre and Saint Martha Roman Catholic Church | Battery; Assault; Negligent Hiring, Negligent Retention, Supervision and Direction; Negligent Infliction of Emotional Distress; Intentional Infliction of Emotional Distress | Approximately 1962 - 1963 | 1/1/1961 | 12/31/1962 | 10/1/60-61 10/1/61-62 10/1/62-63 | N | N | DRVC |
| 615933/2019 | REDACTED | REDACTED | The Roman Catholic Diocese of Rockville Centre and Saint Martha Roman Catholic Church | Battery; Assault; Negligent Hiring, Negligent Retention, Supervision and Direction; Negligent Infliction of Emotional Distress; Intentional Infliction of Emotional Distress | Approximately 1962 - 1963 | 1/1/1961 | 12/31/1962 | 10/1/60-61 10/1/61-62 10/1/62-63 | N | N | DRVC |
| 52/2019; 518289 | REDACTED | REDACTED | Brother Lawrence Lemann, The Diocese of Rockville Centre, and St. Joseph's Roman Catholic Church; THE DIOCESE OF ROCKVILLE CENTRE, ST. JOSEPH ROMAN CATHOLIC CHURCH and FRANCISCAN BROTHERS OF BROOKLYN a/k/a CONGREGATION OF THE RELIGIOUS BROTHERS OF THE THIRD ORDER OF REGULAR OF ST. FRANCIS a/k/a and d/b/a FRANCISCAN BROTHERS, INC. | Negligence, Negligent Hiring, Retention, Supervision and Direction; Breach of Statutory Duty to Report Abuse Under Serv.Soc.Law 413, 420; Emotional Distress | Approximately 1968 | 1/1/1968 | 12/30/1968 | 10/1/67-68 10/1/68-69 | N | N | DRVC |
| 618050/2020 | REDACTED | REDACTED | St. Dominic's Roman Catholic Church a/ Oyster Bay | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Fiduciary Duty; | Approximately 1972 | 1/2/1972 | 12/31/1975 | 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | N | N | St. Dominic Catholic Church |
| 618328/2019 | REDACTED | REDACTED | The Diocese of Rockville Centre and Infant Jesus Roman Catholic Church | Negligence, Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty; Breach of Non-Delegable Duty; Breach of Duty in Loco Parentis; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; | Approximately 1977 - 1978 | 1/1/1977 | 12/31/1977 | N | 10/1/76-77 10/1/77-78 | N | DRVC |
| 618328/2019 | REDACTED | REDACTED | The Diocese of Rockville Centre and Infant Jesus Roman Catholic Church | Negligence, Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty; Breach of Non-Delegable Duty; Breach of Duty in Loco Parentis; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; | Approximately 1977 - 1978 | 1/1/1977 | 12/31/1977 | N | 10/1/76-77 10/1/77-78 | N | DRVC |
| 618328/2019 | REDACTED | REDACTED | The Diocese of Rockville Centre and Infant Jesus Roman Catholic Church | Negligence, Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty; Breach of Non-Delegable Duty; Breach of Duty in Loco Parentis; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; | Approximately 1977 - 1978 | 1/1/1977 | 12/31/1977 | N | 10/1/76-77 10/1/77-78 | N | DRVC |
| 32/2019; 615522 | REDACTED | REDACTED | The Diocese of Rockville Centre, Saints Cyril and Methodius School, and Roman Catholic Church of Saints Cyril and Methodius; Sisters of St. Joseph of Brentwood | Negligence, Negligent Hiring, Retention, Supervision, and/or Direction. | Approximately 1965 - 1966 | 1/1/1964 | 12/31/1965 | 10/1/63-64 10/1/64-65 10/1/65-66 | N | N | DRVC |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** Start | End | Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | DBYC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 31/2019, 615525 | REDACTED | REDACTED | The Diocese of Rockville Centre, t.Saint Barnabas The Apostle Roman Catholic Church, and Saint Elizabeth Ann Seton Regional School ; Saint Barnabas the Apostle School, New York Province, Sisters of Charity, Halifax, Inc., The Sisters of Charity of Saint Vincent De Paul of New York a/k/a The Sisters of Charity of Saint Vincent De Paul, Sisters of Charity Federation, Inc. f/k/a the Elizabeth Seton Federation, Inc. and Sisters of Charity (Halifax) Supporting Corporation | Negligence, Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv.Law 413 and 420 | Approximately 1976 | 1/1/1976 | 12/30/1976 | 10/1/75-76 | 10/1/76-77 | N | DINC |
| 620497/2019 | REDACTED | REDACTED | Diocese of Rockville Centre; St. Joseph Catholic School; St. Joseph Roman Catholic Church; Saint Anthony's High School; Franciscan Brothers of Brooklyn; and DOES 1 - 10 | Offensive Physical Contact/Childhood Sexual Assault/Battery; Imminent Battery/Assault; Negligence, Negligent Supervision/Failure to Warn ; Negligent Hiring/Retention; Fraud; Actual Fraudulent Transfers; Constructive Fraudulent Transfer; Unjust Enrichment and Imposition of Constructive Trust; Negligent Infliction of Emotional Distress; Intentional Infliction of Emotional Distress; Premises Liability; Punitive Damages | Approximately 1976 - 1982 | 8/1/1976 | 12/31/1982 | 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 10/1/80-81 10/1/81-82 10/1/82-83/10/1/83 9/1/83-84 9/1/84-85 9/1/85-86 | N | DINC |
| 621553/2019 | REDACTED | REDACTED | Brother Antonio Montero, St. Anthony's High School; The Diocese of Rockville Centre | Negligence, Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty, Breach of Non-Delegable Duty; Breach of Duty in Loco Parentis; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Battery; Assault | Approximately 1987 - 1989 | 9/1/1986 | 6/30/1987 | N | N | Y | DINC |
| 624824/2019 | REDACTED | REDACTED | Diocese of Rockville Centre; New York; The Roman Catholic Church of St. Rose of Lima; and The Roman Catholic Church of Christ the King | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Non-Delegable Duty; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress; Breach of Duty in Loco Parentis | Approximately 1976 - 1978 | 1/1/1976 | 12/30/1980 | 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 10/1/80-81 | N | DINC |
| 900002/2019 | REDACTED | REDACTED | Diocese of Rockville Centre, St. Pius X Preparatory Seminary and Alan Placa | Negligence; Negligent Hiring, Retention and Supervision; Negligent Infliction of Emotional Distress; Assault, Battery | Approximately 1975 | 1/15/1975 | 12/5/1976 | 10/1/74-75 10/1/75-76 | N | N | DINC |
| 900002/2021 | REDACTED | REDACTED | ST. PATRICK'S ROMAN CATHOLIC CHURCH, a/k/a ST. PATRICK'S CHURCH AT ELENOEVE, QUEENS COUNTY | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Fiduciary Duty | Approximately 1970 | 1/2/1970 | 12/31/1970 | 10/1/69-70 10/1/70-71 | N | N | St. Patrick's Roman Catholic Church |
| 900002/2019 | REDACTED | REDACTED | Diocese of Rockville Centre, St. Hugh of Lincoln Roman Catholic Church and Nicholas Untersteim | Sexual Battery of a child; Negligence; Negligent Infliction of Emotional Distress | Approximately 1965 - 1967 | 1/2/1966 | 12/31/1967 | 10/1/65-66 10/1/66-67 10/1/67-68 | N | N | DINC |
| 900002/2019 | REDACTED | REDACTED | Diocese of Rockville Centre, St. Hugh of Lincoln Roman Catholic Church and Nicholas Untersteim | Sexual Battery of a child; Negligence; Negligent Infliction of Emotional Distress | Approximately 1965 - 1967 | 1/2/1966 | 12/31/1967 | 10/1/65-66 10/1/66-67 10/1/67-68 | N | N | DINC |
| 900002/2020 | REDACTED | REDACTED | Diocese of Rockville Centre and Our Lady of Grace Roman Catholic Church | Negligence | Approximately 1969 | 1/2/1969 | 12/31/1969 | 10/1/68-69 10/1/69-70 | N | N | DINC |
| 900003/2019 | REDACTED | REDACTED | Roman Catholic Diocese of Rockville Centre, St. Martin of Tours Church and Robert Guglielmone | Negligence, Negligent Hiring, Retention and Supervision; Assault, Battery; Negligent Infliction of Emotional Distress | Approximately 1978 - 1989 | 9/1/1978 | 8/31/1979 | N | 10/1/77-78 10/1/78-79 | N | DINC |

| CVA Index Number | Redacted Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | | DIYC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | |
| 33/2020; 900125 | REDACTED | REDACTED | The Roman Catholic Diocese of Rockville Centre; Brian J. Brinker; and Does 1-20 | Negligence / Gross Negligence; Negligent Hiring / Retention / Supervision / Direction; Respondeat Superior / Vicarious Liability; Premises Liability; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress; Breach of Duty In Loco Parentis; Breach of Statutory Duty to Report Abuse Under Soc. Serv. L. §§ 413, 420 | Approximately 1993-1998 | 1/1/1993 | 12/31/1998 | N | N | Y | DIVC |
| 900004/2019 | REDACTED | REDACTED | Holy Family Roman Catholic Church, Holy Trinity Diocesan High School, Roman Catholic Diocese of Rockville Centre, John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Negligent Failure to Warn; Negligent Failure to Provide a Safe and Secure Environment | Approximately 1971 - 1975 | 1/1/1971 | 12/31/1975 | 10/1/70-71 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | N | N | DIVC |
| 900004/2020 | REDACTED | REDACTED | Roman Catholic Diocese of Rockville Centre, New York, and Holy Trinity Diocesan High School | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Non-delegable Duty; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress; Breach of Duty In Loco Parentis; Breach of Statutory Duty to Report Abuse under Soc. Serv. Law #13, 420 | Approximately 1981 - 1982 | 1/1/1981 | 12/31/1982 | N | 10/1/80-81 10/1/81-82 10/1/82-83/83 | N | DIVC |
| 900005/2019 | REDACTED | REDACTED | St. Hugh of Lincoln Roman Catholic Church, Roman Catholic Diocese of Rockville Centre, John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Negligent Failure to Warn; Negligent Failure to Provide a Safe and Secure Environment | Approximately 1973 - 1979 | 1/1/1973 | 12/31/1979 | 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 | N | DIVC |
| 900006/2019 | REDACTED | REDACTED | Diocese of Rockville Centre and St. Patrick's Parish and School | Negligence, Outrage and Intentional Infliction of Emotional Distress | Approximately 1968 - 1970 | 1/1/1968 | 12/31/1970 | 10/1/67-68 10/1/68-69 10/1/69-70 10/1/70-71 | N | N | DIVC |
| 900006/2020 | REDACTED | REDACTED | Diocese of Rockville Centre and St. Joseph's Parish | Negligence | Approximately 1962 - 1963 | 1/1/1962 | 12/31/1963 | 10/1/61-62 10/1/62-63 10/1/63-64 | N | N | DIVC |
| 900006/2021 | REDACTED | REDACTED | THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, a/k/a THE DIOCESE OF ROCKVILLE CENTRE; ST. ROSE OF LIMA PARISH; ST. ROSE OF LIMA CHURCH, a/k/a ST. ROSE OF LIMA R.C. CHURCH; RICHARD KRAUSS; and DOES 1 -40. | Negligence, Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Negligent Hiring; Negligent Training and Supervision; Negligent Retention; Premises Liability | Approximately 1967-1971 | 6/2/1967 | 12/31/1972 | 10/1/66-67 10/1/67-68 10/1/68-69 10/1/69-70 10/1/70-71 10/1/71-72 10/1/72-73 | N | N | DIVC |
| 900007/2019 | REDACTED | REDACTED | Diocese of Rockville Centre and St. Philip and St. James Church | Negligence, Outrage and Intentional Infliction of Emotional Distress | Approximately 1976 | 1/1/1976 | 12/30/1976 | 10/1/75-76 | N | N | DIVC |
| 900007/2021 | REDACTED | REDACTED | THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, a/k/a THE DIOCESE OF ROCKVILLE CENTRE; THE PARISH OF OUR LADY OF GOOD COUNSEL; OUR LADY OF GOOD COUNSEL CHURCH; and DOES 1 - 30. | Negligence, Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Negligent Hiring; Negligent Training and Supervision; Negligent Retention; Premises Liability | Approximately 1976 | 6/2/1976 | 8/30/1976 | 10/1/75-76 | N | N | DIVC |
| 900008/2019 | REDACTED | REDACTED | St. Philip Neri Roman Catholic Church, Roman Catholic Diocese of Rockville Centre, John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Negligent Failure to Warn; Negligent Failure to Provide a Safe and Secure Environment | Approximately 1958 - 1960 | 1/1/1958 | 12/30/1960 | 10/1/57-58 10/1/58-59 10/1/59-60 10/1/60-61 | N | N | DIVC |
| 900009/2020 | REDACTED | REDACTED | Roman Catholic Diocese of Rockville Centre and St. Anthony of Padua | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1984 | 1/1/1984 | 12/30/1984 | N | 9/1/83-84 9/1/84-85 | N | DIVC |

| CVA Index Number | Redacted Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** Start | Approximate POC Period of Alleged Abuse** End | Insurance Program Potentially Implicated by POC Period* Royal/Arrowood Program | Insurance Program Potentially Implicated by POC Period* LMI/Allianz Program | Insurance Program Potentially Implicated by POC Period* Ecclesia Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 900008/2021 | REDACTED | REDACTED | THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, a/k/a THE DIOCESE OF ROCKVILLE CENTER; PARISH OF SAINT CHRISTOPHER, a/k/a SAINT CHRISTOPHER'S PARISH; ST. CHRISTOPHER'S ROMAN CATHOLIC CHURCH, a/k/a ST. CHRISTOPHER'S CHURCH, a/k/a CHURCH OF ST. CHRISTOPHER; and DOES 1-31; | Negligence; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Negligent Hiring; Negligent Training and Supervision; Negligent Retention; | Approximately 1972 | 1/1/1972 | 2/28/1973 | 10/1/72-73 | N | | DRVC |
| 900010/2019 | REDACTED | REDACTED | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; St. Hugh of Lincoln aka St. Hugh of Lincoln Roman Catholic Church aka St. Hugh's and Does 1-5 who identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1979 - 1983 | 1/1/1979 | 12/31/1983 | N | 10/1/79-79 10/1/79-80 10/1/80-81 10/1/81-82 10/1/82-83/83 9/1/83-84 | N | DRVC |
| 900010/2020 | REDACTED | REDACTED | Joseph V. Arevalo; The Roman Catholic Diocese of Rockville Centre, New York; and St. Hugh of Lincoln Roman Catholic Church | Assault, Battery, Intentional Infliction of Emotional Distress; Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Non-Delegable Duty, Breach of Fiduciary Duty, Negligent Infliction of Emotional Distress; Breach of Duty in loco Parentis | Approximately 1992 - 1995 | 1/1/1992 | 12/31/1995 | N | N | N | DRVC |
| 900010/2020 | REDACTED | REDACTED | Joseph V. Arevalo; The Roman Catholic Diocese of Rockville Centre, New York; and St. Hugh of Lincoln Roman Catholic Church | Assault, Battery, Intentional Infliction of Emotional Distress; Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Non-Delegable Duty, Breach of Fiduciary Duty, Negligent Infliction of Emotional Distress; Breach of Duty in loco Parentis | Approximately 1992 - 1995 | 1/1/1992 | 12/31/1995 | N | N | Y | DRVC |
| 900010/2021 | REDACTED | REDACTED | ST. PIUS X ROMAN CATHOLIC CHURCH a/k/a ST. PIUS X PARISH | Negligent Retention and Negligent Supervision; Negligence, Gross Negligence, Recklessness; Breach of Non-Delegable Duty, Breach of Fiduciary Duty, Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, Breach of loco Parentis; Nuisance; | Approximately 1981 - 1985 | 1/1/1981 | 12/31/1985 | N | 10/1/80-81 10/1/81-82 10/1/82-83/83 9/1/83-84 9/1/84-85 9/1/85-86 | Y | St. Pius X Roman Catholic Church |
| 900011/2019 | REDACTED | REDACTED | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; Society of Mary (Marianists) aka Society of Mary of Meribah Province of the Marianist Order aka Society of Mary Province of Meribah aka Marianist Society Inc. aka Province of Meribah Society of Mary, Inc.; Chaminade High School; and James C. Williams, and Does 1 through whose identities are unknown to Plaintiff | Sexual Battery; Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1990 - 1993 | 1/1/1990 | 12/31/1993 | N | N | Y | DRVC |
| 900011/2020 | REDACTED | REDACTED | Diocese of Rockville Centre and Corpus Christi Roman Catholic Church | Superior/Vicarious Liability; Negligent Hiring, Retention and Supervision | Approximately 1965-1966 | 1/1/1965 | 12/31/1969 | 10/1/64-65 10/1/65-66 10/1/66-67 10/1/67-68 10/1/68-69 10/1/69-70 | N | N | DRVC |
| 900011/2021 | REDACTED | REDACTED | St. Francis Hospital f/k/a St. Francis Hospital & Sanitorium and St. Francis Sanatorium for Cardiac Children, John Doe #1 and John Doe #2 | Negligence; Intentional Infliction of Emotional Distress; No. Apportionment of Liability | Approximately 1969 - 1970 | 1/1/1968 | 12/31/1970 | 10/1/67-68 10/1/68-69 10/1/69-70 10/1/70-71 | N | N | St. Francis Hospital |
| 900012/2020 | REDACTED | REDACTED | Diocese of Rockville Centre, St. Catherine of Siena Roman Catholic Church, and Monsignor William G. Breslawski | Respondeat Superior / Vicarious Liability; Negligent Hiring, Retention and Supervision; Battery | Approximately 1980-1981 | 1/1/1980 | 12/31/1981 | N | 10/1/79-80 10/1/80-81 10/1/81-82 | N | DRVC |
| 900032/2019 | REDACTED | REDACTED | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; Our Lady of Fatima; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 2091 - 1993 | 1/1/1991 | 12/31/1993 | N | N | Y | DRVC |
| 900032/2020 | REDACTED | REDACTED | Diocese of Rockville Centre and Roman Catholic Church of the Sacred Heart | Respondeat Superior/Vicarious Liability; Negligent Hiring, Retention and Supervision | Approximately 1985-1989 | 1/1/1985 | 12/31/1989 | N | 9/1/84-85 9/1/85-86 | N | DRVC |

EXHIBIT A – Page 13

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | Ecclesia Program | DIF/CIC/ Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | | |
| 9000142019 | REDACTED | REDACTED | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; Franciscan Brothers of Brooklyn aka Congregation of the Religious Brothers of the Third Order Regular of St. Francis aka and dba Franciscan Brothers, Inc., Brooklyn, NY; Camp Alverna; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1969 | 6/1/1969 | 8/31/1969 | 10/1/68-69 | N | N | DRVC |
| 9000142020 | REDACTED | REDACTED | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York, St. John of God, and Department of Education, Diocese of Rockville Centre | Respondeat Superior/Vicarious Liability; Negligent Hiring, Retention and Supervision | Approximately 1979-1981 | 1/1/1979 | 12/31/1981 | N | 10/1/78-79 10/1/79-80 10/1/80-81 10/1/81-82 | N | DRVC |
| 9000152019 | REDACTED | REDACTED | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York, St. John of God, and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1973 - 1975 | 1/1/1973 | 12/31/1975 | 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | N | N | DRVC |
| 9000152020 | REDACTED | REDACTED | Diocese of Rockville Centre, Holy Trinity High School, and Department of Education, Diocese of Rockville Centre | Respondeat Superior/Vicarious Liability; Negligent Hiring, Retention and Supervision | Approximately 1975-1977 | 1/1/1975 | 12/31/1977 | 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 | N | DRVC |
| 9000152021 | REDACTED | REDACTED | ST. EDWARD THE CONFESSOR ROMAN CATHOLIC PARISH CHURCH, SAINT CATHERINE OF SIENNA ROMAN CATHOLIC PARISH CHURCH, OUR LADY OF FATIMA ROMAN CATHOLIC PARISH CHURCH, JOHN DOE AND JANE DOE, RICHARD ROE AND JANE ROE, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Negligent Retention; Negligent Failure to Warn; Negligent Failure to Provide a Safe and Secure Environment | Approximately 1993 - 1994 | 3/2/1993 | 12/31/1994 | N | N | Y | St. Edward the Confessor Roman Catholic Church, St. Catherine of Sienna Roman Catholic Church, Our Lady of Fatima Roman Catholic Church |
| 9000162019 | REDACTED | REDACTED | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York Holy Family and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1963 - 1965 | 1/1/1963 | 12/31/1965 | 10/1/63-63 10/1/63-64 10/1/64-65 10/1/65-66 | N | N | DRVC |
| 9000162021 | REDACTED | REDACTED | THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE and ST. AIDAN PARISH | Negligent Supervision; Negligent Retention; Negligent Hiring; Failure to Warn; | Approximately 1996 - 2001 | 1/1/1996 | 12/31/2001 | N | N | Y | DRVC |
| 9000172019 | REDACTED | REDACTED | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York, Holy Trinity Diocesan High School aka Holy Trinity and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1979 | 12/1/1979 | 12/31/1979 | N | 10/1/78-79 10/1/79-80 | N | DRVC |
| 9000172020 | REDACTED | REDACTED | St. Vincent de Paul Parish and Diocese of Rockville Centre | Negligence, Outrage and Intentional Infliction of Emotional Distress | Approximately 1977 - 1978 | 1/1/1977 | 12/31/1978 | N | 10/1/76-77 10/1/77-78 10/1/78-79 | N | DRVC |
| 9000182020 | REDACTED | REDACTED | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York, St. John the Baptist Diocesan High School, and Department of Education, Diocese of Rockville Centre | Respondeat Superior/Vicarious Liability; Negligent Hiring, Retention and Supervision | Approximately 1980 - 1982 | 1/1/1980 | 12/31/1982 | N | 10/1/79-80 10/1/80-81 10/1/81-82 10/1/82/83 | N | DRVC |
| 9000192019 | REDACTED | REDACTED | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York, St. Anselm, and Does 1-5 whose identities are unknown | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1972 - 1973 | 1/1/1972 | 12/31/1973 | 10/1/71-72 10/1/72-73 10/1/73-74 | N | N | DRVC |
| 9000202019 | REDACTED | REDACTED | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York, Saint Anne's, and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1967 - 1969 | 1/1/1967 | 12/31/1969 | 10/1/66-67 10/1/67-68 10/1/68-69 10/1/69-70 | N | N | DRVC |
| 9000212019 | REDACTED | REDACTED | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York, St. Joseph's aka St. Joseph's Parish aka St. Joseph Parish, and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1975 | 6/1/1975 | 8/30/1976 | 10/1/74-75 10/1/75-76 | N | N | DRVC |
| 9000222019 | REDACTED | REDACTED | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York, St. Ignatius Loyola aka St. Ignatius Hicksville; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1983 - 1986 | 1/1/1983 | 12/31/1986 | N | 10/1/82-83 9/1/83-84 9/1/84-85 9/1/85-86 | N | DRVC |

| CVA Index Number | Redacted Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | |
| 900022/2020 | REDACTED | REDACTED | Diocese of Rockville Centre; St. Margaret of Scotland Church | Negligence | Approximately 1973 - 1975 | 1/1/1973 | 10/18/1979 | 10/1/70-71 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 | N | DRVC |
| 900024/2019 | REDACTED | REDACTED | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; Our Lady Queen of Martyrs; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1972 - 1976 | 1/1/1972 | 12/30/1976 | 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 | N | DRVC |
| 900024/2021 | REDACTED | REDACTED | Roman Catholic Parish of St. Agnes Cathedral, John Doe and Jane Doe, Richard Doe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Negligent Failure to Warn; Negligent Failure to Provide a Safe and Secure Environment; | Approximately 1959 - 1965 | 1/1/1959 | 12/31/1965 | 10/1/58-59 10/1/59-60 10/1/60-61 10/1/61-62 10/1/62-63 10/1/63-64 10/1/64-65 10/1/65-66 | | N | Roman Catholic Parish of St. Agnes Cathedral |
| 900025/2019 | REDACTED | REDACTED | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; Sisters of the Third Order of St. Dominic DBA The Sisters of the Order of St. Dominic aka Congregation of the Holy Cross aka Dominican Sisters; St. Agnes Cathedral; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1965 | 1/1/1965 | 12/31/1965 | 10/1/64-65 10/1/65-66 | | N | DRVC |
| 900027/2019 | REDACTED | REDACTED | Archdiocese of New York; Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; The Capuchin Fathers aka The Capuchin Fathers Province of St. Mary aka Capuchin Franciscans Province of St. Mary aka the Province of St. Mary of the Capuchin Order aka The Province of St. Mary of the Capuchin Order, St. Conrad Friary, aka Capuchin Franciscan Tertiary Province of St. Mary, N.Y.; St. Francis Retreat House; St. John's Hospital aka St. John's Episcopal Hospital; St. Barnabus Apostle; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1971 - 1974; 1975 - 1978 | 1/1/1971 | 12/31/1978 | 10/1/70-71 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 | N | DRVC |
| 900028/2019 | REDACTED | REDACTED | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; St. John of God and St. John of God Parish; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1957 - 1961 | 1/1/1957 | 12/31/1961 | 10/1/56-57 10/1/57-58 10/1/58-59 10/1/59-60 10/1/60-61 10/1/61-62 | | N | DRVC |
| 900029/2019 | REDACTED | REDACTED | Diocese of Rockville Centre; aka John Barrin, as Bishop and Corporate Sole of the Diocese of Rockville Centre; St. Bernard's Church | Negligence | Approximately 1966 - 1969 | 1/1/1966 | 12/31/1969 | 10/1/65-66 10/1/66-67 10/1/67-68 10/1/68-69 10/1/69-70 | | N | DRVC |
| 900029/2020 | REDACTED | REDACTED | Diocese of Rockville Centre, and St. Pius X Preparatory Seminary | Negligence, Negligent Hiring, retention and supervision; Negligent infliction of emotional distress; Intentional infliction of Emotional Distress | Approximately 1974 | 10/1/1974 | 11/30/1974 | 10/1/74-75 | | N | DRVC |
| 900030/2021 | REDACTED | REDACTED | Our Lady of Mercy Roman Catholic Church, John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Negligent Failure to Warn; Negligent Failure to Provide a Safe and Secure Environment; | Approximately 1969 | 1/1/1969 | 12/31/1989 | 10/1/68-69 10/1/69-70 | | N | Our Lady of Mercy Roman Catholic Church |
| 900032/2019 | REDACTED | REDACTED | Good Samaritan Hospital | Negligence, Negligent Hiring, Retention and Supervision; Negligent infliction of Emotional Distress | Approximately 1984 | 7/23/1984 | 8/2/1984 | N | 9/1/83-84 | N | Good Samaritan Hospital |
| 900032/2020 | REDACTED | REDACTED | Diocese of Rockville Centre, St. Joseph Roman Catholic Church and School, and Sisters of Mercy of the Americas | Negligence, Outrage and Intentional Infliction of Emotional Distress | Approximately 1963 - 1964 | 1/1/1963 | 12/30/1964 | 10/1/62-63 10/1/63-64 10/1/64-65 | | N | DRVC |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** Start | End | Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 900031/2019 | REDACTED | REDACTED | Diocese of Rockville Centre, Church of St. Anthony of Padua East Northport, Church of the Good Shepherd, Holbrook, Church of St. Anne, Garden City and Notre Dame Church, New Hyde Park | Negligence, Negligent Hiring, Negligent Training and Supervision, Negligent Retention | 1990 | 10/1/1990 | 10/31/1990 | N | N | Y | DRVC |
| 900032/2020 | REDACTED | REDACTED | Diocese of Rockville Centre, and St. Joseph's Roman Catholic Church | Negligence, Outrage and Intentional Infliction of Emotional Distress | Approximately 1980 - 1983 | 1/1/1981 | 12/31/1988 | N | 102/80-81 102/81-82 102/82-93/83 9/1/83-84 | N | DRVC |
| 900032/2019 | REDACTED | REDACTED | The Roman Catholic Diocese of Rockville Centre, Saint Mary's High School, and Br. Howard Murphy | Battery, Assault, Negligent Hiring, Negligent Retention, Supervision and Direction, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Negligence | Approximately 1982-1983 | 9/1/1982 | 11/30/1982 | N | 102/81-82 102/82-93/83 | N | DRVC |
| 900032/2019 | REDACTED | REDACTED | The Roman Catholic Diocese of Rockville Centre, Saint Mary's High School, and Br. Howard Murphy | Battery, Assault, Negligent Hiring, Negligent Retention, Supervision and Direction, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Negligence | Approximately 1982-1983 | 9/1/1982 | 11/30/1982 | N | 102/81-82 102/82-93/83 | N | DRVC |
| 900032/2020 | REDACTED | REDACTED | Diocese of Rockville Centre, Our Lady of Loretto Parish and School, and Sisters of Charity of the Blessed Virgin Mary | Negligence, Outrage and Intentional Infliction of Emotional Distress | Approximately 1962 - 1963 | 1/1/1962 | 12/31/1963 | 102/61-62 102/62-63 102/63-64 | N | N | DRVC |
| 900033/2020 | REDACTED | REDACTED | Theodore Roosevelt Council, Inc., Boy Scouts of America, Nassau County Council, Archer Street School, Freeport Union Free School District, Our Holy Redeemer School and The Diocese of Rockville Centre | Negligence | Approximately 1978 | 1/1/1977 | 12/31/1978 | N | 101/76-77 101/77-78 101/78-79 | N | DRVC |
| 900034/2021 | REDACTED | REDACTED | Holy Family Roman Catholic Church | Negligence | Approximately 1978-1979 | 6/1/1978 | 8/31/1979 | N | 101/77-78 101/78-79 | N | Holy Family Roman Catholic Church |
| 900035/2019 | REDACTED | REDACTED | Diocese of Rockville Centre, a/k/a John Baires, as Bishop and Corporate Sole of the Diocese of Rockville Centre, St. Joseph's Parish Old Roman Catholic Church | Negligence | Approximately 1975-1976 | 1/1/1975 | 12/30/1976 | 101/74-75 101/75-76 | 101/76-77 | N | DRVC |
| 900035/2021 | REDACTED | REDACTED | Queen of the Most Holy Rosary Roman Catholic Church | Negligence | Approximately 1975 | 1/1/1975 | 12/31/1975 | 101/74-75 101/75-76 | N | N | Queen of the Most Holy Rosary Roman Catholic Church |
| 900036/2019 | REDACTED | REDACTED | The Roman Catholic Diocese of Rockville Centre, Saint Mary's High School, and Br. Howard Murphy | Battery, Assault, Negligent Hiring, Negligent Retention, Supervision and Direction, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Negligence | Approximately 1983-1984 | 1/1/1982 | 12/31/1982 | N | 102/81-82 102/82-93/83 | N | DRVC |
| 900036/2019 | REDACTED | REDACTED | The Roman Catholic Diocese of Rockville Centre, Saint Mary's High School, and Br. Howard Murphy | Battery, Assault, Negligent Hiring, Negligent Retention, Supervision and Direction, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Negligence | Approximately 1982-1984 | 1/1/1982 | 12/31/1982 | N | 102/81-82 102/82-93/83 | N | DRVC |
| 900036/2020 | REDACTED | REDACTED | Theodore Roosevelt Council, Inc., Boy Scouts of America, Nassau County Council, Archer Street School, Steele Elementary School, Freeport Union Free School District, Baldwin Union Free School District, Our Holy Redeemer School, and The Diocese of Rockville Centre | Negligence | Approximately 1978 - 1979 | 1/1/1978 | 12/31/1979 | N | 101/77-78 101/78-79 101/79-80 | N | DRVC |
| 900036/2021 | REDACTED | REDACTED | Queen of the Most Holy Rosary Roman Catholic Church | Negligence | Approximately 1973 - 1978 | 1/1/1974 | 12/31/1977 | 101/73-74 101/74-75 101/75-76 | 101/76-77 101/77-78 | N | Queen of the Most Holy Rosary Roman Catholic Church |
| 900037/2019 | REDACTED | REDACTED | Diocese of Rockville Center, St. Pius X Preparatory Seminary, and Alan Placa | Negligence, Negligent Hiring, Retention and Supervision, Negligent Infliction of Emotional Distress, Assault, Battery, Intentional Infliction of Emotional Distress | Approximately 1974 - 1977 | 1/1/1974 | 12/31/1977 | 101/73-74 101/74-75 101/75-76 | 101/76-77 101/77-78 | N | DRVC |
| 900037/2021 | REDACTED | REDACTED | St. Hugh of Lincoln Roman Catholic Church | Negligence | Approximately 1983 - 1989 | 1/1/1983 | 12/31/1985 | N | 102/82-93/83 9/1/83-84 9/1/84-85 9/1/85-86 | N | St. Hugh of Lincoln Roman Catholic Church |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** Start | End | Insurance Program Potentially Implicated by POC Period* Royal/Arrowood Program | Ecclesia Program | LMI/Allianz Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 900038/2019 | REDACTED | REDACTED | St. Hugh of Lincoln Roman Catholic Church, Roman Catholic Diocese of Rockville Centre, John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Negligent Failure to Warn; Negligent Failure to Provide a Safe and Secure Environment | Approximately 1973-1977 | | | 10/1/73-73 10/1/73-74 10/1/74-75 10/1/75-76 | N | 10/1/76-77 10/1/77-78 | DRVC |
| 900040/2019 | REDACTED | REDACTED | Roman Catholic Diocese of Rockville Centre, St. Agnes Roman Catholic Cathedral, and St. Agnes Cathedral School | Negligent Hiring, Retention, Supervision and/or Direction; Negligence/Gross Negligence; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress; Breach of Duty In Loco Parentis; Breach of Statutory Duty Pursuant to New York Social Services Law 413, 420 to Report Abuse | Approximately 1976 - 1978 | 1/1/1976 | 12/31/1978 | 10/1/75-76 | N | 10/1/76-77 10/1/77-78 10/1/78-79 | DRVC |
| 900040/2021 | REDACTED | REDACTED | USA Northeast Province of the Society of Jesus, Inc; The New York Province of the Society of Jesus; St. Mary's Roman Catholic Church, and St. Ignatius Jesuit Retreat House | Negligence | Approximately 1982 - 1985 | 1/1/1981 | 12/31/1984 | N | N | 10/2/80-81 10/2/81-82 10/2/82-83 9/1/83-84 9/1/84-85 | St. Mary's Roman Catholic Church |
| 900041/2019 | REDACTED | REDACTED | Diocese of Rockville Centre | Negligence | Approximately 1981 - 1982 | 9/1/1981 | 2/28/1982 | N | N | 10/2/80-81 10/2/81-82 | DRVC |
| 900041/2021 | REDACTED | REDACTED | Holy Name of Mary Roman Catholic Church | Negligence | Approximately 1986 - 1987 | 1/1/1986 | 12/31/1987 | N | N | 9/1/86-86 | Holy Name of Mary Roman Catholic Church |
| 900041/2021 | REDACTED | REDACTED | Holy Name of Mary Roman Catholic Church | Negligence | Approximately 1986 - 1987 | 1/1/1986 | 12/31/1987 | N | N | 9/1/86-86 | Holy Name of Mary Roman Catholic Church |
| 900043/2019 | REDACTED | REDACTED | St. Mary Roman Catholic Church, Roman Catholic Diocese of Rockville Centre, John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Negligent Failure to Warn; Negligent Failure to Provide a Safe and Secure Environment | Approximately 1981 - 1989 | 1/2/1981 | 12/31/1985 | N | N | 10/2/80-81 10/2/81-82 10/2/82-83/10/83 9/1/83-84 9/1/84-85 9/1/85-86 | DRVC |
| 900042/2021 | REDACTED | REDACTED | St. Ignatius Loyola Roman Catholic Church | Negligence | Approximately 1973 - 1975 | 1/1/1973 | 12/31/1975 | 10/1/73-73 10/1/73-74 10/1/74-75 10/1/75-76 | N | N | St. Ignatius Loyola Roman Catholic Church |
| 900043/2020 | REDACTED | REDACTED | Diocese of Rockville Centre and St. Luke's Roman Catholic Church | Negligence | Approximately 1971-1974 | 1/1/1973 | 12/30/1976 | N | N | 10/1/76-77 | DRVC |
| 900040/2020 | REDACTED | REDACTED | Diocese of Rockville Centre, and St. Hugh of Lincoln Roman Catholic Church | Negligence | Approximately 1973 - 1987 | 1/1/1976 | 12/31/1990 | 10/1/75-76 | N | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 10/1/80-81 10/1/81-82 10/1/82-91/83 9/1/83-84 9/1/84-85 9/1/85-86 | DRVC |
| 900042/2020 | REDACTED | REDACTED | Diocese of Rockville Centre, and St. Hugh of Lincoln Roman Catholic Church | Negligence | Approximately 1973 - 1987 | 1/1/1976 | 12/31/1987 | 10/1/75-76 | N | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 10/1/80-81 10/1/81-82 10/1/82-91/83 9/1/83-84 9/1/84-85 9/1/85-86 | DRVC |
| 900042/2021 | REDACTED | REDACTED | Saint Martha Roman Catholic Church | Negligence | Approximately 1963 | 2/15/1961 | 2/14/1963 | 10/1/59-60 10/1/60-61 10/1/61-62 10/1/62-63 | N | N | Saint Martha Roman Catholic Church |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | |
| 51/2015; 900308 | REDACTED | REDACTED | The Diocese of Rockville Centre and Queen of the Most Holy Rosary | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty; Breach of Non-Delegable Duty; Breach of Duty in Loco Parentis; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1978 | 1/1/1978 | 12/31/1978 | N | 10/1/77-78 10/1/78-79 | N | DRVC |
| 900041/2020 | REDACTED | REDACTED | Saints Philip and James Roman Catholic Church, Roman Catholic Diocese of Rockville Centre, John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision, Negligent Failure to Warn, Negligent Failure to Provide a Safe and Secure Environment | Approximately 1997 - 2000 | 1/1/1997 | 12/30/2000 | N | N | Y | DRVC |
| 900042/2019 | REDACTED | REDACTED | Diocese of Rockville Centre, Good Shepherd Roman Catholic Church | Negligence; Negligent Hiring, Supervision, Monitoring, Training, and Retention; Negligent Infliction of Emotional Distress | Approximately 1976 | 1/1/1976 | 7/30/1976 | 10/1/75-76 | N | N | DRVC |
| 900044/2019 | REDACTED | REDACTED | Diocese of Rockville Centre, Good Shepherd Roman Catholic Church | Negligence; Negligent Hiring, Supervision, Monitoring, Training, and Retention; Negligent Infliction of Emotional Distress | Approximately 1976 | 1/1/1976 | 12/31/1976 | 10/1/75-76 | 10/1/76-77 | N | DRVC |
| 900046/2020 | REDACTED | REDACTED | Comsota Retreat Center, Inc., Roman Catholic Diocese of Rockville Centre, Religious of the Sacred Heart, New York Province, Inc., a/k/a The Religious of the Sacred Heart of Mary, John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision, Negligent Failure to Warn, Negligent Failure to Provide a Safe and Secure Environment | Approximately 1963 | 6/1/1963 | 8/30/1963 | 10/1/62-63 | N | N | DRVC |
| 900047/2020 | REDACTED | REDACTED | Holy Trinity Diocesan High School, Roman Catholic Diocese of Rockville Centre, John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision, Negligent Failure to Warn, Negligent Failure to Provide a Safe and Secure Environment; Negligent Failure to Train Teachers and Administrators Related to Sexual Abuse and Train Students Relating to Sexual Abuse | Approximately Sept 1978 - Dec 1978 | 9/1/1978 | 12/31/1978 | 10/1/57-58 10/1/58-59 10/1/59-60 10/1/60-61 | 10/1/77-78 10/1/78-79 | N | DRVC |
| 900047/2021 | REDACTED | REDACTED | The Cathedral of St. Agnes | Negligence | Approximately 1958 - 1959 | 1/1/1958 | 12/30/1960 | N | N | N | St. Agnes Cathedral |
| 900048/2019 | REDACTED | REDACTED | Holy Trinity Diocesan High School, Roman Catholic Diocese of Rockville Centre, John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision, Negligent Retention, Negligent Failure to Train Teachers and Administrators Related to Sexual Abuse and Train Students Relating to Sexual Abuse; Negligent Failure to Provide a Safe and Secure Environment | Approximately between 1975 - 1979 | 9/1/1975 | 5/31/1979 | 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 | N | DRVC |
| 900048/2020 | REDACTED | REDACTED | St Hedwig's Roman Catholic Church, The Roman Catholic Diocese of Rockville Centre, John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision, Negligent Retention, Negligent Failure to Warn, Negligent Failure to Provide a Safe and Secure Environment | Approximately 1957-1960 | 1/1/1957 | 12/30/1960 | 10/1/56-57 10/1/57-58 10/1/58-59 10/1/59-60 10/1/60-61 | N | N | DRVC |
| 900048/2021 | REDACTED | REDACTED | St. Rose of Lima Catholic School | Negligence | Approximately 1974 - 1975 | 1/1/1974 | 12/31/1975 | 10/1/73-74 10/1/74-75 10/1/75-76 | N | N | St. Rose of Lima Catholic School |
| 900050/2019 | REDACTED | REDACTED | The Roman Catholic Diocese of Rockville Centre, New York, and Catholic Charities of the Diocese of Rockville Centre | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Negligent Infliction of Emotional Distress | Approximately 1960 - 1964 | 1/1/1960 | 12/30/1964 | 10/1/59-60 10/1/60-61 10/1/61-62 10/1/62-63 10/1/63-64 10/1/64-65 | N | N | DRVC |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | Ecclesia Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | | |
| 900050/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. RAYMOND'S a/k/a THE PARISH FAMILY OF SAINT RAYMOND OF PENNAFORT; SOCIETY OF MARY a/k/a MARIANISTS a/k/a SOCIETY OF MARY PROVINCE OF MERIBAH a/k/a PROVINCE OF MERIBAH, INC.-KELLENBERG MEMORIAL HIGH SCHOOL; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1983 to 1984; Approximately 1987 to 1988 | 1/1/1983 | 5/31/1988 | | 10/1/82-91/83 9/1/83-84 9/1/84-85 9/1/85-86 | | DRVC |
| 900050/2021 | REDACTED | REDACTED | Holy Name of Mary Roman Catholic Church and DOES 1 through 5 | Negligence; Gross Negligence; Fraudulent Concealment; | Approximately 1960 | 6/1/1960 | 8/31/1960 | 10/1/59-60 | N | N | Holy Name of Mary Roman Catholic Church and DOES 1 through 5 |
| 900050/2019 | REDACTED | REDACTED | The Roman Catholic Diocese of Rockville Centre, New York, and St. Agnes' Roman Catholic Church at Rockville Centre in the County of Nassau in the State of New York, d/b/a St. Agnes' Cathedral | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Non-Delegable Duty; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress; Breach of Duty in Loco Parentis | Approximately 1962 - 1967; Approximately 1962; Approximately 1963 | 1/1/1962 | 12/31/1967 | 10/1/61-62 10/1/62-63 10/1/63-64 10/1/64-65 10/1/65-66 10/1/66-67 10/1/67-68 | N | N | DRVC |
| 900051/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. HUGH OF LINCOLN a/k/a ST. HUGH OF LINCOLN ROMAN CATHOLIC CHURCH; a/k/a ST. HUGH'S; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1974 to 1976 | 1/1/1974 | 12/30/1976 | 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 | N | DRVC |
| 900051/2019 | REDACTED | REDACTED | The Roman Catholic Diocese of Rockville Centre, New York, and St. Agnes' Roman Catholic Church at Rockville Centre in the County of Nassau in the State of New York, d/b/a St. Agnes' Cathedral | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Non-Delegable Duty; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress; Breach of Duty in Loco Parentis | Approximately 1962; Approximately 1967 | 1/1/1962 | 12/31/1967 | 10/1/61-62 10/1/62-63 10/1/63-64 10/1/64-65 10/1/65-66 10/1/66-67 10/1/67-68 | N | N | DRVC |
| 900052/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; SOCIETY OF MARY a/k/a MARIANISTS a/k/a SOCIETY OF MARY PROVINCE OF MERIBAH a/k/a PROVINCE OF MERIBAH, INC.-CHAMINADE HIGH SCHOOL; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1982 | 3/1/1982 | 5/31/1982 | | 10/1/81-82 | N | DRVC |
| 900053/2019 | REDACTED | REDACTED | The Roman Catholic Diocese of Rockville Centre, New York, and Catholic Charities of the Diocese of Rockville Centre | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Negligent Infliction of Emotional Distress | Approximately 1964 - 1967 | 1/1/1964 | 12/30/1968 | 10/1/63-64 10/1/64-65 10/1/65-66 10/1/66-67 10/1/67-68 10/1/68-69 | N | N | DRVC |
| 900053/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. HUGH OF LINCOLN a/k/a ST. HUGH OF LINCOLN ROMAN CATHOLIC CHURCH; a/k/a ST. HUGH'S; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1974 to 1979 | 1/1/1974 | 12/31/1979 | 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 | N | DRVC |

| CVA Index Number | Claimant Name/State Court Plaintiff(s) [Related Proof of Claim] | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | Ecclesia Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | | |
| 9000542/2019 | REDACTED | The Roman Catholic Diocese of Rockville Centre, New York, and St. Agnes' Roman Catholic Church at Rockville Centre in the County of Nassau in the State of New York, a/k/a, St. Agnes' Cathedral | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Non-Delegable Duty; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress; Breach of Duty in Loco Parentis | Approximately 1961 - 1968; Approximately 1966-1971; Approximately 1967-1971 | 1/1/1961 | 12/31/1971 | 10/1/60-61 10/1/61-62 10/1/62-63 10/1/63-64 10/1/64-65 10/1/65-66 10/1/66-67 10/1/67-68 10/1/68-69 10/1/69-70 10/1/70-71 10/1/71-72 | | N | DRVC |
| 9000543/2020 | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. HUGH OF LINCOLN a/k/a ST. HUGH OF LINCOLN ROMAN CATHOLIC CHURCH a/k/a ST. HUGH'S; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1975 to 1978 | 6/1/1975 | 11/30/1978 | 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 | N | DRVC |
| 9000550/2020 | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE; BROTHERS OF THE CHRISTIAN SCHOOLS DISTRICT OF EASTERN NORTH AMERICA a/k/a BROTHERS OF THE CHRISTIAN SCHOOLS a/k/a and d/b/a LA SALLE PROVINCIALATE, INC. f/k/a BROTHERS OF THE CHRISTIAN SCHOOLS PROVINCE OF NEW YORK; LA SALLE MILITARY ACADEMY; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1960 to 1967 | 1/1/1965 | 12/31/1967 | 10/1/64-65 10/1/65-66 10/1/66-67 10/1/67-68 | | N | DRVC |
| 9000553/2021 | REDACTED | St. Martha Roman Catholic Church, St. Mary's Church and The Cathedral of St. Agnes | Negligence | Approximately 1973 - 1974, 1977; 1979; | 3/17/1970 | 3/16/1981 | 10/1/69-70 10/1/70-71 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 10/1/80-81 | N | St. Martha Roman Catholic Church, St. Mary's Church, The Cathedral of St. Agnes |
| 9000554/2020 | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. HUGH OF LINCOLN a/k/a ST. HUGH OF LINCOLN ROMAN CATHOLIC CHURCH a/k/a ST. HUGH'S; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1976 to 1979 | 1/1/1976 | 12/31/1979 | 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 | N | DRVC |
| 9000557/2019 | REDACTED | Diocese of Rockville Centre; St. Martin of Tours | Negligence, Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty, Breach of Non-Delegable Duty, Breach of Duty in Loco Parentis; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1975 | 10/1/1994 | 5/31/1995 | N | N | Y | DRVC |
| 9000572/2020 | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. JOSEPH a/k/a ST. JOSEPH'S a/k/a ST. JOSEPH ROMAN CATHOLIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1996 | 1/2/1996 | 12/30/1996 | N | N | Y | DRVC |

| CVA Index Number | Claimant Name/State Court Plaintiff(s) | Related Proof of Claim | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complete Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | Ecclesia Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | | |
| 900057/2021 | REDACTED | | St. Mary of the Isle Roman Catholic Church, Father "John" Benedict (First Name Unknown), and DOES 1 through 5 | Negligence, Gross Negligence; Fraudulent Concealment; | Approximately 1980 | 1/1/1980 | 12/31/1980 | N | 10/1/79-80 10/1/80-81 | N | St. Mary of the Isle Roman Catholic Church |
| 900057/2021 | REDACTED | | St. Mary of the Isle Roman Catholic Church, Father "John" Benedict (First Name Unknown), and DOES 1 through 5 | Negligence, Gross Negligence; Fraudulent Concealment; | Approximately 1980 | 1/1/1980 | 12/31/1980 | N | 10/1/79-80 10/1/80-81 | N | St. Mary of the Isle Roman Catholic Church |
| 900058/2020 | REDACTED | | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK, ST. DOMINIC a/k/a THE CHURCH OF SAINT DOMINIC a/k/a SAINT DOMINIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1971 | 1/1/1971 | 12/31/1971 | 10/1/70-71 10/1/71-72 | | N | DRVC |
| 900058/2021 | REDACTED | | Holy Family Roman Catholic Church | Negligence | Approximately 1981 - 1983 | 2/28/1979 | 2/27/1986 | N | 10/1/78-79 10/1/79-80 10/1/80-81 10/1/81-82 10/1/82-83/83 9/1/83-84 9/1/84-85 9/1/85-86 | N | Holy Family Roman Catholic Church |
| 900059/2020 | REDACTED | | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK, ST. ELIZABETH a/k/a ST. ELIZABETH CHURCH a/k/a ST. ELIZABETH OF HUNGARY, ST. PATRICK'S a/k/a SAINT PATRICK ROMAN CATHOLIC CHURCH OF BAY SHORE a/k/a THE PARISH OF ST. PATRICK, ST. LUKE a/k/a ST. LUKE'S CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1971 to 1973 | 1/1/1971 | 12/31/1973 | 10/1/70-71 10/1/71-72 10/1/72-73 10/1/73-74 | | | DRVC |
| 900060/2020 | REDACTED | | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK, FRANCISCAN BROTHERS OF BROOKLYN a/k/a CONGREGATION OF THE RELIGIOUS BROTHERS OF THE THIRD ORDER REGULAR OF ST. FRANCIS a/k/a and a/k/a FRANCISCAN BROTHERS, INC., BROOKLYN, NY, ST. PHILIP AND JAMES a/k/a SAINTS PHILIP AND JAMES RC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1971 to 1974, Approximately 1972 | 1/1/1971 | 12/31/1974 | 10/1/70-71 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 | | N | DRVC |
| 900061/2021 | REDACTED | | St. Catherine of Sienna Roman Catholic Church | Negligence | Approximately 1965 | 9/1/1966 | 11/30/1965 | 10/1/64-65 10/1/65-66 | | N | St. Catherine of Sienna Roman Catholic Church |
| 900062/2020 | REDACTED | | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK, ST. ROSALIE'S a/k/a CHURCH OF ST. ROSALIE; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1977 | 1/1/1977 | 12/31/1977 | N | 10/1/76-77 10/1/77-78 | N | DRVC |
| 900061/2021 | REDACTED | | St. Raymond's Catholic School | Negligence | Approximately 2003 | 1/1/2003 | 12/30/2004 | N | N | Y | St. Raymond's Catholic School |
| 900062/2020 | REDACTED | | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK, OUR LADY OF PEACE; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1963 to 1965 | 1/1/1963 | 12/31/1965 | 10/1/62-63 10/1/63-64 10/1/64-65 10/1/65-66 | | N | DRVC |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Programs Potentially Implicated by POC Period* | | | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | |
| 900063/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; SS. PHILIP AND JAMES a/k/a SAINTS PHILIP AND JAMES RC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1972 to 1974 | 3/2/1972 | 8/31/1974 | 10/1/71-72 10/1/72-73 10/1/73-74 | N | N | DRVC |
| 900064/2019 | REDACTED | REDACTED | Diocese of Rockville Centre, St. Joseph's Parish; Romano Ferraro, Fr. Fitzgerald, Fr. Butler | Negligence, Negligent Infliction of Emotional Distress, Negligent Training and Supervision of Employees; Negligent Retention of Employees | On or about 1971 | 1/2/1968 | 1/2/1968 | 10/2/67-68 | N | N | DRVC |
| 900064/2019 | REDACTED | REDACTED | Diocese of Rockville Centre, St. Joseph's Parish; Romano Ferraro, Fr. Fitzgerald, Fr. Butler | Negligence, Negligent Infliction of Emotional Distress, Negligent Training and Supervision of Employees; Negligent Retention of Employees | On or about 1971 | 1/2/1968 | 12/31/1974 | 10/2/67-68 10/2/68-69 10/2/69-70 10/1/70-71 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 | N | N | DRVC |
| 900064/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. BARNABAS APOSTLE; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1984 | 1/2/1984 | 12/31/1984 | N | 9/1/83-84 9/1/84-85 | N | DRVC |
| 900042/2021 | REDACTED | St. Joseph's Roman Catholic Church | St. Joseph's Roman Catholic Church | Negligence | Approximately 1962 - 1963 | 1/2/1962 | 12/31/1963 | 10/1/61-62 10/1/62-63 10/2/63-64 | N | N | St. Joseph's Roman Catholic Church |
| 900055/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. ANTHONY OF PADUA a/k/a SAINT ANTHONY OF PADUA R.C. CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1969 to 1970 | 1/2/1969 | 12/31/1970 | 10/2/68-69 10/2/69-70 10/1/70-71 | N | N | DRVC |
| 900066/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. JOHN THE EVANGELIST; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1982 to 1984 | 1/2/1982 | 12/30/1984 | N | 10/2/81-82 10/1/82-9/1/83 9/1/83-84 9/1/84-85 | N | DRVC |
| 900067/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; HOLY SPIRIT a/k/a CHURCH OF THE HOLY SPIRIT; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1969 to 1971 | 1/2/1969 | 12/31/1971 | 10/2/68-69 10/2/69-70 10/1/70-71 10/1/71-72 | N | N | DRVC |
| 900068/2019 | REDACTED | REDACTED | Diocese of Rockville Centre, Good Shepherd Parish and Church, and St. Joseph's Parish and Church | Negligence, Outrage and Intentional Infliction of Emotional Distress | Approximately 1972-1978 | 1/2/1972 | 12/31/1979 | 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | N | N | DRVC |
| 900082/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; HOLY FAMILY a/k/a HOLY FAMILY ROMAN CATHOLIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1987 to 1988 | 9/1/1987 | 6/30/1988 | N | Y | N | DRVC |
| 900069/2019 | REDACTED | REDACTED | Diocese of Rockville Centre, and St. Barnabas Parish and Church | Negligence, Outrage and Intentional Infliction of Emotional Distress | Approximately 1968 | 1/2/1968 | 12/30/1968 | 10/2/67-68 10/2/68-69 | N | N | DRVC |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | |
| 900069/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; SISTERS OF MERCY OF THE AMERICAS a/k/a SISTERS OF MERCY a/k/a SISTERS OF MERCY OF THE AMERICAS, INC. a/k/a INSTITUTE OF THE SISTERS OF MERCY OF THE AMERICAS, MIDATLANTIC COMMUNITY, INC.; FRANCISCAN CONVENT OF THE AMERICAS, MID-ATLANTIC COMMUNITY, INC.; ST. MARY OF THE ANGELS HOME; MERCYFIRST; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1959 to 1960 | 1/1/1959 | 12/30/1960 | 10/1/59-59 10/1/59-60 10/1/60-61 | N | N | DRVC |
| 900069/2021 | REDACTED | REDACTED | Franciscan Brothers of Brooklyn f/k/a Congregation of the Religious Brothers of the Third Order Regular of St. Francis, St. Anthony's High School; Franciscan Brother Noel Doe (Last Name Unknown), Franciscan Brother Gary Doe (Last Name Unknown), and DOES 1 through 5 | Negligence, Gross Negligence, Breach of Fiduciary Duty, Fraudulent Concealment; | Approximately 1974 | 9/1/1974 | 11/30/1975 | 10/1/73-74 10/1/74-75 10/1/75-76 | N | N | DRVC |
| 900070/2020 | REDACTED | REDACTED | Diocese of Rockville Centre and Holy Trinity High School | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1963 to 1965 | 1/1/1963 | 12/31/1965 | 10/1/63-63 10/1/63-64 10/1/64-65 10/1/65-66 | N | N | DRVC |
| 900072/2019 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. MARTIN OF TOURS a/k/a ST. MARTIN'S; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Outrage and Intentional Infliction of Emotional Distress | Approximately 1991-1992 | 1/1/1991 | 12/30/1992 | N | N | Y | DRVC |
| 900072/2020 | REDACTED | REDACTED | Diocese of Rockville Centre and St. Hyacinth Parish and its Saints Regional Catholic School | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1972 to 1973 | 1/1/1972 | 12/31/1973 | 10/1/71-72 10/1/72-73 10/1/73-74 | N | N | DRVC |
| 900072/2019 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; PHILIP AND JAMES a/k/a SAINTS PHILIP AND JAMES RC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Outrage and Intentional Infliction of Emotional Distress | Approximately 1973-1976 by Suave; Approximately 1974-1979 by Burke | 1/1/1973 | 12/31/1979 | 10/1/73-73 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 | N | DRVC |
| 900072/2020 | REDACTED | REDACTED | Diocese of Rockville Centre, and St. Andrew's Parish and Elementary School | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1959 to 1962 | 1/1/1959 | 12/31/1960 | 10/1/58-59 10/1/59-60 10/1/60-61 10/1/61-62 10/1/62-63 | N | N | DRVC |
| 900073/2019 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. PHILIP NERI; ST. SYLVESTER a/k/a ST. SYLVESTER RC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Outrage and Intentional Infliction of Emotional Distress | Approximately 1972 | 1/1/1972 | 12/30/1972 | 10/1/71-72 10/1/72-73 | N | N | DRVC |
| 900072/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; FRANCISCAN BROTHERS OF BROOKLYN a/k/a CONGREGATION OF THE RELIGIOUS BROTHERS OF THE THIRD ORDER REGULAR OF ST. FRANCIS a/k/a and a/b/a FRANCISCAN BROTHERS, INC.-BROOKLYN, NY; ST. ANTHONY'S HIGH SCHOOL; ST. PATRICK CHURCH a/k/a ST. PATRICK'S ROMAN CATHOLIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1979 | 6/1/1979 | 9/30/1979 | N | 10/1/78-79 | N | DRVC |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | |
| 9000710/2021 | REDACTED | | St. Hugh of Lincoln Roman Catholic Church | Negligence; Outrage and Intentional Infliction of Emotional Distress; | Approximately 1976 - 1977 | 1/1/1976 | 12/31/1977 | 10/12/75-76 | 10/12/76-77 10/12/77-78 10/12/78-79 10/12/79-80 | N | St. Hugh of Lincoln Roman Catholic Church |
| 9000742/2020 | REDACTED | | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK, OUR LADY OF VICTORY, SACRED HEARTS OF JESUS AND MARY a/k/a BASILICA CHURCH OF SACRED HEARTS OF JESUS AND MARY; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1969 | 1/1/1969 | 12/31/1969 | 10/1/68-69 10/1/69-70 | N | N | DRVC |
| 9000715/2020 | REDACTED | | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK, THE CAPUCHIN FATHERS a/k/a THE CAPUCHIN FATHERS PROVINCE OF ST. MARY a/k/a CAPUCHIN FRANCISCAN PROVINCE OF ST. MARY a/k/a THE PROVINCE OF ST. MARY OF THE CAPUCHIN ORDER a/k/a THE PROVINCE OF ST. MARY OF THE CAPUCHIN ORDER ST. CONRAD FRIARY a/k/a CAPUCHIN FRANCISCAN TERTIARY PROVINCE OF ST. MARY, N.Y.; ST. ANN'S FRIARY; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1975 to 1977 | 1/1/1975 | 12/31/1977 | 10/1/74-75 10/1/75-76 | 10/12/76-77 10/12/77-78 | N | DRVC |
| 9000755/2021 | REDACTED | | St. Brigid Roman Catholic Church, a/k/a Church of Saint Brigid, Inc. | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Fiduciary Duty; | Approximately 1986 - 1988 | 1/1/1987 | 12/30/1988 | N | N | Y | St. Brigid Roman Catholic Church |
| 9000770/2020 | REDACTED | | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK, HOLY TRINITY DIOCESAN HIGH SCHOOL a/k/a HOLY TRINITY; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1980 | 3/1/1980 | 5/31/1980 | N | 10/12/79-80 | N | DRVC |
| 9000717/2020 | REDACTED | | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK, ST. RAYMOND'S a/k/a THE PARISH FAMILY OF SAINT RAYMOND OF PENNAFORT; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1984 to 1986 | 1/1/1984 | 12/31/1986 | N | 9/1/83-84 9/1/84-85 9/1/85-86 | N | DRVC |
| 9000728/2020 | REDACTED | | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK, OUR LADY OF LOURDES a/k/a OUR LADY OF LOURDES CHURCH MALVERNE; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1984 to 1988 | 9/1/1984 | 12/31/1988 | N | 9/1/84-85 9/1/85-86 | N | DRVC |
| 9000730/2021 | REDACTED | | St. Ignatius Roman Catholic Parish Church, Long Beach Catholic Regional School, John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision, Negligent Failure to Warn; Negligent Failure To Provide a Safe and Secure Environment; | Approximately 1990 - 1993 | 1/1/1990 | 12/31/1993 | N | N | Y | St. Ignatius Roman Catholic Parish Church |

EXHIBIT A – Page 24

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | Ecclesia Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | | |
| 90007/8/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. PATRICK'S a/k/a CHURCH OF ST. PATRICK a/k/a ST. PATRICK'S ROMAN CATHOLIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1977 to 1978 | 1/1/1977 | 12/31/1978 | N | 1D1/76-77, 1D1/77-78, 1D1/78-79 | N | DRVC |
| 90007/9/2021 | REDACTED | REDACTED | St. John of God Roman Catholic Church a/k/a St. John of God Parish | Negligence, Gross Negligence, Recklessness, and Failure to Exercise a Reasonable Standard of Care; Negligent Retention; Negligent Training and Negligent Supervision. | Approximately 1979 - 1984 | 1/1/1980 | 12/31/1982 | N | 1D2/79-80, 1D2/80-81, 1D2/81-82, 1D2/82-93/83 | N | St. John of God Roman Catholic Church |
| 90008/0/2020 | REDACTED | REDACTED | ST. HUGH OF LINCOLN ROMAN CATHOLIC PARISH CHURCH, ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, JOHN DOE and JANE DOE, RICHARD ROE and JANE ROE, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Negligent Retention; Negligent Failure to Warn; Negligent Failure to Provide a Safe and Secure Environment | Approximately 1973 - 1976 | 1/1/1973 | 12/31/1975 | 1D/1/72-73, 1D/1/73-74, 1D/1/74-75, 1D/1/75-76 | N | N | DRVC |
| 90008/2/2021 | REDACTED | REDACTED | Saint Catherine of Sienna Roman Catholic Church and Province of the Most Sacred Heart of Jesus, Third Order Regular of St. Francis of Province (OFR) St Francisan Friars of the Third Order Regular) | Negligence and Gross Negligence; Negligent Hiring, Supervision and Retention; Negligent Failure to Warn; Negligent Failure to Provide a Safe and Secure Environment, Negligent Infliction of Emotional Distress; Sexual Abuse and Battery | Approximately 1969 | 1/1/1969 | 12/31/1969 | 1D/1/68-69, 1D/1/69-70 | N | N | St. Catherine of Sienna Roman Catholic Church |
| 90008/3/2020 | REDACTED | REDACTED | THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE; ST. THOMAS THE APOSTLE PARISH; and ST. THOMAS THE APOSTLE SCHOOL INC. | Negligent Hiring, Retention, Supervision, and Direction; Negligent, Reckless, and Willful Misconduct; Negligent Infliction of Emotional Distress; Premises Liability; Breach of Fiduciary Non-Delegable Duty; Breach of Duty in Loco Parentis; Breach of Statutory Duties to Report | Approximately 1983-1984 | 1/1/1981 | 12/31/1984 | N | 1D2/80-81, 1D2/81-82, 1D2/82-93/83, 9/1/83-84, 9/1/84-85 | N | Saint Bernard's Roman Catholic Church |
| 90008/1/2021 | REDACTED | REDACTED | Saint Bernard's Roman Catholic Church | Negligence | Approximately 1973 - 1974 | 1/1/1973 | 12/31/1974 | 1D/1/72-73, 1D/1/73-74, 1D/1/74-75 | N | N | |
| 90008/4/2020 | REDACTED | REDACTED | ST. THERESE OF LISIEUX ROMAN CATHOLIC PARISH CHURCH, ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, JOHN DOE and JANE DOE, RICHARD ROE and JANE ROE, priests, clergy and administrators whose name are unknown to the Plaintiff. | Negligent Supervision; Negligent Failure to Warn; Negligent Failure to Provide a Safe and Secure Environment | Approximately 1970-1971 | 1/1/1969 | 12/31/1970 | 1D2/68-69, 1D2/69-70, 1D2/70-71 | N | N | DRVC |
| 90008/5/2020 | REDACTED | REDACTED | The Diocese of Rockville Centre and St. Matthew Roman Catholic Church | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Non-Delegable Duty; Negligent Infliction of Emotional Distress | Approximately 1967-1968 | 1/1/1967 | 12/31/1968 | 1D2/66-67, 1D2/67-68, 1D2/68-69 | N | N | DRVC |
| 90008/6/2020 | REDACTED | REDACTED | ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE (a/k/a DIOCESE OF ROCKVILLE CENTRE & ST. PATRICK'S CHURCH AT WEST NECK, SUFFOLK CO. (a/k/a ST. PATRICK'S ROMAN CATHOLIC CHURCH a/k/a CHURCH OF ST. PATRICK, a/k/a ST. PATRICK SCHOOL) | Negligence; Negligent Supervision, Monitoring, Training, and Retention; Breach of Fiduciary Duty; Constructive Fraud; Civil Conspiracy to Commit Fraud | Approximately 1986-1988 | 1/1/1986 | 12/31/1987 | N | 9/1/85-86 | N | DRVC |
| 90008/6/2021 | REDACTED | REDACTED | Sisters of St. Joseph a/k/a The Sisters of Saint Joseph a/k/a Congregation of the Sisters of Saint Joseph of Brentwood, NY; St. Anthony of Padua; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1968 - 1969 | 1/1/1968 | 12/31/1969 | 1D/1/67-68, 1D/1/68-69, 1D/1/69-70 | N | N | St. Anthony of Padua |
| 90008/7/2020 | REDACTED | REDACTED | The Diocese Of Rockville Centre, Our Lady Of Grace Roman Catholic Church | Negligence, Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report | Approximately 1981-1982, 1986-1988 | 1/1/1980 | 12/31/1986 | N | 1D1/79-80, 1D1/80-81, 1D1/81-82, 1D1/82-93/83, 9/1/83-84, 9/1/84-85, 9/1/85-86 | N | DRVC |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** Start | End | Insurance Program Potentially Implicated by POC Period* Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 900082/2021 | REDACTED | REDACTED | Franciscan Brothers of Brooklyn a/k/a Congregation of the Religious Brothers of the Third Order Regular of St. Francis a/k/a and d/b/a Franciscan Brothers, Inc., Brooklyn, NY; St. Aidan's Church a/k/a St. Aidan's; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1959 - 1963 | 1/1/1959 | 12/31/1963 | 10/1/58-59 10/1/59-60 10/1/60-61 10/1/61-62 10/1/62-63 10/1/63-64 | N | N | St. Aidan's Church |
| 900084/2021 | REDACTED | REDACTED | Holy Spirit; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1973 - 1975 | 1/1/1973 | 12/31/1975 | 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | N | N | Holy Spirit |
| 900089/2021 | REDACTED | REDACTED | St. Agnes Cathedral a/k/a St. Agnes' Cathedral; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1963 - 1967 | 1/1/1963 | 12/31/1967 | 10/1/62-63 10/1/63-64 10/1/64-65 10/1/65-66 10/1/66-67 10/1/67-68 | N | N | St. Agnes Cathedral |
| 900090/2021 | REDACTED | REDACTED | St. Thomas, the Apostle; and Does 1 - 5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1980 - 1983 | 1/1/1980 | 12/31/1983 | N | 10/1/79-80 10/1/80-81 10/1/81-82 10/1/82-9/1/83 9/1/83-84 | N | St. Thomas, the Apostle |
| 900091/2021 | REDACTED | REDACTED | St. Barnabus Apostle; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1981 - 1982 | 1/1/1981 | 12/31/1982 | N | 10/1/80-81 10/1/81-82 10/1/82-9/1/83 | N | St. Barnabus Apostle |
| 900092/2021 | REDACTED | REDACTED | St. Rose of Lima; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1980 | 6/1/1980 | 8/30/1980 | N | 10/1/79-80 | N | St. Rose of Lima |
| 900093/2021 | REDACTED | REDACTED | St. Francis of Assisi; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1967 - 1970 | 1/1/1967 | 12/31/1970 | 10/1/66-67 10/1/67-68 10/1/68-69 10/1/69-70 10/1/70-71 | N | N | St. Francis of Assisi Roman Catholic Church |
| 900094/2020 | REDACTED | REDACTED | ST. JOHN THE BAPTIST DIOCESAN HIGH SCHOOL, ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, JOHN DOE and JANE DOE, RICHARD ROE and JANE ROE, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision, Negligent Failure to Warn, Negligent Failure to Provide a Safe and Secure Environment | Approximately 1988-1992 | 1/1/1988 | 12/30/1992 | N | N | Y | DRVC |
| 900094/2021 | REDACTED | REDACTED | Holy Family a/k/a Holy Family Diocesan High School; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1983 - 1984 | 1/1/1983 | 12/30/1984 | N | 10/1/82-9/1/83 9/1/83-84 9/1/84-85 | N | Holy Family Diocesan High School |
| 900095/2020 | REDACTED | REDACTED | The Roman Catholic Diocese Of Rockville Centre, The Church Of The Blessed Sacrament, Blessed Sacrament Elementary School | Negligent Supervision; Negligent Retention; Negligent Hiring; Failure to Warn | Approximately 1977-1981 | 1/1/1977 | 12/31/1981 | N | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 10/1/80-81 | N | DRVC |
| 900095/2021 | REDACTED | REDACTED | Holy Trinity Diocesan High School a/k/a Holy Trinity; and Does 1 - 5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1978 - 1979 | 1/1/1978 | 12/31/1979 | N | 10/1/77-78 10/1/78-79 10/1/79-80 | N | Holy Trinity Diocesan High School |
| 900096/2021 | REDACTED | REDACTED | St. Christopher's Parish a/k/a St. Christopher; Catholic Charities a/k/a Catholic Charities of the Diocese of Rockville Centre; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1984 | 6/1/1984 | 8/31/1984 | N | 9/1/83-84 | N | DRVC |
| 900097/2021 | REDACTED | REDACTED | Franciscan Brothers of Brooklyn a/k/a Congregation of the Religious Brothers of the Third Order Regular of St. Francis a/k/a and d/b/a Franciscan Brothers, Inc., Brooklyn, NY; St. Joseph a/k/a St. Joseph's; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1969 - 1970 | 1/1/1969 | 12/31/1970 | 10/1/68-69 10/1/69-70 10/1/70-71 | N | N | St. Joseph |
| 900099/2020 | REDACTED | REDACTED | ROMAN CATHOLIC PARISH OF ST. AGNES CATHEDRAL, ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, JOHN DOE and JANE DOE, RICHARD ROE and JANE ROE, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision, Negligent Failure to Warn, Negligent Failure to Provide a Safe and Secure Environment | Approximately 1957 | 9/2/1958 | 11/30/1958 | 10/1/57-58 10/1/58-59 | N | N | DRVC |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | |
| 9000090/2021 | REDACTED | REDACTED | Holy Trinity Diocesan High School and Dominican Convent of Our Lady of the Rosary a/k/a Dominican Sisters of Our Lady of the Rosary | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1982 | 9/1/1982 | 11/30/1982 | N | 102/81-82 102/82-93/83 | N | Holy Trinity Diocesan High School |
| 9001002/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE and GOOD SHEPHERD PARISH AND CHURCH | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1973 | 1/1/1973 | 12/31/1974 | 10/1/73-73 10/1/73-74 10/1/74-75 | N | N | DRVC |
| 9001102/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE, ST. AIDAN CHURCH AND SCHOOL; SISTERS OF CHARITY OF HALIFAX; FRANCISCAN MISSIONARIES OF MARY FRANCISCAN BROTHERS; and DOMINICAN SISTERS OF AMITYVILLE | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1989-1991 | 1/1/1989 | 12/31/1991 | 10/1/65-66 10/1/66-67 10/1/67-68 | N | Y | DRVC |
| 9001102/2021 | REDACTED | REDACTED | St. Bernard's Roman Catholic Church. | Negligence | Approximately 1966 - 1967 | 7/30/1966 | 7/29/1968 | 10/1/65-66 10/1/66-67 10/1/67-68 | N | N | St. Bernard's Roman Catholic Church |
| 9001032/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE, ST. ANDREW ROMAN CATHOLIC CHURCH AND SCHOOL, and SISTERS OF SACRED HEART OF MARY | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1971 | 6/1/1971 | 8/30/1971 | 10/1/70-71 | N | N | DRVC |
| 9001103/2021 | REDACTED | REDACTED | Notre Dame Parish, Notre Dame Catholic School; Sisters of the Order of St. Dominic, and Franciscan Brothers | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420. | Approximately 1967 - 1968 | 1/1/1967 | 12/30/1968 | 10/1/66-67 10/1/67-68 10/1/68-69 | N | N | Notre Dame Parish |
| 9001043/2021 | REDACTED | REDACTED | St. Thomas the Apostle Parish | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1991 - 1992 | 1/1/1991 | 12/30/1992 | N | N | Y | St. Thomas the Apostle Parish |
| 9001005/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE and SACRED HEART ROMAN CATHOLIC CHURCH. | Negligence | Approximately 1962 | 6/1/1962 | 8/30/1962 | 10/1/61-62 | N | N | DRVC |
| 9001085/2021 | REDACTED | REDACTED | Claretian Missionaries USA-Canada Province and Church of Saint Paul the Apostle | Negligence | Approximately 1965 - 1968 | 9/1/1968 | 11/30/1969 | 10/1/67-68 10/1/68-69 10/1/69-70 | N | N | Church of St. Paul the Apostle |
| 9001007/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. RAPHAEL; a/k/a ST. RAPHAEL PARISH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1968 - 1970 | 1/1/1968 | 12/31/1970 | 10/1/67-68 10/1/68-69 10/1/69-70 10/1/70-71 | N | N | DRVC |
| 9001080/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; OUR HOLY REDEEMER; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1974-1975 | 1/1/1974 | 12/31/1975 | 10/1/73-74 10/1/74-75 10/1/75-76 | N | N | DRVC |
| 9001082/2020 | REDACTED | REDACTED | THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, ST. MARY'S ROMAN CATHOLIC CHURCH, ST. MARY'S ELEMENTARY SCHOOL | Negligent Hiring, Retention, Supervision, and Direction; Negligent, Reckless and Willful Misconduct; Negligent Infliction of Emotional Distress; Premises Liability; Breach of Fiduciary/Non-Delegable Duty; Breach of Duty in Loco Parentis; Breach of Statutory Duties to Report | Approximately 1972-1975 | 1/1/1972 | 12/31/1978 | 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 | N | DRVC |
| 9001011/2021 | REDACTED | REDACTED | Saint Martha Roman Catholic Church and St. Martha's Elementary School | Negligence, Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv.Law 413 and 420 | Approximately 1979 - 1980 | 1/1/1979 | 12/30/1980 | N | 10/1/78-79 10/1/79-80 10/1/80-81 | N | St. Martha Roman Catholic Church |
| 9001112/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST.CATHERINE OF SIENNA; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1982-1984 | 1/1/1982 | 12/30/1984 | N | 102/81-82 102/82-93/83 9/1/83-84 9/1/84-85 | N | DRVC |
| 9001122/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; HOLY FAMILY a/k/a HOLY FAMILY ROMAN CATHOLIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees, Negligent Retention of Employees | Approximately 1963-1965 | 1/1/1963 | 12/31/1965 | 10/1/63-63 10/1/63-64 10/1/64-65 10/1/65-66 | N | N | DRVC |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** Start | End | Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 900112/2021 | REDACTED | REDACTED | Mary Regina Parish, Mary Regina Roman Catholic Church, and Mary Regina School | Negligence; Negligent Failure to Warn and Implement Child Sexual Abuse; Negligent Hiring; Negligent Supervision and Training; Negligent Retention; Breach of Fiduciary Duty; Liability for Failing to Report Abuse | Approximately 1966 – 1968 | 1/1/1966 | 12/31/1968 | 10/1/65-66 10/1/66-67 10/1/67-68 10/1/68-69 | N | N | Mary Regina Roman Catholic Church |
| 900113/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; CATHOLIC CHARITIES OF THE DIOCESE OF ROCKVILLE CENTRE; CATHOLIC BIG BROTHERS OF LONG ISLAND; BIG BROTHERS BIG SISTERS OF AMERICA; a/k/a BIG BROTHERS BIG SISTERS OF AMERICA, INC.; BIG BROTHERS BIG SISTERS ASSOCIATION OF NEW YORK STATE, INC.; BIG BROTHERS & SISTERS OF NASSAU COUNTY, INC. a/k/a and a/b/a BIG BROTHERS BIG SISTERS OF LONG ISLAND, INC. OR a/k/a BIG BROTHERS OF NASSAU COUNTY, INC.; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1970-1971 | 1/1/1970 | 12/31/1971 | 10/1/69-70 10/1/70-71 10/1/71-72 | | N | DRVC |
| 900113/2021 | REDACTED | REDACTED | St. Raphael Parish | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; | Approximately 1965 - 1966 | 1/1/1965 | 12/31/1966 | 10/1/64-65 10/1/65-66 10/1/66-67 | N | N | St. Raphael Parish |
| 147/2020, 615/528 | REDACTED | REDACTED | THE DIOCESE OF ROCKVILLE CENTRE and BROTHERS OF THE CHRISTIAN SCHOOLS DISTRICT OF EASTERN NORTH AMERICA, INC. a/k/a BROTHERS OF THE CHRISTIAN SCHOOLS a/k/a DE LA SALLE BROTHERS a/k/a CHRISTIAN BROTHERS | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv.Law 413 and 420 | Approximately 1976 - 1978 | 1/1/1977 | 12/31/1978 | N | 10/1/76-77 10/1/77-78 10/1/78-79 | N | DRVC |
| 900115/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; BROTHERS OF THE CHRISTIAN SCHOOLS DISTRICT OF EASTERN NORTH AMERICA, INC. a/k/a BROTHERS OF THE CHRISTIAN SCHOOLS a/k/a DE LA SALLE PROVINCIALATE, INC. f/k/a BROTHERS OF THE CHRISTIAN SCHOOLS PROVINCE OF NEW YORK; LA SALLE MILITARY ACADEMY; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1987 - 1989 | 1/1/1987 | 12/31/1989 | N | | Y | DRVC |
| 900115/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; BROTHERS OF THE CHRISTIAN SCHOOLS DISTRICT OF EASTERN NORTH AMERICA, INC. a/k/a BROTHERS OF THE CHRISTIAN SCHOOLS PROVINCE OF NEW YORK; LA SALLE PROVINCIALATE, INC. f/k/a BROTHERS OF THE CHRISTIAN SCHOOLS PROVINCE OF NEW YORK; LA SALLE MILITARY ACADEMY; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1987 - 1989 | 1/1/1987 | 12/31/1989 | N | | Y | DRVC |
| 900116/2020 | REDACTED | REDACTED | Theodore Roosevelt Council, INC., Boy Scouts of America; Our Holy Redeemer Roman Catholic Church; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Hiring of Employees; Negligent Training and Supervision; Negligent Retention of Employees; | Approximately 1982 | 1/1/1982 | 12/31/1982 | N | | N | Our Holy Redeemer Roman Catholic Church |
| 900116/2021 | REDACTED | REDACTED | Theodore Roosevelt Council, Inc., Boy Scouts of America; Baldwin Union Free School District; Church of Saint Christopher; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Hiring of Employees; Negligent Training and Supervision; Negligent Retention of Employees; | Approximately 1980 - 1982 | 6/1/1980 | 12/31/1982 | N | 10/1/79-80 10/1/80-81 10/1/81-82 10/1/82-83/28 | N | Church of St. Christopher |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | |
| 900117/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. BARNABAS THE APOSTLE a/k/a BARNABAS APOSTLE; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1974 | 6/2/1974 | 8/31/1974 | 10/2/73-74 | N | N | DRVC |
| 900118/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. BONIFACE a/k/a ST. BONIFACE ROMAN CATHOLIC CHURCH, and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1958 - 1963 | 1/1/1958 | 12/31/1963 | 10/1/57-58, 10/1/58-59, 10/2/59-60, 10/1/60-61, 10/1/61-62, 10/1/62-63, 10/1/63-64 | N | N | DRVC |
| 900119/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE and ST. JOSEPH'S CHURCH | Negligence | Approximately 1963 - 1965 | 1/1/1964 | 12/30/1964 | 10/1/63-64, 10/1/64-65 | N | N | |
| 900120/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; SOCIETY OF MARY a/k/a MARIANISTS a/k/a SOCIETY OF MARY PROVINCE OF MERIBAH a/k/a PROVINCE OF MERIBAH SOCIETY OF MARY, INC.; KELLENBERG MEMORIAL HIGH SCHOOL; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1987-1988 | 9/2/1987 | 5/31/1988 | N | N | Y | DRVC |
| 900121/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; OUR LADY OF PEACE; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Gross Negligent Retention of Employees | Approximately 1960 - 1962 | 1/2/1960 | 12/31/1962 | 10/2/59-60, 10/1/60-61, 10/1/61-62, 10/1/62-63 | N | N | DRVC |
| 900121/2021 | REDACTED | REDACTED | The Roman Catholic Diocese of Rockville Centre, New York | Negligence; Negligent Hiring, Retention, Training and Supervision; | Approximately 1971 - 1973 | 1/1/1971 | 12/31/1973 | 10/1/70-71, 10/1/71-72, 10/1/72-73, 10/1/73-74 | N | N | DRVC |
| 227/2020; 900116/... | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. DOMINIC a/k/a THE CHURCH OF SAINT DOMINIC a/k/a SAINT DOMINIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1956-1960 | 4/2/1955 | 5/31/1960 | 10/1/56-57, 10/1/57-58, 10/2/58-59, 10/1/59-60 | N | N | DRVC |
| 900122/2021 | REDACTED | REDACTED | Our Holy Redeemer Roman Catholic Church; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees; Gross Negligence and Reckless Indifference to the Rights of Plaintiff | Approximately 1969 - 1970 | 3/1/1969 | 8/30/1969 | 10/1/68-69 | N | N | Our Holy Redeemer Roman Catholic Church |
| 900123/2021 | REDACTED | REDACTED | St. Raymond of Penyafort and Congregation of the Sisters Servants of the Immaculate Heart of Mary Scranton Pennsylvania, and Congregation of the Sisters Servants of the Immaculate Heart of Mary Scranton Pennsylvania PA | Negligence; Negligent Hiring, Retention, or Supervision; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | Approximately 1968 | 6/2/1968 | 8/31/1968 | 10/1/67-68 | N | N | St. Raymond of Penyafort |
| 900124/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE; ST. JOSEPH ROMAN CATHOLIC CHURCH AND SCHOOL, and SISTERS OF MERCY OF THE AMERICAS | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1981 - 1982 | 1/1/1981 | 12/31/1982 | N | 10/1/80-81, 10/1/81-82, 10/1/82-90/83 | N | DRVC |
| 900125/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE and ST. JOSEPH PARISH AND CHURCH | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1973 - 1977 | 1/1/1973 | 12/31/1977 | 10/1/73-74, 10/1/74-75, 10/1/75-76, 10/1/76-77, 10/1/77-78 | N | N | |
| 900125/2021 | REDACTED | REDACTED | St. Barnabas the Apostle Roman Catholic Church, Capuchin Franciscans Tertiary Province of St. Mary N.Y Inc., John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Negligent Failure to Warn; Negligent Failure To Provide a Safe and Secure Environment; | Approximately 1968 - 1972 | 1/1/1968 | 12/30/1972 | 10/1/67-68, 10/1/68-69, 10/1/69-70, 10/1/70-71, 10/1/71-72, 10/1/72-73 | N | N | St. Barnabas the Apostle Roman Catholic Church |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | Ecclesia Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | | |
| 900126/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. BRIGID, ST. JAMES R.C. CHURCH a/k/a ST. JAMES PARISH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1980-1982 | 1/1/1980 | 12/31/1982 | N | 10/1/79-80 10/1/80-81 10/1/81-82 10/1/82-83 | N | DRVC |
| 900126/2021 | REDACTED | REDACTED | St. James Parish, St. James Parish School, Sisters of the Holy Cross and Passion, and William R. Logan | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; | Approximately 1980 - 1984 | 1/1/1980 | 12/30/1984 | N | 10/1/79-80 10/1/80-81 10/1/81-82 10/1/82-83 | N | St. James Parish |
| 900127/2020 | REDACTED | REDACTED | DIOCESE OF BROOKLYN a/k/a THE ROMAN CATHOLIC DIOCESE OF BROOKLYN, NEW YORK; DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; SISTERS OF MERCY OF THE AMERICAS a/k/a SISTERS OF MERCY OF THE AMERICAS, MID-ATLANTIC COMMUNITY, INC., a/k/a SISTERS OF MERCY OF THE AMERICAS, MID ATLANTIC COMMUNITY, INC.; a/k/a ST. FRANCIS CONVENT OF THE AMERICAS, MID ATLANTIC COMMUNITY, INC.; ST. MARY OF THE ANGELS HOME, MERCYHAVEN; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1956-1968 | 1/1/1956 | 12/31/1958 | 10/1/56-57 10/1/57-58 10/1/58-59 | N | N | DRVC |
| 900127/2021 | REDACTED | REDACTED | St. Barnabas the Apostle Roman Catholic Church, Capuchin Franciscans Tertiary Province of St. Mary N.Y. Inc.; John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administration whose names are unknown to the Plaintiff | Negligent Supervision; Negligent Failure to Warn; Negligent Failure To Provide a Safe and Secure Environment; | Approximately 1966 - 1968 | 1/1/1966 | 12/30/1968 | 10/1/65-66 10/1/66-67 10/1/67-68 10/1/68-69 | N | N | St. Barnabas the Apostle Roman Catholic Church |
| 900128/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. RAPHAEL, a/k/a ST. RAPHAEL PARISH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1959-1960 | 1/1/1959 | 12/30/1960 | 10/1/58-59 10/1/59-60 10/1/60-61 | N | N | DRVC |
| 900128/2021 | REDACTED | REDACTED | Our Lady of Lourdes a/k/a Our Lady of Lourdes Church a/k/a Our Lady of Lourdes Parish, Our Lady of Lourdes School, and Sisters of the Order of St. Dominic | Negligence; Negligent Hiring, Retention, or Direction; | Approximately 1966 - 1967 | 10/1/1966 | 1/31/1967 | 10/1/66-67 | N | N | Our Lady of Lourdes |
| 900129/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; FRANCISCAN BROTHERS OF BROOKLYN a/k/a CONGREGATION OF THE RELIGIOUS BROTHERS OF THE THIRD ORDER REGULAR OF ST. FRANCIS a/k/a and d/b/a FRANCISCAN BROTHERS, INC., BROOKLYN, NY; ST. ANTHONY'S HIGH SCHOOL; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1978-1979 | 1/1/1978 | 12/31/1979 | N | 10/1/77-78 10/1/78-79 10/1/79-80 | N | DRVC |
| 900130/2021 | REDACTED | REDACTED | St. Luke; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1993 - 1996 | 1/1/1993 | 12/30/1996 | N | N | Y | St. Luke |
| 900130/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. PATRICK CHURCH a/k/a ST. PATRICK'S ROMAN CATHOLIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1976-1980 | 1/1/1976 | 12/30/1980 | 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 10/1/80-81 | N | DRVC |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | |
| 9001302021 | REDACTED | REDACTED | St. Dominic's, and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1960 - 1963 | 1/1/1960 | 12/31/1962 | 10/1/25-60 10/1/60-61 10/1/61-62 10/1/62-63 | N | N | St. Dominic's |
| 9003112020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE, ST. BARNABAS THE APOSTLE CHURCH AND SCHOOL, and SISTERS OF CHARITY | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1970-1972 | 1/1/1970 | 12/30/1972 | 10/1/69-70 10/1/70-71 10/1/71-72 10/1/72-73 | N | N | DRVC |
| 9003112021 | REDACTED | REDACTED | Franciscan Brothers of Brooklyn a/k/a Congregation of the Religious Brothers of the Third Order Regular of St. Francis d/b/a Franciscan Brothers, Inc., Brooklyn, NY, Camp Alvernia, and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1967 | 6/1/1967 | 8/31/1967 | 10/1/66-67 | N | N | Camp Alvernia |
| 9003122020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK, CORPUS CHRISTI a/k/a CORPUS CHRISTI PARISH, and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1964-1966 | 1/1/1964 | 12/31/1966 | 10/1/63-64 10/1/64-65 10/1/65-66 10/1/66-67 | N | N | DRVC |
| 9003122021 | REDACTED | REDACTED | The Marist Brothers Province of the United States f/k/a The Marist Brothers Province of Esopus d/b/a Marist Brothers of the Schools, Inc., St. Mary's; Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1981 | 1/1/1981 | 12/31/1981 | N | 10/1/80-81 10/1/81-82 | N | St. Mary's |
| 9003132020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK, BROTHERS OF THE CHRISTIAN SCHOOLS DISTRICT OF EASTERN NORTH AMERICA a/k/a BROTHERS OF THE CHRISTIAN SCHOOLS a/k/a and d/b/a LA SALLE PROVINCIALATE, INC. f/k/a BROTHERS OF THE CHRISTIAN SCHOOLS PROVINCE OF NEW YORK, LA SALLE MILITARY ACADEMY; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1958 | 1/1/1958 | 12/31/1959 | 10/1/57-58 10/1/58-59 10/1/59-60 | N | N | DRVC |
| 9003132021 | REDACTED | REDACTED | St. Hugh of Lincoln a/k/a St. Hugh's; Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1977 - 1979 | 1/2/1977 | 12/31/1979 | N | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 | N | St. Hugh of Lincoln |
| 9003142020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK, ST. JOSEPH'S a/k/a ST. JOSEPH ROMAN CATHOLIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1959-1961 | 1/1/1959 | 12/31/1961 | 10/1/58-59 10/1/59-60 10/1/60-61 10/1/61-62 | N | N | DRVC |
| 9003142021 | REDACTED | REDACTED | Theodore Roosevelt Council, Inc., Boy Scouts of America; Our Lady of Fatima RC Church a/k/a Our Lady of Fatima; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Hiring of Employees; Negligent Training and Supervision; Negligent Retention of Employees; | Approximately 1975 - 1976 | 1/1/1975 | 12/31/1979 | 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 | N | Our Lady of Fatima Roman Catholic Church |
| 9003152020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK, ST. PATRICK CHURCH a/k/a ST. PATRICK'S ROMAN CATHOLIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1987-1989 | 1/2/1987 | 12/31/1989 | N | N | Y | DRVC |
| 9003152021 | REDACTED | REDACTED | St. Rose of Lima Parish | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | Approximately 1975 | 1/1/1975 | 12/31/1975 | 10/1/74-75 10/1/75-76 | N | N | St. Rose of Lima Parish |

| CVA Index Number | Claimant Name/State Court Plaintiff(s) | Related Proof of Claim | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | Ecclesia Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | | |
| 90013/26/2020 | REDACTED | | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; THE MARIST BROTHERS a/k/a THE MARIST BROTHERS OF THE SCHOOLS, INC. a/k/a THE MARIST BROTHERS, PROVINCE OF THE UNITED STATES OF AMERICA; ST. MARY'S a/k/a ST. MARY'S ROMAN CATHOLIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees, Negligent Retention of Employees | Approximately 1983-1983 | 1/1/1982 | 12/31/1988 | N | 10/1/81-82 10/1/82-83/83 9/1/83-84 | N | DRVC |
| 90013/6/2021 | REDACTED | | Notre Dame Parish, Notre Dame Catholic School, Sisters of the Order of St. Dominic, Franciscan Brothers Incorporated, and Franciscan Brothers | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | Approximately 1965- 1968 | 1/1/1964 | 12/31/1966 | 10/1/63-64 10/1/64-65 10/1/65-66 | N | N | Notre Dame Parish |
| 90013/7/2020 | REDACTED | | THE DIOCESE OF ROCKVILLE CENTRE and ST. JUDE ROMAN CATHOLIC CHURCH | Negligence, Negligent Hiring, Retention, Supervision and Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413, 420 | Approximately 1967 | 1/1/1967 | 12/31/1967 | 10/1/66-67 10/1/67-68 | N | N | DRVC |
| 90013/7/2021 | REDACTED | | St. Brigid/Our Lady of Hope Regional School, St. Brigid School, St. Brigid Parish, School Sisters of Notre Dame in the State of Connecticut, Northeastern Province of the School Sisters of Notre Dame in the State of Connecticut and Atlantic-Midwest Province of the School Sisters of Notre Dame | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1974 - 75 | 1/1/1974 | 12/31/1975 | 10/1/73-74 10/1/74-75 10/1/75-76 | N | N | St. Brigid Parish |
| 90013/8/2020 | REDACTED | | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. JAMES R.C. CHURCH a/k/a ST. JAMES PARISH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees, Negligent Retention of Employees | Approximately 1980-1982 | 1/1/1980 | 12/31/1982 | N | 10/1/79-80 10/1/80-81 10/1/81-82 10/1/82-83/83 | N | DRVC |
| 90013/8/2021 | REDACTED | | St. Dominic Elementary School, and St. Dominic Roman Catholic Church | Negligence, Negligent Hiring, Retention, and Supervision; Negligent Infliction of Emotional Distress | Approximately 1962 | 3/2/1962 | 5/31/1962 | 10/2/61-62 | N | N | St. Dominic Catholic Church |
| 90013/9/2020 | REDACTED | | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; SOCIETY OF MARY a/k/a MARIANISTS a/k/a SOCIETY OF MARY PROVINCE OF MERIBAH, NEW YORK PROVINCE OF MERIBAH, SOCIETY OF MARY, INC.; CHAMINADE HIGH SCHOOL; ST. ANNE a/k/a CHURCH OF ST. ANNE; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees, Negligent Retention of Employees | Approximately 1990-1996 | 1/1/1990 | 12/31/1996 | N | N | Y | DRVC |
| 90013/9/2021 | REDACTED | | Parish of Saint Raphael and Saint Raphael Roman Catholic Church | Negligence Negligent Failure to Warn and Implement Child Sexual Abuse Policies; Negligent Hiring, Negligent Supervision and Training; Negligent Retention; Breach of Fiduciary Duty; Failure to Report Abuse; | Approximately 1971 | 3/1/1971 | 5/31/1971 | 10/1/70-71 | N | N | Parish of St. Raphael |
| 90014/2/2021 | REDACTED | | Our Lady of Lourdes Roman Catholic Church, and Our Lady of Victory Parish | Negligence | Approximately 1988 - 1991 | 1/1/1989 | 12/31/1990 | N | N | Y | Our Lady of Lourdes Catholic Church, Our Lady of Victory Parish |
| 90014/2/2020 | REDACTED | | Diocese of Rockville Centre, Holy Family Church, Holy Family Catholic School, and Joseph Trapp | Negligence, Negligent Hiring, Retention, Supervision, and Direction; Negligent Defendants School, Church, and Diocese; Breach of Fiduciary Duty Against Defendants School, Church and Diocese; Breach of Non-Delegable Duty Against Defendants School, Church and Diocese; Breach of Duty in Loco Parentis Against Defendants School, Church and Diocese; | Approximately 1978-1980 | 3/1/1979 | 12/31/1979 | N | 10/1/79-79 10/1/79-80 | N | DRVC |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** Start | End | Insurance Program Potentially Implicated by POC Period* Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 900142/2021 | REDACTED | REDACTED | St. John the Baptist a/k/a St. John the Baptist Diocesan High School; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1966 - 1967 | 1/1/1966 | 12/31/1967 | 10/1/65-66 10/1/66-67 10/1/67-68 | N | N | St. John the Baptist Diocesan High School |
| 900142/2020 | REDACTED | REDACTED | THE DIOCESE OF ROCKVILLE CENTRE, ST. FRANCIS DE SALES PARISH, HOLY ANGELS REGIONAL SCHOOL f/k/a ST. FRANCIS DE SALES CATHOLIC SCHOOL, JANE DOE COMPANY and JOHN DOE | Negligence; Negligent Hiring, Retention, Supervision; Breach of Non-Delegable Duty; Breach of Statutory Duty to Report Abuse Under Social Services Law 413 and 420; Negligent Infliction of Emotional Distress; Breach of Loco Parentis | Approximately 1978 | 3/1/1975 | 5/31/1975 | 10/1/74-75 | N | N | DRVC |
| 900143/2021 | REDACTED | REDACTED | St. Raphael a/k/a St. Raphael Parish; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1968 - 1969 | 6/1/1968 | 5/31/1969 | 10/1/67-68 10/1/68-69 | N | N | St. Raphael Parish |
| 900144/2021 | REDACTED | REDACTED | St. Barnabas the Apostle Roman Catholic Church Parish, St. Barnabas the Apostle Roman Catholic Church, and St. Elizabeth Ann Seton Regional School (as successor-in-interest to St. Barnabas School) | Negligence; Negligent Failure to Warn and Implement Child Sexual Abuse Policies; Negligent Hiring, Negligent Supervision and Training; Negligent Retention; Breach of Fiduciary Duty; Failure to Report Abuse; | Approximately 1986 | 1/1/1986 | 12/31/1987 | N | 9/1/85-86 | N | St. Barnabas the Apostle Roman Catholic Church |
| 900147/2021 | REDACTED | REDACTED | Dominican Sisters of the Third Order of St. Dominic; Congregation of the Holy Cross a/k/a The Sisters of the Order of Saint Dominic; Sisters, Servants of the Immaculate Heart of Mary; Sisters of the Cross and Passion; Maria Regina a/k/a Maria Regina Diocesan High School, Unavailable; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1979 - 1981 | 1/1/1979 | 12/31/1981 | N | 10/1/78-79 10/1/79-80 10/1/80-81 10/1/81-82 | N | |
| 900148/2021 | REDACTED | REDACTED | St. Brigid, Church of Our Lady of Hope; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1960 - 1962 | 1/1/1960 | 12/31/1962 | 10/1/59-60 10/1/60-61 10/1/61-62 10/1/62-63 | N | N | St. Brigid, Church of Our Lady of Hope |
| 900149/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE, MERCY FIRST f/k/a ST. MARY OF THE ANGELS HOME and SISTERS OF MERCY | Negligence; Negligent Hiring, Retention and Supervision; Negligent Infliction of Emotional Distress | Approximately 1989 | 1/1/1989 | 12/31/1989 | N | N | Y | DRVC |
| 900160/2021 | REDACTED | REDACTED | St. Dominic's; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1978 - 1980 | 1/1/1978 | 12/30/1980 | N | 10/1/77-78 10/1/78-79 10/1/79-80 10/1/80-81 | N | St. Dominic's |
| 900150/2020 | REDACTED | REDACTED | THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, ST. PATRICK R/C CHURCH OF SMITHTOWN, N.Y. and ST. PATRICK ROMAN CATHOLIC SCHOOL | Negligence; Gross Negligence; Negligent Hiring, Supervision and Retention; Failure to Warn; Negligent Failure to Provide a Safe and Secure Environment; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress | Approximately 1977 | 1/1/1977 | 12/31/1977 | N | 10/1/76-77 10/1/77-78 | N | DRVC |
| 900150/2021 | REDACTED | REDACTED | St. Barnard; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1958 - 1959 | 1/1/1958 | 12/31/1959 | 10/1/57-58 10/1/58-59 10/1/59-60 | N | N | St. Bernard's Roman Catholic Church |
| 900152/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE and ST. LUKE'S ROMAN CATHOLIC CHURCH | Negligence | Approximately 1973 - 1977 | 1/1/1973 | 12/31/1977 | 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 | N | DRVC |
| 900152/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE and ST. LUKE'S ROMAN CATHOLIC CHURCH | Negligence | Approximately 1973 - 1977 | 1/1/1973 | 12/31/1977 | 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 | N | DRVC |
| 900153/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE and ST. HIGH OF LINCOLN ROMAN CATHOLIC CHURCH | Negligence | Approximately 1982 - 1987 | 1/1/1982 | 12/31/1987 | N | 10/1/81-82 10/1/82-83 9/1/83-84 9/1/84-85 9/1/85-86 | N | DRVC |
| 900159/2021 | REDACTED | REDACTED | Diocese of Rockville Centre and Our Lady Queen of Martyrs Roman Catholic Church | Negligence; Negligent Hiring, Retention and Supervision; Negligent Infliction of Emotional Distress | Approximately 1978- 1979 | 1/1/1978 | 12/31/1979 | N | 10/1/77-78 10/1/78-79 | N | DRVC |
| 900160/2021 | REDACTED | REDACTED | Church of the Most Holy Rosary Roman Catholic Church, and Queen of the Most Holy Rosary School | Negligence | Approximately 1986 - 1987 | 2/5/1986 | 2/4/1988 | N | 9/1/85-86 | N | Queen of the Most Holy Rosary Roman Catholic Church |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | Ecclesia Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | | |
| 9001/65/2020 | REDACTED | REDACTED | ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE AND SACRED HEART CHURCH | Negligence; Negligent Hiring, Retention and Supervision | Approximately 1985-1986 | 1/1/1985 | 12/31/1986 | N | 9/1/84-85 9/1/85-86 | N | DRVC |
| 9001/66/2021 | REDACTED | REDACTED | St. Raymond Parish; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees; Gross Negligence and Reckless Indifference to the Rights of Plaintiff | Approximately 1972 - 1979 | 1/1/1972 | 12/31/1979 | 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/75-77 10/1/77-78 10/1/78-79 10/1/79-80 | N | St. Raymond Parish |
| 9001/68/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE, ST. PHILIP NERI CHURCH, and FATHER GERALD FAGAN | Negligence; Negligent Hiring, Retention, Supervision, Training and Direction; Negligent Infliction of Emotional Distress | Approximately 1977 | 1/1/1977 | 12/31/1977 | N | 10/1/76-77 10/1/77-78 | N | DRVC |
| 9001/68/2021 | REDACTED | REDACTED | St. James Parish | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law #413 and 420; Premises Liability | Approximately 1973 - 1976 | 1/1/1973 | 12/31/1976 | 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 | N | St. James Parish |
| 9001/69/2021 | REDACTED | REDACTED | St. Ignatius of Loyola Roman Catholic Church, St. Ignatius Loyola School and Sisters of the Order of St. Dominic | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law #413 and 420 | Approximately 1984 - 1985 | 1/1/1979 | 12/31/1979 | N | 10/1/78-79 10/1/79-80 | N | St. Ignatius of Loyola Roman Catholic Church |
| 9003/70/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE a/k/a ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, and ST. BERNARD'S ROMAN CATHOLIC CHURCH | Negligent Retention, Negligent Supervision, Negligence, Gross Negligence, Recklessness, Negligent Training, Negligent Supervision of Employees | Approximately 1969 | 1/1/1969 | 12/31/1969 | 10/1/68-69 10/1/69-70 | N | N | DRVC |
| 9003/70/2021 | REDACTED | REDACTED | Our Holy Redeemer Roman Catholic Church, Our Holy Redeemer School, and Sisters of the Order of St. Dominic | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law #413 and 420 | Approximately 1976 - 1979 | 1/1/1976 | 12/31/1977 | N | 10/1/76-77 10/1/77-78 | N | Our Holy Redeemer Roman Catholic Church |
| 9003/72/2021 | REDACTED | REDACTED | ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; and SAINT CATHERINE OF SIENNA R.C. CHURCH, A/K/A SAINT CATHERINE OF SIENNA ROMAN CATHOLIC CHURCH | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence | Approximately 1985-1986 | 1/1/1985 | 12/31/1986 | N | 9/1/84-85 9/1/85-86 | N | DRVC |
| 9003/72/2021 | REDACTED | REDACTED | St. Christopher School, St. Christopher's Church and Sisters of St. Joseph | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law #413 and 420 | Approximately 1992 - 1994 | 1/1/1992 | 12/31/1994 | N | N | Y | St. Christopher's Church |
| 9003/72/2020 | REDACTED | REDACTED | ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; and SAINT CATHERINE OF SIENNA R.C. CHURCH, A/K/A SAINT CATHERINE OF SIENNA ROMAN CATHOLIC CHURCH | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence | Approximately 1985 | 1/1/1985 | 12/31/1985 | N | 9/1/84-85 9/1/85-86 | N | DRVC |
| 9003/72/2021 | REDACTED | REDACTED | Saint Joseph's RC Church | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law #413 and 420 | Approximately 1962 | 1/1/1962 | 12/31/1962 | 10/1/61-62 10/1/62-63 | N | N | St. Joseph's Roman Catholic Church |
| 9003/72/2021 | REDACTED | REDACTED | Saint Joseph's RC Church | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law #413 and 420 | Approximately 1962 | 6/1/1962 | 12/31/1962 | 10/1/61-62 10/1/62-63 | N | N | St. Joseph's Roman Catholic Church |
| 9003/73/2020 | REDACTED | REDACTED | DIOCESE OF ROCKVILLE CENTRE and CAMP MOLLOY | Negligence | Approximately 1966 - 1967 | 6/1/1966 | 8/31/1967 | 10/1/65-66 10/1/66-67 | N | N | DRVC |
| 9003/74/2020 | REDACTED | REDACTED | ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE; ST. ROMUALD, MARTYR CHURCH AND SCHOOL, AND SISTER MARY THOMA | Sexual abuse of a child; Common Law Negligence; Negligent Appointment, Retention and Supervision; Gross Negligence/Willful Misconduct; Breach of Fiduciary Duty | Approximately 1959 | 1/1/1959 | 12/31/1959 | 10/1/58-59 10/1/59-60 | N | N | DRVC |
| 9003/74/2021 | REDACTED | REDACTED | St. Rose of Lima Roman Catholic Church, St. Rose of Lima School, and Sisters of the Order of St. Dominic | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law #413 and 420 | Approximately 1974 | 9/1/1974 | 11/30/1974 | 10/1/73-74 10/1/74-75 | N | N | St. Rose of Lima Roman Catholic Church |
| 9003/75/2021 | REDACTED | REDACTED | St. Agnes Roman Catholic Cathedral a/k/a the Cathedral of St. Agnes, St. Agnes Cathedral School and Sisters of the Order of St. Dominic | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law #413 and 420 | Approximately 1983 - 1984 | 1/1/1983 | 12/30/1984 | N | 10/1/82-83 9/1/83-84 9/1/84-85 | N | St. Agnes Cathedral |
| 9003/76/2021 | REDACTED | REDACTED | St. William the Abbot Roman Catholic Church, Father Peter A. Alba, and Father Brian J. Ingram | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law #413 and 420 | Approximately 1991 - 1994 | 1/1/1991 | 12/31/1994 | N | N | Y | St. William the Abbot Roman Catholic Church |

| CVA Index Number | Redacted Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** Start | End | Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | DIY/Co (Co-Insured Defendant(s)) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 900178/2021 | REDACTED | REDACTED | St. William the Abbot Roman Catholic Church, Father Brian J. Ingram | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1991 - 1994 | 1/1/1991 | 12/31/1994 | N | N | Y | St. William the Abbot Roman Catholic Church |
| 77/2021 / 900300 | REDACTED | REDACTED | St. Paux X Roman Catholic Church, St. Piux X School, St. John Baptist De La Salle Regional Catholic School, St. Suzanne LaPre, The Convent of the Sisters of Mercy in Brooklyn, and Sisters of Mercy of the Americas of the Mid-Atlantic Community | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1966 - 1972 | 1/1/1966 | 12/30/1972 | 102/65-66 102/66-67 102/67-68 102/68-69 102/69-70 102/70-71 102/71-72 102/72-73 | N | N | St. Piux X Roman Catholic Church |
| 77/2021 / 900302 | REDACTED | REDACTED | St. Piux X Roman Catholic Church, St. Piux X School, St. John Baptist De La Salle Regional Catholic School, St. Suzanne LaPre, The Convent of the Sisters of Mercy in Brooklyn, and Sisters of Mercy of the Americas of the Mid-Atlantic Community | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1966 - 1972 | 1/1/1966 | 12/30/1972 | 102/65-66 102/66-67 102/67-68 102/68-69 102/69-70 102/70-71 102/71-72 102/72-73 | N | N | St. Piux X Roman Catholic Church |
| 900176/2021 | REDACTED | REDACTED | St. Brigid's Catholic Church, St. Brigid/Our Lady of Hope Regional School and Atlantic: Midwest Province of the School Sisters of Notre Dame | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | Approximately 1967 | 1/2/1967 | 6/30/1967 | 102/66-67 | N | N | St. Brigid's Catholic Church |
| 900179/2021 | REDACTED | REDACTED | SS. Cyril and Methodius, and Does 1-5 whose identities are unknown | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1971 - 1973 | 1/2/1971 | 12/31/1973 | 102/70-71 102/71-72 102/72-73 102/73-74 | N | N | Sts. Cyril and Methodius |
| 900180/2021 | REDACTED | REDACTED | Our Lady of Perpetual Help, St. James, and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1973 - 1974 | 1/2/1973 | 12/31/1974 | 102/72-73 102/73-74 102/74-75 | N | N | Our Lady of Perpetual Help, St. James |
| 900181/2021 | REDACTED | REDACTED | St. Anthony of Padua (Good Shepherd), and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1981 - 1982 | 6/2/1981 | 8/31/1982 | N | 102/80-81 102/81-82 | N | St. Anthony of Padua, Good Shepherd |
| 900182/2021 | REDACTED | REDACTED | Our Lady of Victory, and Does 1-5 whose identies are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1965 - 1967 | 1/1/1965 | 12/31/1967 | 102/64-65 102/65-66 102/66-67 102/67-68 | N | N | Our Lady of Victory |
| 900183/2021 | REDACTED | REDACTED | Montfort Missionaries United States Province a/k/a Montfort Fathers a/k/a Missionaries of the Company of Mary, St. Aloysius a/k/a St. Aloysius, and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1973 - 1976 | 1/1/1973 | 12/30/1976 | 102/72-73 102/73-74 102/74-75 102/75-76 | 102/76-77 | N | St. Aloysius |
| 900184/2021 | REDACTED | REDACTED | St. Patrick's, and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 2095 - 1999 | 1/1/1995 | 12/31/1999 | N | N | Y | St. Patrick's |
| 900185/2021 | REDACTED | REDACTED | Saint Catherine of Sienna Roman Catholic | Negligence; Negligent Hiring, Retention, or Direction | Approximately 1990 - 1991 | 1/1/1990 | 12/31/1991 | N | N | Y | St. Catherine of Sienna Roman Catholic Church |
| 900187/2021 | REDACTED | REDACTED | St. Dominic Catholic Church | Negligence; Vicarious Liability; Negligent Hiring, Retention and Supervision | Approximately 1961 - 1963 | 1/1/1961 | 12/31/1963 | 102/60-61 102/61-62 102/62-63 102/63-64 | N | N | St. Dominic Catholic Church |
| 89/2021 / 615135 | REDACTED | REDACTED | Christ the King, and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction | Approximately 1968 - 1970 | 7/1/1967 | 1/31/1969 | 102/66-67 102/67-68 102/68-69 | N | N | Christ the King |
| 89/2021 / 615135 | REDACTED | REDACTED | Christ the King, and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction | Approximately 1968 - 1970 | 1/2/1968 | 12/31/1970 | 102/67-68 102/68-69 102/69-70 | N | N | Christ the King |
| 900190/2021 | REDACTED | REDACTED | St. Patrick, and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1979 - 1981 | 1/2/1979 | 12/31/1981 | N | 102/78-79 102/79-80 102/80-81 102/81-82 | N | St. Patrick |
| 900192/2021 | REDACTED | REDACTED | Our Lady of Peace School, Our Lady of Peace Roman Catholic Church, The Convent of the Sisters of Mercy in Brooklyn and Sisters of Mercy of the Americas of the Mid-Atlantic Community | Negligence; Negligent Hiring, Retention, or Direction | Approximately 1966 - 1970 | 1/1/1966 | 12/31/1970 | 102/65-66 102/66-67 102/67-68 102/68-69 102/69-70 102/70-71 | N | N | Our Lady of Peace Roman Catholic Church |

EXHIBIT A – Page 35

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | Ecclesia Program | DRYCo/ Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | | |
| 900193/2021 | REDACTED | REDACTED | St. Mary's College Preparatory High School, St. Mary's R.C. Church at Manhasset in Queens Co. and Marist Brothers of the Schools, Inc., a/k/a Marist Brothers United States Province | Negligence, Negligent Hiring, Retention, or Direction, Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420, | Approximately 1983 | 1/1/1983 | 12/31/1983 | N | 10/1/82-9/1/83 9/1/83-84 | N | St. Mary's Roman Catholic Church |
| 900195/2021 | REDACTED | REDACTED | St. Hugh of Lincoln a/k/a St. Hugh of Lincoln Roman Catholic Church a/k/a St. Hugh's; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1974 | 6/2/1974 | 8/30/1974 | 10/1/73-74 | N | N | St. Hugh of Lincoln |
| 900196/2021 | REDACTED | REDACTED | Our Holy Redeemer Roman Catholic Church; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Gross Negligence and Reckless Indifference to the Rights of Plaintiff | Approximately 1968 - 1971 | 1/1/1968 | 12/31/1971 | 10/1/67-68 10/1/68-69 10/1/69-70 10/1/70-71 10/1/71-72 | N | N | Our Holy Redeemer Roman Catholic Church |
| 900198/2021 | REDACTED | REDACTED | St. Barnabas The Apostle Roman Catholic Parish; St. Barnabas School; St. Elizabeth Ann Seton Regional School; New York Province, Sisters of Charity, Halifax; Sisters of Charity (Halifax) Support Corporation | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | Approximately 1975 - 1980 | 1/2/1975 | 12/30/1980 | 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 10/1/80-81 | N | St. Barnabas the Apostle Roman Catholic Parish |
| 900202/2021 | REDACTED | REDACTED | St. Anthony of Padua Roman Catholic Church | Negligence | Approximately 1968 | 1/1/1968 | 12/30/1968 | 10/1/67-68 10/1/68-69 | N | N | St. Anthony of Padua Roman Catholic Church |
| 900202/2021 | REDACTED | REDACTED | St. Anthony of Padua Roman Catholic Church | Negligence | Approximately 1966 | 2/1/1966 | 2/28/1966 | 10/1/65-67 | N | N | St. Anthony of Padua Roman Catholic Church |
| 900204/2021 | REDACTED | REDACTED | St. Martin of Tours School | Negligence, Negligent Hiring, Retention and Supervision; Negligent Infliction of Emotional Distress | Approximately 1956 - 1957 | 9/1/1956 | 6/30/1957 | 10/1/56-57 | N | N | St. Martin of Tours School |
| 900208/2021 | REDACTED | REDACTED | Our Lady of Victory Parish and Sisters of Saint Joseph a/k/a Sisters of St. Joseph Brentwood | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1996 - 1997 | 1/1/1996 | 12/31/1997 | N | N | Y | Our Lady of Victory Parish |
| 900209/2021 | REDACTED | REDACTED | St. Joseph's Roman Catholic Church, St. Joseph Catholic School, and Sisters of Saint Joseph a/k/a Sisters of St. Joseph of Brentwood | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | Approximately 1975 - 1976 | 1/2/1975 | 12/30/1976 | 10/1/74-75 10/1/75-76 | 10/1/76-77 | N | St. Joseph's Roman Catholic Church |
| 900209/2021 | REDACTED | REDACTED | St. Joseph's Roman Catholic Church, St. Joseph's Catholic School, and Sisters of Saint Joseph a/k/a Sisters of St. Joseph of Brentwood | Negligence, Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | Approximately 1975 - 1976 | 1/1/1975 | 12/30/1976 | 10/1/74-75 10/1/75-76 | 10/1/76-77 | N | St. Joseph's Roman Catholic Church |
| 900212/2021 | REDACTED | REDACTED | St. Mary's, St. Dominic's; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1979 - 1984 | 1/2/1979 | 12/30/1984 | N | 10/1/78-79 10/1/79-80 10/1/80-81 10/1/81-82 10/1/82-9/1/83 9/1/83-84 9/1/84-85 | N | St. Mary's, St. Dominic's |
| 900211/2021 | REDACTED | REDACTED | St. Christopher a/k/a St. Christopher's Parish; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1992 - 1993 | 1/2/1992 | 12/31/1993 | N | N | Y | St. Christopher |
| 900212/2021 | REDACTED | REDACTED | Church of St. Aidan; St. Aidan School; Franciscan Brothers, Inc. a/k/a Franciscan Brothers of Brooklyn a/k/a Congregation of the Religious Brothers of the Third Order Regular of St. Francis; and Sisters of Charity of Halifax Nova Scotia | Negligence | Approximately 1970 - 1971 | 1/1/1970 | 12/31/1971 | 10/1/69-70 10/1/70-71 10/1/71-72 | N | N | Church of St. Aidan |
| 900213/2021 | REDACTED | REDACTED | Mercy Medical Center and Catholic Health Services of Long Island | Negligence, Negligent Hiring, Retention and Supervision; Negligent Infliction of Emotional Distress | Approximately 1960 | 6/2/1960 | 8/30/1960 | 10/1/59-60 | N | N | Mercy Medical Center, Catholic Health Services of Long Island |
| 900217/2021 | REDACTED | REDACTED | The Roman Catholic Diocese of Rockville Centre, St. Anthony of Padua School, and Chaminade High School | Negligent Supervision; Negligent Retention; Negligent Hiring; Failure to Warn; | Approximately 1980 | 3/1/1980 | 3/30/1980 | N | 10/1/79-80 | N | DRVC |
| 900220/2021 | REDACTED | REDACTED | Many Immaculate, and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1976 – 1977 | 1/2/1976 | 12/31/1977 | 10/1/76-77 | 10/1/76-77 10/1/77-78 | N | Mary Immaculate |
| 900221/2021 | REDACTED | REDACTED | Franciscan Brothers of Brooklyn a/k/a Congregation of the Religious Brothers of the Third Order Regular of St. Francis a/k/a and a/k/a Franciscan Brothers, Inc., Brooklyn, NY; Infant Jesus; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1976 – 1978 | 1/1/1976 | 12/31/1978 | 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 | N | Infant Jesus Roman Catholic Church |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** Start | End | Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | DRVCo/ Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 900222/2021 | REDACTED | REDACTED | St. Thomas, the Apostle; and Does 1 - 5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1979 - 1984 | 1/1/1979 | 12/31/1984 | N | 102/179-79 102/179-80 102/180-81 102/181-82 102/182-83/83 9/1/83-84 9/1/84-85 | N | St. Thomas the Apostle |
| 900227/2021 | REDACTED | REDACTED | Saint Patrick's Church, All Saints Regional Catholic School, Saint Patrick's School, and Atlantic-Midwest Province of the School Sisters of Notre Dame | Negligence; Negligent Hiring, Retention, Supervision or Direction | Approximately 1965 - 1966 | 3/1/1965 | 12/31/1966 | 102/164-65 102/165-66 102/166-67 | N | N | St. Patrick's Church |
| 900229/2021 | REDACTED | REDACTED | Sisters of Charity of the Blessed Virgin Mary, Our Lady of Loretto; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Hiring, Supervision of Employees; Negligent Retention of Employees | Approximately 1963 - 1964 | 1/1/1963 | 12/30/1964 | 102/163-63 102/163-64 102/164-65 | N | N | Our Lady of Loretto |
| 900230/2021 | REDACTED | REDACTED | St. Raphael a/k/a St. Raphael Parish; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1959 - 1961 | 1/1/1959 | 12/31/1961 | 102/158-59 102/159-60 102/160-61 102/161-62 | N | N | St. Raphael |
| 900232/2021 | REDACTED | REDACTED | St. Anne; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1996 - 1999 | 1/1/1996 | 12/31/1999 | N | N | Y | St. Anne |
| 900235/2021 | REDACTED | REDACTED | St. Brigid; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1986 - 1987 | 1/1/1986 | 12/31/1987 | N | 9/1/85-86 | N | St. Brigid |
| 900242/2021 | REDACTED | REDACTED | Holy Trinity Diocesan High School, The Convent of the Sisters of Mercy in Brooklyn, and Sisters of Mercy of the Americas of the Mid-Atlantic Community | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises liability | Approximately 1988 - 1989 | 1/1/1988 | 12/31/1989 | N | 9/1/84 | Y | Holy Trinity Diocesan High School |
| 900246/2021 | REDACTED | REDACTED | St. Anthony's Roman Catholic Church, St. Anthony's School, James Bridget Hadley, and Sisters of Saint Dominic of Blauvelt, New York | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Premises Liability | Approximately 1966 | 1/1/1966 | 12/31/1966 | 102/165-66 102/166-67 | N | N | St. Anthony's Roman Catholic Church |
| 900246/2021 | REDACTED | REDACTED | St. Agnes Roman Catholic Cathedral | Negligence | Approximately 1981 - 1982 | 3/18/1981 | 3/17/1983 | N | 102/180-81 102/181-82 102/182-83/83 | N | St. Agnes Cathedral |
| 900302/2021 | REDACTED | REDACTED | St. Raymond of Penyafort Roman Catholic Church, and St. Raymond School | Negligence; Negligent Supervision; Negligent Hiring, Retention, Training, Direction and Supervision; | Approximately 1961 - 1963 | 9/1/1961 | 5/31/1963 | 102/161-62 102/162-63 | N | N | St. Raymond of Penyafort |
| 900302/2021 | REDACTED | REDACTED | St. Raymond of Penyafort Roman Catholic Church, and St. Raymond School | Negligence; Negligent Supervision; Negligent Hiring, Retention, Training, Direction and Supervision; | Approximately 1961 - 1963 | 9/1/1961 | 5/31/1963 | 102/160-61 102/161-62 102/162-63 | N | N | St. Raymond of Penyafort |
| 900265/2021 | REDACTED | REDACTED | St. Ladislaus Roman Catholic Parish, St. Ladislaus School, Congregation of Sisters of St. Felix of Cantalice Third Order Regular of St. Francis of Assisi, and Our Lady of Hope Province (f/k/a Immaculate Heart of Mary Province | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | Approximately 1971 - 1972 | 1/1/1971 | 12/30/1972 | 102/170-71 102/171-72 102/172-73 | N | N | St. Ladislaus Roman Catholic Parish |
| 900269/2021 | REDACTED | REDACTED | Maria Regina Diocesan High School, and Congregation of the Sisters Servants of the Immaculate Heart of Mary, Scranton, Pennsylvania | Negligence; Negligent Supervision; Negligent Hiring, Retention, Training, Direction and Supervision. | Approximately 1975 | 9/1/1975 | 11/30/1975 | 102/174-75 102/175-76 | N | N | |
| 900271/2021 | REDACTED | REDACTED | St. Hugh of Lincoln a/k/a St. Hugh of Lincoln Roman Catholic Church a/k/a St. Hugh's; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1980 - 1983 | 1/1/1980 | 12/31/1988 | N | 102/179-80 102/180-81 102/181-82 102/182-83/83 9/1/83-84 9/1/84-85 | N | St. Hugh of Lincoln |
| 900272/2021 | REDACTED | REDACTED | St. Gerard Majella, and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Hiring, Supervision of Employees; Negligent Retention of Employees | Approximately 1980 - 1985 | 1/1/1980 | 12/31/1985 | N | 102/179-80 102/180-81 102/181-82 102/182-83/83 9/1/83-84 9/2/85-86 | N | St. Gerard Majella |
| 900277/2021 | REDACTED | REDACTED | St. Catherine of Sienna a/k/a St. Catherine of Siena; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1975 - 1977 | 1/1/1975 | 12/31/1977 | 102/174-75 102/175-76 | N | N | St. Catherine of Sienna |
| 36/2021; 610249 | REDACTED | REDACTED | St. John of God; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1980 - 1981 | 1/1/1980 | 12/31/1981 | N | 102/180-81 102/181-82 | N | St. John of God |
| 36/2021; 610249 | REDACTED | REDACTED | St. John of God; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1980 - 1981 | 1/1/1980 | 12/31/1981 | N | 102/179-80 102/180-81 102/181-82 | N | St. John of God |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** Start | Approximate POC Period of Alleged Abuse** End | Insurance Program Potentially Implicated by POC Period* Royal/Arrowood Program | Insurance Program Potentially Implicated by POC Period* LMI/Allianz Program | Ecclesia Program | DFI/Cx Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 900289/2021 | REDACTED | REDACTED | St. Pius X Preparatory Seminary | Negligence; Negligent Hiring, Retention and Supervision; | Approximately 1964 - 1965 | 1/1/1964 | 12/31/1965 | 10/1/63-64 10/1/64-65 10/1/65-66 | N | N | St. Pius X Preparatory Seminary |
| 900294/2021 | REDACTED | REDACTED | St. Francis De Sales Catholic Church | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1978 | 1/1/1977 | 12/31/1978 | N | 10/1/76-77 10/1/77-78 10/1/78-79 | N | St. Francis De Sales Catholic Church |
| 900298/2021 | REDACTED | REDACTED | Diocese of Rockville Centre, Holy Trinity Diocese High School and/or Department of Education, Diocese of Rockville Centre | Negligence/Gross Negligence; Negligent Hiring/Retention/Supervision/Direction; Negligent Infliction of Emotional Distress; | Approximately 1977 | 3/1/1977 | 5/31/1977 | N | 10/1/76-77 | N | DRVC |
| 900301/2021 | REDACTED | REDACTED | Our Lady of Lourdes; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1995 - 1997 | 1/1/1995 | 12/31/1997 | N | N | Y | Our Lady of Lourdes |
| 900303/2021 | REDACTED | REDACTED | Diocese of Rockville Centre and St. Joseph's Church | Negligence; Negligent Hiring, Retention and Supervision; Negligent Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; | Approximately 1973 - 1974 | 1/1/1973 | 12/31/1974 | 10/1/72-73 10/1/73-74 10/1/74-75 | N | N | DRVC |
| 900307/2021 | REDACTED | REDACTED | Holy Trinity Diocesan High School | Negligent Hiring/Retention/Supervision/Direction; Negligent, Reckless, and Willful Misconduct; Premises Liability; | Approximately 1978 - 1979 | 9/1/1978 | 11/30/1979 | N | 10/1/77-78 10/1/78-79 10/1/79-80 | N | Holy Trinity Diocesan High School |
| 39/2021-900041/2021 | REDACTED | REDACTED | Congregation of the Sisters Servants of the Immaculate Heart of Mary, Scranton, Pennsylvania f/k/a The Congregation of the Immaculate Heart, Congregation of the Sisters, Servants of the Immaculate Heart of Mary, Scranton, Pa., and Convent of the Sisters, Servants of the Immaculate Heart of Mary a/k/a Convent of the Sisters, Servants of the Immaculate Heart of Mary Corp. | Negligence, Negligent Hiring, Retention, Supervision, and/or Direction, Breach of Non-Delegable Duty, Negligent Infliction of Emotional Distress | Approximately 1973-1975 | 1/1/1972 | 12/31/1975 | 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | N | N | |
| 39/2021-900041/2021 | REDACTED | REDACTED | Congregation of the Sisters Servants of the Immaculate Heart of Mary, Scranton, Pennsylvania f/k/a The Congregation of the Immaculate Heart, Congregation of the Sisters, Servants of the Immaculate Heart of Mary, Scranton, Pa., and Convent of the Sisters, Servants of the Immaculate Heart of Mary a/k/a Convent of the Sisters, Servants of the Immaculate Heart of Mary Corp. | Negligence, Negligent Hiring, Retention, Supervision, and/or Direction, Breach of Non-Delegable Duty, Negligent Infliction of Emotional Distress | Approximately 1973-1975 | 1/1/1973 | 12/31/1974 | 10/1/72-73 10/1/73-74 10/1/74-75 | N | N | |
| 900312/2021 | REDACTED | REDACTED | Immaculate Conception; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1984 - 1985 | 1/1/1984 | 12/31/1985 | N | N | N | Immaculate Conception |
| 900313/2021 | REDACTED | REDACTED | St. Hedwig's; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1973 - 1974 | 1/1/1973 | 12/31/1974 | 10/1/72-73 10/1/73-74 10/1/74-75 | N | N | St. Hedwig's |
| 900314/2021 | REDACTED | REDACTED | St. Joseph's a/k/a St. Joseph; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1962 | 1/1/1962 | 12/31/1962 | 10/1/61-62 10/1/62-63 | N | N | St. Joseph's |
| 900344/2021 | REDACTED | REDACTED | Catholic Youth Organization a/k/a Catholic Youth Organization of Nassau and Suffolk, Maryfair Day Camp, St. Lawrence the Martyr, Our Lady of Lourdes, St. Pius X Preparatory Seminary, and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1961 - 1964 | 1/1/1961 | 12/30/1964 | 10/1/60-61 10/1/61-62 10/1/62-63 10/1/63-64 10/1/64-65 | N | N | St. Lawrence the Martyr, Our Lady of Lourdes, St. Pius X Preparatory Seminary |
| 900345/2021 | REDACTED | REDACTED | St. John of God; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1972 - 1973 | 1/1/1972 | 12/31/1973 | 10/1/71-72 10/1/72-73 10/1/73-74 | N | N | St. John of God |
| 900353/2021 | REDACTED | REDACTED | Our Lady of Mercy Roman Catholic Church | Negligence | Approximately 1971 - 1973 | 1/1/1971 | 12/31/1973 | 10/1/70-71 10/1/71-72 10/1/72-73 10/1/73-74 | N | N | Our Lady of Mercy Roman Catholic Church |
| 900357/2021 | REDACTED | REDACTED | Roman Catholic Church of SS Cyril and Methodius, Our Lady of Guadalupe Catholic School f/k/a SS Cyril and Methodius School and Our Lady of Providence Regional; Sisters of St. Joseph; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Retention and Supervision | "mid 80s" | 1/1/1984 | 12/31/1984 | N | 9/1/83-84 9/1/84-85 | N | Roman Catholic Church of Sts. Cyril and Methodius |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** Start | End | Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | DRY/Cel Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 900356/2021 | REDACTED | REDACTED | Holy Family Roman Catholic Church; Holy Family Roman Catholic Parish; Holy Family School; Dominican Sister of Sparkill; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Hiring and Supervision | Approximately 1978 - 1979 | 12/1/1980 | 8/31/1981 | N | 10/1/80-81 | N | Holy Family Roman Catholic Church |
| 900362/2021 | REDACTED | REDACTED | St. John of God; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1974 | 6/1/1974 | 8/30/1974 | 10/1/73-74 | N | N | St. John of God |
| 900363/2021 | REDACTED | REDACTED | Holy Trinity Diocesan High School a/k/a Holy Trinity; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1980 | 6/1/1980 | 8/30/1980 | N | 10/1/79-80 | N | Holy Trinity Diocesan High School |
| 900364/2021 | REDACTED | REDACTED | St. Anne's; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1977 - 1980 | 1/1/1977 | 12/30/1980 | N | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 10/1/80-81 | N | St. Anne's |
| 900366/2021 | REDACTED | REDACTED | St. Brigid Catholic Church, The Roman Catholic Diocese of Rockville Centre, Father John Smith a/k/a Father Smith, and John Does #1-5 (fictitiously named) | Negligence, Negligent Hiring and Retention, Negligent Supervision, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Negligent Misrepresentation, Breach of Statutory Duty to Report Abuse Under Social Services Law 413 and 420 | Approximately 1962 | 6/1/1961 | 8/30/1961 | 10/1/60-61 | N | N | DRVC |
| 900369/2021 | REDACTED | REDACTED | St. James; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1983 - 1987 | 1/2/1983 | 12/31/1987 | N | 10/1/82-83/83 9/1/83-84 9/1/84-85 9/1/85-86 | N | St. James |
| 900374/2021 | REDACTED | REDACTED | Our Lady of Perpetual Help Parish; Our Lady of Perpetual Help Roman Catholic Church; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Retention and Supervision | Approximately 1969 - 1972 | 3/2/1969 | 5/31/1972 | 10/1/68-69 10/1/69-70 10/1/70-71 10/1/71-72 | N | N | Our Lady of Perpetual Help Parish |
| 900377/2021 | REDACTED | REDACTED | St. Aiden's a/k/a St. Aiden's Church; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1973 - 1977 | 1/1/1973 | 12/31/1977 | 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 | N | St. Aiden's |
| 900378/2021 | REDACTED | REDACTED | St. Pius X Parish is/k/a St. Pius X Roman Catholic Church, St. Pius X School, Sisters of Mercy a/k/a St. Francis Convent of the Sisters of Mercy a/k/a The Convent of the Sisters of Mercy in Brooklyn, Sisters of Mercy of the Americas Mid-Atlantic Community, Inc., and Sisters of Mercy of The Americas, Inc. | Negligence, Negligent Hiring, Retention, Supervision, and/or Direction; | Approximately 1964 | 1/2/1964 | 12/31/1965 | 10/1/63-64 10/1/64-65 10/1/65-66 | N | N | St. Pius X Parish |
| 900382/2021 | REDACTED | REDACTED | Infant Jesus Roman Catholic Church; Our Lady of Wisdom Catholic School f/k/a Infant Jesus Grammar School; Daughters of Wisdom, United States Province; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Retention and Supervision | Approximately 1977 - 1978 | 1/2/1978 | 12/31/1978 | N | 10/1/77-78 10/1/78-79 | N | Infant Jesus Roman Catholic Church |
| 900383/2021 | REDACTED | REDACTED | Parish of Saint Martin of Tours; Saint Martin of Tours Roman Catholic Church; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Retention and Supervision | Approximately 1959 - 1961 | 1/2/1959 | 12/31/1961 | 10/1/58-59 10/1/59-60 10/1/60-61 10/1/61-62 | N | N | Parish of Saint Martin of Tours |
| 900383/2021 | REDACTED | REDACTED | St. Mary's College Preparatory High School; St. Mary's Roman Catholic Church; Marist Brothers Province of the United States of America a/k/a Marist Brothers of the Schools, Inc.; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Retention and Supervision | Approximately 1960 | 12/1/1960 | 2/28/1961 | 10/1/60-61 | N | N | St. Mary's Roman Catholic Church |
| 900384/2021 | REDACTED | REDACTED | St. Frances Cabrini Roman Catholic Church; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Retention and Supervision | Approximately 1970 - 1978 | 1/2/1970 | 12/31/1978 | 10/1/69-70 10/1/70-71 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 | N | St. Frances Cabrini Roman-Catholic Church |
| 900385/2021 | REDACTED | REDACTED | Saint Anne's Roman Catholic Church; Saint Anne's Parish; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Retention and Supervision | Approximately 2002 | 9/1/2002 | 12/31/2002 | N | N | Y | St. Anne's Roman Catholic Church |

EXHIBIT A – Page 39

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** Start | End | Insurance Program Potentially Implicated by POC Period* Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 900386/2021 | REDACTED | REDACTED | Parish of St. Thomas More, St. Thomas More Roman Catholic Church, and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Retention and Supervision | Approximately 1976 - 1982 | 1/1/1976 | 12/31/1986 | 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 10/1/80-81 10/1/81-82 10/1/82-93/2/83 9/1/83-84 9/1/84-85 9/1/85-86 | N | Parish of St. Thomas More |
| 900387/2021 | REDACTED | REDACTED | St. Brigid's Parish, St. Brigid's Catholic Church, St. Brigid/Our Lady of Hope Regional School, Sisters of Notre Dame De Namur, and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Retention and Supervision | Approximately 1959 - 1963 | 1/1/1963 | 12/31/1965 | 10/1/62-63 10/1/63-64 10/1/64-65 10/1/65-66 | N | N | St. Brigid's Parish |
| 900388/2021 | REDACTED | REDACTED | Congregation of the Holy Spirit a/k/a Holy Ghost Fathers of Ireland d/b/a Holy Ghost Fathers of Ireland, Inc., St. Mary's a/k/a Church of St. Mary, and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees, Negligent Retention of Employees | Approximately 1964 - 1968 | 1/1/1964 | 12/31/1968 | 10/1/63-64 10/1/64-65 10/1/65-66 10/1/66-67 10/1/67-68 10/1/68-69 | N | St. Mary's |
| 900389/2021 | REDACTED | REDACTED | Our Lady of Victory Parish Elementary School, and Our Lady of Victory Parish | Negligence, Gross Negligence; Intentional Infliction of Emotional Distress; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress | Approximately 1978 - 1984 | 1/1/1978 | 12/31/1984 | N | 10/1/77-78 10/1/78-79 10/1/79-80 10/1/80-81 10/1/81-82 10/1/82-93/2/83 9/1/83-84 9/1/84-85 | N | Our Lady of Victory Parish |
| 900390/2021 | REDACTED | REDACTED | Parish of St. Joseph, St. Joseph Roman Catholic Church, Catholic Daughters of the Americas, and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Retention and Supervision | Approximately 1995 - 1997 | 1/1/1995 | 12/31/1997 | N | N | N | St. Joseph Roman Catholic Church |
| 900391/2021 | REDACTED | REDACTED | St. Luke Roman Catholic Church and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Retention and Supervision | Approximately 1976 - 1977 | 1/1/1976 | 12/31/1977 | 10/1/75-76 | 10/1/76-77 10/1/77-78 | N | St. Luke Roman Catholic Church |
| 900392/2021 | REDACTED | REDACTED | The Roman Catholic Diocese of Rockville Centre and John and Jane Does # 1-5 | Negligence, Childhood Sexual Abuse and Vicarious Liability; Negligent Hiring and Retention; Negligent Supervision; Negligent Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Negligent Misrepresentation; Breach of Statutory Duty To Report Abuse Under Social Services Law 413 and 420 | Approximately 1969 - 1975 | 1/1/1969 | 12/31/1975 | 10/1/68-69 10/1/69-70 10/1/70-71 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | N | DRVC |
| 900393/2021 | REDACTED | REDACTED | St. Hugh of Lincoln Roman Catholic Church; Sisters of St. Dominic of Amityville; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Retention and Supervision | Approximately 1974 - 1977 | 1/1/1972 | 12/31/1977 | 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 | N | St. Hugh of Lincoln Roman Catholic Church |
| 900394/2021 | REDACTED | REDACTED | The Parish of Saint Patrick, Saint Patrick's Roman Catholic Church, St. Patrick School; Sisters of Mercy of the Americas; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Retention and Supervision | Approximately 1993 - 1996 | 1/1/1993 | 12/31/1996 | N | N | Y | St. Patrick's Roman Catholic Church |
| 900395/2021 | REDACTED | REDACTED | St. Ladislaus Roman Catholic Church, Congregation of Sisters of St. Felix of Cantalice Third Order Regular of St. Francis of Assisi, and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Retention and Supervision | Approximately 1981 - 1982 | 1/1/1981 | 12/31/1982 | N | 10/1/80-81 10/1/81-82 10/1/82-93/2/83 | N | St. Ladislaus Roman Catholic Church |
| 900396/2021 | REDACTED | REDACTED | St. Patrick's Roman Catholic Church, St. Patrick School; Sisters of St. Joseph; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Retention and Supervision | Approximately 1975 | 1/1/1975 | 12/31/1975 | 10/1/74-75 10/1/75-76 | N | N | St. Patrick's Roman Catholic Church |
| 900397/2021 | REDACTED | REDACTED | St. Therese of Lisieux Church; St. Therese of Lisieux Parish; and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Retention and Supervision | Approximately 1984 - 1986 | 1/1/1985 | 12/31/1987 | N | 9/1/84-85 9/1/85-86 | N | St. Therese of Lisieux Church |
| 900398/2021 | REDACTED | REDACTED | Church of the Holy Spirit; Sisters of St. Dominic of Amityville; and Does 1-5 Whose identities are Unknown to Plaintiff | Negligence, Negligent Retention and Supervision | Approximately 1990 | 1/1/1990 | 12/31/1990 | N | N | Y | Church of the Holy Spirit |

EXHIBIT A – Page 40

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | Ecclesia Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | | |
| 900402/2021 | REDACTED | REDACTED | St. William The Abbot Roman Catholic Church; St. William The Abbot Parish; St. William The Abbot Roman Catholic School; Ursuline Sisters of Tildonk; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Retention and Supervision | Approximately 1980 | 3/1/1980 | 11/30/1980 | N | 10/1/79-80 10/1/80-81 | N | St. William the Abbot Roman Catholic Church |
| 900403/2021 | REDACTED | REDACTED | Holy Trinity High School | Negligence; Negligent Retention and Supervision | Approximately 1977 - 1979 | 1/1/1977 | 12/31/1979 | N | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 | N | Holy Trinity Diocesan High School |
| 900002/2019 | REDACTED | REDACTED | Diocese of Rockville Center and Chaminade High School | Negligence; Negligent hiring, retention and supervision; Negligent infliction of emotional distress | Approximately 1970-1971 (REDACTED); Approximately 1972-1973 (REDACTED) | 12/1/1972 | 5/31/1973 | 10/1/72-73 | N | N | DRVC |
| 900002/2019 | REDACTED | REDACTED | Diocese of Rockville Center and Chaminade High School | Negligence; Negligent hiring, retention and supervision; Negligent infliction of emotional distress | Approximately 1970-1971 (REDACTED); Approximately 1972-1973 (REDACTED) | 9/1/1970 | 6/30/1971 | 10/1/69-70 10/1/70-71 | N | N | DRVC |
| 950107/2019 | REDACTED | REDACTED | Diocese of Rockville Centre and St. Joseph's Roman Catholic Church | Vicarious Liability in Respondeat Superior; Negligence in Hiring, Retention and Supervision; Inadequate Security; Negligence; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress | Approximately 1974 | 3/1/1971 | 5/31/1974 | 10/1/70-71 10/1/71-72 10/1/72-73 10/1/73-74 | N | N | DRVC |
| 950106/2019 | REDACTED | REDACTED | The Roman Catholic Diocese of Rockville Centre, New York; The New York Province of the Society of Jesus; U.S.A. Northeast Province of the Jesuit Fathers and Brothers, a/k/a U.S.A. Northeast Province; The USA Northeast Province of the Society of Jesus, Inc.; and St. Ignatius Retreat House, Inc. | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Non-Delegable Duty; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress; Breach of Duty in Loco Parentis | Approximately 1980 - 1981 | 1/1/1980 | 12/30/1980 | N | 10/1/79-80 10/1/80-81 | N | DRVC |
| 950220/2020 | REDACTED | REDACTED | The Roman Catholic Diocese of Rockville Centre, Kellenberg Memorial High School, The Marianist Province of Meribah, Marina Trentacosti and David Geiger | Negligence, Gross Negligence | Approximately 1998-2001 | 1/1/1998 | 12/31/2001 | N | N | Y | DRVC |
| 950240/2020 | REDACTED | REDACTED | THE DIOCESE OF ROCKVILLE CENTRE, ST. KILIAN ROMAN CATHOLIC CHURCH, ST. JOHN BAPTIST DE LASALLE REGIONAL SCHOOL, a successor in interest to, ST. KILIAN PARISH SCHOOL, and EDMUND P. NEEDHAM | Negligence/Gross Negligence, Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty, Breach of Non-Delegable Duty, Breach of Duty in Loco Parentis, Negligent Infliction of Emotional Distress, Breach of Statutory Duty to Report Abuse; Battery, Assault | Approximately 1972 to 1980 | 1/1/1972 | 12/30/1980 | 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | N | N | DRVC |
| 950240/2020 | REDACTED | REDACTED | THE DIOCESE OF ROCKVILLE CENTRE, ST. KILIAN ROMAN CATHOLIC CHURCH, ST. JOHN BAPTIST DE LASALLE REGIONAL SCHOOL, a successor in interest to, ST. KILIAN PARISH SCHOOL, and EDMUND P. NEEDHAM | Negligence/Gross Negligence, Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty, Breach of Non-Delegable Duty, Breach of Duty in Loco Parentis, Negligent Infliction of Emotional Distress, Breach of Statutory Duty to Report Abuse; Battery, Assault | Approximately 1972 to 1980 | 1/1/1972 | 12/31/1980 | 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 10/1/80-81 | N | DRVC |
| 950191/2020 | REDACTED | REDACTED | ARCHDIOCESE OF NEW YORK; COVENANT HOUSE; DIOCESE OF ROCKVILLE CENTRE; ST. LAWRENCE THE MARTYR ROMAN CATHOLIC CHURCH AND SCHOOL; SISTERS OF NOTRE DAME; ORDER OF FRIARS MINOR CONVENTUAL; ST. ANTHONY OF PADUA PROVINCE; and SISTERS OF CHARITY OF SAINT VINCENT DE PAUL OF NEW YORK A/K/A THE SISTERS OF CHARITY OF NEW YORK | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1977-1979 | 1/1/1977 | 12/31/1979 | N | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 | N | DRVC |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** Start | End | Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 950642/2020 | REDACTED | CITY OF NEW YORK, NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES f/k/a BUREAU OF CHILD WELFARE, ARCHDIOCESE OF NEW YORK, PIUS XII YOUTH AND FAMILY SERVICES, INC. a/k/a GOOD SHEPHERD SERVICES, BROTHERS OF THE HOLY CROSS, a/k/a BROTHERS OF THE HOLY CROSS OF THE EASTERN PROVINCE OF THE UNITED STATES OF AMERICA, INC., THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE a/k/a CATHOLIC HEALTH SERVICES OF LONG ISLAND, MARYHAVEN CENTER OF HOPE, INC. f/k/a MARYHAVEN CENTER FOR CHILDREN, and THE DAUGHTERS OF WISDOM, INC. | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty (to Report Abuse Under Soc. Serv. Law 413 and 420) | Approximately 1983 - 1987 | 1/1/1983 | 12/31/1987 | N | 10/1/82-9/1/83 9/1/83-84 9/1/84-85 9/1/85-86 | N | DRVC |
| 906063/2020 | REDACTED | Roman Catholic Diocese of Providence; Dominican Friars of the Province of St. Joseph; The Roman Catholic Diocese of Rockville Centre and St. Mary's Roman Catholic Church at East Islip, in the County of Suffolk, State of New York | Negligent Hiring/Retention/Supervision/Direction | Approximately 1981 - 1982 | 12/1/1981 | 7/31/1982 | N | 10/1/81-82 | N | DRVC |
| 950944/2021 | REDACTED | Suffolk County Councilinc., Boy Scouts of America; St. Philip Neri Church; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Hiring of Employees; Negligent Training and Supervision; Negligent Retention of Employees; | Approximately 1959-1962 | 1/1/1959 | 12/31/1962 | 10/1/58-59 10/1/59-60 10/1/60-61 10/1/61-62 10/1/62-63 | N | N | St. Philip Neri Church |
| 951159/2021 | REDACTED | Catholic Guardians; Holy Name of Mary Catholic School; City of New York, New York City Office of Children and Family Services; John and Jane Does 1-10, whose identities are presently unknown to Plaintiff, in their official and individual capacities | Negligence Per Se; Negligent Undertaking; | Approximately 1980 - 1987 | 1/1/1981 | 12/31/1991 | N | 10/1/80-81 10/1/81-82 10/1/82-9/1/83 9/1/83-84 9/1/84-85 9/1/85-86 | Y | Holy Name of Mary Catholic School |
| 951160/2021 | REDACTED | Catholic Guardians; Holy Name of Mary Catholic School; City of New York, New York City Office of Children and Family Services; John and Jane Does 1-10, whose identities are presently unknown to Plaintiff, in their official and individual capacities | Negligence Per Se; Negligent Undertaking; | Approximately 1980 - 1987 | 1/1/1985 | 12/31/1991 | N | 9/1/84-85 9/1/85-86 | N | Holy Name of Mary Catholic School |
| 951198/2021 | REDACTED | Catholic Diocese of Rockville Centre; St. John Nepomucene Roman Catholic Church; Fr. Raphael Parish; and Approximately 60 more additional defendants | Negligence, Gross Negligence; Negligent Selection, Training, Supervision, and Retention; | Approximately 2019 | 1/1/1972 | 12/31/1974 | 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 | N | N | DRVC |
| 951198/2021 | REDACTED | Catholic Diocese of Rockville Centre; St. John Nepomucene Roman Catholic Church; Fr. Raphael Parish; and Approximately 60 more additional defendants | Negligence, Gross Negligence; Negligent Selection, Training, Supervision, and Retention; | Approximately 2019 | 1/1/1994 | 12/31/1996 | N | N | Y | DRVC |
| 70041/2021E | REDACTED | The Roman Catholic Diocese of Brooklyn, Franciscan Brothers, Camp Alvernia and Friars of Assumption BVM Province, Inc. | Negligence, Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1956 - 1957 | 1/1/1956 | 12/31/1958 | 10/1/56-57 10/1/57-58 | N | N | DRVC |
| 400091/2021 | REDACTED | HOLY GHOST FATHERS a/k/a CONGREGATION OF THE HOLY SPIRIT a/k/a PROVINCE OF THE UNITED STATES OF AMERICA f/k/a HOLY GHOST FATHERS IRELAND f/k/a CONGREGATION OF THE HOLY GHOST AND OF THE IMMACULATE HEART OF MARY | Negligent retention and negligent supervision, negligence; gross negligence, recklessness, negligent training and supervision of employees, | Approximately 1969 | 1/1/1969 | 12/31/1970 | 10/1/68-69 10/1/69-70 | N | N | DRVC |
| 513595/2020 | REDACTED | Diocese of Brooklyn, St. Joseph's Parish; and Franciscan Sisters of the Poor | Negligence | Approximately 1947 | | | N | N | N | |
| 520003/2021 | REDACTED | Roman Catholic Diocese of Brooklyn and St. Rocco Roman Catholic Church | Negligent Supervision and Retention; Breach of Fiduciary Duty; | Approximately 1950 | | | N | N | N | |
| 605997/2019 | REDACTED | Stephen Donnelly, Roman Catholic Diocese of Rockville Centre and Maria Regina Roman Catholic Church | Breach of Fiduciary Duty, negligence, violation of NY state Human rights law – gender discrimination in terms, conditions, and privileges, sexual harassment, violation of NYSHRL, violation of NYSHRL – hostile work environment, violation of NYSHRL retaliation. | Approximately 2018 | | | N | N | Y | DRVC |

EXHIBIT A – Page 42

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | Ecclesia Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | | |
| 610378/2021 | REDACTED | REDACTED | St. John of God Roman Catholic Church | Summons with Notice Only | Summons with Notice Only | | | | | | St. John of God Roman Catholic Church |
| 610600/2020 | REDACTED | REDACTED | Suffolk County Council, Inc., Boy Scouts of America; St. Philip Neri Parish, Diocese of Rockville Centre | Negligence; Reckless Conduct | Approximately 1995 | | | N | N | Y | DRVC |
| 614918/2021 | REDACTED | REDACTED | Suffolk County, Catholic Charities of Long Island and Does 1-10 | Negligence | Approximately 1996 | | | N | N | N | Catholic Charities of Long Island |
| 614919/2021 | REDACTED | REDACTED | St. Philip Neri School, Trinity Regional School, Sr Direction; Philip Neri Church and The Sisters of Saint Joseph | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | Approximately 1977 | | | N | 10/1/76-77 10/1/77-78 | N | St. Philip Neri Church |
| 615542/2021 | REDACTED | REDACTED | Suffolk County Council, Inc., The Diocese of Rockville Center, NY and Methodist Church New York Conference | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | REDACTED - approximately 1978; REDACTED - approximately 1993-1996; REDACTED - approximately 1968; REDACTED - approximately 1956; REDACTED - approximately 1970-1971; REDACTED - approximately 1977; REDACTED - approximately 1978 | | | 10/1/56-57 10/1/67-68 10/1/68-69 10/1/69-70 10/1/70-71 10/1/71-72 | 10/1/76-77 10/1/77-78 10/1/78-79 | Y | DRVC |
| 616239/2021 | REDACTED | REDACTED | Maryhaven Center of Hope, Inc., Catholic Health Services of Long Island, and Nicholas Maturello | Summons with Notice Only | Summons with Notice Only | | | | | | Maryhaven Center of Hope, Inc., Catholic Health Services of Long Island |
| 900017/2021 | REDACTED | REDACTED | St. Mary's College Preparatory High School, and Marist Brothers of the Schools, Province of the United States of America | Negligent Supervision; Negligent Retention; Negligent Hiring | Approximately 1981 - 1983 | | | N | 10/1/80-81 10/1/81-82 10/1/82-83 9/1/83-84 | N | |
| 900142/2021 | REDACTED | REDACTED | St. Hugh of Lincoln Roman Catholic Church | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1974 | | | 10/1/73-74 10/1/74-75 | N | N | St. Hugh of Lincoln Roman Catholic Church |
| 900192/2021 | REDACTED | REDACTED | Our Lady of Fatima RC Church a/k/a Our Lady of Fatima, and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1975 - 1979 | | | 10/1/74-75 10/1/75-76 | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 | N | Our Lady of Fatima Roman Catholic Church |
| 900159/2021 | REDACTED | REDACTED | La Salle Military Academy, and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1965 - 1967 | | | 10/1/64-65 10/1/65-66 10/1/66-67 10/1/67-68 | N | N | |
| 900260/2021 | REDACTED | REDACTED | La Salle Military Academy, and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1958 - 1959 | | | 10/1/57-58 10/1/58-59 10/1/59-60 | N | N | |
| 900161/2021 | REDACTED | REDACTED | La Salle Military Academy, and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1987 - 1989 | | | 10/1/86-87 10/1/87-88 10/1/88-89 | N | Y | |
| 900164/2021 | REDACTED | REDACTED | Catholic Big Brothers of Long Island, and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1970 - 1971 | | | 10/1/69-70 10/1/70-71 10/1/71-72 10/1/72-73 | N | N | |
| 900302/2021 | REDACTED | REDACTED | St. Pius X RC Church a/k/a Saint Pius Roman Catholic Parish; Saint Pius X RC School; Sisters of | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1967 - 1972 | | | 10/1/66-67 10/1/67-68 10/1/68-69 10/1/69-70 10/1/70-71 10/1/71-72 10/1/72-73 | N | N | St. Pius X Roman Catholic Church |
| 900305/2021 | REDACTED | REDACTED | Suffolk County Council (#404 Boy Scouts of America and Diocese of Rockville Centre | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1965; Approximately 1977 | | | 10/1/63-64 10/1/63-64 | 10/1/76-77 10/1/77-78 | N | DRVC |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Program Potentially Implicated by POC Period* | | Ecclesia Program | DRVC or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | | |
| 903346/2021 | REDACTED | REDACTED | Theodore Roosevelt Council, Inc., Methodist New Town Conference, and The Catholic Diocese of Rockville Centre | Negligence, Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | REDACTED - approximately 1961; REDACTED - approximately 1973; REDACTED - approximately 1978; REDACTED - approximately 1978; REDACTED - approximately 1966-1967; REDACTED - approximately 1980; REDACTED - approximately 1955; REDACTED - approximately 1970; REDACTED - approximately 1962-1966; REDACTED - approximately 1966; REDACTED - approximately 1968-1969; REDACTED - approximately 1959 | | | 10/1/58-59 10/1/59-60 10/1/60-61 10/1/61-62 10/1/63-63 10/1/63-64 10/1/65-66 10/1/66-67 10/1/67-68 10/1/68-69 10/1/69-70 10/1/70-71 10/1/73-73 10/1/73-74 | 10/1/77-78 10/1/78-79 | | DRVC |
| 900513/2021 | REDACTED | REDACTED | Theodore Roosevelt Council 386 Boy Scouts of America and Diocese of Rockville Centre | Negligence, Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1965; Approximately 1967; Approximately 1978; Approximately 1981; Approximately 1965; Approximately 1982 | | | 10/1/63-63 10/1/63-64 10/1/64-65 10/1/65-66 10/1/66-67 10/1/67-68 | 10/1/77-78 10/1/78-79 | N | DRVC |
| 900012/2019 | REDACTED | REDACTED | Diocese of Rockville Centre a/k/a The Roman Catholic Diocese of Rockville Centre, New York, Saints Philip and James Roman Catholic Church, and Does 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees, Negligent Retention of Employees | Approximately 1972 - 1976 | | | 10/1/71-72 10/1/72-73 10/1/73-74 10/1/74-75 10/1/75-76 | 10/1/76-77 | N | DRVC |
| 900070/2019 | REDACTED | REDACTED | Diocese of Rockville Centre and Holy Trinity High School | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1977 | | | N | 10/1/76-77 | N | DRVC |
| 951014/2021 | REDACTED | REDACTED | Archdiocese of New York, St. Francis de Sales Roman Catholic Church, St. Patrick's Cathedral, and St. Joseph of the Holy Family Roman Catholic Church | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1978 | | | N | 10/1/77-78 10/1/78-79 | N | |
| 951246/2021 | REDACTED | REDACTED | Boy Scouts of America, Greater New York Council, Saint Joseph Elementary School, et al | Negligence, Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1988 - 1990 | | | N | N | Y | St. Joseph Elementary School |
| 951389/2021 | REDACTED | REDACTED | Catholic Health System of Long Island, INC. d/b/a Catholic Health Services of Long Island; Catholic Charities of the Archdiocese of New York; Catholic Home Bureau; and Catholic Guardian Services f/k/a Catholic Guardian Society and Home Bureau. | Negligence, Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1983 - 1984 | | | N | 10/1/82-83/83 9/1/83-84 9/1/84-85 | N | |
| 970001/2021 | REDACTED | REDACTED | The Holy See, Archdiocese of New York, Diocese of Rockville Centre, Our Lady of Good Counsel R.C. Church, Rev. Raymond C. David, Pastor Our Lady of Good Counsel R.C. Church, Rev. Gerard J. Gentleman, Priest, Our Lady of Good Counsel R.C. Church; Nassau County Republican Party; Dean Skelos; and Alphonse D'Amato. | Gitarious Liability; Negligence; Negligent Supervision and Retention; | Approximately 1977-1979 | | | N | 10/1/76-77 10/1/77-78 10/1/78-79 10/1/79-80 | N | DRVC |

| CVA Index Number | Related Proof of Claim | Claimant Name/State Court Plaintiff(s) | State Court Defendant(s) | Complaint Cause(s) of Action Alleged | Complaint Period of Alleged Abuse | Approximate POC Period of Alleged Abuse** | | Insurance Programs Potentially Implicated by POC Period* | | | DFJ/C or Co-Insured Defendant(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Start | End | Royal/Arrowood Program | LMI/Allianz Program | Ecclesia Program | |

\*   See Insurance Programs Chart

\*\*  Policy allocations rules for POCs are as follows:
Year only: First day of January to last day of December
Winter: First day of December to last day of February
Spring: First day of March to last day of May
Summer: First day of June to last day of August
Fall: First day of September to last day of November
Range of Season: First day of earliest season to last day of latest season
Age: Add year(s) to birthday. First day starts on birthday and ends on birthday for following year
Range of years: First day of earliest year to last day of latest year
"Late" (year)/(month)/(season): ignore the word "late" and apply the above rules

**DRVC Insurance Program Per Occurrence Limits**

**Royal/Kenwood Program (1956-1976)**

| | 10/1/56-57 | 10/1/57-58 | 10/1/58-59 | 10/1/59-60 | 10/1/60-61 | 10/1/61-62 | 10/1/62-63 | 10/1/63-64 | 10/1/64-65 | 10/1/65-66 | 10/1/66-67 | 10/1/67-68 | 10/1/68-69 | 10/1/69-70 | 10/1/70-71 | 10/1/71-72 | 10/1/72-73 | 10/1/73-74 | 10/1/74-75 | 10/1/75-76 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Primary | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 300,000 | 300,000 | 300,000 | 300,000 | 300,000 | 300,000 | 300,000 | 300,000 | 300,000 | 300,000 |
| Umbrella | | | | | | | 2,000,000 | 2,000,000 | 4,000,000 | 4,000,000 | 4,000,000 | 4,000,000 | 4,000,000 | 4,000,000 | 4,000,000 | 4,000,000 | 7,000,000 | 7,000,000 | 7,000,000 | 12,000,000 |

(yellow note, 72-73 column: "limit increased from $4M to $7M as of May 18, 1971")
(yellow note, 75-76 column: "limit increased from $7M to $12M as of March 1, 1975")

**LMI/Alliance Program (1976-1986)**

| | 10/1/76-77 | 10/1/77-78 | 10/1/78-79 | 10/1/79-80 | 10/1/80-81 | 10/1/81-82 | 10/1/82-83 | 9/1/83-84 | 9/1/84-85 | 9/1/85-86 |
|---|---|---|---|---|---|---|---|---|---|---|
| SIR | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 |
| Uninsured Gap/Aggregate | 1,900,000 | 1,800,000 | 2,400,000 | 2,400,000 | 2,400,000 | 2,400,000 | 2,400,000 | 2,400,000 | 3,900,000 | 4,900,000 |
| Specific Excess | 100,000 | 200,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 |
| Excess 1 | 5,000,000 | 5,000,000 | 4,800,000 | 4,800,000 | 4,800,000 | 4,800,000 | 4,800,000 | 4,800,000 | 4,800,000 | 5,000,000 |
| Excess 2 | 5,000,000 | 4,000,000 | 5,000,000 | 5,000,000 | 5,000,000 | 20,000,000 | 20,000,000 | 20,000,000 | 10,000,000 | 5,000,000 |
| Excess 3 | 5,000,000 | 15,000,000 | 10,000,000 | 20,000,000 | 40,000,000 | 25,000,000 | 25,000,000 | 25,000,000 | 10,000,000 | |
| Excess 4 | 5,000,000 | | 10,000,000 | 20,000,000 | | 50,000,000 | 50,000,000 | 50,000,000 | 25,000,000 | |
| Excess 5 | 5,000,000 | | | | | | | | 50,000,000 | |
| Excess 6 | | | | | | | | | | |

(red box: **INSOLVENT** — See Abuse Guidelines)

**Ecclesia Program**

The sexual abuse liability insurance coverage provided by Ecclesia is subject to per claim limits of $750,000 in excess of self-insured retentions (or deductibles) of $250,000 per claim and an aggregate limit of liability for sexual abuse claims of (i) $15 million for claims made and reported before October 31, 2020 based on alleged incidents that first occurred on or after September 1, 1986 and prior to October 31, 2019 and (ii) $7.5 million for claims made, and for claims based on alleged incidents that first occurred on or after October 31, 2019 and reported on or after November 1, 2019. Defense costs are within limits.

Notes:
1. The descriptions provided herein are intended to provide an overview of the Debtor's insurance program. To the extent that the statements made herein in any way conflict with or are expanded upon by the insurance policies, the language in the insurance policies control. The Debtor and the Committee reserve any and all rights with respect to the insurance policies. For the purposes of the hearing on the Motion, however, the parties shall not take positions that are contrary or inconsistent to the stipulated facts set forth herein.
2. The Royal primary policies provide for unlimited payment of defense costs for each claim, provided that the Royal primary policies' per-occurrence limits of liability have not been exhausted for that particular claim through indemnity payments. The Royal primary policies do not have any applicable aggregate limits of liability.
3. From June 4, 1964 – June 4, 1970, the Royal umbrella policies did not have any applicable aggregate limits of liability. From June 4, 1970 – October 1, 1976, the Royal umbrella policies likely did have applicable aggregate limits.
4. There is no applicable aggregate limit of liability under the Specific Excess Agreement. In addition, under the LMI Policies, defense costs are generally considered part of the "Ultimate Net Loss," meaning that defense costs erode the per-occurrence limits of liability.
5. The LMI/Alliance excess policies have no applicable aggregate limits of liability.

**EXHIBIT C**

JONES DAY
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew Butler
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

JONES DAY
Christopher DiPompeo (*pro hac vice*)
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-7686
Facsimile: (202) 626-1700

*Counsel for the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1]<br><br>Debtor. | Chapter 11<br>Case No.  20-12345 (MG) |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,<br><br>        Plaintiff,<br><br>v.<br><br>ARK320 DOE, *et al.*,[2]<br><br>        Defendants. | Adv. No.  20-01226 (MG) |

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is 50 North Park Avenue P.O. Box 9023, Rockville Centre, NY 11571-9023.

[2] A full list of the Defendants in this adversary proceeding is included in Exhibit A to the Verified Complaint for Declaratory and Injunctive Relief [Adv. Pro. Docket No. 1].

## DIRECT TESTIMONY OF ERIC P. STEPHENS

**April 6, 2023**

I, ERIC P. STEPHENS, hereby declare under penalty of perjury:

## I.    INTRODUCTION

1.      I am a partner at the law firm of Jones Day, which serves as counsel to The Roman Catholic Diocese of Rockville Centre, New York, the debtor and debtor-in-possession (the "Diocese" or "Debtor") in this chapter 11 case. I previously submitted a Declaration in support of the Diocese's *Motion for A Preliminary Injunction Under Sections 362 and 105(a) of the Bankruptcy Code*. [Adv. Pro. Docket No. 128]. Prior to the Diocese's filing for chapter 11, I served as one of its principal outside litigation counsel in connection with all of the prepetition State Court Actions.

2.      My testimony is based on my personal knowledge of the Debtor's involvement in the State Court Actions and reflects my best understanding of the Debtor's engagement relating to the same.

3.      On October 1, 2020 (the "Petition Date"), the Diocese filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. At the same time, the Diocese filed its first *Motion for Preliminary Injunction Under Sections 362 and 105(a) of the Bankruptcy Code.* [Adv. Pro. Docket No. 2].

4.      Also on the Petition Date, the Diocese began providing documents to the Official Committee of Unsecured Creditors (the "Committee"), producing a copy of all insurance policies in its possession. *See Declaration of Kenneth F. Porter in Support of the Debtor's Motion for a Preliminary Injunction Under Sections 362 and 105(a) of the Bankruptcy Code*. [Adv. Pro. Docket No. 6]. The Diocese also filed its statements and schedules within 10 days of the Petition Date. [Docket No. 57].

5.      As described more fully below, since the Petition Date, the Diocese has produced hundreds of thousands of additional documents and millions of pages of information to the

Committee and its counsel. The Diocese's financial advisor, Alvarez & Marsal, has also worked

with the Committee, its counsel, and its financial advisor since the outset of this case to walk the

Committee through the Diocese's assets and provide information to the Committee on the

Diocese's operations.

## II.    THE COMMITTEE'S DISCOVERY DEMANDS

6.    On October 28, 2020, the Debtor and Committee entered into a Consent Order

granting the Debtor's first *Motion for Preliminary Injunction Under Sections 362 and 105(a) of*

*the Bankruptcy Code.* [Adv. Pro. Docket No. 32, 36]. As part of that Consent Order, the parties

agreed to "an initial preliminary injunction of the further prosecution" of state court actions

brought pursuant to the Child Victims Act ("CVA") against the Diocese and its co-insureds,

including parishes, up to and including December 10, 2020. The parties also agreed to use that

time to "negotiate in good faith … over the terms of … a longer-term consensual stay." *Id.*

7.    As a condition for any longer-term consensual stay, the Committee demanded the

Diocese provide discovery on the underlying CVA claims as well as financial information

concerning the Diocese and certain of its affiliates.

8.    Consistent with those demands, on November 17, 2020, counsel for the

Committee provided the Diocese with 117 draft discovery requests "further to [the parties']

discussions regarding the extension of the preliminary injunction."

9.    While holding a series of meet and confer teleconferences concerning the

Committee's November 17, 2020 requests, the parties agreed to extend the preliminary

injunction throughout December 2020 and January 2021. [Adv. Pro. Docket No. 42, 44, 45, 46,

51, 52, 53].

10.    On January 22, 2021, the parties agreed to extend the preliminary injunction up to

and including March 31, 2021. [Adv. Pro. Docket No. 59]. In return for the Committee's

agreement to extend the preliminary injunction, the Diocese agreed to produce documents "that would otherwise be produced to plaintiffs in the underlying CVA Actions," on a rolling basis. *Id.* at 7, Schedule 4.

11.     Rather than insist on a lengthy, burdensome, and costly formal discovery process, the Diocese has never required the Committee to serve formal document requests and, in turn, has never served any formal objections. Rather, the Diocese has agreed to provide informal discovery in response to all of the Committee's requests, with a few minor exceptions.[3]

12.     The Diocese started producing documents to the Committee in response to its informal requests on January 28, 2021, shortly after the negotiation and entry of the January 20, 2021 Protective Order. [Docket No. 320]. These document productions were made on a rolling basis and produced under the DRVC_BANKR Bates number series.

13.     Consistent with the Diocese's efforts to be efficient and collaborative, while the parties' January 22, 2021 agreement only required the Diocese to produce documents "that would otherwise be produced to plaintiffs in the underlying CVA Actions," the Diocese did not so-limit its early productions, and instead included detailed financial information as well as financial information about certain of its affiliates.

14.     Throughout the winter and spring of 2021, the Diocese continued to make rolling productions, and the parties agreed to further extend the preliminary injunction up to and including June 14, 2021. [Adv. Pr. Docket No. 68, 69].

15.     Although the Diocese continued to produce information itself and certain of its affiliates, on May 20, 2021, counsel for the Committee wrote to the Court stating that "it will not

---

[3] To date, the Court has only been called upon to resolve two discovery disputes. In the first, the Committee sought to compel the production of a duplicate, electronic version of the Diocese's accounting system [Docket No. 437] and in the second, sought to compel the production of parish information in the Diocese's possession, custody, or control. [Docket No. 540]. In both cases, the Court declined to order the requested productions.

agree to the continued stay of litigation against the Parishes if the Parishes are not willing to

engage in meaningful discovery in advance of mediation." [Adv. Pro. Docket No. 73].

16.     Following responses by the Diocese's parishes and certain other affiliates [Adv.

Pro. Docket No. 75] and the Diocese [Adv. Pro. Docket No. 76], the Court held a status

conference on May 26, 2021. During that status conference, the Court rejected the Committee's

efforts to link further extension of the preliminary injunction to discovery from parishes within

the Diocese. 5/26/2021 Hearing Tr. 23:4-13 ("my headline comment is that I don't think … that

any extension should be tied to the outcome of parish discovery. I just don't think that that's

productive. And frankly, I don't think it's proper because there has been a lack of formal process

with respect to parish discovery.").

17.     Following the May 26, 2021 conference, the Diocese continued to produce

documents and information to the Committee on a rolling basis and the parties continued to

extend the preliminary injunction every two to three months. The most recent agreement to

extend the preliminary injunction expired on January 14, 2023. [Adv. Pro. Docket No. 166].

18.     Between January 28, 2021 and July 26, 2022, the Diocese made rolling

productions of 1,104,531 pages of information across more than forty production volumes in the

DRVC_BANKR Bates number series in response to the Committee's initial and follow-up

discovery requests. The productions address the Committee's informal discovery requests for

both financial and merits-based documents.[4]

---

[4] To ensure that all parties are working from the same set of merits documents, the Diocese has also produced all of the documents addressing the merits of the proofs of claim and CVA lawsuits at issue to its insurers under the same DRVC_BANKR Bates numbers.

19.    In response to requests related to the merits of the pertinent claims of sexual abuse, the Diocese produced all personnel files in its possession for each alleged abuser, as well as priest and parish assignment cards.

20.    In response to requests related to financial information, the Diocese has produced reports, financial statements, meeting minutes, and audited financials for its administrative offices and affiliates dating back to the 1990s.

21.    Throughout the discovery period, counsel for the Diocese held regular meetings – generally, once a week – with counsel for the Committee concerning its discovery requests, the Diocese's efforts to locate and provide information and documents, and the Diocese's rolling document productions. During those regularly scheduled meetings, the Diocese and Committee worked to set priorities for discovery, clarify questions about the Committee's requests as well as the Diocese's responses, and resolve disputes as they arose. As a result of that process and the parties' mutual efforts, the parties have established a productive discovery relationship and been successful in limiting discovery motion practice to discrete issues. As counsel for the Committee has noted, "[t]he Committee and the Diocese have engaged in productive discussions and multiple telephonic meetings regarding the Committee's priorities amongst its November 17 requests." *See Declaration of Karen B. Dine in Support of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Directing Debtor to Produce Electronically Stored Accounting Information*. [Docket No. 438].

22.    In addition to the regularly-scheduled meetings amongst counsel, the Diocese has facilitated Committee interviews with Diocesan personnel as well as third parties. Those interviews include: (i) the January 21, 2022 interview of Catholic Faith Network's President and CEO Msgr. Vlaun and its General Manager, Joseph Perone; (ii) the March 22, 2022 interview of

the Diocese's Chief Financial Officer, Tom Doodian, and other members of the finance team to

discuss the Diocese's accounting practices with respect to Catholic Faith Network; (iii) a further

July 13, 2022 interview of the Diocese's Chief Financial Officer, Tom Doodian, and its General

Counsel and Chief Operating Officer, Tom Renker, concerning Catholic Faith Network; and (iv)

a July 21, 2022 interview of Diocesan personnel and financial advisors concerning the Diocese's

captive insurer, Ecclesia. In addition to these interviews, the Debtor's financial advisor, Alvarez

& Marsal, gave a presentation to the Committee in November 2020, which included an overview

of the Diocese's operations as well as a detailed discussion of its finances and cash management

system. The Diocese has also facilitated direct conversations between its finance personnel and

the Committee's financial advisors at Berkeley Research Group to address questions about

Diocesan accounting and the financial data that has been produced to the Committee. These

meetings provided further information to the Committee in response to its requests, including

facilitating opportunities for the Committee's professionals to engage in a dialogue with

individuals knowledgeable about the Diocese's operations.

   23. As part of the Diocese's efforts to bring discovery to a close, on April 11, 2022,

the Court so-ordered a stipulation between the Diocese and the Committee governing the

procedure for the remainder of the Committee's informal discovery requests, including the

provision of a schedule of requests and responses, and setting a deadline of May 31, 2022, for the

provision of a final schedule of discovery requests and responses.

   24. In the weeks that followed, the Diocese continued to provide information and

documents on a rolling basis, while updating and exchanging the schedule of requests with the

Committee on a weekly basis. The schedule of requests provided the Committee with regular

updates on the Diocese's efforts to respond and additional information, including specific Bates

numbers and folder locations where information responsive to the Committee's requests had been produced. In turn, the Committee reviewed and commented on the updated schedule of requests with clarifications about the information it was seeking as well as any questions it had.

25.    In addition to its document productions, the Diocese produced privilege logs to the Committee on March 25, 2022, and May 31, 2022, listing the documents the Diocese withheld or redacted on the basis of attorney-client, attorney work product or other privileges.[5]

26.    On May 31, 2022, the Diocese sent a letter to the Committee explaining that it had substantially completed its productions of information in response to the Committee's requests.

27.    On July 18, 2022, the Committee sent the Diocese 55 new "diligence requests" seeking more financial information about the Diocese and Diocesan affiliates.

28.    The Diocese has continued to respond to the Committee's further requests for documents and information, including targeted supplemental document and information productions.

29.    In addition to its productions in this case, prior to filing for bankruptcy, the Diocese made certain productions in connection with state court CVA lawsuits. All of the documents produced by the Diocese in CVA lawsuits have also been produced to the Committee and the Diocese's insurers.

30.    In addition, prior to the commencement of this chapter 11 case, the Diocese retained an Independent Advisory Committee ("IAC") to evaluate potential causes of action, and

---

[5] For the purposes of the parties' ongoing mediation only, the Diocese has provided the Committee and its insurers with documents removing redactions for personal identifying or personal health information (while retaining redactions for privilege and work product protections).

the Diocese made a substantial production of documents to the IAC concerning the Diocese's

financial and other affairs based upon custodian and search terms selected by counsel to the IAC.

31.    During the course of discovery, the Diocese produced that entire set of

documents, totaling 1,248,050 pages, under the DRVC_IAC Bates series to the Committee

pursuant to a protective order. [Docket No. 392]. All of those documents have been produced

without redaction. That production of documents—more than 220,000 documents and about 1.3

million pages—was completed on March 12, 2021.

32.    In addition to the production of the IAC documents, counsel for the Diocese has

continued to facilitate discussions and discovery concerning the potential causes of action

identified by the IAC. Those efforts have included: (i) facilitating discussions with and document

productions to and by Cemetery Corporation; and (ii) facilitating an appraisal of the Seminary of

the Immaculate Conception's real property, as well as facilitating discussions among the

Diocese, the Committee, and the Seminary of the Immaculate Conception.

33.    The Diocese has also assisted the Committee in its third-party discovery efforts by

facilitating requests for information from the Committee to: (i) Unitas; (ii) Diocesan parishes and

other affiliates; and (iii) outside accounting firms.

### III.    THE STATE COURT DISCOVERY DEMANDS

34.    Pursuant to an order of the Regional CVA Part for the 9th and 10th Judicial

Districts (Nassau and Suffolk Counties), the Diocese and its co-defendants were subject to

standardized discovery requests in connection with the prepetition State Court Actions pending

in those Judicial Districts (the "Coordination Order").

35.    Plaintiffs directed many of their discovery requests in the prepetition State Court

Actions to the Diocese because the Diocese was the repository for the overwhelming majority of

documents relevant to the claims.

36.     In response to the standardized discovery requests in connection with the prepetition State Court Actions, the Diocese's co-defendants generally responded that they were not in possession of any responsive documents.

37.     Discovery has not been completed in any State Court Action and has not begun in the overwhelming majority of the 228 State Court Actions at issue. None of the 228 State Court Actions at issue is subject to the Coordination Order. None of the 228 State Court Actions at issue has a protective order or redaction protocol in place.

38.     Although the Diocese has gone to great lengths during this chapter 11 case to produce all of the relevant discovery with respect to the CVA claims, that discovery was made more efficient because it was provided *en masse* to the Committee in its capacity as an estate fiduciary.

39.     If the Diocese were now required to reproduce evidence in 228 individual cases in state court, it would have to negotiate protective orders, cull through the previously produced discovery materials to separate out documents relevant to individual cases, re-review documents to redact personally identifying information of non-parties, and produce targeted, re-redacted subsets of documents, in each specific case.

40.     This promises to be a time-consuming and expensive endeavor, but an unavoidable one if the State Court Actions are allowed to proceed.

**IV.     OTHER BURDENS OF THE STATE COURT ACTIONS**

41.     Based on the Diocese's heavy involvement in the litigation of all prepetition State Court Actions, its key personnel would remain busy with case management and supervision in any resumed State Court Action despite the fact that the document collection process is over. That would be true even if only the cases that do not name the Diocese as a defendant were to move forward. While, as a general proposition fewer cases take less time to manage, based on

my experience and the fact that the Diocese's key personnel are in senior management positions,

the amount of time they would spend on oversight on a subset of State Court Actions would not

be reduced on a "one-to-one" basis.

42.    Specifically, the Diocese's General Counsel and Chief Operating Officer, Tom

Renker, will have to direct and supervise the Diocese's responses to requests for documents,

written discovery, and deposition notices. He will also have to review filings in order to monitor

and manage the risk of prejudice to the Debtor posed by the State Court Actions. In my role as

outside litigation counsel to the Diocese in the State Court Actions, I know that Mr. Renker

performed these duties in connection with prepetition State Court Actions and he will be

responsible for these duties in connection with any resumed State Court Action.

43.    Similarly, the Diocese's Director of Insurance and Risk Management, William

Chapin, will have to direct and supervise insurance noticing and coverage matters related to any

resumed State Court Actions involving co-insureds under the Diocese's shared insurance

program. In my role as outside litigation counsel in the State Court Actions, I know that

Mr. Chapin performed these duties in connection with prepetition State Court Actions. I also

know that Mr. Chapin performed these duties in connection with the proofs of claim filed in this

bankruptcy. And Mr. Chapin will be responsible for these duties in connection with any resumed

State Court Action.

44.    The Diocese's Chief Financial Officer, Tom Doodian, would also be required to

assist with responding to any financial-related discovery requests in any resumed State Court

Action. In my role as outside litigation counsel in the State Court Actions, I know that

Mr. Doodian prepared financial information in connection with prepetition State Court Actions. I

also know that Mr. Doodian prepared financial information in connection with discovery

- 10 -

requests from the Committee in this bankruptcy. And Mr. Doodian will be responsible for these duties in connection with any resumed State Court Action.

## V.    THE DIOCESE'S MEDIATION EFFORTS

45.    To date, principals and counsel for the Diocese have participated in multiple days of mediation with its insurers, the Committee, and the future claims representative. Mediation sessions were held in April, July, August, November, and December 2022. Further sessions were held in January of 2023.

46.    The parties have recently agreed to the appointment of a judicial co-mediator and are seeking to schedule additional mediation sessions in the near term.

## VI.    THE DIOCESE'S OTHER EFFORTS

47.    In addition to its cooperation in discovery and good faith efforts in mediation, the Diocese has also made efforts to progress this case by: (i) coordinating with state court plaintiffs' counsel to address duplicate, amended, and released claims; (ii) identifying a buyer and consummating the sale of the Diocese's Chancery building; (iii) exploring the sale of other valuable assets, including the Diocese's electromagnetic spectrum assets; (iv) executing a plan standstill agreement with the Committee and state court counsel, under which the Diocese agreed to not file or solicit a plan of reorganization during the standstill period; (v) proposing a plan of reorganization after the expiration of the standstill period; and (vi) pursuing claim objections to legally infirm claims.

## VII.    THIS MOTION

48.    Despite the Diocese's production of hundreds of thousands of documents and millions of pages of information to the Committee and the Diocese's good faith efforts to advance the court-ordered mediation in this case, the Committee has made clear it will not agree

to any further extensions of the preliminary injunction of state court actions brought pursuant to the CVA against the Diocese's affiliates and co-insureds.

49.    In order to preserve the status quo and enable the continued court-ordered mediation process to continue in an orderly fashion, this motion followed.

50.    In connection with my testimony concerning this motion, I have supervised the preparation of the following summaries of previously stipulated evidence: (i) a summary of the paragraphs in complaints alleging Diocesan involvement in the 228 State Court Actions proposed by the Committee for prosecution, attached hereto as Exhibit A; and (ii) a summary of the paragraphs in DRVC-Related Party answers alleging Diocesan obligations for indemnity, contribution, and/or setoff, as well as counterclaims against the Diocese filed in prepetition State Court Actions, attached hereto as Exhibit B.

51.    The Diocese has produced and the parties have stipulated to the admissibility of the underlying State Court Pleadings pursuant to the parties' Stipulation and Order Regarding Admissible Evidence with Respect to Debtor's *Motion for Preliminary Injunction Under Sections 362 and 105(a) of the Bankruptcy Code*, dated March 17, 2023 [Adv. Pro. Docket No. 174]. I am generally familiar with the underlying pleadings and, under my supervision and direction, a team of Jones Day associates prepared these summaries by reviewing all of the relevant complaints and answers filed in the underlying CVA actions and compiling the information in these summaries.

52.    Based on my review of the complaints, all but 6 of the 228 State Court Actions contested by the Committee were filed before the petition date.

53.    I have personally reviewed each of the summaries. In addition to the relevant paragraphs from the pleadings, the summaries list: (i) the index numbers of the actions; (ii)

- 12 -

"NAME ON FILE" in place of the names of plaintiffs as they appear on the publicly filed complaints and answers; (iii) the names of defendants as they appear on the publicly filed complaints; and (iv) cause(s) of action in each case.

**VIII.    CONCLUSION**

54.    I look forward to answering any questions that the Court or plaintiff's counsel may have.

_/s/ Eric P. Stephens_
Eric P. Stephens

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 1 of 128

Exhibit A – Summary of Complaints at Issue[1]

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 1. 400094/2021 | NAME ON FILE | St. Matthew Roman Catholic Church and Andrew L. Millar | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | approximately 1977 | Complaint ¶ 22: "The pattern and practice of intentionally refusing and/or failing to disclose the identities and locations of sexually inappropriate and/or abusive clerics has been practiced by the Diocese for decades and continues through current day. The failure to disclose the identities of allegedly sexually inappropriate and/or abusive clerics is unreasonable and knowingly or recklessly creates or maintains a condition that endangers the safety and health of members of the public, and more specifically, Plaintiff herein." |

[1] This Exhibit summarizes voluminous information from hundreds of state court pleadings that cannot, individually, be conveniently examined in court. Copies of the underlying documents have been produced to Committee counsel and the parties have stipulated to the admissibility of the underlying documents. Stipulation and Order Regarding Admissible Evidence with Respect to Debtor's Motion for Preliminary Injunction Under Sections 362 and 105(a) of the Bankruptcy Code, dated March 17, 2023 [Adv. Pro. Dkt. No. 174], ¶ B, 1 (concerning the State Court Pleadings). The Debtor is also prepared to produce the underlying materials in court. *See* Federal Rule of Evidence 1006.

A-1

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 2 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 2. | 400195/2021 | NAME ON FILE | Seton Hall High School; New York Province, Sisters of Charity, Halifax; and Sisters of Charity (Halifax) Supporting Corporation | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | approximately 1970 | Complaint ¶ 28: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the School and the Sisters of Charity; Abuser, were agents, servants, or employees of the Diocese; and, while agents, servants or employees of the Diocese, Abuser remained under the control and supervision of the Diocese." |
| 3. | 508122/2021 | NAME ON FILE | Roman Catholic Diocese of Brooklyn and St. Dominic Catholic Church | Negligence; Negligent Hiring, Retention and Supervision | approximately 1952-1953 | Complaint ¶ 16: "At all times material, Fr. Alfred Soave was an ordained Roman Catholic priest employed by and an agent of Diocese of Rockville Centre from on or about 1957 to March 11, 1999."

See also ¶¶ 28, 65, 92. |

A-2

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 3 of 128

A-3

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 4. | 510647/2021 | NAME ON FILE | St. Joseph Roman Catholic Church at Babylon in the County of Suffolk in the State of New York (d/b/a St. Joseph Catholic School and St. Joseph Roman Catholic Church), Franciscan Brothers, Inc. (d/b/a Franciscan Brothers of Brooklyn), and Joseph McComiskey | Negligent Hiring, Retention, Supervision, Direction; Negligent, Reckless, and Willful Misconduct; Negligent Infliction of Emotional Distress; Premises Liability; Breach of Fiduciary Duty; Breach of Duty in Loco Parentis; Breach of Statutory Duties to Report | approximately 1974 | Complaint ¶ 5: "At all relevant times, McComiskey was hired, retained, supervised, placed, directed and otherwise authorized to act by the Defendants, in conjunction with the Diocese." Complaint ¶ 10: "At all relevant times, Defendant St. Joseph was and still is under the direct authority, control and province of the Diocese." See also ¶¶ 2, 66, 67. |
| 5. | 513586/2020 | NAME ON FILE | Diocese of Brooklyn, Camp Alvernia, and Franciscan Brothers of Brooklyn | Negligence; Outrage and Intentional Infliction of Emotional Distress | approximately 1969 | |
| 6. | 513592/2020 | NAME ON FILE | Diocese of Brooklyn, Camp Alvernia, and Franciscan Brothers of Brooklyn | Negligence; Outrage and Intentional Infliction of Emotional Distress | approximately 1962 | |
| 7. | 514064/2021 | NAME ON FILE | Diocese of Brooklyn a/k/a The Roman Catholic Diocese of Brooklyn, New York; St. Dominic's a/k/a St. Dominic's Roman Catholic Church; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1951 - 1953 | Complaint ¶ 10: "At the time of the alleged abuse, St. Dominic's was under the direct authority, control, and province of Defendant Diocese of Brooklyn and the Bishop of the Diocese of Brooklyn. Later, the Diocese of Rockville Centre was created in approximately 1957 out of the territory belonging to the Diocese of Brooklyn. Upon information and belief, Defendant St. Dominic's became a part of the Diocese of Rockville Centre and since then, was and continues to be under the direct authority, control, and province of the Diocese of Rockville Centre and the Bishop of the Diocese of Rockville Centre." |

20-01226-mg    Doc 180-1    Entered 04/06/23 14:37:46    Exhibit A
Pg 4 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 8. | 514079/2021 | NAME ON FILE | Diocese of Brooklyn a/k/a The Roman Catholic Diocese of Brooklyn, New York; St. Dominic's a/k/a St. Dominic's Roman Catholic Church; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1956 - 1957 | Complaint ¶ 10: "At the time of the alleged abuse, St. Dominic was under the direct authority, control, and province of Defendant Diocese of Brooklyn and the Bishop of the Diocese of Brooklyn. Later, the Diocese of Rockville Centre was created in approximately 1957 out of the territory belonging to the Diocese of Brooklyn. Upon information and belief, Defendant St. Dominic became a part of the Diocese of Rockville Centre and since then, was and continues to be under the direct authority, control, and province of the Diocese of Rockville Centre and the Bishop of the Diocese of Rockville Centre." |
| 9. | 514631/2021 | NAME ON FILE | Roman Catholic Diocese of Brooklyn, and Church of the Blessed Sacrament - Valley Stream a/k/a Blessed Sacrament Roman Catholic Church | Negligence | approximately 1956 - 1957 | Complaint ¶ 4: "Defendant, CHURCH OF THE BLESSED SACRAMENT - VALLEY STREAM a/k/a BLESSED SACRAMENT ROMAN CATHOLIC CHURCH (hereinafter "CHURCH"), is a Roman Catholic parish and church operating under the authority and control of the DIOCESE, with a principal place of business located at 201 N. Central Avenue, Valley Stream, New York 11580. CHURCH is a citizen and a resident of the State of New York." |

A-4

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 5 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 10. | 515579/2020 | NAME ON FILE | The Roman Catholic Archdiocese of New York, Order of Friars Minor - Holy Names Province, A/K/A Holy Name Province of Franciscan Friars, St. Francis of Assisi, The Roman Catholic Diocese of Brooklyn, New York, Camp Alvernia, Congregation of the Religious Brothers of the Third Order Regular of St. Francis A/K/A The Franciscan Brothers Generalate A/K/A The Franciscan Brothers of Brooklyn A/K/A Franciscan Brothers Inc | Negligent Hiring, Retention, Supervision, Direction; Negligent, Reckless, and Willful Misconduct; Negligent Infliction of Emotional Distress | approximately 1977-1978; 1987 - 1988 | |
| 11. | 518563/2021 | NAME ON FILE | Diocese of Brooklyn a/k/a The Roman Catholic Diocese of Brooklyn, New York; St. Raymond's; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1954 - 1957 | Complaint ¶ 10: "At all times material, Defendant St. Raymond was and continues to be under the direct authority, control, and province of Defendant Diocese and the Bishop of Defendant Diocese. Later, the Diocese of Rockville Centre was created in approximately 1957 out of the territory belonging to the Diocese of Brooklyn. Upon information and belief, Defendant St. Raymond became a part of the Diocese of Rockville Centre and since then, was and continues to be under the direct authority, control, and province of the Diocese of Rockville Centre and the Bishop of the Diocese of Rockville Centre." |

A-5

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 6 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 12. | 518595/2021 | NAME ON FILE | Franciscan Brothers of Brooklyn and St. Anthony's High School | Negligence; Negligent Hiring, Retention and Supervision | approximately 1978 - 1981 | Complaint ¶ 1: "This is the case of Plaintiff Anthony Zenkus ("Plaintiff") who was sexually abused as a child by Brother Noel at and of St. Anthony's High School ("St. Anthony's"), the Franciscan Brothers of Brooklyn ("Franciscan Brothers") and the Diocese of Rockville Centre ("Diocese") (collectively, "Defendants").<br><br>See also ¶¶ 2, 3, 4, 5, 12, 13, 14, 22. |
| 13. | 518736/2021 | NAME ON FILE | Franciscan Brothers of Brooklyn and Church of St. Aidan | Negligence; Negligent Hiring, Retention and Supervision | approximately 1971-1977 | Complaint ¶ 9: "Plaintiff brings this lawsuit to recover for the emotional and physical suffering he incurred due to the negligence of defendants FRANCISCAN BROTHERS OF BROOKLYN and CHURCH OF ST. AIDAN"<br><br>See also ¶¶ 3, 17. |
| 14. | 519459/2021 | NAME ON FILE | Franciscan Brothers of Brooklyn and St. Anthony's High School | Negligence; Negligent Hiring, Retention and Supervision; Negligent Infliction of Emotional Distress | approximately 1968 - 1969 | Complaint ¶ 1: "This is the case of Plaintiff JOHN DOE ("Plaintiff") who was sexually abused as a child by Brother Noel Smith ("Smith") at and of Defendant ST. ANTHONY'S HIGH SCHOOL ("St. Anthony's"), Defendant FRANCISCAN BROTHERS OF BROOKLYN ("Franciscans") (collectively "Defendants") and the Roman Catholic Diocese of Rockville Centre ("Diocese")."<br><br>See also ¶¶ 2,3. |

A-6

20-01226-mg     Doc 180-1     Filed 04/06/23     Entered 04/06/23 14:37:46     Exhibit A
Pg 7 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 15. | 519751/2021 | NAME ON FILE | Diocese of Brooklyn a/k/a The Roman Catholic Diocese of Brooklyn, New York; Sacred Heart; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1953 – 1956 | Complaint ¶ 10: "Upon information and belief, Defendant Sacred Heart became a part of the Diocese of Rockville Centre and since then, was and continues to be under the direct authority, control, and province of the Diocese of Rockville Centre and the Bishop of the Diocese of Rockville Centre." |
| 16. | 520225/2021 | NAME ON FILE | St. John Nepomucene Church | Negligence; Negligent Supervision; Negligent Hiring, Retention, Training, Direction and Supervision | approximately 1969 - 1970 | Complaint ¶¶ 6-11: "Upon information and belief, at all times mentioned herein, the DIOCESE OF ROCKVILLE CENTRE [owned, operated, maintained, supervised, controlled, and held itself out as owning, operating, maintaining, supervising, and/or controlling] ST. JOHN NEPOMUCENE CHURCH." |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 8 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 17. 520779/2021 | NAME ON FILE | St. Agnes Cathedral, et. al. | Negligent Training, Supervision, and Control | approximately 1962-1966 | The complaint includes allegations against "St. Agnes Cathedral, Rockville Centre, New York, a parish in the Archdiocese of New York." See Complaint ¶ 71. However, the allegations are directed at the St. Agnes Cathedral within the Diocese of Rockville Center.<br><br>Complaint ¶ 71: "At all times herein, Defendant HERBERT GOLDSTEIN was a Scout Leader and member of St. Agnes Cathedral, Rockville Centre, New York, a parish in the Archdiocese of New York. On information and belief, Defendant HERBERT GOLDSTEIN was recruited, selected, and approved to be the Scout Leader, St. Agnes Cathedral with approval by Theodore Roosevelt Council."<br><br>Complaint p. 5:<br>"ST. AGNES CATHEDRAL<br>29 Quealy Place<br>Rockville Centre, New York 11570"<br><br>Complaint ¶ 72: "On information and belief, Defendant HERBERT GOLDSTEIN received negligent training, supervision, and control from Theodore Roosevelt Council and St. Agnes Cathedral." |
| 18. 606441/2021 | NAME ON FILE | St. Hugh of Lincoln Roman Catholic Church, John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Negligent Failure to Warn; Negligent Failure to Provide a Safe and Secure Environment | approximately 1974 - 1977 | Complaint ¶ 23: "Upon information and belief, the Roman Catholic Diocese of Rockville Centre is the governing religious authority and body under and through which DEFENDANT ST. HUGH operates."<br><br>See also ¶¶ 6, 24, 25. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 9 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 19. | 610036/2021 | NAME ON FILE | St. Francis of Assisi Roman Catholic Church | Negligence | approximately 1967 - 1968 | Complaint ¶ 25: "The Bishop of the Diocese of Rockville Centre and the Defendant at all relevant times knew that priests of the Diocese of Rockville Centre, under his supervision and control, were grooming and sexually molesting children with whom the priests would have contact in their ministry and pastoral functions. At all relevant times, the Bishop knew that this was a widespread, ubiquitous and systemic problem in the Diocese of Rockville Centre and at the Defendant involving many priests and numerous victims."<br><br>See also ¶¶ 26-45. |
| 20. | 610228/2021 | NAME ON FILE | Church of St. Patrick | NO COMPLAINT FILED – SUMMONS ONLY | NO COMPLAINT FILED – SUMMONS ONLY | |
| 21. | 610237/2021 | NAME ON FILE | St. Joseph's Catholic School | NO COMPLAINT FILED – SUMMONS ONLY | NO COMPLAINT FILED – SUMMONS ONLY | |
| 22. | 610244/2021 | NAME ON FILE | St. John Nepomucene Church and St. John Nepomucene School | NO COMPLAINT FILED – SUMMONS ONLY | NO COMPLAINT FILED – SUMMONS ONLY | |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A

| | Index. No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 23. | 610245/2021 | NAME ON FILE | Saint Joseph Roman Catholic Church; and Franciscan Brothers, Inc. a/k/a Franciscan Brothers of Brooklyn, a/k/a Congregation of the Religious Brothers of the Third Order Regular of St. Francis | NO COMPLAINT FILED – SUMMONS ONLY | NO COMPLAINT FILED – SUMMONS ONLY | |
| 24. | 610846/2021 | NAME ON FILE | St. Patrick's Church a/k/a Church of St. Patrick | Negligence | approximately 1977; approximately 1981 | Complaint ¶ 3: "Defendant, ST. PATRICK'S CHURCH a/k/a CHURCH OF ST. PATRICK (hereinafter "CHURCH"), is a Roman Catholic parish and church operating under the authority and control of the DIOCESE OF ROCKVILLE CENTRE."  See also ¶¶ 4, 9, 21, 24, 29-49 (under unnumbered header titled, "The Diocese's Concealment of Acts of Sexual Abuse by Clergy"). |
| 25. | 610849/2021 | NAME ON FILE | Our Lady of Lourdes Catholic Church | NO COMPLAINT FILED – SUMMONS ONLY | NO COMPLAINT FILED – SUMMONS ONLY | |
| 26. | 610938/2021 | NAME ON FILE | Saint Joseph Roman Catholic Church; and Franciscan Brothers, Inc. a/k/a Franciscan Brothers of Brooklyn, a/k/a Congregation of the Religious Brothers of the Third Order Regular of St. Francis | NO COMPLAINT FILED – SUMMONS ONLY | NO COMPLAINT FILED – SUMMONS ONLY | |

A-10

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 11 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 27. | 611047/2021 | NAME ON FILE | St. Patrick's Roman Catholic Church; St. Patrick's School; and Sisters of St. Joseph | NO COMPLAINT FILED – SUMMONS ONLY | NO COMPLAINT FILED – SUMMONS ONLY | |
| 28. | 611337/2021 | NAME ON FILE | Parish of St. Mary aka St. Mary School aka St. Mary Church | Negligent Retention and Negligent Supervision; Negligence/Gross Negligence/Recklessness; Negligent Training and Supervision of Employees | approximately 1968 | Complaint ¶ 2: "At all relevant times, Defendant(s) PARISH OF ST. MARY ("ST. MARY") aka ST. MARY SCHOOL and/or ST. MARY CHURCH is a non-profit religious corporation organized under the laws of New York located at 20 Harrison Avenue, East Islip, Suffolk County, NY 11730." See also Summons p. 1: "The county specified in the above title is designated as the place of trial and is based on the Diocese's place of business." |

A-11

20-01226-mg     Doc 180-1     Filed 04/06/23     Entered 04/06/23 14:37:46     Exhibit A
Pg 12 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 29. | 612520/2021 | NAME ON FILE | St. Philip Neri Roman Catholic Parish Church, Trinity Regional School f/k/a St. Philip Neri Roman Catholic Parish School, Sisters of Saint Joseph, John Doe, priests, clergy and administrators whose names are unknown to the Plaintiff, Jane Doe, priests, clergy and administrators whose names are unknown to the Plaintiff, Richard Roe, priests, clergy and administrators whose names are unknown to the Plaintiff, Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Failure to Provide a Safe and Secure Environment; Negligent Retention | approximately 1956 - 1958 | |
| 30. | 612686/2021 | NAME ON FILE | St. Patrick's Roman Catholic Church; and St. Patrick's School | NO COMPLAINT FILED – SUMMONS ONLY | NO COMPLAINT FILED – SUMMONS ONLY | |

A-12

20-01226-mg    Doc 180-1    Entered 04/06/23 14:37:46    Exhibit A
Pg 13 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 31. 613012/2021 | NAME ON FILE | St. Sylvester Roman Catholic Church | Negligence; Negligent Hiring, Retention, or Direction;  Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | approximately 1977 – 1978 | Complaint ¶ 16: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

A-13

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 14 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 32. | 613013/2021 | NAME ON FILE | St. Anthony of Padua School, Trinity Regional School, St. Anthony of Padua Parish, and The Sisters of Saint Joseph | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc Serv Law 413 and 420 | approximately 1978 – 1983 | Complaint ¶ 37: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, Sisters of St. Joseph Brentwood, St. Anthony of Padua School, and Trinity Regional School; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

A-14

20-01226-mg    Doc 180-1    Entered 04/06/23 14:37:46    Exhibit A

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 33. | 613014/2021 | NAME ON FILE | St. Frances Cabrini Church | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1974 - 1980 | Complaint ¶ 15: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese."<br><br>See also ¶ 24. |

A-15

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 34. | 613015/2021 | NAME ON FILE | Saint Lawrence The Martyr Roman Catholic Church | Negligence; Negligent Hiring, Retention, or Direction | approximately 1966 | Complaint ¶ 17: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

A-16

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 17 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 35. 613213/2021 | NAME ON FILE | Saints Cyril and Methodius Roman Catholic Church, Saints Cyril and Methodius School, Our Lady of Guadalupe Catholic School, The Sisters of Saint Joseph, and Peter A. Libasci | Negligence; Negligent Hiring, Retention, or Direction;  Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | approximately 1983 - 1984 | Complaint ¶ 33: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, Sisters of St. Joseph, Saints Cyril and Methodius School, and Our Lady of Guadalupe Catholic School; Abuser, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Father Peter A. Libasci remained under the control and supervision of the Diocese." |

A-17

20-01226-mg        Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 18 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 36. | 613335/2021 | NAME ON FILE | St. Hugh of Lincoln School, Trinity Regional School, St. Hugh of Lincoln Parish, and Sisters of the Order of St. Dominic | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | approximately 1975 – 1976 | Complaint ¶ 38: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, Sisters of St. Dominic, St. Hugh of Lincoln School, and Trinity Regional School; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |
| 37. | 613730/2021 | NAME ON FILE | St. John the Evangelist Roman Catholic Parish; and St. John the Evangelist School | Negligence | approximately 1982 | Complaint ¶ 29: "The Bishop of the Diocese of Rockville Centre and the Defendant at all relevant times knew that priests of the Diocese of Rockville Centre, under his supervision and control, were grooming and sexually molesting children with whom the priests would have contact in their ministry and pastoral functions. At all relevant times, the Bishop knew that this was a widespread, ubiquitous and systemic problem in the Diocese of Rockville Centre and at the Defendant involving many priests and numerous victims."<br><br>See also ¶¶ 30-49. |

A-18

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 19 of 128

| | Index. No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 38. | 613731/2021 | NAME ON FILE | Our Lady of Perpetual Help Parish and Our Lady of Perpetual Help Church | Negligence; Negligent Failure to Warn and Implement Child Sexual Abuse Politices; Negligent Hiring; Negligent Supervision and Training; Negligent Retention; Breach of Fiduciary Duty; Failure to Report Abuse | approximately 1981 - 1983 | Complaint ¶ 11: "Upon information and belief, at all relevant times, the Roman Catholic Diocese of Rockville Centre created, oversaw, managed, controlled, directed, and operated parishes or churches of the Roman Catholic Diocese of Rockville Centre including Defendants Parish and Church." See also ¶¶ 1, 2, 12, 13, 16, 17, 19, 20. |
| 39. | 613957/2021 | NAME ON FILE | St. Luke's Roman Catholic Church | Negligence | approximately 1978 - 1979 | Complaint ¶ 2: "Defendant, St. Luke's Roman Catholic Church (hereafter, the "Church") is a Roman Catholic Church under the authority of the Diocese of Rockville Centre located at 266 Wicks Road, Brentwood, NY 11717. At all relevant times, the Church was owned, controlled and operated by the Diocese of Rockville Centre. The Church is a citizen and resident of the State of New York." See also ¶¶ 20-39. |
| 40. | 614160/2020 | NAME ON FILE | St. Hugh of Lincoln Roman Catholic Church | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Fiduciary Duty | Approximately 1968 to 1970 | Complaint ¶ 5: "Defendant St. Hugh of Lincoln Roman Catholic Church ("St. Hugh") is a Roman Catholic parish within and under the authority of the Bishop of Rockville Centre, New York." |

A-19

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 20 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 41. 614400/2021 | NAME ON FILE | Church of the Good Shepherd | Negligence; Negligent Hiring, Retention, or Direction; Premises Liability | approximately 1983 - 1986 | Complaint ¶ 17: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

A-20

20-01226-mg    Doc 180-1    Entered 04/06/23 14:37:46    Exhibit A

Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 21 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 42. | 614401/2021 | NAME ON FILE | St. Patrick's Church of Smithtown and Anthony Vito Colangelo | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; | approximately 1974 - 1975 | Complaint ¶ 18: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish; Abuser was an agent, servant, or employee of the Diocese; and, while an agent, servant,, or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

A-21

20-01226-mg    Doc 180-1    Entered 04/06/23 14:37:46    Exhibit A
Pg 22 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 43. | 614919/2021 | NAME ON FILE | St. Philip Neri School, Trinity Regional School, St. Philip Neri Church and The Sisters of Saint Joseph | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | approximately 1977 | Complaint ¶ 38: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, Sisters of St. Joseph, St. Philip Neri School, and Trinity Regional School; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." <br><br> See also Complaint ¶ 24. |

| Index No. | | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 44. | 614403/2021 | NAME ON FILE | Our Lady of Perpetual Help Roman Catholic Church Lindenhurst a/k/a Our Lady of Perpetual Help Roman Catholic Church of Lindenhurst and Sisters of the Order of St. Dominic | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | approximately 1970 - 1973 | Complaint ¶ 28: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and communion classes; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish and Sisters of St. Dominic. Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

A-23

20-01226-mg   Doc 180-1   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit A
Pg 24 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 45. | 614404/2021 | NAME ON FILE | St. Joseph School, St. Joseph Roman Catholic Church, and Atlantic-Midwest Province of the School Sisters of Notre Dame | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | approximately 1979 – 1982 | Complaint ¶ 34: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, School Sisters of Notre Dame, and School; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

A-24

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 46. | 614405/2021 | NAME ON FILE | Our Lady of Perpetual Help Roman Catholic Church | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | approximately 1983 | Complaint ¶ 17: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

A-25

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 47. 614406/2021 | NAME ON FILE | St. Mary School, Parish of St. Mary, and Atlantic-Midwest Province of the Schools Sisters of Notre Dame, Inc. | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | approximately 1972 | Complaint ¶ 33: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, School Sisters of Notre Dame, and School; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." . |
| 48. 614442/2021 | NAME ON FILE | St. Martin of Tours Roman Catholic Church | NO COMPLAINT FILED – SUMMONS ONLY | NO COMPLAINT FILED – SUMMONS ONLY | |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 27 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 49. | 614526/2021 | NAME ON FILE | St. Joseph's Parish | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | approximately 1959 - 1960 | "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools. . . . the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." Complaint ¶ 17. |
| 50. | 614751/2021 | NAME ON FILE | St. Anthony of Padua Roman Catholic Church | Negligence | approximately 1968 - 1979 | Complaint ¶ 9: "At all times relevant and material hereto, the DIOCESE OF ROCKVILLE CENTRE, as principal, and CHURCH, as agent, were in an agency relationship, such that CHURCH acted on the DIOCESE OF ROCKVILLE CENTRE's behalf, in accordance with the DIOCESE OF ROCKVILLE CENTRE's instructions and directions on all matters, including those relating to the hiring, retention and supervision of personnel. The acts and omissions of CHURCH were subject to the DIOCESE OF ROCKVILLE CENTRE's plenary control, and CHURCH consented to act subject to the DIOCESE OF ROCKVILLE CENTRE's control." <br><br> See also ¶¶ 3, 4, 21, 31-51. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 28 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 51. | 614848/2021 | NAME ON FILE | Infant Jesus Roman Catholic Church, and Does 1 through 5 | Negligence; Gross Negligence; Breach of Fiduciary Duty; Fraudulent Concealment | approximately 1978 – 1980 | Complaint ¶ 3: "Defendant Infant Jesus Roman Catholic Church . . . and was at all times material hereto subject to the authority of and governed by the Rockville Centre Diocese."<br><br>See also ¶¶ 2, 31(k). |
| 52. | 614911/2021 | NAME ON FILE | St. John the Evangelist Catholic Parish and St. John the Evangelist Roman Catholic Church | Negligence; Negligent Failure to Warn and Implement Child Sexual Abuse Policies; Negligent Hiring; Negligent Supervision and Training; Negligent Retention; Breach of Fiduciary Duty; Failing to Report Abuse | approximately 1970-1972 | Complaint ¶ 11: "Upon information and belief, at all relevant times, the Roman Catholic Diocese of Rockville Centre created, oversaw, managed, controlled, directed, and operated parishes or churches including Defendants Parish and Church."<br><br>See also ¶¶ 1, 2, 12, 13, 16, 19. |
| 53. | 615121/2021 | NAME ON FILE | Saint Isidore School, Saint John Paul II Regional School, Saint Isidore R.C. Church, and Sisters of the Holy Family of Nazareth-U.S.A. and Sisters of the Holy Family of Nazareth | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv Law 413 and 420; Premises Liability | approximately 1980 – 1985 | Complaint ¶ 36: "Although not a party to this civil action, the Diocese oversaw and continues to oversee . . . the School; . . . the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, School, and Sisters of Nazareth; Abusers, as defined below, were agents, servants, or employees of the Diocese; and, while agents, servants or employees of the Diocese, Abusers remained under the control and supervision of the Diocese." |
| 54. | 615122/2021 | NAME ON FILE | St. Joseph Roman Catholic Church | Negligence; Negligent Supervision; Negligent Hiring, Retention, Training, Direction and Supervision | approximately 1973 | Complaint ¶¶ 6-11: "Upon information and belief, at all times mentioned herein, the DIOCESE OF ROCKVILLE CENTRE owned [operated, supervised, controlled, and held itself out as owning, operating, maintaining, supervising, and or controlling] ST. JOSEPH ROMAN CATHOLIC CHURCH, located in Babylon, New York." |

A-28

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 29 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 55. | 615133/2021 | NAME ON FILE | Suffolk County Council, Boy Scouts of America and St. Elizabeth Church | Negligence; Negligent Hiring, Retention and Supervision; Negligent Infliction of Emotional Distress | approximately 1968 | |
| 56. | 615134/2021 | NAME ON FILE | St. John the Evangelist R.C. Church; Roman Catholic Church of St. John the Evangelist; St. Anthony of Padua Roman Catholic Church | Negligence; Negligent Training and Supervision; Negligent Retention | approximately 1970 – 1979 | Complaint ¶ 18: "At all times relevant hereto, Defendant ST. JOHN THE EVANGELIST R.C. CHURCH was and continues to be under the direct authority, control, and province of Defendant ST. JOHN THE EVANGELIST R.C. CHURCH and the Diocese of Rockville Centre." <br><br> See also Complaint ¶ 19. |
| 57. | 615333/2021 | NAME ON FILE | Saint Joseph Roman Catholic Church | NO COMPLAINT FILED – SUMMONS ONLY | NO COMPLAINT FILED – SUMMONS ONLY | |
| 58. | 618005/2020 | NAME ON FILE | St. Dominic's Roman Catholic Church at Oyster Bay | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Fiduciary Duty | approximately 1972 | Complaint ¶ 7: "Father Robert Huneke ("Father Huneke") was ordained a Roman Catholic priest in approximately 1969. From approximately 1969 to approximately 1974, Father Huneke served as a priest at Defendant St. Dominic under the supervision of the Roman Catholic Diocese of Rockville Centre, New York." <br><br> See also ¶¶ 8, 10. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 30 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 59. | 900001/2021 | NAME ON FILE | ST. PATRICK'S ROMAN CATHOLIC CHURCH, a/k/a ST. PATRICK'S CHURCH AT GLENCOVE, QUEENS COUNTY, | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Fiduciary Duty | approximately 1970 | Complaint ¶ 5: "Defendant St. Patrick's Roman Catholic Church, a/k/a St. Patrick's Church at Glencove, Queens County ("St. Patrick") is a Roman Catholic parish within and under the authority of the Roman Catholic Bishop of Rockville Centre, New York and is a religious corporation organized pursuant to the Religious Corporations Law with its principal office at 235 Glen Street, Glen Cove, Nassau County, New York. At relevant and material times, the Roman Catholic Bishop of Rockville Centre, New York was the President of St. Patrick, and the Roman Catholic Vicar General of Rockville Centre, New York was the Vice-President of St. Patrick." |
| 60. | 900010/2021 | NAME ON FILE | ST. PIUS X ROMAN CATHOLIC CHURCH a/k/a ST. PIUS X PARISH | Negligent Retention and Negligent Supervision; Negligence, Gross Negligence, Recklessness; Breach of Non-Delegable Duty; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress; Intentional Infliction of Emotional Distress; Breach of Loco Parentis; Nuisance | approximately 1981 - 1985 | Complaint ¶ 2: "At all relevant times, the Diocese created, oversaw, managed, controlled, directed, and operated parishes and/or churches of the Diocese, including Defendant St. Pius X Parish."<br><br>See also ¶¶ 1, 3, 4, 5, 17, 41 and the section beginning with an unnumbered header titled "Sexual Abuse in the Diocese of Rockville Centre and by Father Louis Stanislaus." |
| 61. | 900011/2021 | NAME ON FILE | St. Francis Hospital f/k/a St. Francis Hospital & Sanatorium and St. Francis Sanatorium for Cardiac Children, John Doe #1 and John Doe #2 | Negligence; Intentional Infliction of Emotional Distress; No Apportionment of Liability | approximately 1969 - 1970 | |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 31 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 62. | 900024/2021 | NAME ON FILE | Roman Catholic Parish of St. Agnes Cathedral, John Doe and Jane Doe, Richard Doe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Negligent Failure to Warn; Negligent Failure to Provide a Safe and Secure Environment | approximately 1959 - 1965 | Complaint ¶ 25: "Upon information and belief, in 2018, the Diocese of Rockville Centre, which is the Catholic governing authority over St. Agnes, awarded a $500,000 settlement to another victim of Brown's sexual abuse." |
| 63. | 900029/2021 | NAME ON FILE | Our Lady of Mercy Roman Catholic Church, John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Negligent Failure to Warn; Negligent Failure to Provide a Safe and Secure Environment | approximately 1969 | Complaint ¶ 5: "PLAINTIFF is a Roman Catholic and was a parishioner at DEFENDANT OUR LADY OF MERCY ROMAN CATHOLIC CHURCH (hereinafter "OLM"), which is a parish within the Roman Catholic Diocese of Rockville Centre." |
| 64. | 900030/2019 | NAME ON FILE | Good Samaritan Hospital | Negligence; Negligent Hiring, Retention and Supervision; Negligent Infliction of Emotional Distress | approximately 1984 | Unnumbered introduction paragraph: "'This is a revival action brought pursuant to the New York Child Victims Act, CPLR § 214g. The Plaintiff, when he was a minor, was sexually assaulted by Father Robert J. Saccacio, a priest and serial pedophile of the Diocese of Rockville Centre who was assigned to Holy Family Roman Catholic Church in Hicksville, New York.'" See also ¶¶ 8, 9, 27-46 (under unnumbered header titled "DIOCESE'S CONCEALMENT OF ACTS OF SEXUAL ABUSE BY PRIESTS"). |

A-31

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 32 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 65. | 900034/2021 | NAME ON FILE | Holy Family Roman Catholic Church | Negligence | approximately 1978-1979 | Complaint ¶ 2: "Defendant, Holy Family Roman Catholic Church (hereafter, the "Church") is a Roman Catholic Church under the authority of the Diocese of Rockville Centre located at 17 Fordham Avenue, Hicksville, New York 11801. At all relevant times, the Church was owned, controlled and operated by the Diocese of Rockville Centre." |
| 66. | 900035/2021 | NAME ON FILE | Queen of the Most Holy Rosary Roman Catholic Church | Negligence | approximately 1975 | Complaint ¶ 27: "The Bishop of the Diocese of Rockville Centre and the Defendant at all relevant times knew that priests of the Diocese of Rockville Centre, under his supervision and control, were grooming and sexually molesting children with whom the priests would have contact in their ministry and pastoral functions. At all relevant times, the Bishop knew that this was a widespread, ubiquitous and systemic problem in the Diocese of Rockville Centre and at the Defendant involving many priests and numerous victims." See also unnumbered introduction paragraph, and ¶¶ 2, 3, and 28-47 (under unnumbered header titled "Diocese's Concealment of Acts of Sexual Abuse by Priests"). |

A-32

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 33 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 67. | 900036/2021 | NAME ON FILE | Queen of the Most Holy Rosary Roman Catholic Church | Negligence | approximately 1973 - 1978 | Complaint ¶ 7: "At all times relevant and material hereto, the Diocese as principal, and the Church as agent, were in an agency relationship, such that the Church acted on the Diocese's behalf, in accordance with the Diocese's instructions and directions on all matters, including those relating to the hiring of priests and clergy. The acts and omissions of the Church were subject to the Diocese's plenary control, and the Church consented to act subject to the Diocese's control."<br><br>Complaint ¶ 11: "The Diocese and the Church had a duty to exercise reasonable care in the training of clergy, priests, administration and staff in the prevention of sexual abuse and protection of the safety of children and parishioners in their care."<br><br>See also unnumbered introduction paragraph and ¶¶ 2, 3, 12, 26-46 (under unnumbered header titled "Diocese's Concealment of Acts of Sexual Abuse by Priests," 47. |

A-33

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A

Pg 34 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 68. | 900037/2021 | NAME ON FILE | St. Hugh of Lincoln Roman Catholic Church | Negligence | approximately 1983 - 1989 | Complaint ¶ 3: "Defendant, ST. HUGH OF LINCOLN ROMAN CATHOLIC CHURCH (hereafter referred to as the CHURCH"), was a Roman Catholic Church under the authority of the Diocese of Rockville Centre with a principal place of business located at 21 East Ninth Street, Huntington Station, NY 11746. At all times relevant and material hereto, CHURCH was owned, operated, controlled, maintained, and supervised by the Diocese of Rockville Centre. CHURCH is a citizen and resident of the State of New York."<br><br>See also ¶¶ 35-59 (under unnumbered header titled "Diocese's Concealment of Acts of Sexual Abuse by Priests") and unnumbered introduction paragraph. |
| 69. | 900040/2021 | NAME ON FILE | USA Northeast Province of the Society of Jesus, Inc; The New York Province of the Society of Jesus; St. Mary's Roman Catholic Church; and St. Ignatius Jesuit Retreat House | Negligence | approximately 1982 - 1985 | Complaint ¶ 5: "Defendant, ST. MARY'S ROMAN CATHOLIC CHURCH (hereafter referred to as "ST. MARY'S") is a Roman Catholic Church under the authority of the Diocese of Rockville Centre with a principal place of business located at 1300 Northern Blvd Manhasset NY 11030. At all times relevant and material hereto, ST. MARY'S was owned, operated, controlled, maintained, and supervised by the Diocese of Rockville Centre of Rockville Centre. ST. MARY'S is a citizen and resident of the State of New York."<br><br>See also unnumbered introduction paragraph and ¶¶ 6, 7, and 57-88 (under unnumbered header titled "Diocese's Concealment of Acts of Sexual Abuse by Priests"). |

A-34

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 35 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 70. | 900041/2021 | NAME ON FILE | Holy Name of Mary Roman Catholic Church | Negligence | approximately 1986 - 1987 | Complaint ¶ 3: "Defendant, HOLY NAME OF MARY ROMAN CATHOLIC CHURCH (hereinafter referred to as "HOLY NAME") is a Roman Catholic Church under the authority of the Diocese of Rockville Centre with a principal place of business located at 55 East Jamaica Avenue, Valley Stream, NY 11580. HOLY NAME also had an affiliated Catholic School under the supervision and control of the HOLY NAME. HOLY NAME is a citizen and resident of the State of New York. See also unnumbered introduction paragraph and ¶¶ 4, 26-46 (under unnumbered header titled "Diocese's Concealment of Acts of Sexual Abuse by Priests"), ¶ 26-46. |
| 71. | 900042/2021 | NAME ON FILE | St. Ignatius Loyola Roman Catholic Church | Negligence | approximately 1973 - 1975 | Complaint ¶ 3: "Defendant, ST. IGNATIUS LOYOLA ROMAN CATHOLIC CHURCH (hereinafter, "CHURCH"), is a Roman Catholic Church under the authority of the Diocese of Rockville Centre with a principal place of business located at 129 Broadway, Hicksville, NY 11801. CHURCH is a citizen and resident of the State of New York. See also unnumbered introduction paragraph, ¶¶ 4, 32-52 (under unnumbered header titled "Diocese's Concealment of Acts of Sexual Abuse by Priests"). |

A-35

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 36 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 72. | 900044/2021 | NAME ON FILE | Saint Martha Roman Catholic Church | Negligence | approximately 1963 | Complaint ¶ 9: "At all times relevant and material hereto, the DIOCESE OF ROCKVILLE CENTRE, as principal, and CHURCH, as agent, were in an agency relationship, such that CHURCH acted on the DIOCESE OF ROCKVILLE CENTRE's behalf, in accordance with the DIOCESE OF ROCKVILLE CENTRE's instructions and directions on all matters, including those relating to the hiring, retention and supervision of personnel. The acts and omissions of CHURCH were subject to the DIOCESE OF ROCKVILLE CENTRE's plenary control, and CHURCH consented to act subject to the DIOCESE OF ROCKVILLE CENTRE's control." <br><br> See also ¶¶ 3, 4, 21, 24, 29-49 (under unnumbered and unbolded header titled "Diocese's Concealment of Acts of Sexual Abuse by Priests"). |
| 73. | 900047/2021 | NAME ON FILE | The Cathedral of St. Agnes | Negligence | approximately 1958 - 1959 | Complaint ¶ 3: "Defendant, THE CATHEDRAL OF ST. AGNES (hereafter referred to as "THE CATHEDRAL") is a Roman Catholic church under the authority of the Diocese of Rockville Centre with a principal place of business located at 29 Quealy Place, Rockville Centre, New York 11570. Defendant CATHEDRAL is a citizen and resident of the State of New York." <br><br> See also unnumbered introduction paragraph, ¶¶ 4, 24-44 (under unnumbered header titled "Diocese's Concealment of Acts of Sexual Abuse by Priests"). |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 37 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 74. 900048/2021 | NAME ON FILE | St. Rose of Lima Catholic School | Negligence | approximately 1974 – 1975 | Complaint ¶ 2: "Defendant, St. Rose of Lima Catholic School (hereafter, the "School") is a Roman Catholic School under the authority of the Diocese of Rockville Centre located at 4704 Merrick Road Massapequa, NY 11758. At all relevant times, the School was owned, controlled and operated by the Diocese of Rockville Centre."<br><br>See also unnumbered introduction paragraph. |

A-37

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 38 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 75. | 900050/2021 | NAME ON FILE | Holy Name of Mary Roman Catholic Church and DOES 1 through 5 | Negligence; Gross Negligence; Fraudulent Concealment; | approximately 1960 | Complaint ¶ 3: "Defendant Holy Name of Mary Roman Catholic Church is a geographical and ecclesiastical subdivision within the Rockville Center Diocese, serving a community of Catholics, and was and continues to be an organization or entity which includes, but is not limited to, civil corporations, decision making entities, officials and employees authorized to conduct business in the State of New York, with its principal place of business at 55 East Jamaica Avenue, Valley Stream, NY 11580, in Nassau County, New York. Defendant Holy Name of Mary Roman Catholic Church is a Roman Catholic parish and church, and was at all times material hereto subject to the authority of and governed by the Rockville Center Diocese." 

Complaint ¶ 21: "Defendants Holy Name Church and Does 1 through 5 breached their duties of care in one or more of the following ways: ... (k) Failing to provide a safe environment to children and other parishioners within the churches, sacristies, schools and rectories operated and/or owned by Defendant Rockville Center Diocese"

See also ¶ 13. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 39 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 76. | 900055/2021 | NAME ON FILE | St. Martha Roman Catholic Church, St. Mary's Church and The Cathedral of St. Agnes | Negligence | approximately 1973 - 1974; 1977; 1979; | Complaint ¶ 3: "Defendant, ST. MARTHA ROMAN CATHOLIC CHURCH (hereinafter "ST. MARTHA CHURCH"), is a Roman Catholic Church under the authority of the Diocese of Rockville Centre with a principal place of business located at 546 Greengrove Avenue, Uniondale, New York 11553. At all times relevant and material hereto, ST. MARTHA CHURCH owned, operated, maintained and/or controlled St. Martha Catholic School (hereinafter "ST. MARTHA SCHOOL"). ST. MARTHA CHURCH is a citizen and resident of the State of New York." See also unnumbered introduction paragraph and ¶¶ 4-8, 71-91 (under unnumbered header titled "Diocese's Concealment of Acts of Sexual Abuse by Priests"). |
| 77. | 900057/2021 | NAME ON FILE | St. Mary of the Isle Roman Catholic Church, Father "John" Benedict (First Name Unknown), and DOES 1 through 5 | Negligence; Gross Negligence; Fraudulent Concealment; | approximately 1980 | Complaint ¶ 34: "Defendants St. Mary Church and Does 1 through 5 breached their duties of care in one or more of the following ways: .... (k) Failing to provide a safe environment to children and other parishioners within the churches, sacristies, schools and rectories operated and/or owned by Defendant Rockville Center Diocese.'" |

A-39

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 40 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 78. 900058/2021 | NAME ON FILE | Holy Family Roman Catholic Church | Negligence | approximately 1981 - 1983 | Complaint ¶ 42: "The Bishop of the Diocese of Rockville Centre and the Defendants at all relevant times knew that priests and staff of the Diocese of Rockville Centre, under his supervision and control, were grooming and sexually molesting children with whom the priests would have contact in their ministry and pastoral functions. At all relevant times, the Bishop knew that this was a widespread, ubiquitous and systemic problem in the Diocese of Rockville Centre and at the Defendants involving many priests, staff and numerous victims." <br><br> Complaint ¶ 43: "Despite receiving credible allegations of child sexual abuse against priests and staff, the Diocese of Rockville Centre and Defendants acted to conceal these allegations in an effort to avoid scandal and accountability." <br><br> Complaint ¶ 44: "This concealment was in accordance with a policy of the Diocese of Rockville Centre and Defendant, as agents, and the Holy See, as principal." <br><br> See also ¶¶ 48, 49, 52, 53, 55, 62. |

A-40

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 41 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 79. 900060/2021 | NAME ON FILE | St. Catherine of Sienna Roman Catholic Church | Negligence | approximately 1965 | Complaint ¶ 27: "The Bishop of the Diocese of Rockville Centre and the Defendant at all relevant times knew that priests of the Diocese of Rockville Centre, under his supervision and control, were grooming and sexually molesting children with whom the priests would have contact in their ministry and pastoral functions. At all relevant times, the Bishop knew that this was a widespread, ubiquitous and systemic problem in the Diocese of Rockville Centre and at the Defendant involving many priests and numerous victims." <br><br> Complaint ¶ 28: "Despite receiving credible allegations of child sexual abuse against priests, the Diocese of Rockville Centre and Defendant acted to conceal these allegations in an effort to avoid scandal and accountability." <br><br> Complaint ¶ 29: "This concealment was in accordance with a policy of the Diocese of Rockville Centre and Defendant, as agents, and the Holy See, as principal." <br><br> See also ¶¶ 33, 34, 37, 38, 40, 47. |

A-41

20-01226-mg   Doc 180-1   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit A
Pg 42 of 128

| | Index. No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 80. | 900064/2021 | NAME ON FILE | St. Joseph's Roman Catholic Church | Negligence | approximately 1962 - 1963 | Complaint ¶ 30: "The Bishop of the Diocese of Rockville Centre and the Defendant at all relevant times knew that priests of the Diocese of Rockville Centre, under his supervision and control, were grooming and sexually molesting children with whom the priests would have contact in their ministry and pastoral functions. At all relevant times, the Bishop knew that this was a widespread, ubiquitous and systemic problem in the Diocese of Rockville Centre and at the Defendant involving many priests and numerous victims." <br><br> Complaint ¶ 31: "Despite receiving credible allegations of child sexual abuse against priests, the Diocese of Rockville Centre and Defendant acted to conceal these allegations in an effort to avoid scandal and accountability." <br><br> Complaint ¶ 32: "This concealment was in accordance with a policy of the Diocese of Rockville Centre and Defendant, as agents, and the Holy See, as principal." <br><br> See also ¶¶ 36, 37, 40, 41, 43, 50. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A

Pg 43 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 81. | 900069/2021 | NAME ON FILE | Franciscan Brothers of Brooklyn f/k/a Congregation of the Religious Brothers of the Third Order Regular of St. Francis, St. Anthony's High School, Franciscan Brother Noel Doe (Last Name Unknown), Franciscan Brother Gary Doe (Last Name Unknown), and DOES 1 through 5 | Negligence; Gross Negligence; Breach of Fiduciary Duty; Fraudulent Concealment; | approximately 1974 | Complaint ¶ 3: "At all times material hereto, Defendant Franciscan Brothers of Brooklyn owned and operated Defendant St. Anthony's High School under the authority of the Rockville Centre Diocese." Complaint ¶ 4: "At all times material hereto, Defendant Franciscan Brothers owned, operated, administered, controlled, supervised, staffed and otherwise operated Defendant St. Anthony under the authority of Rockville Centre Diocese." See also ¶¶ 5, 6. |
| 82. | 900073/2021 | NAME ON FILE | St. Hugh of Lincoln Roman Catholic Church | Negligence; Outrage and Intentional Infliction of Emotional Distress; | approximately 1976 - 1977 | Complaint ¶ 9: "Father Alfred Soave was a priest employed by the Diocese of Rockville Centre and St. Hugh to serve Catholic families in the geographic jurisdiction, including plaintiff Brendan Conolly and his family. During the time Father Alfred Soave was employed by St. Hugh, he used his position as a priest to groom and to sexually abuse plaintiff Brendan Conolly." Complaint ¶ 22: "At all relevant times Father Soave was a priest of the Diocese of Rockville Centre and St. Hugh." |

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 83. 900079/2021 | NAME ON FILE | St. John of God Roman Catholic Church a/k/a St. John of God Parish | Negligence, Gross Negligence, Recklessness, and Failure to Exercise a Reasonable Standard of Care; Negligent Retention; Negligent Training and Negligent Supervision; | approximately 1979 - 1984 | Complaint ¶ 16: "At all times material, non-party DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK (hereinafter "the Diocese") was and is, an entity and organization, which creates, overseas, manages, owns, operates, controls, and directs a network of hundreds of schools, programs, parishes, and churches in in the State of New York, in the counties of Nassau and Suffolk, including Defendant Church." Complaint ¶ 22: "For decades, the Diocese and the entities within the Diocese's network and control, including but not limited to Defendant Church, denied, covered-up and actively concealed the child sexual abuse perpetrated at the hands of the priests, clergy, and others who were under the direction, control, management, and employment of Defendants." |
| 84. 900080/2021 | NAME ON FILE | Saint Catherine of Sienna Roman Catholic Church and Province of the Most Sacred Heart of Jesus, Third Order Regular of St. Francis of Penance (D/B/A Franciscan Friars of the Third Order Regular) | Negligence and Gross Negligence; Negligent Hiring, Supervision and Retention; Negligent Failure to Warn; Negligent Failure to Provide a Safe and Secure Environment; Negligent Infliction of Emotional Distress; Sexual Abuse and Battery | approximately 1969 | Complaint ¶ 9: "Defendant CHURCH of Franklin Square, New York, was and continues to be a religious entity affiliated with the Roman Catholic Diocese of Rockville Centre (hereinafter "Diocese")." Complaint ¶ 11: "At all times relevant herein, the CHURCH is and was operated by the Diocese of Rockville Centre, or subject to its direction and control over personnel and policy matters." See also ¶¶ 30, 51. |

| | NAME ON FILE | Saint Bernard's Roman Catholic Church | Negligence | approximately 1973 - 1974 | Complaint ¶ 2: "Defendant, Saint Bernard's Roman Catholic Church (hereafter, the "Church") is a Roman Catholic Church under the authority of the Diocese of Rockville Centre located at 3100 Hempstead Turnpike, Levittown, NY 11756. At all relevant times, the Church and parochial school was owned, controlled and operated by the Diocese of Rockville Centre. The Church is a citizen and resident of the State of New York."

Complaint ¶ 26: "The Bishop of the Diocese of Rockville Centre and the Defendant at all relevant times knew that priests of the Diocese of Rockville Centre, under his supervision and control, were grooming and sexually molesting children with whom the priests would have contact in their ministry and pastoral functions.  At all relevant times, the Bishop knew that this was a widespread, ubiquitous and systemic problem in the Diocese of Rockville Centre and at the Defendant involving many priests and numerous victims."

Complaint ¶ 27:  "Despite receiving credible allegations of child sexual abuse against priests, the Diocese of Rockville Centre and Defendant acted to conceal these allegations in an effort to avoid scandal and accountability."

Complaint ¶ 56:  "Defendant Diocese's acts and conduct show a negligent, grossly negligent, reckless or willful disregard for the safety and well-being of Plaintiff and other children."

See also ¶¶ 28, 32, 33, 36, 37, 44, 45. |
|---|---|---|---|---|---|
| 85. | 900081/2021 | | | | |

A-45

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 46 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 86. | 900086/2021 | NAME ON FILE | Sisters of St. Joseph a/k/a The Sisters of Saint Joseph a/k/a Congregation of the Sisters of Saint Joseph of Brentwood, NY; St. Anthony of Padua; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1968 - 1969 | Complaint ¶ 9: "At all times material, Defendant St. Anthony was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese"), the Bishop of the Diocese, and the Sisters of St. Joseph. Defendant St. Anthony includes any school affiliated with St. Anthony. At all times material, St. Anthony school was under the direct authority, control, and province of the Diocese, the Bishop of the Diocese, and Sisters of St. Joseph. At all times material, the Diocese and Defendants St. Anthony and the Sisters of St. Joseph owned, operated, managed, maintained, and controlled St. Anthony School." <br><br> Complaint ¶ 14: "At all times material, Sister Barbara ("Sr. Barbara") was a Roman Catholic sister employed by the Diocese, Sisters of St. Joseph and St. Anthony. Sr. Barbara remained under the direct supervision, employ, and control of Defendants and the Diocese." <br><br> See also ¶¶ 15, 16, 37, 38. |

A-46

20-01226-mg      Doc 180-1      Filed 04/06/23      Entered 04/06/23 14:37:46      Exhibit A

Pg 47 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 87. | 9000087/2021 | NAME ON FILE | Franciscan Brothers of Brooklyn a/k/a Congregation of the Religious Brothers of the Third Order Regular of St. Francis a/k/a and d/b/a Franciscan Brothers, Inc., Brooklyn, NY; St. Aidan's Church a/k/a St. Aidan's; and Does 1 - 5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1959 - 1963 | Complaint ¶ 9: "At all times material, Defendant St. Aidan's was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese"), the Bishop of the Diocese, and the Franciscan Brothers. Defendant St. Aidan's includes any school affiliated with St. Aidan's. At all times material, St. Aidan's school was under the direct authority, control, and province of the Diocese, the Bishop of the Diocese, and the Franciscan Brothers. At all times material, the Diocese and Defendants Franciscan Brothers and St. Aidan's owned, operated, managed, maintained, and controlled St. Aidan's School." <br><br> Complaint ¶ 14: "At all times material, Brother Finian Magee, O.S.F. ("Br. Magee") was a Roman Catholic cleric employed by the Diocese, Franciscan Brothers and St. Aidan's. Br. Magee remained under the direct supervision, employ, and control of Defendants and the Diocese." <br><br> See also ¶¶ 15, 16, 36-38. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 48 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 88. | 900088/2021 | NAME ON FILE | Holy Spirit; and Does 1 - 5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1973 - 1975 | Complaint ¶ 7: "At all times material, Defendant Holy Spirit was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of Diocese. Defendant Holy Spirit includes any school affiliated with Holy Spirit. At all times material, Holy Spirit school was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant Holy Spirit and the Diocese owned, operated, managed, maintained, and controlled Holy Spirit School."<br><br>Complaint ¶ 12: "At all times material, Father George Michell ("Fr. Michell") was a Roman Catholic cleric employed by the Diocese and Holy Spirit. Fr. Michell remained under the direct supervision, employ, and control of Defendant and the Diocese."<br><br>See also ¶¶ 13, 14, 34-36. |

A-48

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 49 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 89. | 900089/2021 | NAME ON FILE | St. Agnes Cathedral a/k/a St. Agnes' Cathedral; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1963 - 1967 | Amended Complaint ¶ 6: "At all times material, Defendant St. Agnes was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of Diocese. Defendant St. Agnes includes any school affiliated with St. Agnes. At all times material, St. Agnes school was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant St. Agnes and the Diocese owned, operated, managed, maintained, and controlled St. Agnes School." Amended Complaint ¶ 11: "At all times material, Father Robert L. Brown ("Fr. Brown") was a Roman Catholic cleric employed by the Diocese and St. Agnes. Fr. Brown remained under the direct supervision, employ, and control of Defendant and the Diocese." See also ¶¶ 12, 13, 33-35. |

A-49

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 50 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 90. 900090/2021 | NAME ON FILE | St. Thomas, the Apostle; and Does 1 - 5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1980 - 1983 | Complaint ¶ 7: "At all times material, Defendant St. Thomas was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of Diocese. Defendant St. Thomas includes any school affiliated with St. Thomas. At all times material, St. Thomas School was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant St. Agnes and the Diocese owned, operated, managed, maintained, and controlled St. Thomas School." Complaint ¶ 12: "At all times material, Father Eugene C. Vollmer ("Fr. Vollmer") was a Roman Catholic cleric employed by the Diocese and St. Thomas. Fr. Vollmer remained under the direct supervision, employ, and control of Defendant and the Diocese." Complaint ¶ 13: "Defendant and the Diocese placed Fr. Vollmer in positions where he had access to and worked with children as an integral part of his work." See also ¶¶ 14, 34-36. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 51 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 91. | 900091/2021 | NAME ON FILE | St. Barnabus Apostle; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1981 - 1982 | Complaint ¶ 7: "At all times material, Defendant St. Barnabus Apostle was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of Diocese. Defendant St. Barnabus Apostle includes any school affiliated with St. Barnabus Apostle. At all times material, Defendant St. Barnabus Apostle school was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant St. Barnabus Apostle and the Diocese owned, operated, managed, maintained, and controlled St. Barnabus Apostle School." See also ¶¶ 12-14, 34-36. |

A-51

20-01226-mg   Doc 180-1   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit A
Pg 52 of 128

| | Index. No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 92. | 900092/2021 | NAME ON FILE | St. Rose of Lima; and Does 1- 5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1980 | Complaint ¶ 7: "At all times material, Defendant St. Rose of Lima was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of Diocese. Defendant St. Rose of Lima includes any school affiliated with St. Rose of Lima. At all times material, St. Rose of Lima school was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. Defendant St. Rose of Lima and the Diocese owned, operated, managed, maintained, and controlled St. Rose of Lima School."<br><br>Complaint ¶ 12: "At all times material, Father Joseph Granata ("Fr. Granata") was a Roman Catholic cleric employed by the Diocese and St. Rose of Lima. Fr. Granata remained under the direct supervision, employ, and control of Defendant and the Diocese."<br><br>See also ¶¶ 13, 14, 34-36. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 53 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 93. | 900093/2021 | NAME ON FILE | St. Francis of Assisi; and Does 1- 5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1967 - 1970 | Complaint ¶ 7: "At all times material, Defendant St. Francis of Assisi was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of Diocese. Defendant St. Francis of Assisi includes any school affiliated with St. Francis of Assisi. At all times material, St. Francis of Assisi school was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant St. Francis of Assisi and the Diocese owned, operated, managed, maintained, and controlled St. Francis of Assisi School."<br><br>Complaint ¶ 12: "At all times material, Father Robert Saccacio ("Fr. Saccacio") was a Roman Catholic cleric employed by the Diocese and St. Francis of Assisi. Fr. Saccacio remained under the direct supervision, employ, and control of Defendant and the Diocese."<br><br>Complaint ¶¶ 13, 14, 34-36. |

A-53

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 54 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 94. | 900094/2021 | NAME ON FILE | Holy Family a/k/a Holy Family Diocesan High School; and Does 1 - 5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1983 - 1984 | Complaint ¶ 7: "At all times material, Defendant Holy Family was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of Diocese. At all times material, the Diocese owned, operated, managed, maintained, and controlled Holy Family School."<br><br>Complaint ¶ 12: "At all times material, Michael Palagonia ("Mr. Palagonia") was a teacher employed by the Diocese and Holy Family. Mr. Palagonia remained under the direct supervision, employ, and control of Defendant and the Diocese."<br><br>See also ¶¶ 13, 14, 34-36. |
| 95. | 900095/2021 | NAME ON FILE | Holy Trinity Diocesan High School a/k/a Holy Trinity; and Does 1 - 5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1978 - 1979 | Amended Complaint ¶ 6: "At all times material, Defendant Holy Trinity was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of Diocese. At all times material, the Diocese owned, operated, managed, maintained, and controlled Holy Trinity."<br><br>Amended Complaint ¶ 11: "At all times material, Father Charles Ribaudo ("Fr. Ribaudo") was a Roman Catholic cleric employed by the Diocese and Holy Trinity. Fr. Ribaudo remained under the direct supervision, employ, and control of Defendant and the Diocese."<br><br>See also ¶¶ 12, 13, 33-35. |

A-54

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 55 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 96. 900096/2021 | NAME ON FILE | St. Christopher's Parish a/k/a St. Christopher; Catholic Charities a/k/a Catholic Charities of the Diocese of Rockville Centre; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1984 | Complaint ¶ 7: "At all times material, Defendant St. Christopher was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of Diocese. Defendant St. Christopher includes any school affiliated with St. Christopher. At all times material, St. Christopher school was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant St. Christopher and the Diocese owned, operated, managed, maintained, and controlled St. Christopher School."

Complaint ¶ 9: "At all times material, Defendant Catholic Charities was and continues to be under the direct authority, control, and province of Defendant Diocese and the Bishop of Defendant Diocese."

Complaint ¶ 14: "At all times material, Mitchell Wolper ("Mr. Wolper") was a CYO coach employed by the Diocese, St. Christopher, and Catholic Charities. Mr. Wolper remained under the direct supervision, employ, and control of Defendants and the Diocese."

See also ¶¶ 15, 16, 36-38. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 56 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 97. | 900097/2021 | NAME ON FILE | Franciscan Brothers of Brooklyn f/k/a Congregation of the Religious Brothers of the Third Order Regular of St. Francis a/k/a and d/b/a Franciscan Brothers, Inc., Brooklyn, NY; St. Joseph a/k/a St. Joseph's; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1969 - 1970 | Complaint ¶ 9: "At all times material, Defendant St. Joseph was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese"), the Bishop of the Diocese, and the Franciscan Brothers. Defendant St. Joseph includes any school affiliated with St. Joseph. At all times material, St. Joseph school was under the direct authority, control, and province of the Diocese, the Bishop of the Diocese, and the Franciscan Brothers. At all times material, the Diocese and Defendants St. Joseph and the Franciscan Brothers owned, operated, managed, maintained, and controlled St. Joseph School."<br><br>Complaint ¶ 14: "At all times material, Brother John ("Br. John") was a Roman Catholic cleric employed by the Diocese, Franciscan Brothers and St. Joseph. Br. John remained under the direct supervision, employ, and control of Defendants and the Diocese."<br><br>See also ¶¶ 15, 16, 36-38. |

A-56

20-01226-mg    Doc 180-1    Entered 04/06/23 14:37:46    Exhibit A

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 98. 900099/2021 | NAME ON FILE | Holy Trinity Diocesan High School, and Dominican Convent of Our Lady of the Rosary a/k/a Dominican Sisters of Our Lady of the Rosary | Negligence; Negligent Hiring, Retention, or Direction;  Breach of Stautory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | approximately 1982 | Complaint ¶ 23: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Dominican Sisters of Sparkill and the School; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

A-57

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 58 of 128

| 99. | 9001/02/2021 | NAME ON FILE | St. Bernard's Roman Catholic Church | | Negligence | approximately 1966 - 1967 | Complaint ¶ 3: "Defendant, ST. BERNARD'S ROMAN CATHOLIC CHURCH (hereinafter "CHURCH"), is a Roman Catholic parish and church operating under the authority and control of The Roman Catholic Diocese of Rockville Centre."

Complaint ¶ 4: "At all times relevant and material hereto, Father Griffin (hereinafter "GRIFFIN") was a duly ordained Catholic Priest under the supervision and control of The Roman Catholic Diocese of Rockville Centre, assigned to CHURCH."

Complaint ¶ 9: "At all times relevant and material hereto, The Roman Catholic Diocese of Rockville Centre, as principal, and CHURCH, as agent, were in an agency relationship, such that CHURCH acted on The Roman Catholic Diocese of Rockville Centre's behalf, in accordance with The Roman Catholic Diocese of Rockville Centre's instructions and directions on all matters, including those relating to the hiring, retention and supervision of personnel. The acts and omissions of CHURCH were subject to The Roman Catholic Diocese of Rockville Centre's plenary control, and CHURCH consented to act subject to The Roman Catholic Diocese of Rockville Centre's control."

Complaint ¶ 21: "At all times relevant and material hereto, GRIFFIN was a Priest employed by The Roman Catholic Diocese of Rockville Centre and assigned to CHURCH."

Complaint ¶ 30: "The Bishop of The Roman Catholic Diocese of Rockville Centre, and therefore CHURCH as agent, at all relevant |
|---|---|---|---|---|---|---|---|

A-58

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| | | | | | times knew that clergy of The Roman Catholic Diocese of Rockville Centre under its supervision and control, were grooming and sexually molesting children with whom the clergy would have contact in their ministry and in their educational and pastoral functions." |
| | | | | | Complaint ¶ 31: "At all relevant times, the Bishop knew that this was a widespread, ubiquitous, and systemic problem in The Roman Catholic Diocese of Rockville Centre involving many clergymen and numerous victims." |
| | | | | | Complaint ¶ 33: "This concealment was in accordance with a policy of The Roman Catholic Diocese of Rockville Centre and CHURCH, as agents, and the Holy See, as principal." |
| | | | | | See also ¶¶ 37, 38, 41-43, 45-50. |

20-01226-mg    Doc 180-1    Entered 04/06/23 14:37:46    Exhibit A

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 100 | 900103/2021 | NAME ON FILE | Notre Dame Parish, Notre Dame Catholic School, Sisters of the Order of St. Dominic, and Franciscan Brothers | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Sco. Serv. Law 413 and 420; | approximately 1967 – 1968 | Complaint ¶ 44: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, Franciscan Brothers of Brooklyn, Dominican Sisters of Amityville, and School; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

A-60

20-01226-mg   Doc 180-1   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit A
Pg 61 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 101 | 9001105/2021 | NAME ON FILE | Claretian Missionaries USA-Canada Province and Church of Saint Paul the Apostle | Negligence | approximately 1965 - 1968 | Complaint ¶ 40: "The Bishop of the Diocese at all relevant times knew that Priests of the Diocese, under his supervision and control, were grooming and sexually molesting children with whom the Priests would have contact in their ministry and pastoral functions. At all relevant times, the Bishop knew that this was a widespread, ubiquitous, and systemic problem in the Diocese, involving many Priests and numerous victims."

Complaint ¶ 41: "Despite receiving credible allegations of child sexual abuse against Priests, the Diocese acted to conceal allegations of sexual abuse in an effort to avoid scandal and accountability."

Complaint ¶ 42: "This concealment was in accordance with a policy of the Diocese, as agent, and the Holy See, as principal."

See also ¶¶ 46, 50-52, 58. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 62 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 102 | 9001110/2021 | NAME ON FILE | Saint Martha Roman Catholic Church and St. Martha's Elementary School | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | approximately 1979 - 1980 | Complaint ¶ 28: "The pattern and practice of intentionally refusing and/or failing to disclose the identities and locations of sexually inappropriate and/or abusive clerics has been practiced by the Diocese for decades and continues through current day. The failure to disclose the identities of allegedly sexually inappropriate and/or abusive clerics is unreasonable and knowingly or recklessly creates or maintains a condition that endangers the safety and health of members of the public, and more specifically, Plaintiff herein."<br><br>See also ¶ 29. |

A-62

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 63 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 103 | 900112/2021 | NAME ON FILE | Mary Regina Parish, Mary Regina Roman Catholic Church, and Mary Regina School | Negligence; Negligent Failure to Warn and Implement Child Sexual Abuse; Negligent Hiring; Negligent Supervision and Training; Negligent Retention; Breach of Fiduciary Duty; Liability for Failing to Report Abuse | approximately 1966 – 1968 | Complaint ¶ 1: "This action arises out of the sexual abuse of the Plaintiff by Sister Mary Philippa O'Reilly ("Sister Mary"), a principal and nun at Defendants School and Church in the Defendant Parish, owned, supervised, controlled, and/or operated by or under the Roman Catholic Diocese of Rockville Centre, while Plaintiff was a minor."

Complaint ¶ 2: "Defendant Parish, Church and School are a Roman Catholic parish, church, and school in the County of Nassau owned and run by the Roman Catholic Diocese of Rockville Centre and continue to operate and serve parishioners and students."

Complaint ¶ 13: "Upon Information and belief, at all relevant times, Defendants Parish, Church, and School were and have been a Roman Catholic parish, church, and school within and under the authority of the Roman Catholic Diocese of Rockville Centre, which created, oversaw, managed, controlled, directed, and operated the Parish, Church, and School."

Complaint ¶ 16: "During the times relevant to the allegations set forth herein, the Roman Catholic Diocese of Rockville Centre was responsible for overseeing, managing, controlling, directing and operating Defendants Parish, Church, and School."

See also ¶ 17. |

A-63

20-01226-mg    Doc 180-1    Entered 04/06/23 14:37:46    Exhibit A

Filed 04/06/23
Pg 64 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 104 | 900113/2021 | NAME ON FILE | St. Raphael Parish | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; | approximately 1965 – 1966 | Complaint ¶ 18: "The pattern and practice of intentionally refusing and/or failing to disclose the identities and locations of sexually inappropriate and/or abusive clerics has been practiced by the Diocese for decades and continues through current day. The failure to disclose the identities of allegedly sexually inappropriate and/or abusive clerics is unreasonable and knowingly or recklessly creates or maintains a condition that endangers the safety and health of members of the public, and more specifically, Plaintiff herein.<br><br>Complaint ¶ 19: "Further, Roman Catholic Church officials, including Defendant herein, have used their power and influence to prevent victims and their families from disclosing allegations of abuse." |
| 105 | 900116/2020 | NAME ON FILE | Theodore Roosevelt Council, INC., Boy Scouts of America; Our Holy Redeemer Roman Catholic Church; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Hiring of Employees; Negligent Training and Supervision; Negligent Retention of Employees; | approximately 1982 | |
| 106 | 900116/2021 | NAME ON FILE | Theodore Roosevelt Council, Inc., Boy Scouts of America; Baldwin Union Free School District; Church of St. Christopher; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Hiring of Employees; Negligent Training and Supervision; Negligent Retention of Employees; | approximately 1980 – 1982 | |

A-64

20-01226-mg   Doc 180-1   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit A
Pg 65 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 107 | 9001/22/2021 | NAME ON FILE | Our Holy Redeemer Roman Catholic Church; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees; Gross Negligence and Reckless Indifference to the Rights of Plaintiff | approximately 1969 - 1970 | Complaint ¶ 21: "Fr. Nee has been identified in The Roman Catholic Diocese of Rockville Centre, New York List of Accused Clergy ("The List") as a cleric against whom allegations of sexual abuse of a minor have been admitted, substantiated, determined, or otherwise considered to be credible." |
| 108 | 9001/23/2021 | NAME ON FILE | St. Raymond of Penyafort and Congregation of the Sisters Servants of the Immaculate Heart of Mary Scranton Pennsylvania, and Congregation of the Sisters Servants of the Immaculate Heart of Mary Scranton Pennsylvania PA | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | approximately 1968 | Amended Complaint ¶ 27: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and communion classes; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish and Sisters of IHM. Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 66 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 109 | 9001/25/2021 | NAME ON FILE | St. Barnabas the Apostle Roman Catholic Church, Capuchin Franciscans Tertiary Province of St. Mary N.Y. Inc.,; John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Negligent Failure to Warn; Negligent Failure To Provide a Safe and Secure Environment; | approximately 1968 - 1972 | Complaint ¶ 5: "PLAINTIFF is a Roman Catholic and was a parishioner at DEFENDANT ST. BARNABAS THE APOSTLE ROMAN CATHOLIC CHURCH (hereinafter "ST. BARNABAS"), which is a parish within the Roman Catholic Diocese of Rockville Centre. ST. BARNABAS is located in Bellmore, New York which is in Nassau County."  Complaint ¶ 28: "Upon information and belief, the Roman Catholic Diocese of Rockville Centre is the governing religious authority and body under and through which DEFENDANT ST. BARNABAS operates."  See also ¶¶ 29, 30. |

A-66

20-01226-mg   Doc 180-1   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit A

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 110 | 9001226/2021 | NAME ON FILE | St. James Parish, St. James Parish School, Sisters of the Holy Cross and Passion, and William R. Logan | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; | approximately 1980 - 1984 | Complaint ¶ 31: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, School, and Passionist Sisters; Abuser was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." <br><br> See also ¶ 62. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 68 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 111 | 9001/27/2021 | NAME ON FILE | St. Barnabus the Apostle Roman Catholic Church, Capuchin Franciscans Tertiary Province of St. Mary N.Y. Inc.,; John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Negligent Failure to Warn; Negligent Failure To Provide a Safe and Secure Environment; | approximately 1966 - 1968 | Complaint ¶ 5: "PLAINTIFF is a Roman Catholic and was a parishioner at DEFENDANT ST. BARNABAS THE APOSTLE ROMAN CATHOLIC CHURCH (hereinafter "ST. BARNABAS"), which is a parish within the Roman Catholic Diocese of Rockville Centre. ST. BARNABAS is located in Bellmore, New York which is in Nassau County."

Complaint ¶ 27: " 'Upon information and belief, the Roman Catholic Diocese of Rockville Centre is the governing religious authority and body under and through which DEFENDANT ST. BARNABAS operates.' "

See also ¶¶ 28, 29. |

A-68

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 69 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 112 | 9\00128/2021 | NAME ON FILE | Our Lady of Lourdes a/k/a Our Lady of Lourdes Church Malverne a/k/a Our Lady of Lourdes Parish, Our Lady of Lourdes School, and Sisters of the Order of St. Dominic | Negligence; Negligent Hiring, Retention, or Direction; | approximately 1966 - 1967 | Complaint ¶ 33: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, Sisters of St. Dominic of Amityville, and School; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

A-69

20-01226-mg    Doc 180-1    Entered 04/06/23 14:37:46    Exhibit A
Pg 70 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 113 | 900130/2021 | NAME ON FILE | St. Dominic's; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1960 - 1963 | Complaint ¶ 7: "At all times material, Defendant St. Dominic's was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese. Defendant St. Dominic's includes any school affiliated with St. Dominic's. At all times material, St. Dominic's school was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant St. Dominic's and the Diocese owned, operated, managed, maintained, and controlled St. Dominic's School."<br><br>Complaint ¶ 12: "At all times material, Father Alfred Soave ("Fr. Soave") was a Roman Catholic cleric employed by the Diocese and St. Dominic's. Fr. Soave remained under the direct supervision, employ, and control of Defendant and the Diocese."<br><br>See also ¶¶ 13, 14, 34-36. |

20-01226-mg   Doc 180-1   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit A
Pg 71 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 114 | 9001131/2021 | NAME ON FILE | Franciscan Brothers of Brooklyn a/k/a Congregation of the Religious Brothers of the Third Order Regular of St. Francis d/b/a Franciscan Brothers, Inc., Brooklyn, NY; Camp Alvernia; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1967 | Complaint ¶ 9: "At all times material, Defendant Camp Alvernia was and continues to be under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese"), the Bishop of the Diocese, and the Franciscan Brothers."<br><br>Complaint ¶ 14: "At all times material, Brother Harold Harvers, O.S.F. ("Br. Harold") was a Roman Catholic cleric employed by the Diocese, Franciscan Brothers and Camp Alvernia. Br. Harold remained under the direct supervision, employ, and control of Defendants and the Diocese."<br><br>See also ¶¶ 15, 16, 36-38. |

A-71

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 115 | 900132/2021 | NAME ON FILE | The Marist Brothers Province of the United States f/k/a The Marist Brothers Province of Esopus d/b/a Marist Brothers of the Schools, Inc.; St. Mary's; Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1981 | Complaint ¶ 9: "At all times material, Defendant St. Mary's was and continues to be under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese"), the Bishop of the Diocese, and the Marist Brothers. Defendant St. Mary's includes any school affiliated with St. Mary's. At all times material, St. Mary's High School was and continues to be under the direct authority, control, and province of the Diocese, the Bishop of the Diocese, and the Marist Brothers. At all times material, the Diocese and Defendants Marist Brothers and St. Mary's owned, operated, managed, maintained, and controlled St. Mary's School." Complaint ¶ 14: "At all times material, Brother Bernard Nolan, F.M.S. ("Br. Bernard") was a Roman Catholic cleric employed by the Diocese, Marist Brothers and St. Mary's. Br. Bernard remained under the direct supervision, employ, and control of Defendants and the Diocese." See also ¶¶ 15, 16, 36-38. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 73 of 128

| | Index. No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 116 | 900133/2021 | NAME ON FILE | St. Hugh of Lincoln a/k/a St. Hugh's; Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1977 - 1979 | Complaint ¶ 7: "At all times material, Defendant St. Hugh's was and continues to be under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese. Defendant St. Hugh's includes any school affiliated with St. Hugh's. At all times material, St. Hugh's School was and continues to be under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant St. Hugh's and the Diocese owned, operated, managed, maintained, and controlled St. Hugh's School."

Complaint ¶ 12: "At all times material, Teacher John Doe ("Teacher Doe") was employed by the Diocese and St. Hugh's. Teacher Doe remained under the direct supervision, employ, and control of Defendant and the Diocese."

See also ¶¶ 13, 14, 34-36. |
| 117 | 900134/2021 | NAME ON FILE | Theodore Roosevelt Council, Inc., Boy Scouts of America; Our Lady of Fatima RC Church a/k/a Our Lady of Fatima; and Does 1-5 whose identities are unknown to Plaintiff, | Negligence; Negligent Hiring of Employees; Negligent Training and Supervision; Negligent Retention of Employees; | approximately 1975 - 1976 | |

A-73

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 74 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 118 | 9001135/2021 | NAME ON FILE | St. Rose of Lima Parish | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | approximately 1975 | Complaint ¶ 16: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

A-74

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 75 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 119 | 900136/2021 | NAME ON FILE | Notre Dame Parish, Notre Dame Catholic School, Sisters of the Order of St. Dominic, Franciscan Brothers Incorporated, and Franciscan Brothers | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | approximately 1965- 1968 | Complaint ¶ 40: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, Sisters of St. Dominic Amityville, Franciscan Brothers, and School; Abusers were agents, servants, or employees of the Diocese; and, while an agents, servants or employees of the Diocese, Abusers remained under the control and supervision of the Diocese."<br><br>See also ¶ 94. |

A-75

20-01226-mg    Doc 180-1    Entered 04/06/23 14:37:46    Exhibit A

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|-----------|--------------|--------------|--------------------|-----------------------|-----------------------------------|
| 120 9001137/2021 | NAME ON FILE | St. Brigid/Our Lady of Hope Regional School, St. Brigid School, St. Brigid Parish, School Sisters of Notre Dame in the State of Connecticut, Northeastern Province of the School Sisters of Notre Dame in the State of Connecticut and Atlantic-Midwest Province of the School Sisters of Notre Dame | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | approximately 1974 - 75 | Complaint ¶ 43: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, School, and SSND Wilton Province. Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 77 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 121 | 900138/2021 | NAME ON FILE | St. Dominic Elementary School, and St. Dominic Roman Catholic Church | Negligence; Negligent Hiring, Retention, and Supervision; Negligent Infliction of Emotional Distress | approximately 1962 | Complaint ¶ 4: "This claim arises pursuant to the Child's Victim Act, as Plaintiff MARY LOU SUSSI-PABILONIA (hereinafter "Plaintiff" or "Sussi-Pabilonia") was sexually abused as a child by Fr. Alfred Soave (hereinafter "Fr. Soave") at and of ST. DOMINIC ELEMENTARY SCHOOL and ST. DOMINIC ROMAN CATHOLIC CHURCH (hereinafter collectively, "Defendants") and the Diocese of Rockville Centre." Complaint ¶ 5: "At all times material, Fr. Soave was an agent, servant and/or employee of ST. DOMINIC ELEMENTARY SCHOOL and ST. DOMINIC ROMAN CATHOLIC CHURCH which operated under the exclusive control of the Diocese of Rockville Centre (hereinafter referred to as "the Diocese"). Fr. Soave was known among the community and the children as a sexual predator." See also ¶¶ 6-8, 16, 20, 40. |

20-01226-mg    Doc 180-1    Entered 04/06/23 14:37:46    Exhibit A
Pg 78 of 128

| | Index. No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 122 | 9001139/2021 | NAME ON FILE | Parish of Saint Raphael and Saint Raphael Roman Catholic Church | Negligence; Negligent Failure to Warn and Implement Child Sexual Abuse Policies; Negligent Hiring; Negligent Supervision and Training; Negligent Retention; Breach of Fiduciary Duty; Failure to Report Abuse; | approximately 1971 | Complaint ¶ 2: "Defendant Parish is a parish in the County of Nassau and Defendant Church is a church in the County of Nassau. Defendants Parish and Church are owned and run by the Roman Catholic Diocese of Rockville Centre and continue to operate and serve parishioners."<br><br>Complaint ¶ 12: "Upon Information and belief, at all relevant times, Defendants Parish and Church were and have been a Roman Catholic parish and church within and under the authority of the Roman Catholic Diocese of Rockville Centre, which created, oversaw, managed, controlled, directed, and operated Defendants Parish and Church."<br><br>Complaint ¶ 15: "During the times relevant to the allegations set forth herein, the Roman Catholic Diocese of Rockville Centre was responsible for overseeing, managing, controlling, directing and operating Defendants Parish and Church."<br><br>See also ¶ 16. |

A-78

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 79 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 123 | 9001144/2021 | NAME ON FILE | St. John the Baptist a/k/a St. John the Baptist Diocesan High School; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1966 - 1967 | Complaint ¶ 7: "At all times material, Defendant St. John the Baptist was and continues to be under the direct authority, control, and province of the Diocese of Rockville Center ("Diocese"), and the Bishop of the Diocese." Complaint ¶ 12: "At all times material, Sister Elizabeth Moore, O.S.F. ("Sr. Elizabeth") was a Roman Catholic nun employed by the Diocese and St. John the Baptist. Sr. Elizabeth remained under the direct supervision, employ, and control of Defendant and the Diocese." See also ¶¶ 13, 14, 34-36. |

A-79

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 124 | 900145/2021 | NAME ON FILE | St. Raphael a/k/a St. Raphael Parish; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1968 - 1969 | Complaint ¶ 7: "At all times material, Defendant St. Raphael was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese. Defendant St. Raphael includes any school affiliated with St. Raphael. At all times material, St. Raphael school was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant St. Raphael and the Diocese owned, operated, managed, maintained, and controlled St. Raphael School."<br><br>Complaint ¶ 12: "At all times material, Father John D. Mott ("Fr. Mott") was a Roman Catholic cleric employed by the Diocese and St. Raphael. Fr. Mott remained under the direct supervision, employ, and control of Defendant and the Diocese."<br><br>See also ¶¶ 13, 14, 34-36. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 81 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 125 | 9001146/2021 | NAME ON FILE | St. Barnabas the Apostle Roman Catholic Church Parish, St. Barnabas the Apostle Roman Catholic Church, and St. Elizabeth Ann Seton Regional School (as successor-in-interest to St. Barnabas School) | Negligence; Negligent Failure to Warn and Implement Child Sexual Abuse Policies; Negligent Hiring; Negligent Supervision and Training; Negligent Retention; Breach of Fiduciary Duty; Failure to Report Abuse; | approximately 1986 | Complaint ¶ 2: "Defendant Parish is a parish in the County of Nassau and Defendant Church is a church in the County of Nassau. The Parish and Church are owned and run by the Roman Catholic Diocese of Rockville Centre and continue to operate and serve parishioners."

Complaint ¶ 13: "Upon information and belief, at all relevant times, the Roman Catholic Diocese of Rockville Centre created, oversaw, managed, controlled, directed, and operated parishes or churches and schools of the Roman Catholic Diocese of Rockville Centre including the Parish, Church and School."

Complaint ¶ 14: "Upon information and belief, at all relevant times, the Roman Catholic Diocese of Rockville Centre managed, supervised, employed, directed, and/or controlled priests, nuns, clergy, teachers, employees and seminary students assigned to work in parishes or churches or schools of the Roman Catholic Diocese of Rockville Centre including Father Burns."

See also ¶¶ 15, 19, 23, 24. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 82 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 126 | 9001/47/2021 | NAME ON FILE | Dominican Sisters of the Third Order of St. Dominic Congregation of the Holy Cross a/k/a The Sisters of the Order of Saint Dominic; Sisters, Servants of the Immaculate Heart of Mary; Sisters of the Cross and Passion, Maria Regina a/k/a Maria Regina Diocesan High School, Uniondale; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1979 - 1981 | Complaint ¶ 13: "At all times material, Defendant Maria Regina was be [sic] under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese"), the Bishop of the Diocese, the Dominican [sic] Sisters, Sisters of IHM, and Passionist Sisters."

Complaint ¶ 18: "At all times material, Sister Veronica ("Sr. Veronica") was a Roman Catholic nun employed by the Diocese, Dominican Sisters, Sisters of IHM, Passionist Sisters, and Maria Regina. Sr. Veronica remained under the direct supervision, employ, and control of Defendants and the Diocese."

See also ¶¶ 19, 20, 40-42. |

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 127 | 9001148/2021 | NAME ON FILE | St. Brigid; Church of Our Lady of Hope; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1960 - 1962 | Complaint ¶ 8: "At all times material, Defendant St. Brigid was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese. Defendant St. Brigid includes the Carle Place Chapel. At all times material, the Carle Place Chapel was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant St. Brigid and the Diocese owned, operated, managed, maintained, and controlled the Carle Place Chapel."

Complaint ¶ 10: "Upon information [sic] and belief, in 1987, the Carle Place Chapel was re-dedidicated [sic] as Our Lady of Hope. Upon information and belief, Our Lady of Hope continued [sic] the misions [sic] and ministry of Carle Place Chapel, and Carle Place Chapel remained under the direct authority, control, and province of the Diocese and the Bishop of the Diocese."

Complaint ¶ 15: "At all times material, Father John Doe ("Fr. Doe") was a Roman Catholic cleric employed by the Diocese, St. Brigid and Our Lady of Hope. Fr. Doe remained under the direct supervision, employ, and control of Defendants and the Diocese."

See also ¶¶ 16, 17, 37-39. |

20-01226-mg    Doc 180-1    Entered 04/06/23 14:37:46    Exhibit A

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 128 | 9001149/2021 | NAME ON FILE | St. Dominic's; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1978 – 1980 | Complaint ¶ 7: "At all times material, Defendant St. Dominic's was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese. Defendant St. Dominic's includes any school affiliated with St. Dominic's. At all times material, St. Dominic's school was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant St. Dominic's and the Diocese owned, operated, managed, maintained, and controlled St. Dominic's School."<br><br>Complaint ¶ 12: "At all times material, Father John Doe ("Fr. Doe") was a Roman Catholic cleric employed by the Diocese and St. Dominic's. Fr. Doe remained under the direct supervision, employ, and control of Defendant and the Diocese."<br><br>See also ¶¶ 13, 14, 34-36. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 85 of 128

| | Index. No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 129 | 9001/50/2021 | NAME ON FILE | St. Bernard; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1958 - 1959 | Complaint ¶ 7: "At all times material, Defendant St. Bernard was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese. Defendant St. Bernard includes any school affiliated with St. Bernard. At all times material, St. Bernard school was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant St. Bernard and the Diocese owned, operated, managed, maintained, and controlled St. Bernard School."<br><br>Complaint ¶ 12: "At all times material, Father John Doe ("Fr. Doe") was a Roman Catholic cleric employed by the Diocese and St. Bernard. Fr. Doe remained under the direct supervision, employ, and control of Defendant and the Diocese."<br><br>See also ¶¶ 13, 14, 34-36. |

A-85

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 86 of 128

| | NAME ON FILE | | | |
|---|---|---|---|---|
| 130 | 900160/2021 | Queen of the Most Holy Rosary Roman Catholic Church; and Queen of the Most Holy Rosary School | Negligence | approximately 1986 - 1987 | Amended Complaint ¶ 3: "Defendant, QUEEN OF THE MOST HOLY ROSARY ROMAN CATHOLIC CHURCH (hereinafter "CHURCH"), is a Roman Catholic parish and church operating under the authority and control of the DIOCESE OF ROCKVILLE CENTRE."

Amended Complaint ¶ 4: "Defendant, QUEEN OF THE MOST HOLY ROSARY SCHOOL (hereinafter, "SCHOOL"), is a Roman Catholic parochial school operating under the authority and control of the DIOCESE OF ROCKVILLE CENTRE, with a principal place of business located at 200 West Centennial Avenue, Roosevelt, New York 11575."

Amended Complaint ¶ 6: "At all times relevant and material hereto, SISTER MARY EILEEN (hereinafter "PERPETRATOR") was a duly ordained Catholic nun under the supervision and control of the DIOCESE OF ROCKVILLE CENTRE, assigned to the CHURCH and SCHOOL."

Amended Complaint ¶ 11: "At all times relevant and material hereto, the DIOCESE OF ROCKVILLE CENTRE, as principal, and CHURCH, as agent, were in an agency relationship, such that CHURCH acted on the DIOCESE OF ROCKVILLE CENTRE's behalf, in accordance with the DIOCESE OF ROCKVILLE CENTRE's instructions and directions on all matters, including those relating to the hiring, retention and supervision of personnel. The acts and omissions of CHURCH were subject to the DIOCESE OF ROCKVILLE CENTRE's plenary control, and CHURCH consented to |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 87 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| | | | | | act subject to the DIOCESE OF ROCKVILLE CENTRE's control." Amended Complaint ¶ 12: "At all times relevant and material hereto, the DIOCESE OF ROCKVILLE CENTRE, as principal, and SCHOOL, as agent, were in an agency relationship, such that SCHOOL acted on the DIOCESE OF ROCKVILLE CENTRE's behalf, in accordance with the DIOCESE OF ROCKVILLE CENTRE's instructions and directions on all matters, including those relating to the hiring, retention and supervision of personnel. The acts and omissions of SCHOOL were subject to the DIOCESE OF ROCKVILLE CENTRE's plenary control, and SCHOOL consented to act subject to the DIOCESE OF ROCKVILLE CENTRE's control." See also ¶¶ 45, 49. |
| 131 | NAME ON FILE | St. Raymond Parish; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees; Gross Negligence and Reckless Indifference to the Rights of Plaintiff | approximately 1972 - 1979 | Complaint ¶ 11: "The hierarchy of the Roman Catholic Church and, by implication, these Defendants have been aware of the serious problem of clergy sexual abuse of minors since at least the 1800s." Complaint ¶ 12: "Further, Roman Catholic Church officials, including these Defendants, have used their power and influence to prevent sexual abuse victims and their families from disclosing allegations of sexual abuse of minors." |
| 9001 66/2021 | | | | | |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 88 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 132 | NAME ON FILE | St. James Parish, | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | approximately 1973 - 1976 | Complaint ¶ 17: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

A-88

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 133 | 9001169/2021 | NAME ON FILE | St. Ignatius of Loyola Roman Catholic Church, St. Ignatius Loyola School and Sisters of the Order of St. Dominic | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | approximately 1984 - 1985 | Complaint ¶ 34: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, Sisters of St. Dominic, St. Hugh of Lincoln School, and Trinity Regional School; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 90 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 134 | 9001?0/2021 | NAME ON FILE | Our Holy Redeemer Roman Catholic Church, Our Holy Redeemer School, and Sisters of the Order of St. Dominic | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | approximately 1976 – 1979 | Complaint ¶ 34: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, Sisters of St. Dominic, and School; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

A-90

20-01226-mg    Doc 180-1    Entered 04/06/23 14:37:46    Exhibit A

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 135 | 900172/2021 | NAME ON FILE | Saint Joseph's RC Church | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | approximately 1962 | Complaint ¶ 17: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

20-01226-mg   Doc 180-1   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit A

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 136 | 900174/2021 | NAME ON FILE | St. Rose of Lima Roman Catholic Church, St. Rose of Lima School, and Sisters of the Order of St. Dominic | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | approximately 1974 | Amended Complaint ¶ 41: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including Parish and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, Sisters of St. Dominic, and the School; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

A-92

20-01226-mg     Doc 180-1     Filed 04/06/23     Entered 04/06/23 14:37:46     Exhibit A
Pg 93 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 137 | 9001752021 | NAME ON FILE | St. Agnes Roman Catholic Cathedral a/k/a the Cathedral of St. Agnes, St. Agnes Cathedral School and Sisters of the Order St. Dominic | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | approximately 1983 - 1984 | Complaint ¶ 33: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, Sisters of St. Dominic, and the School; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 94 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 138 | 900302/2021 | NAME ON FILE | St. Pius X RC Church a/k/a Saint Pius Roman Catholic Parish; Saint Pius X RC School; Sisters of Mercy; and Does 1-5 whose identities are Unknown to Plaintiff | Negligence; Negligent Training and Supervision; Negligent Retention; | approximately 1967 - 1972 | Complaint ¶ 4: "At all times relevant and material, Defendant St. Pius X RC School (hereinafter "St. Pius X School") was a Catholic school owned and/or operated by the Diocese of Rockville Center."

Complaint ¶ 5: "At all times relevant and material, Defendant St. Pius X RC Church a/k/a Saint Pius X Parish (hereinafter "St. Pius X") was a Roman Catholic Parish within and under the authority of the Diocese of Rockville Center and was a religious corporation organized pursuant to the Religious Corporations Law with its principal office at 1 St. Pius X Court, Plainview, NY 11803, Nassau County, New York. At all relevant times, St. Pius was a Roman Catholic Parish within and under the direct authority, control, and province of the Diocese of Rockville Center (hereinafter "Diocese") and the Bishop of the Diocese. St. Pius X includes, but is not limited to, St. Pius X RC Church, and any other organizations and/or entities operated under the same or similar name with the same or similar principal place of business."

See also ¶¶ 20, 54, 55. |

A-94

20-01226-mg    Doc 180-1    Entered 04/06/23 14:37:46    Exhibit A
Pg 95 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 139 | 9001/78/2021 | NAME ON FILE | St. Brigid's Catholic Church, St. Brigid/Our Lady of Hope Regional School and Atlantic-Midwest Province of the School Sisters of Notre Dame | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | approximately 1967 | Complaint ¶ 33: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, School Sisters of Notre Dame, and the School; Abuser, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

A-95

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 96 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 140 | 9001179/2021 | NAME ON FILE | SS. Cyril and Methodius; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1971 - 1973 | Complaint ¶ 7: "At all times material, Defendant St. Cyril was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese. Defendant St. Cyril includes any school affiliated with St. Cyril. At all times material, St. Cyril School was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant St. Cyril and the Diocese owned, operated, managed, maintained, and controlled St. Cyril School."

Complaint ¶ 12: "At all times material, Father George J. Hein ("Fr. Hein") was a Roman Catholic cleric employed by the Diocese and St. Cyril. Fr. Hein remained under the direct supervision, employ, and control of Defendant and the Diocese."

See also ¶¶ 13, 14, 34-36. |

| | NAME ON FILE | | | |
|---|---|---|---|---|
| 141 | 900180/2021 | Our Lady of Perpetual Help; St. James; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1973 - 1974 | Complaint ¶ 7: "At all times material, Defendant Our Lady of Perpetual Help was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese. Defendant Our Lady of Perpetual Help includes any school affiliated with Our Lady of Perpetual Help. At all times material, Our Lady of Perpetual Help school was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant Our Lady of Perpetual Help and the Diocese owned, operated, managed, maintained, and controlled Our Lady of Perpetual Help School."

Complaint ¶ 9: "At all times material, Defendant St. James was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. Defendant St. James includes any school affiliated with St. James. At all times material, St. James school was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant St. James and the Diocese owned, operated, managed, maintained, and controlled St. James School."

Complaint ¶ 14: "At all times material, Father Edward D'Andrea ("Fr. D'Andrea") was a Roman Catholic cleric employed by the Diocese, Our Lady of Perpetual Help and St. James. Fr. D'Andrea remained under the direct supervision, employ, and control of Defendants and the Diocese."

See also ¶¶ 15-17, 36-38. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A

| | Index. No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 142 | 90018I/2021 | NAME ON FILE | St. Anthony of Padua; Good Shepherd; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1981 - 1982 | Complaint ¶ 7: "At all times material, Defendant St. Anthony of Padua was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese. Defendant St. Anthony of Padua includes any school affiliated with St. Anthony of Padua. At all times material, St. Anthony of Padua school was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant St. Anthony of Padua and the Diocese owned, operated, managed, maintained, and controlled St. Anthony of Padua School."<br><br>Complaint ¶ 14: "At all times material, Father Brian McKeon ("Fr. McKeon") was a Roman Catholic cleric employed by the Diocese, St. Anthony of Padua and Good Shepherd. Fr. McKeon remained under the direct supervision, employ, and control of Defendants and the Diocese."<br><br>See also ¶¶ 15-17, 33-35. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 99 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 143 | 9001/82/2021 | NAME ON FILE | Our Lady of Victory; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1965 - 1967 | Complaint ¶ 7: "At all times material, Defendant Our Lady of Victory was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese. Defendant Our Lady of Victory includes any school affiliated with Our Lady of Victory. At all times material, Our Lady of Victory School was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant Our Lady of Victory and the Diocese owned, operated, maintained, and controlled Our Lady of Victory School."<br><br>Complaint ¶ 12: "At all times material, Father Robert G. Kenny ("Fr. Kenny") was a Roman Catholic cleric employed by the Diocese and Our Lady of Victory. Fr. Kenny remained under the direct supervision, employ, and control of Defendant and the Diocese."<br><br>See also ¶¶ 13, 14, 34-36. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 100 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 144 | 9001/2021 | NAME ON FILE | Montfort Missionaries United States Province a/k/a Montfort Fathers d/b/a Missionaries of the Company of Mary; St. Aloysius a/k/a St. Aloysius; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1973 - 1976 | Complaint ¶ 9: "At all times material, Defendant St. Aloysius was and continues to be under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese. Defendant St. Aloysius includes any school affiliated with St. Aloysius. At all times material, St. Aloysius School was and continues to be under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, the Diocese and Defendant St. Aloysius owned, operated, managed, maintained, and controlled St. Aloysius School." Complaint ¶ 14: "At all times material, Father Martin Curley, S.M.M. ("Fr. Curley") was a Roman Catholic cleric employed by the Diocese, Montfort Fathers and St. Aloysius. Fr. Curley remained under the direct supervision, employ, and control of Defendants and the Diocese." Complaint ¶ 15: "At all times material, Mr. John Doe ("Mr. Doe") was a teacher employed by the Diocese and St. Aloysius. Mr. Doe remained under the direct supervision, employ, and control of Defendant St. Aloysius and the Diocese." See also ¶¶ 16, 17, 38-40. |

A-100

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 101 of 128

| | Index. No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 145 | 9001187/2021 | NAME ON FILE | St. Dominic Catholic Church | Negligence; Vicarious Liability; Negligent Hiring, Retention and Supervision | approximately 1961 - 1963 | Complaint ¶ 9: "At all times material, Fr. Alfred Soave was an ordained Roman Catholic priest employed by and an agent of Defendant St. Dominic from 1948 to March 11, 1999."<br><br>Complaint ¶ 41: "At all times material, Fr. Alfred Soave remained under the direct supervision of the Diocese of Rockville Centre.<br><br>Complaint ¶ 42: "At all times material, Fr. Alfred Soave remained under the employ of the Diocese of Rockville Centre."<br><br>Complaint ¶ 43: "At all times material, Fr. Alfred Soave remained under the control of the Diocese of Rockville Centre.'"<br><br>See also ¶¶ 49, 89, 100, 120-122, 125-127. |
| 146 | 615135/2021 | NAME ON FILE | Christ the King Roman Catholic Church | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction | approximately 1967 – 1968 | Complaint ¶ 17: "The pattern and practice of intentionally refusing and/or failing to disclose the identities and locations of sexually inappropriate and/or abusive clerics has been practiced by the Diocese for decades and continues through current day."<br><br>Complaint ¶ 38: "At all times material to the Verified Complaint, with regard to the allegations contained herein, Father Sheridan was under the direct supervision, employ and/or control of the Church." |

20-01226-mg      Doc 180-1      Filed 04/06/23      Entered 04/06/23 14:37:46      Exhibit A
Pg 102 of 128

| | Index. No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 147 | 900190/2021 | NAME ON FILE | St. Patrick; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1979 - 1981 | Complaint ¶ 7: "At all times material, Defendant St. Patrick was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese. Defendant St. Patrick includes any school affiliated with St. Patrick. At all times material, St. Patrick School was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant St. Patrick and the Diocese owned, operated, managed, maintained, and controlled St. Patrick School." <br><br> Complaint ¶ 12: "At all times material, Father George Michell ("Fr. Michell") was a Roman Catholic cleric employed by the Diocese and St. Patrick. Fr. Michell remained under the direct supervision, employ, and control of Defendant and the Diocese." <br><br> See also ¶¶ 13, 14, 34-36. |
| 148 | 900192/2021 | NAME ON FILE | Our Lady of Peace School, Our Lady of Peace Roman Catholic Church, The Convent of the Sisters of Mercy in Brooklyn and Sisters of Mercy of the Americas of the Mid-Atlantic Community | Negligence; Negligent Hiring, Retention, or Direction; | approximately 1966 - 1970 | Complaint ¶ 39: "Although not a party to this civil action, the Diocese oversaw and continues to oversee . . . the School; . . . the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, Sisters of Mercy of Brooklyn, and the School; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 103 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 149 | 900193/2021 | NAME ON FILE | St. Mary's College Preparatory High School, St. Mary's R.C. Church at Manhasset in Queens Co., and Marist Brothers of the Schools, Inc., a/k/a Marist Brothers United States Province | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; | approximately 1983 | Complaint ¶ 33: "Although not a party to this civil action, the Diocese oversaw and continues to oversee . . . the School . . . the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, Marist Brothers, and School; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |
| 150 | 900195/2021 | NAME ON FILE | St. Hugh of Lincoln a/k/a St. Hugh of Lincoln Roman Catholic Church a/k/a St. Hugh's; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1974 | Complaint ¶ 7: "At all times material, Defendant St. Hugh's was and continues to be under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese. Defendant St. Hugh's includes any school affiliated with St. Hugh's. At all times material, St. Hugh's School was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant St. Hugh's and the Diocese owned, operated, managed, maintained, and controlled St. Hugh's School." <br><br> Complaint ¶ 12: "At all times material, Father Alfred Soave ("Fr. Soave") was a Roman Catholic cleric employed by the Diocese and St. Hugh's. Fr. Soave remained under the direct supervision, employ, and control of Defendant and the Diocese." <br><br> See also ¶¶ 13, 14, 34-36. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 104 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 151 | 900196/2021 | NAME ON FILE | Our Holy Redeemer Roman Catholic Church; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees; Gross Negligence and Reckless Indifference to the Rights of Plaintiff | approximately 1968 - 1971 | Complaint ¶ 21: "Fr. Nee has been identified in The Roman Catholic Diocese of Rockville Centre, New York List of Accused Clergy ('The List') as a cleric against whom allegations of sexual abuse of a minor have been admitted, substantiated, determined, or otherwise considered to be credible." |
| 152 | 900198/2021 | NAME ON FILE | St. Barnabas the Apostle Roman Catholic Parish; St. Barnabas School; St. Elizabeth Ann Seton Regional School; New York Province, Sisters of Charity, Halifax; Sisters of Charity (Halifax) Supporting Corporation | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | approximately 1975 - 1980 | Complaint ¶ 39: "Although not a party to this civil action, the Diocese oversaw and continues to oversee . . . the School; . . . the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, Sisters of Charity, and the School; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |
| 153 | 900202/2021 | NAME ON FILE | St. Anthony of Padua Roman Catholic Church | Negligence | approximately 1968 | Complaint ¶ 3: "Defendant, ST. ANTHONY OF PADUA ROMAN CATHOLIC CHURCH (hereinafter "CHURCH"), is a Roman Catholic parish and church operating under the authority and control of the DIOCESE OF ROCKVILLE CENTRE."

See also ¶¶ 4, 9, 21, 26, 31, 34, 39, 42, 43, 46, 48, 50. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 105 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 154 | 900204/2021 | NAME ON FILE | St. Martin of Tours School | Negligence; Negligent Hiring, Retention and Supervision; Negligent Infliction of Emotional Distress | approximately 1956 - 1957 | Complaint ¶ 2: "At all times herein mentioned, Jane Doe was a teacher, nun, agent, servant and/or employee of St. Martin of Tours in Amityville, New York, which was owned and operated by the Diocese of Rockville Centre and Diocese of Rockville Centre Department of Education. Teacher JANE DOE was an agent, servant, and/or employee under the exclusive control of the Diocese and School and utilized her position of authority with the School and the Diocese to sexually abuse Plaintiff." <br><br> See also ¶¶ 3, 4, 11, 13, 14, 21. |
| 155 | 900209/2021 | NAME ON FILE | St. Joseph's Roman Catholic Church, St. Joseph's Catholic School, and Sisters of Saint Joseph a/k/a Sisters of St. Joseph of Brentwood | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | approximately 1975 - 1976 | Complaint ¶ 34: "Although not a party to this civil action, the Diocese oversaw and continues to oversee . . . the School; . . . the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, Sisters of St. Joseph, and the School; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." <br><br> See also ¶ 8. |
| 156 | 900210/2021 | NAME ON FILE | St. Mary's; St. Dominic's; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1979 - 1984 | Complaint ¶ 7: "At all times material, Defendant St. Mary's was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese." <br><br> See also ¶¶ 9, 14, 15, 16. |

A-105

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 106 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 157 | 900212/2021 | NAME ON FILE | Church of St. Aidan; St. Aidan School; Franciscan Brothers, Inc. a/k/a Franciscan Brothers of Brooklyn a/k/a Congregation of the Religious Brothers of the Third Order Regular of St. Francis; and Sisters of Charity of Halifax Nova Scotia | Negligence | approximately 1970 - 1971 | Complaint ¶ 13: "At all times relevant and material hereto, the DIOCESE OF ROCKVILLE CENTRE, as principal, and CHURCH, as agent, were in an agency relationship, such that CHURCH acted on the behalf, in accordance with the DIOCESE OF ROCKVILLE CENTRE's behalf, in accordance with the DIOCESE OF ROCKVILLE CENTRE's instructions and directions on all matters, including those relating to the hiring, retention and supervision of personnel. The acts and omissions of CHURCH were subject to DIOCESE OF ROCKVILLE CENTRE's plenary control, and CHURCH consented to act subject to the DIOCESE OF ROCKVILLE CENTRE's control." <br><br> See also ¶¶ 3-6, 25, 50, 59-62, 70, 74-78. |
| 158 | 900213/2021 | NAME ON FILE | Mercy Medical Center and Catholic Health Services of Long Island | Negligence; Negligent Hiring, Retention and Supervision; Negligent Infliction of Emotional Distress; | approximately 1960 | Complaint ¶ 2: "Doe was a nurse affiliated with CHSLI and an agent, servant and/or employee of Mercy Medical which operated under the exclusive director and/or control of the Diocese [of Rockville Centre] and CHSLI." |
| 159 | 900220/2021 | NAME ON FILE | Mary Immaculate; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1976 – 1977 | Complaint ¶ 7: "At all times material, Defendant Mary Immaculate was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese." <br><br> See also ¶¶ 12-14. |

A-106

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 160 | 900221/2021 | NAME ON FILE | Franciscan Brothers of Brooklyn a/k/a Congregation of the Religious Brothers of the Third Order Regular of St. Francis a/k/a and d/b/a Franciscan Brothers, Inc., Brooklyn, NY; Infant Jesus; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1976 – 1978 | Complaint ¶ 9: "At all times material, Defendant Infant Jesus was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese." See also ¶¶ 14-16. |
| 161 | 900222/2021 | NAME ON FILE | St. Thomas, the Apostle; and Does 1 - 5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1979 - 1984 | Complaint ¶ 7: "At all times material, Defendant St. Thomas the Apostle was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese." See also ¶¶ 12-14. |

20-01226-mg    Doc 180-1    Entered 04/06/23 14:37:46    Exhibit A
Pg 108 of 128

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|
| 162 | 900227/2021 | NAME ON FILE | Saint Patrick's Church, All Saints Regional Catholic School, Saint Patrick's School, and Atlantic-Midwest Province of the School Sisters of Notre Dame | Negligence; Negligent Hiring, Retention, or Direction | approximately 1965 - 1966 | Complaint ¶ 33: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, School Sisters of Notre Dame, All Saints Regional Catholic School, and Saint Patrick's School; Abusers, as defined below, were agents, servants, or employees of the Diocese; and, while agents, servants or employees of the Diocese, Abusers remained under the control and supervision of the Diocese." |

A-108

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 109 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 163 | 900229/2021 | NAME ON FILE | Sisters of Charity of the Blessed Virgin Mary; Our Lady of Loretto; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1963 – 1964 | Complaint ¶ 9: "At all times material, Defendant Our Lady of Loretto was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese"), the Bishop of the Diocese, and the Sisters of Charity. Defendant Our Lady of Loretto includes any school affiliated with Our Lady of Loretto. At all times material, Our Lady of Loretto school was under the direct authority, control, and province of the Diocese, the Bishop of the Diocese, and Sisters of Charity. At all times material, the Diocese and Defendants Our Lady of Loretto and the Sisters of Charity owned, operated, managed, maintained, and controlled Our Lady of Loretto School." <br><br> See also ¶¶ 14-16. |
| 164 | 900230/2021 | NAME ON FILE | St. Raphael a/k/a St. Raphael Parish; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1959 – 1961 | Complaint ¶ 7: "At all times material, Defendant St. Raphael was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese. Defendant St. Raphael includes any school affiliated with St. Raphael. At all times material, St. Raphael school was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant St. Raphael and the Diocese owned, operated, managed, maintained, and controlled St. Raphael School." <br><br> See also ¶¶ 12-14. |

20-01226-mg    Doc 180-1    Entered 04/06/23 14:37:46    Exhibit A

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 165 | 900235/2021 | NAME ON FILE | St. Brigid; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1986 – 1987 | Complaint ¶ 7: "At all times material, Defendant St. Brigid was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese." <br><br>See also ¶¶ 12-14. |
| 166 | 900245/2021 | NAME ON FILE | St. Anthony's Roman Catholic Church, St. Anthony's School, James Bridget Hanley, and Sisters of Saint Dominic of Blauvelt, New York | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Premises Liability | approximately 1966 | Complaint ¶ 32: "Although not a party to this civil action, the Diocese [of Rockville Centre] oversaw and continues to oversee . . . the School . . . the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, School, and Sisters of St. Dominic; Abuser was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |
| 167 | 900246/2021 | NAME ON FILE | St. Agnes Roman Catholic Cathedral | Negligence | approximately 1981 – 1982 | Complaint ¶ 3: "Defendant, ST. AGNES ROMAN CATHOLIC CATHEDRAL (hereinafter "CHURCH"), is a Roman Catholic parish and church operating under the authority and control of The Diocese of Rockville Centre, with a principal place of business located at 29 Quealy Place, Rockville Centre, NY 11570. CHURCH is a citizen and a resident of the State of New York." <br><br>See also ¶¶ 4, 9, 24, 29-32, 39-42, 44. |

20-01226-mg     Doc 180-1     Filed 04/06/23     Entered 04/06/23 14:37:46     Exhibit A
Pg 111 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 168 | 900262/2021 | NAME ON FILE | St. Raymond of Penyafort Roman Catholic Church, and St. Raymond School | Negligence; Negligent Supervision; Negligent Hiring, Retention, Training, Direction and Supervision; | approximately 1961 - 1963 | Complaint ¶¶ 6-17: "Upon information and belief, at all times mentioned herein, the DIOCESE OF ROCKVILLE CENTRE owned [operated, supervised, controlled, and held itself out as owning, operating, maintaining, supervising, and or controlling] ST. RAYMOND SCHOOL, [and ST. RAYMOND OF PENYAFORT ROMAN CATHOLIC CHURCH] located in East Rockaway, New York." |
| 169 | 900265/2021 | NAME ON FILE | St. Ladislaus Roman Catholic Parish, St. Ladislaus School, Congregation of Sisters of St. Felix of Cantalice Third Order Regular of St. Francis of Assisi, and Our Lady of Hope Province f/k/a Immaculate Heart of Mary Province | Negligence; Negligent Hiring, Retention, or Direction;  Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | approximately 1971 - 1972 | Complaint ¶ 37: "Although not a party to this civil action, the Diocese [of Rockville Centre] oversaw and continues to oversee . . . the School . . . the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, Felician Sisters, and the School; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |
| 170 | 900269/2021 | NAME ON FILE | Maria Regina Diocesan High School, and Congregation of the Sisters Servants of the Immaculate Heart of Mary, Scranton, Pennsylvania | Negligence; Negligent Supervision; Negligent Hiring, Retention, Training, Direction and Supervision; | approximately 1975 | Complaint ¶¶ 6-11: "Upon information and belief, at all times mentioned herein, the DIOCESE OF ROCKVILLE CENTRE owned [operated, supervised, controlled, and held itself out as owning, operating, maintaining, supervising, and or controlling] MARIA REGINA DIOCESAN HIGH SCHOOL, located in Uniondale, New York." |

A-111

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 112 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 171 | 900271/2021 | NAME ON FILE | St. Hugh of Lincoln a/k/a St. Hugh of Lincoln Roman Catholic Church a/k/a St. Hugh's; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1980 - 1983 | Complaint ¶ 7: "At all times material, Defendant St. Hugh's was and continues to be under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese."<br><br>See also ¶¶ 12-14. |
| 172 | 900275/2021 | NAME ON FILE | St. Gerard Majella; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1980 - 1985 | Complaint ¶ 7: "At all times material, Defendant St. Gerard Majella was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese."<br><br>See also ¶¶ 12-14. |
| 173 | 900277/2021 | NAME ON FILE | St. Catherine of Sienna a/k/a St. Catherine of Siena; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1975 - 1977 | Complaint ¶ 7: "At all times material, Defendant St. Catherine was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese."<br><br>See also ¶¶ 12-14. |
| 174 | 610249/2021 | NAME ON FILE | St. John of God Roman Catholic Church | NO COMPLAINT FILED – SUMMONS ONLY | NO COMPLAINT FILED – SUMMONS ONLY | Summons p.2: "The Plaintiff, when he was a minor, was repeatedly sexually assaulted by FATHER JOHN P. HALPIN, a priest of the Diocese of Rockville Centre assigned to St. John of God Roman Catholic Church Parish." |
| 175 | 900289/2021 | NAME ON FILE | St. Pius X Preparatory Seminary | Negligence; Negligent Hiring, Retention and Supervision; | approximately 1964 - 1965 | Complaint ¶ 98: "At all times material, Fr. James Bergin remained under the direct supervision, employ, and control of the Defendant St. Pius X Preparatory Seminary Diocese of Rockville Centre and St. Pius X Preparatory Seminary."<br><br>See also ¶¶ 3, 9, 25-27, 95. |

A-112

20-01226-mg   Doc 180-1   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit A
Pg 113 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 176 | 900294/2021 | NAME ON FILE | St. Francis De Sales Catholic Church | Negligence; Outrage and Intentional Infliction of Emotional Distress | approximately 1978 | Complaint ¶ 24: "At all relevant times Father Bergin was an employee, agent, and/or priest of the Diocese of Rockville Centre and St. Francis." See also ¶ 10. |
| 177 | 900307/2021 | NAME ON FILE | Holy Trinity Diocesan High School | Negligent Hiring/Retention/Supervision/Direction; Negligent, Reckless, and Willful Misconduct; Premises Liability; | approximately 1978 - 1979 | Complaint ¶ 10: "At all relevant times, the Defendant, in conjunction with Diocese of Rockville Centre, oversaw, managed, controlled, directed and operated Holy Trinity." See also ¶ 2. |
| 178 | 900041/2021 | NAME ON FILE | Holy Name of Mary Roman Catholic Church | Negligence | approximately 1986 - 1987 | Complaint ¶ 1: "This is a revival action brought pursuant to the New York Child Victims Act, CPLR § 214-g. Plaintiff, when he was a minor, was sexually assaulted by Father Anthony La Torre, a priest of the Diocese of Rockville Centre assigned to Holy Name of Mary Roman Catholic Church." See also ¶¶ 3-4, 26-46. |
| 179 | 900312/2021 | NAME ON FILE | Immaculate Conception; and Does 1-5 whose identities are unknown to Plaintiff, | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1984 - 1985 | Complaint ¶ 7: "At all times material, Defendant Immaculate Conception was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese." See also ¶¶ 12-14. |
| 180 | 900313/2021 | NAME ON FILE | St. Hedwig's; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1973 - 1974 | Complaint ¶ 7: "At all times material, Defendant St. Hedwig's was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese See also ¶¶ 12-14. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 114 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 181 | 900314/2021 | NAME ON FILE | St. Joseph's a/k/a St. Joseph; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1962 | Complaint ¶ 7: "At all times material, Defendant St. Joseph was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese."<br><br>See also ¶¶ 12-14. |
| 182 | 900344/2021 | NAME ON FILE | Catholic Youth Organization a/k/a Catholic Youth Organization of Nassau and Suffolk; Marydale Day Camp; St. Lawrence the Martyr; Our Lady of Lourdes; St. Pius X Preparatory Seminary; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1961 - 1964 | Complaint ¶ 11: "At all times material, Defendants CYO, Marydale Camp, St. Lawrence, Our Lady of Lourdes, and St. Pius X were under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese."<br><br>See also ¶¶ 16-18. |
| 183 | 900345/2021 | NAME ON FILE | St. John of God; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1972 - 1973 | Complaint ¶ 7: "At all times material, Defendant St. John was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese."<br><br>See also ¶¶ 12-14. |
| 184 | 900353/2021 | NAME ON FILE | Our Lady of Mercy Roman Catholic Church | Negligence | approximately 1971 - 1973 | Complaint ¶ 4: "At all times relevant and material hereto, Father Doe was a duly ordained Catholic Priest under the supervision and control of The Roman Catholic Diocese of Rockville Centre, assigned to CHURCH."<br><br>See also ¶¶ 3, 9. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 115 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 185 | 900357/2021 | NAME ON FILE | Roman Catholic Church of SS Cyril and Methodius; Our Lady of Guadalupe Catholic School f/k/a SS Cyril and Methodius School and Our Lady of Providence Regional; Sisters of St. Joseph; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Retention and Supervision | "mid 80's" | Complaint ¶ 8: "Roman Catholic Diocese of Rockville Centre ("Diocese") was and continues to be a Roman Catholic organization and a non-profit religious corporation, duly organized and existing under, pursuant to, and by virtue of the laws of the State of New York, licensed to do and/or transact business within the State of New York, and with a principal place of business at 50 N Park Ave, Rockville Centre, New York 11571." |
| 186 | 900358/2021 | NAME ON FILE | Holy Family Roman Catholic Church; Holy Family Roman Catholic Parish; Holy Family School; Dominican Sister of Sparkill; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Retention and Supervision | approximately 1978 - 1979 | Complaint ¶ 9: "Roman Catholic Diocese of Rockville Centre ("Diocese") was and continues to be a Roman Catholic organization and a non-profit religious corporation, duly organized and existing under, pursuant to, and by virtue of the laws of the State of New York, licensed to do and/or transact business within the State of New York, and with a principal place of business at 50 N Park Ave, Rockville Centre, New York 11571." |
| 187 | 900362/2021 | NAME ON FILE | St. John of God; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1974 | Complaint ¶ 7: "At all times material, Defendant St. John was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese." <br><br> See also ¶¶ 12-14. |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 116 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 188 | 900363/2021 | NAME ON FILE | Holy Trinity Diocesan High School a/k/a Holy Trinity; and Does 1 - 5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1980 | Complaint ¶ 7: "At all times material, Defendant Holy Trinity was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of Diocese. At all times material, the Diocese owned, operated, managed, maintained, and controlled Holy Trinity." See also ¶¶ 12-14. |
| 189 | 900364/2021 | NAME ON FILE | St. Anne's; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1977 – 1980 | Complaint ¶ 7: "At all times material, Defendant St. Anne's was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese." See also ¶¶ 12-14. |
| 190 | 900369/2021 | NAME ON FILE | St. James; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1983 - 1987 | Complaint ¶ 7: "At all times material, Defendant St. James was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese." See also ¶¶ 12-14. |
| 191 | 900374/2021 | NAME ON FILE | Our Lady of Perpetual Help Parish; Our Lady of Perpetual Help Roman Catholic Church; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Retention and Supervision | approximately 1969 - 1972 | Complaint ¶ 7: "Roman Catholic Diocese of Rockville Centre ("Diocese") was and continues to be a Roman Catholic organization and a non-profit religious corporation, duly organized and existing under, pursuant to, and by virtue of the laws of the State of New York, licensed to do and/or transact business within the State of New York, and with a principal place of business at 50 N Park Ave, Rockville Centre, New York 11571." |

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 192 | 900377/2021 | NAME ON FILE | St. Aiden's a/k/a St. Aiden's Church; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees; | approximately 1973 - 1977 | Complaint ¶ 7: "At all times material, Defendant St. Aiden's was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese." <br><br> See also ¶¶ 12-14. |
| 193 | 900378/2021 | NAME ON FILE | St. Pius X Parish a/k/a St. Pius X Roman Catholic Church, St. Pius X School, Sisters of Mercy a/k/a St. Francis Convent of the Sisters of Mercy a/k/a The Convent of the Sisters of Mercy in Brooklyn, Sisters of Mercy of the Americas Mid-Atlantic Community, Inc., and Sisters of Mercy of The Americas, Inc. | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; | approximately 1964 | Complaint ¶ 40: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs . . . Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |
| 194 | 900380/2021 | NAME ON FILE | Infant Jesus Roman Catholic Church; Our Lady of Wisdom Catholic School f/k/a Infant Jesus Grammar School; Daughters of Wisdom, United States Province; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Retention and Supervision | approximately 1977 - 1978 | Complaint ¶ 8: "Roman Catholic Diocese of Rockville Centre ("Diocese") was and continues to be a Roman Catholic organization and a non-profit religious corporation, duly organized and existing under, pursuant to, and by virtue of the laws of the State of New York, licensed to do and/or transact business within the State of New York, and with a principal place of business at 50 N Park Ave, Rockville Centre, New York 11571." |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 118 of 128

| | Index. No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 195 | 900381/2021 | NAME ON FILE | Parish of Saint Martin of Tours; Saint Martin of Tours Roman Catholic Church; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Retention and Supervision | approximately 1959 - 1961 | Complaint ¶ 7: "Roman Catholic Diocese of Rockville Centre ("Diocese") was and continues to be a Roman Catholic organization and a non-profit religious corporation, duly organized and existing under, pursuant to, and by virtue of the laws of the State of New York, licensed to do and/or transact business within the State of New York, and with a principal place of business at 50 N Park Ave, Rockville Centre, New York 11571." |
| 196 | 900383/2021 | NAME ON FILE | St. Mary's College Preparatory High School; St. Mary's Roman Catholic Church; Marist Brothers Province of the United States of America a/k/a Marist Brothers of the Schools, Inc.; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Retention and Supervision | approximately 1960 | Complaint ¶ 8: "Roman Catholic Diocese of Rockville Centre ("Diocese") was and continues to be a Roman Catholic organization and a non-profit religious corporation, duly organized and existing under, pursuant to, and by virtue of the laws of the State of New York, licensed to do and/or transact business within the State of New York, and with a principal place of business at 50 N Park Ave, Rockville Centre, New York 11571." |
| 197 | 900384/2021 | NAME ON FILE | St. Frances Cabrini Roman Catholic Church; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Retention and Supervision | approximately 1970 - 1978 | Complaint ¶ 5: "Roman Catholic Diocese of Rockville Centre ("Diocese") was and continues to be a Roman Catholic organization and a non-profit religious corporation, duly organized and existing under, pursuant to, and by virtue of the laws of the State of New York, licensed to do and/or transact business within the State of New York, and with a principal place of business at 50 N Park Ave, Rockville Centre, New York 11571." |

20-01226-mg   Doc 180-1   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit A
Pg 119 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 198 | 900386/2021 | NAME ON FILE | Parish of St. Thomas More; St. Thomas More Roman Catholic Church; and Does 1 – 5 whose identities are unknown to Plaintiff | Negligence; Negligent Retention and Supervision | approximately 1976 - 1982 | Complaint ¶ 7: "Roman Catholic Diocese of Rockville Centre ("Diocese") was and continues to be a Roman Catholic organization and a non-profit religious corporation, duly organized and existing under, pursuant to, and by virtue of the laws of the State of New York, licensed to do and/or transact business within the State of New York, and with a principal place of business at 50 N Park Ave, Rockville Centre, New York 11571." |
| 199 | 900387/2021 | NAME ON FILE | St. Brigid's Parish; St. Brigid's Catholic Church; St. Brigid/Our Lady of Hope Regional School; Sisters of Notre Dame De Namur; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Retention and Supervision | approximately 1959 - 1963 | Complaint ¶ 9: "Roman Catholic Diocese of Rockville Centre ("Diocese") was and continues to be a Roman Catholic organization and a non-profit religious corporation, duly organized and existing under, pursuant to, and by virtue of the laws of the State of New York, licensed to do and/or transact business within the State of New York, and with a principal place of business at 50 N Park Ave, Rockville Centre, New York 11571." |
| 200 | 900388/2021 | NAME ON FILE | Congregation of the Holy Spirit a/k/a Holy Ghost Fathers of Ireland d/b/a Holy Ghost Fathers of Ireland, Inc.; St. Mary's a/k/a Church of St. Mary; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1964 - 1968 | Complaint ¶ 9: "At all times material, Defendant St. Mary's was and continues to be under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese."<br><br>See also ¶¶ 14-16. |

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 201 | 900389/2021 | NAME ON FILE | Our Lady of Victory Parish Elementary School; and Our Lady of Victory Parish | Negligence; Gross Negligence; Intentional Infliction of Emotional Distress; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress | approximately 1978 - 1984 | Complaint ¶ 23-24: "At all material times hereto, Perpetrator was acting as an employee of the Defendants and/or Rockville Centre Diocese, and was engaged to perform services for Rockville Centre Diocese and/or Our Lady of Victory, and was subject to the control of Rockville Centre Diocese and/or Our Lady of Victory and/or Bishop McGann. The Defendants and Rockville Centre Diocese were the principals of Perpetrator, and Perpetrator was an agent of Defendants and Rockville Centre Diocese." See also ¶ 6. |
| 202 | 900391/2021 | NAME ON FILE | St. Luke Roman Catholic Church and Does 1 -5 whose identities are unknown to Plaintiff | Negligence; Negligent Retention and Supervision | approximately 1976 - 1977 | Complaint ¶ 5: "Roman Catholic Diocese of Rockville Centre ("Diocese") was and continues to be a Roman Catholic organization and a non-profit religious corporation, duly organized and existing under, pursuant to, and by virtue of the laws of the State of New York, licensed to do and/or transact business within the State of New York, and with a principal place of business at 50 N Park Ave, Rockville Centre, New York 11571." |
| 203 | 900394/2021 | NAME ON FILE | St. Hugh of Lincoln Roman Catholic Church; Sisters of St. Dominic of Amityville; and Does 1- 5 whose identities are unknown to Plaintiff | Negligence; Negligent Retention and Supervision | approximately 1974 - 1977 | Complaint ¶ 8: "Roman Catholic Diocese of Rockville Centre ("Diocese") was and continues to be a Roman Catholic organization and a non-profit religious corporation, duly organized and existing under, pursuant to, and by virtue of the laws of the State of New York, licensed to do and/or transact business within the State of New York, and with a principal place of business at 50 N Park Ave, Rockville Centre, New York 11571." |

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 121 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 204 | 900396/2021 | NAME ON FILE | St. Ladislaus Roman Catholic Church; Congregation of Sisters of St. Felix of Cantalice Third Order Regular of St. Francis of Assisi; and Does 1 - 5 whose identities are unknown to Plaintiff | Negligence; Negligent Retention and Supervision | approximately 1981 - 1982 | Complaint ¶ 7: "Roman Catholic Diocese of Rockville Centre ("Diocese") was and continues to be a Roman Catholic organization and a non-profit religious corporation, duly organized and existing under, pursuant to, and by virtue of the laws of the State of New York, licensed to do and/or transact business within the State of New York, and with a principal place of business at 50 N Park Ave, Rockville Centre, New York 11571." |
| 205 | 900397/2021 | NAME ON FILE | St. Patrick's Roman Catholic Church; St. Patrick School; Sisters of St. Joseph; and Does 1 - 5 whose identities are unknown to Plaintiff | Negligence; Negligent Retention and Supervision | approximately 1975 | Complaint ¶ 9: "Roman Catholic Diocese of Rockville Centre ("Diocese") was and continues to be a Roman Catholic organization and a non-profit religious corporation, duly organized and existing under, pursuant to, and by virtue of the laws of the State of New York, licensed to do and/or transact business within the State of New York, and with a principal place of business at 50 North Park Avenue, Rockville Centre, New York 11571." |
| 206 | 900398/2021 | NAME ON FILE | St. Therese of Lisieux Church; St. Therese of Lisieux Parish; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Retention and Supervision | approximately 1984 - 1986 | Complaint ¶ 8: "Roman Catholic Diocese of Rockville Centre ("Diocese") was and continues to be a Roman Catholic organization and a non-profit religious corporation, duly organized and existing under, pursuant to, and by virtue of the laws of the State of New York, licensed to do and/or transact business within the State of New York, and with a principal place of business at 50 North Park Avenue, Rockville Centre, New York 11571." |

A-121

20-01226-mg   Doc 180-1   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit A
Pg 122 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 207 | 900402/2021 | NAME ON FILE | St. William The Abbot Roman Catholic Church; St. William The Abbot Parish; St. William The Abbot Roman Catholic School; Ursuline Sisters of Tildonk; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Retention and Supervision | approximately 1980 | Complaint ¶ 9: "Roman Catholic Diocese of Rockville Centre ("Diocese") was and continues to be a Roman Catholic organization and a non-profit religious corporation, duly organized and existing under, pursuant to, and by virtue of the laws of the State of New York, licensed to do and/or transact business within the State of New York, and with a principal place of business at 50 N Park Ave, Rockville Centre, New York 11571." |
| 208 | 900403/2021 | NAME ON FILE | Holy Trinity High School; Dominican Sister of Sparkill; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Retention and Supervision | approximately 1977 - 1979 | Complaint ¶ 7: "Roman Catholic Diocese of Rockville Centre ("Diocese") was and continues to be a Roman Catholic organization and a non-profit religious corporation, duly organized and existing under, pursuant to, and by virtue of the laws of the State of New York, licensed to do and/or transact business within the State of New York, and with a principal place of business at 50 N Park Ave, Rockville Centre, New York 11571." |
| 209 | 950946/2021 | NAME ON FILE | Suffolk County Council Inc., Boy Scouts of America; St. Philip Neri Church; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Hiring of Employees; Negligent Training and Supervision; Negligent Retention of Employees; | approximately 1959-1962 | |

A-122

20-01226-mg   Doc 180-1   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit A
Pg 123 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 210 | 951159/2021 | NAME ON FILE | Catholic Guardians; Holy Name of Mary Catholic School; City of New York; New York Office of Children and Family Services; John and Jane Does 1-10, whose identities are presently unknown to Plaintiff, in their official and individual capacities | Negligence Per Se; Negligent Undertaking; | approximately 1980 - 1987 | |
| 211 | 951160/2021 | NAME ON FILE | Catholic Guardians; Holy Name of Mary Catholic School; City of New York; New York Office of Children and Family Services; John and Jane Does 1-10, whose identities are presently unknown to Plaintiff, in their official and individual capacities | Negligence Per Se; Negligent Undertaking; | approximately 1980 - 1987 | |
| 212 | 70043/2021E | NAME ON FILE | The Roman Catholic Diocese of Brooklyn, Franciscan Brothers of Brooklyn, Camp Alvernia and Friars of Assumption BVM Province, Inc. | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | approximately 1956 - 1957 | Complaint ¶ 38: "At all times material to the Verified Complaint, Brother Gregory ("Abuser") was an agent, servant, and/or employee of the Diocese." See also ¶ 42. |

A-123

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 124 of 128

| | Index. No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 213 | 400091/2021 | NAME ON FILE | HOLY GHOST FATHERS a/k/a CONGREGATION OF THE HOLY SPIRIT a/k/a PROVINCE OF THE UNITED STATES d/b/a HOLY GHOST FATHERS OF IRELAND f/k/a CONGREGATION OF THE HOLY GHOST AND OF THE IMMACULATE HEART OF MARY | Negligent retention and negligent supervision, gross negligence, recklessness, negligent training and supervision of employees, | Approximately 1969 | |
| 214 | 513591/2020 | NAME ON FILE | Diocese of Brooklyn; St. Joseph's Parish; and Franciscan Sisters of the Poor | Negligence | approximately 1947 | |
| 215 | 520003/2021 | NAME ON FILE | Roman Catholic Diocese of Brooklyn and St. Rocco Roman Catholic Church | Negligent Supervision and Retention; Breach of Fiduciary Duty; | approximately 1950 | |
| 216 | 610249/2021 | NAME ON FILE | St. John of God Roman Catholic Church | NO COMPLAINT FILED – SUMMONS ONLY | NO COMPLAINT FILED – SUMMONS ONLY | Summons p.2: "The Plaintiff, when he was a minor, was repeatedly sexually assaulted by FATHER JOHN P. HALPIN, a priest of the Diocese of Rockville Centre assigned to St. John of God Roman Catholic Church Parish." |

A-124

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 125 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 217 | 614919/2021 | NAME ON FILE | St. Philip Neri School, Trinity Regional School, St. Philip Neri Church and The Sisters of Saint Joseph | Negligence; Negligent Hiring, Retention, or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Premises Liability | approximately 1977 | Complaint ¶ 38: "Although not a party to this civil action, the Diocese oversaw and continues to oversee a variety of liturgical, sacramental, educational, and faith formation programs, including schools and the School; the Diocese had and continues to have various programs and activities that seek the participation of children; the Diocese through its agents, servants, or employees, had and continues to have control over those activities involving children; the Diocese had and continues to have the power to employ individuals working with or alongside children and providing said children guidance or instruction under the auspices of the Diocese including, but not limited to, those at the Parish, Sisters of St. Joseph, St. Philip Neri School, and Trinity Regional School; Abuser, as defined below, was an agent, servant, or employee of the Diocese; and, while an agent, servant or employee of the Diocese, Abuser remained under the control and supervision of the Diocese." |
| 218 | 616239/2021 | NAME ON FILE | Maryhaven Center of Hope, Inc., Catholic Health Services of Long Island, David Woods and Nicholas Manatro | NO COMPLAINT FILED – SUMMONS ONLY | Approximately 1990 - 1996 | |
| 219 | 900017/2021 | NAME ON FILE | St. Mary's College Preparatory High School, and Marist Brothers of the Schools, Province of the United States of America | Negligent Supervision; Negligent Retention; Negligent Hiring | approximately 1981 - 1983 | |

A-125

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 126 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 220 | 900142/2021 | NAME ON FILE | St. Hugh of Lincoln Roman Catholic Church | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; | approximately 1974 | Complaint ¶ 17: "The pattern and practice of intentionally refusing and/or failing to disclose the identities and locations of sexually inappropriate and/or abusive clerics has been practiced by the Diocese for decades and continues through current day. The failure to disclose the identities of allegedly sexually inappropriate and/or abusive clerics is unreasonable and knowingly or recklessly creates or maintains a condition that endangers the safety and health of members of the public, and more specifically, Plaintiff herein." |
| 221 | 900191/2021 | NAME ON FILE | Our Lady of Fatima RC Church a/k/a Our Lady of Fatima; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1975 – 1979 | Complaint ¶ 7: "At all times material, Defendant Our Lady of Fatima was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese. Defendant Our Lady of Fatima includes any school affiliated with Our Lady of Fatima. At all times material, Our Lady of Fatima School was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant Our Lady of Fatima and the Diocese owned, operated, managed, maintained, and controlled Our Lady of Fatima School."

See also ¶¶ 12-14. |
| 222 | 900259/2021 | NAME ON FILE | La Salle Military Academy; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1965 - 1967 | Complaint ¶ 8:  At all times material, Defendant La Salle Military Academy was under the direct authority, control, and province of the Diocese, the Bishop of the Diocese, and the Christian Brothers. |

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 223 | 900260/2021 | NAME ON FILE | La Salle Military Academy; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1958 - 1959 | Complaint ¶ 8: "At all times material, Defendant La Salle Military Academy was under the direct authority, control, and province of the Diocese, the Bishop of the Diocese, and the Christian Brothers." |
| 224 | 900261/2021 | NAME ON FILE | La Salle Military Academy; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1987 - 1989 | Complaint ¶ 8: "At all times material, Defendant La Salle Military Academy was under the direct authority, control, and province of the Diocese, the Bishop of the Diocese, and the Christian Brothers." |
| 225 | 900264/2021 | NAME ON FILE | Catholic Big Brothers of Long Island; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | approximately 1970 - 1971 | Complaint ¶ 8: "At all times material, Defendant Catholic Big Brothers was under the direct authority, control, and province of the Diocese, the Bishop of the Diocese, and Catholic Charities" |
| 226 | 900302/2021 | NAME ON FILE | St. Pius X RC Church a/k/a Saint Pius Roman Catholic Parish; Saint Pius X RC School; Sisters of Mercy; and Does 1-5 whose identities are Unknown to Plaintiff | Negligence; Negligent Training and Supervision; Negligent Retention; | approximately 1967 - 1972 | Complaint ¶ 4: "At all times relevant and material, Defendant St. Pius X RC School (hereinafter "St. Pius X School") was a Catholic school owned and/or operated by the Diocese of Rockville Center." See also ¶¶ 5, 20, 54, 55. |
| 227 | 951014/2021 | NAME ON FILE | Archdiocese of New York, St. Francis de Sales Roman Catholic Church, St. Patrick's Cathedral, and St. Joseph of the Holy Family Roman Catholic Church | Negligence; Outrage and Intentional Infliction of Emotional Distress | approximately 1978 | |

A-127

20-01226-mg    Doc 180-1    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit A
Pg 128 of 128

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Involvement |
|---|---|---|---|---|---|---|
| 228 | 951389/2021 | NAME ON FILE | Catholic Health System of Long Island, INC. d/b/a Catholic Health Services of Long Island; Catholic Charities of the Archdiocese of New York; Catholic Home Bureau; and Catholic Guardian Services f/k/a Catholic Guardian Society and Home Bureau | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | approximately 1983 - 1984 | Complaint ¶ 16 – 18: "Upon information and belief, Catholic Health was and continues to be supervised by, controlled by, and/or authorized to conduct business on behalf of, the Diocese [of Rockville Centre]."  See also ¶¶ 26, 30. |

A-128

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B

Pg 1 of 159

## Exhibit B - Summary of Pre-petition Answers[1]

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| 1. | 900003/2019 [Robert Guglielmone Answer] [19-CV-4738] | NAME ON FILE | Roman Catholic Diocese of Rockville Centre, St. Martin of Tours Church and Robert Guglielmone | Negligence; Negligent Hiring, Retention and Supervision; Assault; Battery; Negligent Infliction of Emotional Distress | Approximately 1978 - 1989 | Affirmative Defense Two: "In the event Plaintiff sustained damages as alleged, which are expressly denied, such damages shall be reduced and diminished in the proportion to which the culpable conduct attributable to the Co-Defendants—including their negligence, fault, affirmative wrongdoing, failure to use due care, and assumption of risk—bears to the allegedly culpable conduct which caused the damages as determined by the trier of fact." |
| 2. | 900003/2019 [St. Martin of Tours Church Answer] [19-CV-4738] | NAME ON FILE | Roman Catholic Diocese of Rockville Centre, St. Martin of Tours Church and Robert Guglielmone | Negligence; Negligent Hiring, Retention and Supervision; Assault; Battery; Negligent Infliction of Emotional Distress | Approximately 1978 - 1989 | Answer ¶ 28: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR 4545." Answer ¶ 29: "The answering defendant, ST. MARTIN OF TOURS CHURCH, herein denies liability; however, if a measure of damage of fifty percent of less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." |

[1] This Exhibit summarizes voluminous information from hundreds of state court pleadings that cannot, individually, be conveniently examined in court. Copies of the underlying documents have been produced to Committee counsel and the parties have stipulated to the admissibility of the underlying documents. Stipulation and Order Regarding Admissible Evidence with Respect to Debtor's Motion for Preliminary Injunction Under Sections 362 and 105(a) of the Bankruptcy Code, dated March 17, 2023 [Adv. Pro. Dkt. No. 174], ¶¶ B, 1 (concerning the State Court Pleadings). The Debtor is also prepared to produce the underlying materials in court. *See* Federal Rule of Evidence 1006.

B-1

20-01226-mg   Doc 180-2   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit B
Pg 2 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | | | | | | Answer ¶ 30: "That pursuant to General Obligations Law 15-108, the answering defendant, ST. MARTIN OF TOURS CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 3. | 519191/2019 | NAME ON FILE | Diocese of Rockville Centre, Diocese of Brooklyn, Franciscan Brothers of Brooklyn and St. Anthony's High School | Negligence, Negligent Hiring, Retention and Supervision, Negligent Infliction of Emotional Distress | Approximately 1967 - 1969 | Answer ¶ 53: "These answering defendants plead the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." Answer ¶ 54: "These answering defendants plead the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability ..." Answer ¶ 56: "These answering defendants reserve the right to the benefit of any and all offsets from payments and settlements to the |

B-2

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 3 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| | | | | | Answer ¶ 65: "If plaintiff sustained injuries and incurred any expenses as claimed, they were caused in whole or in part by the acts or omissions of others for whose intervening conduct or negligence defendants are not responsible." |
| 4. | 3:20-CV-233 [DNH/ML] [Diocese of Albany and St. Paul the Apostle Church Answer] | NAME ON FILE | EDUCATION PLUS, CORP. d/b/a THE FAMILY FOUNDATION SCHOOL, DIOCESE OF ALBANY a/k/a THE ROMAN CATHOLIC DIOCESE OF ALBANY, ST. PAUL THE APOSTLE CHURCH, THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE | Negligent Hiring; Negligent Training; Negligent Supervision; Negligent Retention; Negligence; Negligent Infliction of Emotional Distress | October 2000 – October 2001 | Answer ¶ 9: "Any purported damages allegedly suffered by plaintiff are the result of the acts or omissions of third persons over whom the Church Defendants had neither control nor responsibility, and the Church Defendants expressly reserve the right to seek indemnification for any liability incurred." |
| | | | | | Answer ¶ 11: "Any purported damages allegedly suffered by plaintiff are the result of the acts or omissions of third persons over whom the Church Defendants had neither control nor responsibility, and the Church Defendants expressly reserve the right to seek indemnification for any liability incurred." |
| | | | | | Answer ¶ 14: "The Church Defendants reserve the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery by the plaintiff for any non-economic losses." |

B-3

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 4 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 15: "Some or all plaintiff's damages are barred and/or subject to CPLR 4545." Answer ¶ 17: "The Church Defendants reserve their rights under General Obligations Law § 15-108 and CPLR Article 14." |
| 5. | 3:20-CV-233 [DNH/ML] [Education Plus Corp. Answer] | NAME ON FILE | EDUCATION PLUS, CORP. d/b/a THE FAMILY FOUNDATION SCHOOL, DIOCESE OF ALBANY d/b/a THE ROMAN CATHOLIC DIOCESE OF ALBANY, ST. PAUL THE APOSTLE CHURCH, [the answer does not include the DRVC as a listed defendant, however the amended complaint did include the DRVC] | Negligent Hiring; Negligent Training; Negligent Supervision; Negligent Retention; Negligence; Negligent Infliction of Emotional Distress | October 2000 – October 2001 | Second Affirmative Defense: "Plaintiff may not maintain the Amended Complaint as to defendant because, to the extent, if any, that the plaintiff sustained any injuries and/or damages, any such injuries and/or damages were not caused by defendant but were caused by the negligence, carelessness, recklessness, and/or intentional acts of third persons over whom defendant had no control." Fourth Affirmative Defense: "If the plaintiff sustained damages in the manner alleged, all of which have been denied by defendant, and if the assessed liability of defendant is fifty percent (50%) or less of the total liability assigned to all persons liable, then the liability of defendant to the plaintiff for noneconomic loss shall not exceed its equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss." |

B-4

20-01226-mg   Doc 180-2   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit B
Pg 5 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Fifth Affirmative Defense: "In the event that any person or entity liable, or claimed to be liable, for the injuries alleged in this action, has been given, or may hereafter be given, a release or covenant not to sue, defendant will be entitled to protection under General Obligation Law 15-108 and the corresponding reduction of any damages which may be determined to be due against defendant."

Ninth Affirmative Defense: "Pursuant to CPLR §4545(c), any award to the plaintiff for economic loss shall be reduced by the amount of the economic loss received by collateral sources."

"As for the first cross-claim: 1. Although Education Plus, Corp. denies any liability whatsoever on its part, if judgment is recovered by the plaintiff against Education Plus, Corp., it is hereby asserted that its negligence, if any, was not morally culpable, but was merely constructive, technical, imputed or vicarious, and that plaintiff's damages arose through the direct and primary negligence of the codefendants, if any. 2. The codefendants are obligated by operation of law to defend and indemnify Education Plus, Corp., and hold Education Plus, Corp. harmless from any and all claims which are the subject of this lawsuit." |

B-5

20-01226-mg   Doc 180-2   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit B
Pg 6 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | | | | | | "As for the second cross-claim: 1. Although Education Plus, Corp. denies any liability whatsoever on its part, it nonetheless asserts that any and all injuries and damages sustained by the plaintiff were the proximate result of the negligence, and wrongdoing of the codefendants. 2. Education Plus, Corp. demands contribution from the codefendants pursuant to CPLR 1401 together with the costs and disbursements of this action, including reasonable attorney fees and expenses." |
| 6. | 506559/2020 | NAME ON FILE | Roman Catholic Diocese of Brooklyn, Franciscan Brothers of Brooklyn a/k/a Franciscan Brothers, Inc., Camp Alvernia a/k/a Mount Alvernia Inc., Roman Catholic Diocese of Rockville Centre, John and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to Plaintiff | Negligent Supervision; Negligent Failure to Warn; Negligent Failure to Provide a Safe and Secure Environment | Approximately 1962 | Answer ¶ 13: "These answering defendants plead the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." Answer ¶ 14: "These answering defendants plead the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to |

B-6

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 7 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." |
| | | | | | Answer ¶ 16: "These answering defendants reserve the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 7. | 512125/2020 [St. Joseph's Parish Answer] | NAME ON FILE | Diocese of Brooklyn; Diocese of Rockville Centre; and St. Joseph's Parish | Negligence | Approximately 1975-1976 | Answer ¶ 16: "The answering defendant, ST. JOSEPH'S PARISH, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16." |
| | | | | | Answer ¶ 17: "That pursuant to General Obligations Law §15-108, the answering defendant, ST. JOSEPH'S PARISH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher." |
| | | | | | Answer ¶ 18: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |

B-7

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 8 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| 8. | 512125/2020 [Diocese of Brooklyn Answer] | NAME ON FILE | Diocese of Brooklyn; Diocese of Rockville Centre; and St. Joseph's Parish | Negligence | Approximately 1975-1976 | Answer ¶ 79: "If any liability is found as against the defendant RCDoB, then said liability will constitute 50% or less of the total liability assigned to all persons liable and, as a consequence thereof, the liability of said defendant to the plaintiff for non-economic loss shall not exceed said defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss, as provided in CPLR Article 16." Answer ¶ 80: "If the plaintiff is entitled to recover damages for economic loss as against the defendant RCDoB by reason of the matters alleged in the Complaint, liability for which is hereby denied, then pursuant to CPLR 4545 the amount of damages recoverable against said defendant, if any, shall be reduced by the amount by which such economic loss was or will be replaced or indemnified from any collateral source of payment." Answer ¶ 82: "The injuries and damages allegedly sustained by the plaintiff were not caused by any negligence, carelessness, culpable conduct or breach of duty on the part of the defendant RCDoB, but were caused by reason of the carelessness, negligence, culpable conduct, or |

B-8

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 9 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | breach of duty of third parties, and their servants, agents or employees, over whom the defendant RCDoB exercised no control, and the defendant RCDoB expressly reserves the right to seek indemnification for any liability incurred."

Answer ¶ 83: "In the event of any verdict or judgment in favor of the plaintiff, the defendant RCDoB is entitled to a set-off or credit with respect to the amounts of any payments made to the plaintiff for any companion actions arising out of the same set of events as pleaded herein pursuant to GOL 15-108." |
| 9. | 512833/2020 [St. Francis Monastery] | NAME ON FILE | Diocese Of Rockville Centre, St. Joseph Catholic School, St. Joseph Roman Catholic Church, Franciscan Brothers, Inc. d/b/a FRANCISCAN BROTHERS OF BROOKLYN | Negligent Hiring, Retention, Supervision, and Direction; Negligent, Reckless, and Willful Misconduct; Negligent Infliction of Emotional Distress; Premises Liability; Breach of Fiduciary Duty; Breach of Duty in Loco Parentis; Breach of Statutory Duties to Report | Approximately 1969-1973; 1973 1974 | Answer ¶ 30: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source."

Answer ¶ 31: "This answering defendant pleads the provisions and terms of CPLR Article |

B-9

20-01226-mg      Doc 180-2      Filed 04/06/23      Entered 04/06/23 14:37:46      Exhibit B
Pg 10 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." Answer ¶ 32: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 10. | 512833/2020 [St. Joseph Church Answer] | NAME ON FILE | Diocese Of Rockville Centre, St. Joseph Catholic School, St. Joseph Roman Catholic Church, Franciscan Brothers, Inc. d/b/a FRANCISCAN BROTHERS OF BROOKLYN | Negligent Hiring, Retention, Supervision, and Direction; Negligent, Reckless, and Willful Misconduct; Negligent Infliction of Emotional Distress; Premises Liability; Breach of Fiduciary Duty; Breach of Duty in Loco Parentis; Breach of Statutory Duties to Report | Approximately 1969-1973; 1973 1974 | Answer ¶ 33: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." Answer ¶ 34: "This answering defendant pleads the provisions and terms of CPLR Article |

B-10

20-01226-mg Doc 180-2 Filed 04/06/23 Entered 04/06/23 14:37:46 Exhibit B
Pg 11 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."

Answer ¶ 35: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 11. | 513632/2020 | NAME ON FILE | DIOCESE OF BROOKLYN a/k/a THE ROMAN CATHOLIC DIOCESE OF BROOKLYN, NEW YORK; DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; BROTHERS OF THE SACRED HEART a/k/a BROTHERS OF THE SACRED HEART PROVINCE OF NEW YORK a/k/a THE PROVINCE OF THE UNITED STATES OF THE BROTHERS OF THE SACRED HEART, INC. a/k/a BROTHERS OF THE SACRED HEART OF NEW | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1956 - 1960 | Answer ¶ 16: "All limitations of liability made available by Article 16 of New York's Civil Practice Law and Rules may apply to BROTHERS OF THE SACRED HEART."

Answer ¶ 17: "Any past or future costs, expenses or damages incurred or which will be incurred by Plaintiff as alleged in the Complaint, has been or will be, replaced or indemnified in whole or in part from a collateral source as that term is defined in Section 4545(c) of the New York Civil Practice Law and Rules. By reason of the foregoing, if any damages are recoverable against BROTHERS OF THE SACRED HEART, the amount of any such damages must be diminished by the amount of the |

B-11

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | JERSEY/NEW YORK, INC.; COINDRE HALL; and DOES 1-5 whose identities are unknown to Plaintiff | | | reimbursement or indemnification which Plaintiff has or shall receive from such collateral source." |
| 12. | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE, FRANCISCAN BROTHERS OF BROOKLYN and ST. ANTHONY'S HIGH SCHOOL | Negligence; Negligent Hiring, Retention and Supervision; Negligent Infliction of Emotional Distress | Approximately 1962-1966 | Answer ¶ 36: "These answering defendants pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." Answer ¶ 37: "These answering defendants plead the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." Answer ¶ 39: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other |

20-01226-mg   Doc 180-2   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit B
Pg 13 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | | | | | | tortfeasors pursuant to General Obligations Law 15-108." |
| 13. | 518025/2020 | NAME ON FILE | ROMAN CATHOLIC DIOCESE OF BROOKLYN, NEW YORK; THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; and THE PROVINCE OF THE UNITED STATES OF THE SACRED HEART, INC. (A DELAWARE CORPORATION), A/K/A, BROTHERS OF THE SACRED HEART OF NEW ORLEANS, INC., A/K/A, BROTHERS OF THE SACRED HEART FOUNDATION, INC., A/K/A BROTHERS OF THE SACRED HEART OF NEW JERSEY/NEW YORK, INC. | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Fiduciary Duty | Approximately 1951-1952 | Answer ¶ 22: "All limitations of liability made available by Article 16 of New York's Civil Practice Law and Rules may apply to BROTHERS OF THE SACRED HEART."

Answer ¶ 23: "If any past or future costs, expenses or damages incurred or which will be incurred by Plaintiff as alleged in the Complaint, have been or will be, replaced or indemnified in whole or in part from a collateral source as that term is defined in Section 4545(c) of the New York Civil Practice Law and Rules, the amount of any damages that are recoverable against BROTHERS OF THE SACRED HEART must be diminished by the amount of the reimbursement or indemnification which Plaintiff has or shall receive from such collateral source." |
| 14. | 518289/2020 | NAME ON FILE | Brother Lawrence Larmann, The Diocese of Rockville Centre, and St. Joseph's Roman Catholic Church; THE DIOCESE OF ROCKVILLE CENTRE, ST. JOSEPH ROMAN CATHOLIC CHURCH and FRANCISCAN BROTHERS OF BROOKLYN a/k/a CONGREGATION OF | Negligence; Negligent Hiring, Retention, Supervision and Direction; Breach of Statutory Duty to Report Abuse Under Serv Soc Law 413, 420; Emotional Distress | Approximately 1968 | Answer ¶ 23: "These answering defendants pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace |

20-01226-mg     Doc 180-2     Filed 04/06/23     Entered 04/06/23 14:37:46     Exhibit B
Pg 14 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | THE RELIGIOUS BROTHERS OF THE THIRD ORDER OF REGULAR OF ST. FRANCIS a/k/a and d/b/a FRANCISCAN BROTHERS, INC. | | | or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source."

Answer ¶ 24: "These answering defendants plead the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."

Answer ¶ 26: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 15. 518726/2019 [Herricks Union Free School District Answer] | NAME ON FILE | Education Plus, Corp. d/b/a The Family Foundation School, Diocese of Rockville Centre, a/k/a The Roman Catholic Diocese of Rockville Centre, New York, The Roman Catholic Church of Saint Aiden, Saint Aidan School, and Herricks Union Free School District | Negligent Hiring, Negligent Training, Negligent Supervision, Negligent Retention, Negligence, Negligent Infliction of Emotional Distress | Approximately 1989 - 1992 | Answer ¶ 15: "That Plaintiff's Complaint and all liability and damages contained therein shall be controlled, limited and subject to Article 16 of the Civil Practice Laws and Rules."

Answer ¶ 16: "Pursuant to §1601 of the Civil Practice Laws and Rules, in the event that Plaintiff recovers anything against the Defendant DISTRICT, such Defendant DISTRICT shall not be liable for more |

B-14

20-01226-mg      Doc 180-2      Filed 04/06/23      Entered 04/06/23 14:37:46      Exhibit B
Pg 15 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | than its proportionate share of non-economic loss, if such proportionate share is fifty percent or less of the total liability." |
| | | | | | Answer ¶ 17: "In the event Plaintiff recovers damages for personal injury, that the Court consider CPLR § 1411 relative to comparative apportionment, mitigation, and/or reduction of damages in the proportion to be determined by the Court or Jury." |
| | | | | | Answer ¶ 18: "Upon information and belief, that each item of economic loss alleged in Plaintiff's Complaint was, or with reasonable certainty, will be replaced or indemnified, in whole or in part by collateral sources pursuant to the provisions of CPLR § 4545(c)." |
| | | | | | Answer ¶ 22: "Plaintiff's recovery herein, by judgment or verdict, if any, shall be reduced by the amount of Plaintiff's prior settlement with other potentially liable parties or the percentage of negligence attributable to such other potentially liable parties, whichever is greater, pursuant to G.O.L §15-108." |
| | | | | | Answer ¶ 31: "That if the Plaintiff recovers herein, it will be by virtue of the actions, omissions recklessness, carelessness, and negligence of the Defendant DIOCESE OF ROCKVILLE |

20-01226-mg     Doc 180-2     Filed 04/06/23     Entered 04/06/23 14:37:46     Exhibit B
Pg 16 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE NEW YORK and not of the Defendant DISTRICT, and that the Defendant DISTRICT therefore demand complete contractual and/or common-law indemnification or contribution from the Defendant DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE NEW YORK and/or that the respective degrees of liability or negligence of the Plaintiff and the Defendants herein be ascertained, determined and adjudicated and that the DISTRICT have judgment over and against such Defendants, as to the proportionate share commensurate with the respective degrees of liability or negligence as will be decided on at the trial herein." |
| 16. | 518726/2019 [Church of Saint Aidan Answer] | NAME ON FILE | Education Plus, Corp. d/b/a The Family Foundation School, Diocese of Rockville Centre, a/k/a The Roman Catholic Diocese of Rockville Centre, New York, The Roman Catholic Church of Saint Aiden, Saint Aidan School, and Herricks Union Free School District | Negligent Hiring, Negligent Training, Negligent Supervision, Negligent Retention, Negligence, Negligent Infliction of Emotional Distress | Approximately 1989 – 1992 | Answer ¶ 56: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545."<br><br>Answer ¶ 57: "The answering defendant, THE ROMAN CATHOLIC CHURCH OF SAINT AIDAN, herein denies liability; however, if a measure of damage or fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." |

B-16

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 17 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 58: "That pursuant to General Obligations Law § 15-108, the answering defendant, THE ROMAN CATHOLIC CHURCH OF SAINT AIDAN, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 17. | 519862/2019 | NAME ON FILE | Bryan Robert Murphy f/k/a Brother Bryan Robert Murphy, O.S.F.; The Roman Catholic Diocese of Rockville Centre, New York; Congregation of the Religious Brothers of the Third Order Regular of St. Francis, a/k/a The Franciscan Brothers of Brooklyn; The Franciscan Brothers Generalate; Franciscan Brothers, Inc.; St. Anthony's High School; and Mount Alvernia, Inc. | Assault; Battery; Intentional Infliction of Emotional Distress; Negligence; Gross Negligence; Breach of Non-Delegable Duty; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress; Breach of Duty in Loco Parentis; Breach of Statutory Duty to Report Abuse under Soc. Serv. Law 413, 420 | Approximately 1992 - 1994 | Answer ¶ 92: "Defendant Murphy asserts all his rights pursuant to CPLR § 1600 et. seq. In the event Defendant Murphy is found to be liable to the Plaintiff, his liability shall not exceed his equitable share of liability."<br><br>Answer ¶ 93: "In the event the Plaintiff recovers a verdict or judgment against Defendants, said verdict or judgment should be reduced pursuant to CPLR §4545(c) by those amounts which have been or will, with reasonable certainty, replace or indemnify the Plaintiff in whole or in part for any past or future claimed economic loss, from any collateral source, as would have occurred in the underlying action." |
| 18. | 522308/2019 | NAME ON FILE | THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, OUR LADY OF | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty; | Approximately 1967 | Answer ¶ 54: "These answering defendants plead the provisions and terms of CPLR §4545 otherwise |

B-17

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 18 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | PERPETUAL HELP SCHOOL, OUR LADY OF PERPETUAL HELP ROMAN CATHOLIC CHURCH, and JOHN DOE | Breach of Non-Delegable Duty; Breach of Duty in Loco Parentis; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Battery; Assault | | known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendants, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source."

Answer ¶ 55: "These answering defendants plead the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and these answering defendants reserve the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."

Answer ¶ 57: "These answering defendants reserve the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 19. | 600685/2020 | NAME ON FILE | ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; and OUR LADY OF PERPETUAL HELP | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Negligent Infliction of Emotional Distress | Approximately 1977-1979 | Answer ¶ 20: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event |

B-18

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 19 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | | | ROMAN CATHOLIC CHURCH LINDENHURST, a.k.a. OUR LADY OF PERPETUAL HELP ROMAN CATHOLIC CHURCH OF LINDENHURST | | | plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." <br><br> Answer ¶ 21: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." <br><br> Answer ¶ 23: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 20. | 600873/2020 | NAME ON FILE | Brother Antonio F. Antonucci, The Roman Catholic Diocese of Rockville Centre, NY and Infant Jesus Roman Catholic Church | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Non-Delegable Duty; Negligent Infliction of Emotional Distress; Breach of Duty in Loco Parentis | Approximately 1979 - 1982 | Answer ¶ 21: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a |

20-01226-mg    Doc 180-2    Entered 04/06/23 14:37:46    Exhibit B
Pg 20 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source."

Answer ¶ 22: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."

Answer ¶ 24: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 21. | NAME ON FILE | The Roman Catholic Diocese of Rockville Centre, New York and St. James Roman Catholic Church | Negligent Hiring, Retention, Supervision, Direction; Negligence; Gross Negligence; Breach of Fiduciary Duty | Approximately 1973-1974 | Answer ¶ 21: "The answering defendant, ST. JAMES ROMAN CATHOLIC CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 21 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 22: "That pursuant to General Obligations Law §15-108, the answering defendant, ST. JAMES ROMAN CATHOLIC CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 22. | 606396/2020 | NAME ON FILE | The Diocese of Rockville Centre and Church of St. Rosalie | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Non-Delegable Duty; Negligent Infliction of Emotional Distress | Approximately 1974-1976 | Answer ¶ 30: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." Answer ¶ 31: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the |

B-21

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." Answer ¶ 33: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 23. | NAME ON FILE | Roman Catholic Diocese of Rockville Centre, New York; The Roman Catholic Church of Our Lady Queen of Martyrs; and the Roman Catholic Church of St. Joseph, Kings Park, NY | Negligent Hiring, Retention, Supervision, Direction; Negligence; Gross Negligence; Breach of Fiduciary Duty | Approximately 1976-1982 | Answer ¶ 17: "These answering defendants plead the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." Answer ¶ 18: "These answering defendants plead the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and these answering defendants reserve the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any |

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | recovery herein by the plaintiff for non-economic loss." <br><br> Answer ¶ 20: "These answering defendants reserve the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 24. | 607467/2020 | NAME ON FILE | Roman Catholic Diocese of Rockville Centre, St. Patrick Parish, Father Frank Parisi, and John and Jane Doe I through 10, individually, (the names John and Jane Doe being fictious, as the true names are presently unknown) | Negligence, Civil Conspiracy | Approximately 1994 | Answer ¶ 31: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." <br><br> Answer ¶ 32: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 24 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 34: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 25. 607768/2020 | NAME ON FILE | Suffolk County Council, Inc., Boy Scouts of America; St. Mary Roman Catholic Church; and The Diocese of Rockville Centre | Negligence | Approximately 1983-1984 | Answer ¶ 20: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source."<br><br>Answer ¶ 21: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 25 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 23: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 26. | NAME ON FILE | ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE; and SAINT MARTIN OF TOURS ROMAN CATHOLIC CHURCH, a.k.a. SAINT MARTIN OF TOURS RC CHURCH | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence | Approximately 1988 | Answer ¶ 15: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source."

Answer ¶ 16: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."

Answer ¶ 18: "This answering defendant reserves the right to the benefit of any and all |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 26 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 27. | NAME ON FILE | The Roman Catholic Diocese of Rockville Centre, New York, Church of Saint Francis of Assisi | Negligent hiring / retention / supervision; Negligence / gross negligence; Breach of non-delegable duty; Breach of fiduciary duty; Negligent infliction of emotional distress; Breach of duty in loco parentis | Approximately 1970 | Answer ¶25: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545."<br><br>Answer ¶ 26: "The answering defendant herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16."<br><br>Answer ¶27: "That pursuant to General Obligations Law §15-108, the answering defendant, THE ROMAN CATHOLIC CHURCH OF SAINT FRANCIS OF ASSISI, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 28. | NAME ON FILE | The Diocese of Rockville Centre and Our Lady of Lourdes Roman Catholic Church | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty; Breach of Non-Delegable Duty; Breach of Duty *In Loco Parentis*; Intentional | Approximately 1993-1995 | Answer ¶38: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |

B-26

20-01226-mg        Doc 180-2        Filed 04/06/23        Entered 04/06/23 14:37:46        Exhibit B
Pg 27 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law §§ 413, 420 | | Answer ¶ 39: "The answering defendant, OUR LADY OF LOURDES ROMAN CATHOLIC CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16."

Answer ¶ 40: "That pursuant to General Obligations Law §15-108, the answering defendant, OUR LADY OF LOURDES ROMAN CATHOLIC CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 29. | 615735/2019 | NAME ON FILE | The Diocese of Rockville Centre and St. Patrick Roman Catholic Church of Bay Shore | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty; Breach of Non-Delegable Duty; Breach of Duty *In Loco Parentis*; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law §§ 413, 420 | Approximately 1972 | Answer ¶ 50: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or |

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." Answer ¶ 51: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." Answer ¶ 53: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 30. | 615737/2019 | NAME ON FILE | The Diocese of Rockville Centre and St. Joseph's Roman Catholic Church | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty; Breach of Non-Delegable Duty; Breach of Duty *In Loco Parentis*; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law §§ 413, 420 | "Plaintiff was approximately eight (8) to ten (10) years old" | Answer ¶ 41: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." Answer ¶ 42: "The answering defendant herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." |

B-28

20-01226-mg   Doc 180-2   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit B
Pg 29 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | | | | | | Answer ¶ 44: "That pursuant to General Obligations Law §15-108, the answering defendant is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 31. | 615903/2019 [The Sisters of St. Joseph Answer] | NAME ON FILE | The Roman Catholic Diocese of Rockville Centre and Saint Martha Roman Catholic Church | Battery; Assault; Negligent Hiring; Negligent Retention, Supervision and Direction; Negligent Infliction of Emotional Distress; Intentional Infliction of Emotional Distress | Approximately 1962 – 1963 | Answer ¶ 83: "If any liability is found against the defendant Congregation, then said liability will constitute 50% or less of the total liability assigned to all persons liable and, as a consequence thereof, the liability of said defendant to the plaintiff for non-economic loss shall not exceed said defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for noneconomic loss, as provided in CPLR Article 16." Answer ¶ 84: "If the plaintiff is entitled to recover damages for economic loss as against the defendant Congregation by reason of the matters alleged in the Amended Complaint, liability for which is hereby denied, then pursuant to CPLR 4545 the amount of damages recoverable against said defendant, if any, shall be reduced by the amount by which such economic loss was or |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 30 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | will be replaced or indemnified from any collateral source of payment." <br><br> Answer ¶ 86: "The injuries and damages allegedly sustained by the plaintiff were not caused by any negligence, carelessness, culpable conduct or breach of duty on the part of the defendant Congregation, but were caused by reason of the carelessness, negligence, culpable conduct, or breach of duty of third parties, and their servants, agents or employees, over whom the defendant Congregation exercised no control, and the defendant Congregation expressly reserves the right to seek indemnification for any liability incurred." <br><br> Answer ¶ 87: "In the event of any verdict or judgment in favor of the plaintiff, the defendant Congregation is entitled to a set-off or credit with respect to the amounts of any payments made to the plaintiff for any companion actions arising out of the same set of events as pleaded herein pursuant to GOL 15-108." |
| 32. | 615903/2019 [Saint Martha Church Answer] | NAME ON FILE | The Roman Catholic Diocese of Rockville Centre and Saint Martha Roman Catholic Church | Battery; Assault; Negligent Hiring; Negligent Retention, Supervision and Direction; Negligent Infliction of Emotional Distress; Intentional Infliction of Emotional Distress | Approximately 1962 – 1963 | Answer ¶ 33: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." <br><br> Answer ¶ 34: "The answering defendant, SAINT MARTHA ROMAN CATHOLIC CHURCH, |

B-30

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16."<br><br>Answer ¶ 35: "That pursuant to General Obligations Law §15-108, the answering defendant, SAINT MARTHA ROMAN CATHOLIC CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 33. | NAME ON FILE | BROTHER LAWRENCE LARMANN, THE DIOCESE OF ROCKVILLE CENTRE, and ST. JOSEPH ROMAN CATHOLIC CHURCH | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty; Breach of Non-Delegable Duty; Breach of Duty *In Loco Parentis*; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law §§ 413 and 420; Battery; Assault | Approximately 1968 | Answer ¶ 41: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." |

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 42: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."<br><br>Answer ¶ 44: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 34. | NAME ON FILE | The Diocese of Rockville Centre and Infant Jesus Roman Catholic Church | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty; Breach of Non-Delegable Duty; Breach of Duty *In Loco Parentis*; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law §§ 413 and 420 | Approximately 1977-1978 | Answer ¶86: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 33 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 87: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."<br><br>Answer ¶ 89: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 35. | NAME ON FILE | THE DIOCESE OF ROCKVILLE CENTRE, SAINTS CYRIL AND METHODIUS SCHOOL and ROMAN CATHOLIC CHURCH OF SAINTS CYRIL AND METHODIUS | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty; Breach of Non-Delegable Duty; Breach of Duty *In Loco Parentis*; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law §§ 413 and 420 | Approximately 1965-1966 | Answer ¶ 39: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." |

B-33

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 34 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 40: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." <br><br>Answer ¶ 42: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 36. | 618899/2019 | NAME ON FILE | THE DIOCESE OF ROCKVILLE CENTRE and ST. HUGH OF LINCOLN ROMAN CATHOLIC CHURCH | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty; Breach of Non-Delegable Duty; Breach of Duty *In Loco Parentis*; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law §§ 413 and 420 | Approximately 1982-1983 | Answer ¶ 38: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." |

B-34

20-01226-mg   Doc 180-2   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit B
Pg 35 of 159

B-35

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 39: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."<br><br>Answer ¶ 41: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 37. | 61930B/2019 | NAME ON FILE | THE DIOCESE OF ROCKVILLE CENTRE and ST. ANTHONY OF PADUA PARISH | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty; Breach of Non-Delegable Duty; Breach of Duty *In Loco Parentis*; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law §§ 413 and 420 | Approximately 1977 | Answer ¶ 52: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 36 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | | | | | | Answer ¶ 53: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."

Answer ¶ 55: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 38. | 61988I/2019 | NAME ON FILE | THE DIOCESE OF ROCKVILLE CENTRE, SAINT BARNABAS THE APOSTLE ROMAN CATHOLIC CHURCH and SAINT ELIZABETH ANN SETON REGIONAL SCHOOL | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty; Breach of Non-Delegable Duty; Breach of Duty *In Loco Parentis*; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law §§ 413 and 420 | Approximately 1976 | Answer ¶ 41: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545."

Answer ¶ 42: "The answering defendants, CHURCH and SCHOOL, herein deny liability; however, if a measure of damage of fifty percent or less is found against these answering defendants, then these answering defendants are entitled to the limitations of liability in CPLR Article 16."

Answer ¶ 43: "That pursuant to General Obligations Law §15-108, the answering defendants are |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 37 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 39. | 620497/2019 | NAME ON FILE | Diocese of Rockville Centre; St. Joseph Catholic School; St. Joseph Roman Catholic Church; Saint Anthony's High School; Franciscan Brothers of Brooklyn; and DOES 1 - 10 | Offensive Physical Contact/Childhood Sexual Assault/Battery; Imminent Battery/Assault; Negligence; Negligent Supervision/Failure to Warn; Negligent Hiring/Retention; Fraud; Actual Fraudulent Transfers; Constructive Fraudulent Transfer; Unjust Enrichment and Imposition of Constructive Trust; Negligent Infliction of Emotional Distress; Intentional Infliction of Emotional Distress; Premises Liability; Punitive Damages | Approximately 1976 - 1992 | Answer ¶ 50: "These answering defendants plead the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendants, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." Answer ¶ 51: "These answering defendants plead the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and these answering defendants reserve the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." |

B-37

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 38 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | | | | | | Answer ¶ 53: "These answering defendants reserve the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 40. | 621553/2019 | NAME ON FILE | Brother Antonio Montera; St. Anthony's High School; The Diocese of Rockville Centre | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty; Breach of Non-Delegable Duty; Breach of Duty in Loco Parentis; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420; Battery; Assault | Approximately 1987 - 1989 | Answer ¶ 46: "These answering defendants plead the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source."

Answer ¶ 47: "These answering defendants plead the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and these answering defendants reserve the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."

Answer ¶ 49: "These answering defendants reserve the right to the benefit of any and all offsets from |

B-38

20-01226-mg Doc 180-2 Filed 04/06/23 Entered 04/06/23 14:37:46 Exhibit B Pg 39 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | | | | | | payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 41. | 624824/2019 | NAME ON FILE | Diocese of Rockville Centre, New York; The Roman Catholic Church of St. Rose of Lima; and The Roman Catholic Church of Christ the King | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Non-Delegable Duty; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress; Breach of Duty in Loco Parentis | Approximately 1976 – 1978 | Answer ¶32: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." Answer ¶33: "The answering defendants herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶34: "That pursuant to General Obligations Law §15-108, the answering defendants are entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 42. | 900002/2019 | NAME ON FILE | Diocese of Rockville Centre, St. Hugh of Lincoln Roman Catholic Church and Nicholas Unterstein | Sexual Battery of a child; Negligence; Negligent Infliction of Emotional Distress | Approximately 1965 - 1967 | Answer ¶18: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." Answer ¶17: "The answering defendant, ST. HUGH OF LINCOLN ROMAN CATHOLIC CHURCH, herein denies liability; however, if a |

B-39

20-01226-mg   Doc 180-2   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit B
Pg 40 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." |
| | | | | | Answer ¶ 18 [sic]: "That pursuant to General Obligations Law § 15-108, the answering defendant, ST. HUGH OF LINCOLN ROMAN CATHOLIC CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 43. | NAME ON FILE | Diocese of Rockville Centre and Our Lady of Grace Roman Catholic Church | Negligence | Approximately 1969 | Answer ¶ 23: "These answering defendants plead the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendants, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." |

B-40

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 41 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 24: "These answering defendants plead the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and these answering defendants reserve the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." Answer ¶ 26: "These answering defendants reserve the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 44. | NAME ON FILE | The Roman Catholic Diocese of Rockville Centre; Brian J. Brinker; and Does 1-20 | Negligence / Gross Negligence; Negligent Hiring / Retention / Supervision / Direction; Respondeat Superior / Vicarious Liability; Premises Liability; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress; Breach of Duty In Loco Parentis; Breach of Statutory Duty to Report Abuse Under Soc. Serv. L. §§ 413, 420 | Approximately 1993-1998 | Answer ¶ 38: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." Answer ¶ 39: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise |

B-41

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."<br><br>Answer ¶ 41: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 45. | NAME ON FILE | Holy Family Roman Catholic Church, Holy Trinity Diocesan High School, Roman Catholic Diocese of Rockville Centre, John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Negligent Failure to Warn; Negligent Failure to Provide a Safe and Secure Environment | Approximately 1971 - 1975 | Answer ¶ 17: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545."<br><br>Answer ¶ 18: "The answering defendants, HOLY FAMILY ROMAN CATHOLIC CHURCH and HOLY TRINITY DIOCESAN HIGH SCHOOL herein deny liability; however, if a measure of damage of fifty percent or less is found against these answering defendants, then these answering defendants are entitled to the limitations of liability in CPLR Article 16."<br><br>Answer ¶ 19: "That pursuant to General Obligations Law §15-108, the answering defendants, HOLY FAMILY ROMAN CATHOLIC CHURCH and HOLY TRINITY DIOCESAN HIGH |

20-01226-mg      Doc 180-2      Filed 04/06/23      Entered 04/06/23 14:37:46      Exhibit B
Pg 43 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | SCHOOL, are entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 46. | 900004/2020 | NAME ON FILE | Roman Catholic Diocese of Rockville Centre, New York; and Holy Trinity Diocesan High School | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Non-Delegable Duty; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress; Breach of Duty in Loco Parentis; Breach of Statutory Duty to Report Abuse under Soc. Serv. Law 413, 420 | Approximately 1981 - 1982 | Answer ¶31: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." Answer ¶32: "The answering defendant, HOLY TRINITY DIOCESAN HIGH SCHOOL, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶33: "That pursuant to General Obligations Law §15-108, the answering defendant, HOLY TRINITY DIOCESAN HIGH SCHOOL, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |

B-43

20-01226-mg   Doc 180-2   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit B
Pg 44 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| 47. 900006/2020 | NAME ON FILE | Diocese of Rockville Centre and St. Joseph's Parish | Negligence | Approximately 1962 - 1963 | Answer ¶ 13: "The answering defendant, ST. JOSEPH'S ROMAN CATHOLIC CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16."<br><br>Answer ¶ 15: "That pursuant to General Obligations Law §15-108, the answering defendant, ST. JOSEPH'S ROMAN CATHOLIC CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 48. 900007/2019 | NAME ON FILE | Diocese of Rockville Centre and St. Philip and St. James Church | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1976 | Answer ¶ 22: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 45 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 23: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." Answer ¶ 25: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 49. | 900008/2020 | NAME ON FILE | Roman Catholic Diocese of Rockville Centre and St. Anthony of Padua | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1984 | Answer ¶ 19: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 46 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 20: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." |
| | | | | | Answer to ¶ 22: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 50. | NAME ON FILE | THE DIOCESE OF ROCKVILLE CENTRE and ST. MARTHA ROMAN CATHOLIC CHURCH | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty; Breach of Non-Delegable Duty; Breach of Duty in Loco Parentis; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1977-1981 | Answer ¶ 89: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545."<br><br>Answer ¶ 90: "That pursuant to General Obligations Law §15-108, the answering defendant, ST. MARTHA ROMAN CATHOLIC CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |

B-46

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 47 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 91: "The answering defendant, ST. MARTHA ROMAN CATHOLIC CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." |
| 51. | NAME ON FILE | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; St. Hugh of Lincoln aka St. Hugh of Lincoln Roman Catholic Church aka St. Hugh's and Does 1-5 who identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1979 - 1983 | Answer ¶ 20: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source."

Answer ¶ 21: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." |

20-01226-mg Doc 180-2 Filed 04/06/23 Entered 04/06/23 14:37:46 Exhibit B
Pg 48 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 23: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 52. | NAME ON FILE | Joseph V. Arevalo; The Roman Catholic Diocese of Rockville Centre, New York; and St. Hugh of Lincoln Roman Catholic Church | Assault; Battery; Intentional Infliction of Emotional Distress; Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Beach of Non-Delegable Duty; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress; Breach of Duty in Loco Parentis | Approximately 1992 - 1995 | Answer ¶ 34: "These answering defendant plead [sic] the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." |
| 9000010/2020 [Church of St. Hugh at Fairground Answer] | | | | | Answer ¶ 35: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." |
| | | | | | Answer ¶ 37: "This answering defendant reserves the right to the benefit of any and all offsets from |

B-48

20-01226-mg    Doc 180-2    Entered 04/06/23 14:37:46    Exhibit B
Pg 49 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 53. 900010/2020 [Joseph V. Arevalo Answer] | NAME ON FILE | Joseph V. Arevalo; The Roman Catholic Diocese of Rockville Centre, New York; and St. Hugh of Lincoln Roman Catholic Church | Assault; Battery; Intentional Infliction of Emotional Distress; Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Beach of Non-Delegable Duty; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress; Breach of Duty in Loco Parentis | Approximately 1992 - 1995 | Answer ¶ 42: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source."

Answer ¶ 43: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."

Answer ¶ 44: "The answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other |

B-49

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 50 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | tortfeasors pursuant to General Obligations Law 15-108." |
| 54. | 900011/2019 [Province of Meribah Society of Mary, Inc. and Chaminade High School Answer] | NAME ON FILE | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; Society of Mary (Marianists) aka Society of Mary of Meribah Province of the Marianist Order aka Society of Mary of Province of Meribah aka Marianist Society Inc. aka Province of Meribah Society of Mary, Inc.; Chaminade High School; James C. Williams; and Does 1 - 5 whose identities are unknown to Plaintiff | Sexual Battery; Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1990 - 1993 | "AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNITY AGAINST CODEFENDANT JAMES C. WILLIAMS, THE ANSWERING DEFENDANT ALLEGES: … and in the alternative, that if a contract existed between the defendants, said contract provided that defendant was to hold harmless, defend and indemnify defendants Province of Meribah Society of Mary, Inc., also s/h/a Society of Mary (Marianists)" a/k/a Society of Mary of Meribah Province of the Marianist Order a/k/a Society of Mary of Province of Meribah a/k/a Marianist Society Inc., and Chaminade High School. and/or that they were to procure insurance which named defendants Province of Meribah Society of Mary, Inc., also s/h/a Society of Mary (Marianists) a/k/a Society of Mary of Meribah Province of the Marianist Order a/k/a Society of Mary of Province of Meribah a/k/a Marianist Society Inc., and Chaminade High School as an additional insured on their insurance policy, and that if they failed to do so, then defendants Province of Meribah Society of Mary, Inc., also s/h/a Society of Mary (Marianists) a/k/a Society of Mary of Meribah Province of the Marianist |

B-50

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Order a/k/a Society of Mary of Province of Meribah a/k/a Marianist Society Inc., and Chaminade High School is entitled to all recoverable damages arising there from and/or due to their failure to procure the same." Third Affirmative Defense: "If any liability is found against the answering defendant, then said liability will constitute 50 percent or less of the total liability assigned to all persons liable, and as such, the liability of this answering defendant to plaintiff for non-economic loss shall be limited and shall not exceed this answering defendant's equitable share as provided in article 16 of the CPLR." Fifth Affirmative Defense: "That in the event of any judgment or verdict on behalf of the plaintiffs, the defendant is entitled to a set-off against the judgment or verdict with respect to the amounts of any collateral source payments to be received by plaintiff in the future pursuant to CPLR § 4545." |
| 55. | 900011/2019 [James C. Williams Answer] | NAME ON FILE | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; Society of Mary (Marianists) aka Society of Mary of Meribah Province of the Marianist Order aka Society of Mary of Province | Sexual Battery; Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1990 - 1993 | "AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AND INDEMNITY AGAINST THE CO-DEFENDANTS, THE ANSWERING DEFENDANT ALLEGES FIFTEENTH: That although the Answering Defendant, James C. Williams has denied all of |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 52 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | of Meribah aka Marianist Society Inc. aka Province of Meribah Society of Mary, Inc.; Chaminade High School; James C. Williams; and Does 1 - 5 whose identities are unknown to Plaintiff | | | the allegations of the Plaintiff with respect to any and all wrongdoing on the part of the Answering Defendant, in the event that there is a verdict of judgment in favor of the Plaintiff as against the Answering Defendant, then, and in that event, said Answering Defendant demands judgment over and against all of the Co-Defendants named herein by reason of their wrongful conduct being primary and/or active while any wrongdoing of the Answering Defendant, if any, was secondary and/or passive, and the indemnity either common law or contractual, is to be full and complete, or, in the alternative, if liability through judgment or verdict is found on the part of the Answering Defendant, then contribution in the apportioned amount is hereby demanded, and in the alternative, that if a contract existed between the Defendants, said contract provided that Defendants were to hold harmless, defend and indemnify Defendant James C. Williams and/or they were to procure which named the Answering Defendant as an additional insured on their insurance policy and that the Answering Defendant is entitled to all recoverable damages arising therefrom and due to their failure to procure the same." |

B-52

20-01226-mg      Doc 180-2     Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 53 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 22: "The answering Defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event Plaintiff recovers a verdict of judgment against the answering Defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify Defendant in whole or in part, for any or future claimed economic loss, from any collateral source."<br><br>Answer ¶ 23: "The answering Defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering Defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR  for any recovery herein by the Plaintiff for non-economic loss."<br><br>Answer ¶ 24: "The answering Defendant reserves the right to the benefit of any and all offsets from payments and settlements to the Plaintiff from any of the other tortfeasors pursuant to General Obligations law 15-108." |
| 56. | 900011/2020 | NAME ON FILE | Diocese of Rockville Centre and Corpus Christi Roman Catholic Church | Superior/Vicarious Liability; Negligent Hiring, Retention and Supervision | Approximately 1965-1966 | Answer ¶ 13: "This answering defendant pleads the provisions and terms of CPLR §4545 |

B-53

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 54 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source."

Answer ¶ 14: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."

Answer ¶ 16: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 57. | 900012/2019 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; SAINTS PHILIP AND | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1972-1976 | Answer ¶ 20: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 55 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | JAMES ROMAN CATHOLIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | | | defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." Answer ¶ 21: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." Answer ¶ 23: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 58. | NAME ON FILE | Diocese of Rockville Centre, St. Catherine of Siena Roman Catholic Church, and Monsignor William G. Breslawski | Respondeat Superior / Vicarious Liability; Negligent Hiring, Retention and Supervision; Battery | Approximately 1980-1981 | Answer ¶ 18: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 56 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source."

Answer ¶ 19: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."

Answer ¶ 21: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff &om any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 59. | NAME ON FILE | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; Our Lady of Fatima; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1991 - 1993 | Answer ¶ 14: "The answering defendant herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." |

B-56

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 16: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." <br><br> Answer ¶ 17: "That pursuant to General Obligations Law §15-108, the answering defendants are entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 60. | NAME ON FILE | Diocese of Rockville Centre and Roman Catholic Church of the Sacred Heart | Respondeat Superior/Vicarious Liability; Negligent Hiring, Retention and Supervision | Approximately 1985-1989 | Answer ¶ 17: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." <br><br> Answer ¶ 20: "The answering defendant, SACRED HEART, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." <br><br> Answer ¶ 24: "That pursuant to General Obligations Law §15-108, the answering defendant, SACRED HEART, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the |

B-57

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 58 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | | | | | | amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher." |
| 61. | 900014/2020 | NAME ON FILE | Diocese of Rockville Centre, Holy Trinity High School, and Department of Education, Diocese of Rockville Centre | Respondeat Superior/Vicarious Liability; Negligent Hiring, Retention and Supervision | Approximately 1979-1981 | Answer ¶ 18: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545.'"

Answer ¶ 19: "The answering defendants, HOLY TRINITY DIOCESAN HIGH SCHOOL and DEPARTMENT OF EDUCATION, DIOCESE OF ROCKVILLE CENTRE, herein deny liability; however, if a measure of damage of fifty percent or less is found against these answering defendants, then these answering defendants are entitled to the limitations of liability in CPLR Article 16."

Answer ¶ 20: "That pursuant to General Obligations Law §15-108, the answering defendants, HOLY TRINITY DIOCESAN HIGH SCHOOL and DEPARTMENT OF EDUCATION, DIOCESE OF ROCKVILLE CENTRE, are entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher.'" |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 59 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| 62. 900015/2019 | NAME ON FILE | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; St. John of God; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1973 - 1975 | Answer ¶ 20: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." <br><br> Answer ¶ 21: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." <br><br> Answer ¶ 23: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 60 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| 63. | 900015/2020 | NAME ON FILE | Diocese of Rockville Centre, Holy Trinity High School, and Department of Education, Diocese of Rockville Centre | Respondeat Superior/Vicarious Liability; Negligent Hiring, Retention and Supervision | Approximately 1975-1977 | Answer ¶ 18: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." Answer ¶ 19: "The answering defendants, HOLY TRINITY DIOCESAN HIGH SCHOOL and DEPARTMENT OF EDUCATION, DIOCESE OF ROCKVILLE CENTRE, herein deny liability; however, if a measure of damage of fifty percent or less is found against these answering defendants, then these answering defendants are entitled to the limitations of liability in CPLR Article 16." Answer ¶ 20: "That pursuant to General Obligations Law §15-108, the answering defendants, HOLY TRINITY DIOCESAN HIGH SCHOOL and DEPARTMENT OF EDUCATION, DIOCESE OF ROCKVILLE CENTRE, are entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 64. | 900016/2019 | NAME ON FILE | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; Holy Family; and | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1963 - 1965 | Answer ¶ 19: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |

B-60

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 61 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | Does 1-5 whose identities are unknown to Plaintiff | | | Answer ¶ 20: "The answering defendant, HOLY FAMILY ROMAN CATHOLIC CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16."<br><br>Answer ¶ 21: "That pursuant to General Obligations Law §15-108, the answering defendant, HOLY FAMILY ROMAN CATHOLIC CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 65.  9000017/2019 | NAME ON FILE | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; Holy Trinity Diocesan High School aka Holy Trinity; and Does 1 -5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1979 | Answer ¶ 19: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545."<br><br>Answer ¶ 20: "The answering defendant, HOLY TRINITY DIOCESAN HIGH SCHOOL, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 62 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 21: "That pursuant to General Obligations Law §15-108, the answering defendant, HOLY TRINITY DIOCESAN HIGH SCHOOL, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 66. | NAME ON FILE | St. Vincent de Paul Parish and Diocese of Rockville Centre | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1977 - 1978 | Answer ¶ 18: "That pursuant to General Obligations Law §15-108, the answering defendant, ST. VINCENT DE PAUL PARISH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 67. | NAME ON FILE | Diocese of Rockville Centre, Holy Trinity Diocesan High School, and Department of Education, Diocese of Rockville Centre | Respondeat Superior/Vicarious Liability; Negligent Hiring, Retention and Supervision | Approximately 1980 - 1982 | Answer ¶ 21: "That pursuant to General Obligations Law §15-108, the answering defendant, HOLY TRINITY DIOCESAN HIGH SCHOOL and DEPARTMENT OF EDUCATION, DIOCESE OF ROCKVILLE CENTRE, are entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the |

B-62

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| | | | | | Answer ¶22: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 68. | NAME ON FILE | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; St. Rosalie's aka Church of St. Rosalie; and Does 1- 5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1972 - 1973 | Answer ¶20: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source."

Answer ¶ 21: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."

Answer ¶23: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 64 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 69. | NAME ON FILE | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; Saint Anne's; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1967 – 1969 | Answer ¶ 19: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." Answer ¶ 20: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." Answer ¶ 22: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 65 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| 70. | 900021/2019 | NAME ON FILE | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; St. Joseph's aka St. Joseph's Parish aka St. Joseph Parish; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1975 | Answer ¶ 19: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source."

Answer ¶ 20: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."

Answer ¶ 22: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 71. | 900022/2019 | NAME ON FILE | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; St. Ignatius | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1983 - 1986 | Answer ¶ 19: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |

B-65

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 66 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|-----------|--------------|--------------|---------------------|--------------------------|----------------------------------------------------------------------------------------|
| | | Loyola aka St. Ignatius Hicksville; and Does 1-5 whose identities are unknown to Plaintiff | | | Answer ¶ 20: "The answering defendant, ST. IGNATIUS LOYOLA ROMAN CATHOLIC CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 21: "That pursuant to General Obligations Law §15-108, the answering defendant, ST. IGNATIUS LOYOLA ROMAN CATHOLIC CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 72. 900022/2020 | NAME ON FILE | Diocese of Rockville Centre; St. Margaret of Scotland Church | Negligence | Approximately 1973 - 1975 | Answer ¶ 21: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendants, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." |

B-66

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 67 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 22: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and these answering defendants reserve the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." |
| | | | | | Answer ¶ 24: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 73. | 900023/2019 | NAME ON FILE | Diocese of Rockville Centre a/k/a The Roman Catholic Diocese of Rockville Centre, York, St. Raphael a/k/a St. Raphael Parish, and DOES 1-5 whose identities are unknown To Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1958 - 1961 | Answer ¶ 18: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." <br><br> Answer ¶ 18: "The answering defendant, ST. RAPHAEL ROMAN CATHOLIC CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." <br><br> Answer ¶ 19: "That pursuant to General Obligations Law §15-108, the answering defendant, ST. RAPHAEL ROMAN CATHOLIC CHURCH, is |

B-67

20-01226-mg   Doc 180-2   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit B
Pg 68 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 74. | NAME ON FILE | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; Our Lady Queen of Martyrs; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1972 - 1976 | Answer ¶ 20:  "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source."<br><br>Answer ¶ 21:  "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."<br><br>Answer ¶ 21:  "This answering defendant reserves the right to the benefit of any and all offsets from |

B-68

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 69 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | | | | | | payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 75. | 900025/2019 [Sisters of the Third Order of St. Dominic Answer] | NAME ON FILE | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; Sisters of the Third Order of St. Dominic DBA The Sisters of the Order of St. Dominic aka Congregation of the Holy Cross aka Dominican Sisters; St. Agnes Cathedral; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1965 | Answer ¶ 62: "The limitations of liability pursuant to Article 16 of the CPLR apply to any recovery by the Plaintiff for any non-economic loss."<br><br>Answer ¶ 63: "Some or all of Plaintiff's alleged damages are barred and/or subject to the collateral source rule of CPLR 4545." |
| 76. | 900025/2019 [St. Agnes Cathedral Answer] | NAME ON FILE | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; Sisters of the Third Order of St. Dominic DBA The Sisters of the Order of St. Dominic aka Congregation of the Holy Cross aka Dominican Sisters; St. Agnes Cathedral; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1965 | Answer ¶ 19: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545."<br><br>Answer ¶ 20: "The answering defendant, ST. AGNES ROMAN CATHOLIC CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16."<br><br>Answer ¶ 21: "That pursuant to General Obligations Law §15-108, the answering defendant, ST. MARY ROMAN CATHOLIC CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 70 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 77. | NAME ON FILE | Diocese of Rockville Centre a/k/a The Roman Catholic Diocese of Rockville Centre, New York; Society of Jesus a/k/a U.S.A. Northeast Province of the Society of Jesus a/k/a The New York Province of the Society of Jesus a/k/a Society of Jesus of U.S.A. Northeast Province a/k/a/ The Society of Jesus Jesuit Father and Brothers; St. Mary's Roman Catholic Church; St. Ignatius Retreat House a/k/a St. Ignatius Jesuit Retreat House, Inisfada; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1982 - 1983 | Answer ¶ 19: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." <br><br> Answer ¶ 20: "The answering defendant, ST. MARY'S ROMAN CATHOLIC CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." <br><br> Answer ¶ 21: "That pursuant to General Obligations Law §15-108, the answering defendant, ST. MARY ROMAN CATHOLIC CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 78. | NAME ON FILE | Archdiocese of New York; Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; The Capuchin Fathers aka The Capuchin | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1971 - 1974; 1975 - 1978 | Third Affirmative Defense: "Plaintiff's damages, if any, are barred and/or subject to the qualifications of provision of Section 4545 of the CPLR." |

[900026/2019 in row 77; 900027/2019 [The Province of St. Mary of the Capuchin Order Answer] in row 78]

B-70

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 71 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | Fathers Province of St. Mary aka Capuchin Franciscans Province of St. Mary aka the Province of St. Mary of the Capuchin Order aka The Province of St. Mary of the Capuchin Order, St. Conrad Friary aka Capuchin Franciscan Tertiary Province of St. Mary, N.Y.; St. Francis Retreat House; St. John's Episcopal Hospital; St. Barnabus Apostle; and Does 1-5 whose identities are unknown to Plaintiff | | | Fifth Affirmative Defense: "The liability, if any, of Defendant is limited to the operation of Article 16 of the CPLR." Tenth Affirmative Defense: "That the liability of this Defendant, if any, is limited to the percentage of culpability found against them by virtue of the fault of the other parties (both named and unnamed) and in accordance with the laws of the State of New York." |
| 79. | 900027/2019 [St. Barnabus the Apostle Roman Catholic Church Answer] | NAME ON FILE | Archdiocese of New York; Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; The Capuchin Fathers aka The Capuchin Fathers Province of St. Mary aka Capuchin Franciscans Province of St. Mary aka the Province of St. Mary of the Capuchin Order aka The Province of St. Mary of the Capuchin Order, St. Conrad Friary aka Capuchin Franciscan Tertiary Province of St. Mary, N.Y.; St. Francis Retreat House; St. John's Episcopal Hospital; St. Barnabus Apostle; and Does | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1971 - 1974; 1975 - 1978 | Answer ¶ 19: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." Answer ¶ 20: "The answering defendant, ST. BARNABUS THE APOSTLE ROMAN CATHOLIC CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 21: "That pursuant to General Obligations Law §15-108, the answering defendant, ST. BARNABUS THE APOSTLE ROMAN CATHOLIC CHURCH, is entitled to a setoff for any settlement |

B-71

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | 1-5 whose identities are unknown to Plaintiff | | | paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 80. | NAME ON FILE | Diocese of Rockville Centre aka The Roman Catholic Diocese of Rockville Centre, New York; St. John of God aka St. John of God Parish; and Does 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1957 - 1961 | Answer ¶ 20: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source."<br><br>Answer ¶ 21: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."<br><br>Answer ¶ 23: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the |

20-01226-mg   Doc 180-2   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit B
Pg 73 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 81. | NAME ON FILE | Diocese of Rockville Center; aka John Barres, as Bishop and Corporate Sole of the Diocese of Rockville Centre; St. Bernard's Church | Negligence | Approximately 1966 - 1969 | Answer ¶ 15: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545."<br><br>Answer ¶ 16: "The answering defendant, SAINT BERNARD'S ROMAN CATHOLIC CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16."<br><br>Answer ¶ 17: "That pursuant to General Obligations Law §15-108, the answering defendant, SAINT BERNARD'S ROMAN CATHOLIC CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value." |
| 82. | NAME ON FILE | Diocese of Rockville Centre; Church of St. Anthony of Padua East Northport; Church of the Good Shepherd, Holbrook, Church of St. Anne, Garden City and Notre Dame Church, New Hyde Park | Unclear | 1990 | Answer ¶ 16: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545."<br><br>Answer ¶ 17: "The answering defendants, CHURCH OF ST. ANTHONY OF PADUA, CHURCH OF GOOD SHEPHERD, CHURCH OF ST. ANNE and NOTRE DAME CHURCH, herein denies liability; |

B-73

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 74 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." <br><br> Answer ¶ 18: "That pursuant to General Obligations Law §15-108, the answering defendants, CHURCH OF ST. ANTHONY OF PADUA, CHURCH OF GOOD SHEPHERD, CHURCH OF ST. ANNE and NOTRE DAME CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 83. | NAME ON FILE | The Roman Catholic Diocese of Rockville Centre, Saint Mary's High School, and Br. Howard Murphy | Battery; Assault; Negligent Hiring; Negligent Retention, Supervision and Direction, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Negligence | Approximately 1982-1983 | Answer ¶ 33: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." <br><br> Answer ¶ 34: "The answering defendant, SAINT MARY'S ROMAN CATHOLIC CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against these answering defendants, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." |

B-74

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 75 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | | | | | | Answer ¶ 35: "That pursuant to General Obligations Law §15-108, the answering defendant, SAINT MARY'S ROMAN CATHOLIC CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 84. | 900032/2020 [Our Lady of Loretto Parish and School Answer] | NAME ON FILE | Diocese of Rockville Centre, Our Lady of Loretto Parish and School, and Sisters of Charity of the Blessed Virgin Mary | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1962 - 1963 | Answer ¶ 18: "The answering defendant, OUR LADY OF LORETTO, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 19: "That pursuant to General Obligations Law §15-108, the answering defendant, OUR LADY OF LORETTO, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 85. | 900032/2020 [Sisters of | NAME ON FILE | Diocese of Rockville Centre, Our Lady of Loretto Parish | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1962 – 1963 | Answer ¶ 18: "That the answering Defendant, SISTERS OF CHARITY |

B-75

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 76 of 159

B-76

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| Charity of the Blessed Virgin Mary Answer] | | and School, and Sisters of Charity of the Blessed Virgin Mary | | | OF THE BLESSED VIRGIN MARY, DUBUQUE, IOWA s/h/a SISTERS OF CHARITY OF THE BLESSED VIRGIN MARY, herein denies liability; however, if a measure of damages of 50 percent or less is found against this answering Defendant, then this answering Defendant is entitled to the limitations of liability in CPLR Article 16." |
| 86. 900033/2020 [Our Holy Redeemer School Answer] | NAME ON FILE | Theodore Roosevelt Council, Inc., Boy Scouts of America; Nassau County Council; Archer Street School; Freeport Union Free School District; Our Holy Redeemer School; and The Diocese of Rockville Centre | Negligence | Approximately 1978 | Answer ¶ 19: "That pursuant to General Obligation Law §15-108, the answering Defendant, SISTERS OF CHARITY OF THE BLESSED VIRGIN MARY, DUBUQUE, IOWA s/h/a SISTERS OF CHARITY OF THE BLESSED VIRGIN MARY, is entitled to a setoff for any settlement paid to the Plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." Answer ¶ 19: "The answering defendant, OUR HOLY REDEEMER ROMAN CATHOLIC CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." |

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 20: "That pursuant to General Obligations Law §5-108, the answering defendant, OUR HOLY REDEEMER ROMAN CATHOLIC CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 87. | 900033/2020 [Freeport Union Free School District & Archer Street School Answer] | NAME ON FILE | Theodore Roosevelt Council, Inc., Boy Scouts of America; Nassau County Council; Archer Street School; Freeport Union Free School District; Our Holy Redeemer School; and The Diocese of Rockville Centre | Negligence | Approximately 1978 | Answer ¶ 11: "That Plaintiff's Complaint and all liability and damages contained therein shall be controlled, limited and subject to Article 16 of the Civil Practice Laws and Rules." Answer ¶ 12: "Pursuant to §1601 of the Civil Practice Laws and Rules, in the event that Plaintiff recovers anything against the Defendants DISTRICT and SCHOOL, such Defendants shall not be liable for more than its proportionate share of non-economic loss, if such proportionate share is fifty percent or less of the total liability, or as otherwise provided for in CPLR Article 16." Answer ¶ 14: "Upon information and belief, that each item of economic loss alleged in Plaintiff's Complaint was, |

B-77

20-01226-mg     Doc 180-2     Filed 04/06/23     Entered 04/06/23 14:37:46     Exhibit B
Pg 78 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | or with reasonable certainty, will be replaced or indemnified, in whole or in part by collateral sources pursuant to the provisions of CPLR § 4545(c)." Answer ¶ 18: "Plaintiff's recovery herein, by judgment or verdict, if any, shall be reduced by the amount of Plaintiff's prior settlement with other potentially liable parties or the percentage of negligence attributable to such other potentially liable parties, whichever is greater, pursuant to General Obligations Law § 15-108." Answer ¶ 32: "That if the Plaintiff recovers herein, it will be by virtue of the actions, omissions recklessness, carelessness, and negligence of the Defendant DIOCESE OF ROCKVILLE CENTRE and not of the Defendants DISTRICT and SCHOOL, and that the Defendants DISTRICT and SCHOOL therefore demand complete contractual and/or common-law indemnification or contribution from the Defendant DIOCESE OF ROCKVILLE CENTRE and/or that the respective degrees of liability or negligence of the Plaintiff and the Defendants DISTRICT and SCHOOL herein be ascertained, determined and adjudicated and that the Defendants DISTRICT and SCHOOL have judgment over and against Defendant DIOCESE OF ROCKVILLE CENTRE and/or other such |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 79 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | | | | | | defendants), as to the proportionate share commensurate with the respective degrees of liability or negligence as will be decided on at the trial herein." |
| 88. | 900035/2019 | NAME ON FILE | Diocese of Rockville Centre; a/k/a John Barres, as Bishop and Corporate Sole of the Diocese of Rockville Centre; St. Joseph's Parish Old Roman Catholic Church | Negligence | Approximately 1975-1976 | Answer ¶15: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." Answer ¶16: "The answering defendant, ST. JOSEPH'S ROMAN CATHOLIC CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶17: "That pursuant to General Obligations Law §15-108, the answering defendant, ST. JOSEPH'S ROMAN CATHOLIC CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 89. | 900036/2019 | NAME ON FILE | The Roman Catholic Diocese of Rockville Centre, Saint Mary's High School, and Br. Howard Murphy | Battery; Assault; Negligent Hiring; Negligent Retention, Supervision and Direction, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Negligence | Approximately 1982-1984 | Answer ¶34: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." Answer ¶35: "The answering defendant, ST. MARY'S ROMAN |

B-79

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 80 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | CATHOLIC CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against these answering defendants, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 36: "That pursuant to General Obligations Law §15-108, the answering defendant, ST. MARY'S ROMAN CATHOLIC CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 90. | 900036/2020 [Our Holy Redeemer School Answer] | NAME ON FILE | Theodore Roosevelt Council, Inc, Boy Scouts of America; Nassau County Council; Archer Street School; Steele Elementary School; Freeport Union Free School District; Baldwin Union Free School District; Our Holy Redeemer School; and The Diocese of Rockville Centre | Negligence | Approximately 1978 - 1979 | Answer ¶ 18: "The answering defendant, OUR HOLY REDEEMER ROMAN CATHOLIC CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 19: "That pursuant to General Obligations Law §115-108, the answering defendant, OUR HOLY REDEEMER ROMAN CATHOLIC CHURCH, is entitled to a setoff for any |

B-80

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 81 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 91. | NAME ON FILE | Theodore Roosevelt Council, Inc., Boy Scouts of America; Nassau County Council; Archer Street School; Steele Elementary School; Freeport Union Free School District; Baldwin Union Free School District; Our Holy Redeemer School; and The Diocese of Rockville Centre | Negligence | Approximately 1978 - 1979 | Answer ¶ 13: "That Plaintiffs Complaint and all liability and damages contained therein shall be controlled, limited and subject to Article 16 of the Civil Practice Laws and Rules."<br><br>Answer ¶ 14: "Pursuant to §1601 of the Civil Practice Laws and Rules, in the event that Plaintiff recovers anything against the Defendants FREEPORT DISTRICT, ARCHER SCHOOL, BALDWIN DISTRICT and STEELE SCHOOL, such Defendants shall not be liable for more than its proportionate share of non-economic loss, if such proportionate share is fifty percent or less of the total liability, or as otherwise provided for in CPLR Article 16."<br><br>Answer ¶ 16: "Upon information and belief, that each item of economic loss alleged in Plaintiff's Complaint was, or with reasonable certainty, will be replaced or indemnified, in whole or in part by collateral sources pursuant to the provisions of CPLR § 4545(c)." |
| 900036/2020 [Freeport District, Archer School, and Steele Elementary School Answer] | | | | | |

B-81

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 82 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 20: "Plaintiff's recovery herein, by judgment or verdict, if any, shall be reduced by the amount of Plaintiffs prior settlement with other potentially liable parties or the percentage of negligence attributable to such other potentially liable parties, whichever is greater, pursuant to General Obligations Law §15-108."<br><br>Answer ¶ 34: "That if the Plaintiff recovers herein, it will be by virtue of the actions, omissions recklessness, carelessness, and negligence of the Defendant THE DIOCESE OF ROCKVILLE CENTRE and not of the Defendants FREEPORT DISTRICT, ARCHER SCHOOL, BALDWIN DISTRICT and STEELE SCHOOL, and that the Defendants FREEPORT DISTRICT, ARCHER SCHOOL, BALDWIN DISTRICT and STEELE SCHOOL therefore demand complete contractual and/or common-law indemnification or contribution from the Defendant THE DIOCESE OF ROCKVILLE CENTRE and/or that the respective degrees of liability or negligence of the Plaintiff and the Defendants FREEPORT DISTRICT, ARCHER SCHOOL, BALDWIN DISTRICT and STEELE SCHOOL herein be ascertained, determined and adjudicated and that the Defendants FREEPORT DISTRICT, ARCHER SCHOOL, BALDWIN DISTRICT and STEELE SCHOOL have |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 83 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | judgment over and against Defendant THE DIOCESE OF ROCKVILLE CENTRE and/or other such Defendant(s), as to the proportionate share commensurate with the respective degrees of liability or negligence as will be decided on at the trial herein." |
| 92. | NAME ON FILE | Roman Catholic Diocese of Rockville Centre, St. Agnes Roman Catholic Cathedral, and St. Agnes Cathedral School | Negligent Hiring, Retention, Supervision and/or Direction; Negligence/Gross Negligence; Breach of Fiduciary Duty; Breach of Non-Delegable Duty; Negligent Infliction of Emotional Distress; Breach of Duty in Loco Parentis; Breach of Statutory Duty Pursuant to New York Social Services Law 413, 420 to Report Abuse | Approximately 1976 – 1978 | Answer ¶ 33: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545."<br><br>Answer ¶ 34: "The answering defendant, ST. AGNES ROMAN CATHOLIC CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitles to the limitations of liability in CPLR Article 16."<br><br>Answer ¶ 35: "That pursuant to General Obligations Law §15-108, the answering defendant, ST. AGNES ROMAN CATHOLIC CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 93. | NAME ON FILE | The Diocese of Rockville Centre, St. Mary's Roman | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Non-Delegable | Approximately 1973-1975 | Answer ¶ 26: "The answering defendant, ST. MARY'S ROMAN CATHOLIC CHURCH, herein denies |

B-83

20-01226-mg       Doc 180-2      Filed 04/06/23      Entered 04/06/23 14:37:46      Exhibit B
Pg 84 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | Catholic Church, and St. Mary's Elementary School | Duty; Negligent Infliction of Emotional Distress | | liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 27: "That pursuant to General Obligations Law §15-108, the answering defendant, ST. MARY'S ROMAN CATHOLIC CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 94. | NAME ON FILE | St. Mary Roman Catholic Church, Roman Catholic Diocese of Rockville Centre, John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy, and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Negligent Failure to Warn; Negligent Failure to Provide a Safe and Secure Environment | Approximately 1981 - 1989 | Answer ¶ 18: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." Answer ¶ 19: "The answering defendant, ST. MARY ROMAN CATHOLIC CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 20: "That pursuant to General Obligations Law §15-108, the answering defendant, ST. MARY ROMAN CATHOLIC CHURCH, is |

B-84

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 85 of 159

B-85

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 95. 900042/2020 [Parish of St. Christopher Answer] | NAME ON FILE | Roman Catholic Diocese of Rockville Centre, Parish of St. Christopher and Father Ronald E. Hayde | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees; Sexual Abuse; Intentional Infliction of Emotional Distress | Approximately 1983 | Answer ¶ 31: "The answering defendant, PARISH ST. CHRISTOPHER, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 32: "That pursuant to General Obligations Law §15-108, the answering defendant, PARISH OF ST. CHRISTOPHER, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 96. 900042/2020 [Ronald Hayde Answer] | NAME ON FILE | Roman Catholic Diocese of Rockville Centre, Parish of St. Christopher and Father Ronald E. Hayde | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees; Sexual Abuse; Intentional Infliction of Emotional Distress | Approximately 1983 | Answer ¶ 103: "Defendant Hayde reserves the right to claim limitations of liability pursuant to General Obligations Law § 15-108 and Defendant Hayde is entitled to a setoff for any settlement |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 86 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | paid to Plaintiff by and all parties or non-parties for the damages allegedly sustained herein. The amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying or non-paying parties, whichever is higher." Answer ¶ 109: "The liability of Defendant Hayde, if any, to Plaintiff for non-economic loss to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others whom Plaintiff could have obtained personal jurisdiction with due diligence." Answer ¶ 113: "Defendant Hayde affirmatively pleads the provisions of CPLR Section 4545 insofar as applicable, to the reduction of any recovery the Plaintiff might be awarded." |
| 97. | NAME ON FILE | Diocese of Rockville Centre and St. Luke's Roman Catholic Church | Negligence | Approximately 1971-1974 | Answer ¶ 15: "The answering defendant, ST. LUKE'S ROMAN CATHOLIC CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." |

B-86

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 87 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 16: "That pursuant to General Obligations Law §15-108, the answering defendant, ST. LUKE'S ROMAN CATHOLIC CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 98. | NAME ON FILE | The Diocese of Rockville Centre and Queen of the Most Holy Rosary | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty; Breach of Non-Delegable Duty; Breach of Duty in Loco Parentis; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1978 | Answer ¶ 37: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545."

Answer ¶ 38: "The answering defendant, QUEEN OF THE MOST HOLY ROSARY CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16."

Answer ¶ 39: "That pursuant to General Obligations Law §15-108, the answering defendant, QUEEN OF THE MOST HOLY ROSARY CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such |

B-87

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| 99. | 900046/2019 | NAME ON FILE | Diocese of Rockville Centre, Good Shepherd Roman Catholic Church | Negligence; Negligent Hiring, Supervision, Monitoring, Training, and Retention; Negligent Infliction of Emotional Distress | Approximately 1976 | paying parties or non-parties, whichever is higher." Answer ¶ 32: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." Answer ¶ 33: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." Answer ¶ 35: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 89 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| 100 | 900047/2020 | NAME ON FILE | Holy Trinity Diocesan High School, Roman Catholic Diocese of Rockville Centre, John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision, Negligent Failure to Warn, Negligent Failure to Provide a Safe and Secure Environment, Negligent Failure to Train Teachers and Administrators Related to Sexual Abuse and Train Students Relating to Sexual Abuse | Approximately Sept 1978 - Dec 1978 | Answer ¶ 22: "The answering defendant, HOLY TRINITY DIOCESAN HIGH SCHOOL, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." <br><br> Answer ¶ 23: "That pursuant to General Obligations Law §15-108, the answering defendant, HOLY TRINITY DIOCESAN HIGH SCHOOL, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 101 | 900048/2019 | NAME ON FILE | Holy Trinity Diocesan High School, Roman Catholic Diocese of Rockville Centre, John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision; Negligent Retention; Negligent Failure to Train Teachers and Administrators Related to Sexual Abuse and Train Students Relating to Sexual Abuse; Negligent Failure to Provide a Safe and Secure Environment | Approximately between 1975 - 1979 | Answer ¶ 23: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." <br><br> Answer ¶ 24: "The answering defendant, HOLY TRINITY DIOCESAN HIGH SCHOOL, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16," |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 90 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 25: "That pursuant to General Obligations Law §15-108, the answering defendant, HOLY TRINITY DIOCESAN HIGH SCHOOL, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 102 | NAME ON FILE | St. Hedwig's Roman Catholic Church, The Roman Catholic Diocese of Rockville Centre, John Doe and Jane Doe, Richard Roe and Jane Roe, priests, clergy and administrators whose names are unknown to the Plaintiff | Negligent Supervision, Negligent Retention, Negligent Failure to Warn, Negligent Failure to Provide a Safe and Secure Environment | Approximately 1957-1960 | Answer ¶ 21: "The answering defendant, ST. HEDWIG'S ROMAN CATHOLIC CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." <br><br> Answer ¶ 22: "That pursuant to General Obligations Law §15-108, the answering defendant, ST. HEDWIG'S ROMAN CATHOLIC CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |

B-90

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 91 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| 103 | 900050/2019 | NAME ON FILE | The Roman Catholic Diocese of Rockville Centre, New York; and Catholic Charities of the Diocese of Rockville Centre | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Negligent Infliction of Emotional Distress | Approximately 1960 - 1964 | Answer ¶ 19: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545."

Answer ¶ 20: "The answering defendant, CATHOLIC CHARITIES, herein denies liability; however, if a measure of damage of fifty percent or less is found against these answering defendants, then this answering defendant is entitled to the limitations of liability in CPLR Article 16."

Answer ¶ 21: "That pursuant to General Obligations Law §15-108, the answering defendant, CATHOLIC CHARITIES, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 104 | 900050/2020 [The Parish Family of Saint Raymond of Penyafort Answer] | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. RAYMOND'S a/k/a THE PARISH FAMILY OF SAINT RAYMOND OF PENYAFORT; SOCIETY OF MARY a/k/a MARIANISTS | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1983 to 1984, Approximately 1987 to 1988 | Answer ¶ 21: "The answering defendant, ST. RAYMOND'S, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16."

Answer ¶ 22: "That pursuant to General Obligations Law §15-108, the answering defendant, ST. |

B-91

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 92 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | a/k/a SOCIETY OF MARY PROVINCE OF MERIBAH a/k/a PROVINCE OF MERIBAH, SOCIETY OF MARY, INC.; KELLENBERG MEMORIAL HIGH SCHOOL; and DOES 1-5 whose identities are unknown to Plaintiff | | | RAYMOND'S, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher." Answer ¶23: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 105 | 900050/2020 [Province of Meribah Society of Mary, Inc. Answer] | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. RAYMONDS a/k/a THE PARISH FAMILY OF SAINT RAYMOND OF PENYAFORT; SOCIETY OF MARY a/k/a MARIANISTS a/k/a SOCIETY OF MARY PROVINCE OF MERIBAH a/k/a PROVINCE OF MERIBAH, SOCIETY OF MARY, INC.; KELLENBERG MEMORIAL HIGH SCHOOL; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1983 to 1984, Approximately 1987 to 1988 | Third Affirmative Defense: "If any liability is found against the answering defendant, then said liability will constitute 50 percent or less of the total liability assigned to all persons liable, and as such, the liability of this answering defendant to plaintiff for non-economic loss shall be limited and shall not exceed this answering defendant's equitable share as provided in article 16 of the CPLR." Fifth Affirmative Defense: "That in the event of any judgment or verdict on behalf of the plaintiffs, the defendant is entitled to a set-off against the judgment or verdict with respect to the amounts of any collateral source payments to be received by plaintiff in the future pursuant to CPLR § 4545." Twelfth Affirmative Defense: "That in the event a settlement occurs, all of |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 93 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | | | | | | the provisions of General Obligations Law 15-108 are applicable." |
| 106 | 900051/2019 | NAME ON FILE | The Roman Catholic Diocese of Rockville Centre, New York; and St. Agnes' Roman Catholic Church at Rockville Centre in the County of Nassau in the State of New York, d/b/a, St. Agnes' Cathedral | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Non-Delegable Duty; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress; Breach of Duty in Loco Parentis | Approximately 1962 - 1967; Approximately 1963; Approximately 1963 | Answer ¶ 26:  "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545."  Answer ¶ 27:  "The answering defendant, SAINT AGNES, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16"  Answer ¶ 28:  "That pursuant to General Obligations Law §15-108, the answering defendant, SAINT AGNES, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher." |
| 107 | 900052/2019 | NAME ON FILE | The Roman Catholic Diocese of Rockville Centre, New York; and St. Agnes' Roman Catholic Church at Rockville Centre in the County of Nassau in the State of New York, d/b/a, St. Agnes' Cathedral | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Non-Delegable Duty; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress; Breach of Duty in Loco Parentis | Approximately 1962; Approximately 1967 | Answer ¶ 27:  "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545."  Answer ¶ 28:  "The answering defendant, SAINT AGNES, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering |

20-01226-mg   Doc 180-2   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit B
Pg 94 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 29: "That pursuant to General Obligations Law §15-108, the answering defendant SAINT AGNES, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher." |
| 108 | NAME ON FILE | The Roman Catholic Diocese of Rockville Centre, New York; and St. Agnes' Roman Catholic Church at Rockville Centre in the County of Nassau in the State of New York, d/b/a, St. Agnes' Cathedral | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Breach of Non-Delegable Duty; Breach of Fiduciary Duty; Negligent Infliction of Emotional Distress; Breach of Duty in Loco Parentis | Approximately 1961 - 1968; Approximately 1966-1971; Approximately 1967-1971 | Answer ¶ 26: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." Answer ¶ 27: "The answering defendant, SAINT AGNES, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 28: "That pursuant to General Obligations Law §15-108, the answering defendant, SAINT ANGES, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the |

B-94

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 95 of 159

| Index No. | | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | | | | | | percentage of fault attributable to such paying parties or nonparties, whichever is higher." |
| 109 | 900053/2019 | NAME ON FILE | The Roman Catholic Diocese of Rockville Centre, New York; and Catholic Charities of the Diocese of Rockville Centre | Negligent Hiring/Retention/Supervision/Direction; Negligence/Gross Negligence; Negligent Infliction of Emotional Distress | Approximately 1964 - 1967 | Answer ¶19: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545."

Answer ¶20: "The answering defendant, CATHOLIC CHARITIES, herein denies liability; however, if a measure of damage of fifty percent or less is found against these answering defendants, then this answering defendant is entitled to the limitations of liability in CPLR Article 16."

Answer ¶21: "That pursuant to General Obligations Law §15-108, the answering defendant, CATHOLIC CHARITIES, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 110 | 900057/2019 | NAME ON FILE | Diocese of Rockville Centre; St. Martin of Tours | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Fiduciary Duty; Breach of Non-Delegable Duty; Breach of Duty in Loco Parentis; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Breach of Statutory Duty to | Approximately 1975 | Answer ¶35: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545."

Answer ¶36: "The answering defendant, ST. MARTIN OF TOURS, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering |

20-01226-mg   Doc 180-2   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit B
Pg 96 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | Report Abuse Under Soc. Serv. Law 413 and 420 | | defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 37: "That pursuant to General Obligations Law §15-108, the answering defendant. ST. MARTIN OF TOURS, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 111 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. DOMINIC a/k/a THE CHURCH OF SAINT DOMINIC a/k/a SAINT DOMINIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1971 | Answer ¶ 20: "The answering defendant, THE CHURCH OF SAINT DOMINIC, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 21: "That pursuant to General Obligations Law §15-108, the answering defendant, THE CHURCH OF SAINT DOMINIC, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such |

B-96

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 97 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | paying parties or non-parties, whichever is higher." |
| | | | | | Answer ¶ 22: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 112 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; OUR LADY OF PEACE; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1963 to 1965 | Answer ¶ 20: "The answering defendant, OUR LADY OF PEACE, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16." |
| | | | | | Answer ¶ 21: "That pursuant to General Obligations Law §15-108, the answering defendant, OUR LADY OF PEACE, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher." |
| | | | | | Answer ¶ 22: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 113 | NAME ON FILE | Diocese of Rockville Centre, St. Joseph's Parish, Romano Ferraro, Fr. Fitzgerald, Fr. Butler | Negligence; Negligent Infliction of Emotional Distress, Negligent Training and Supervision of Employees; Negligent Retention of Employees | On or about 1971 | Answer ¶ 26: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| | | | | | Answer ¶ 27: "The answering defendant, ST. JOSEPH'S PARISH, |

B-97

20-01226-mg   Doc 180-2   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit B
Pg 98 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 28: "That pursuant to General Obligations Law § 15-108, the answering defendant, ST. JOSEPHS PARISH , is are entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher." |
| 114 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. BARNABUS APOSTLE; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1984 | Answer ¶ 20: "The answering defendant ST, BARNABAS, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 21: "That pursuant to General Obligations Law §15-108, the answering defendant, ST, BARNABAS, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the |

B-98

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 99 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | percentage of fault attributable to such paying parties or nonparties, whichever is higher." <br><br> Answer ¶ 28: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 115 | 900066/2020 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. JOHN THE EVANGELIST; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1982 to 1984 | Answer ¶ 18: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." <br><br> Answer ¶ 19: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." <br><br> Answer ¶ 21: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the |

B-99

20-01226-mg        Doc 180-2        Filed 04/06/23        Entered 04/06/23 14:37:46        Exhibit B
Pg 100 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | | | | | | plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 116 | 900067/2020 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; HOLY SPIRIT a/k/a CHURCH OF THE HOLY SPIRIT; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1969 to 1971 | Answer ¶ 20: "The answering defendant CHURCH OF THE HOLY SPIRIT, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16." <br><br> Answer ¶ 21: "That pursuant to General Obligations Law §15-108, the answering defendant, CHURCH OF THE HOLY SPIRIT, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." <br><br> Answer ¶ 22: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 117 | 900068/2019 | NAME ON FILE | Diocese of Rockville Centre, Good Shepherd Parish and Church, and St. Joseph's Parish and Church | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1972-1978 | Answer ¶ 25: "These answering defendants plead the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of |

20-01226-mg   Doc 180-2   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit B
Pg 101 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source."<br><br>Answer ¶26: "These answering defendants plead the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."<br><br>Answer ¶28: "These answering defendants reserve the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 118 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; HOLY FAMILY a/k/a HOLY FAMILY ROMAN CATHOLIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1987 to 1988 | Answer ¶17: "The answering defendant, HOLY FAMILY ROMAN CATHOLIC CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against this answering defendant, then this answering defendant is entitled to the limitations of liability in CPLR Article 16." |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 102 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 18: "That pursuant to General Obligations Law §15-108, the answering defendant, HOLY FAMILY ROMAN CATHOLIC CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher."

Answer ¶ 21: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 119 | NAME ON FILE | Diocese of Rockville Centre, and St. Barnabas Parish and Church | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1968 | Answer ¶ 21: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source."

Answer ¶ 22: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant |

20-01226-mg     Doc 180-2     Filed 04/06/23     Entered 04/06/23 14:37:46     Exhibit B
Pg 103 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." Answer ¶ 24: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 120 | NAME ON FILE | Diocese of Rockville Centre and Holy Trinity High School | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1977 | Answer ¶ 19: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." Answer ¶ 20: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any |

B-103

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 104 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | | | | | | recovery herein by the plaintiff for non-economic loss."<br><br>Answer ¶ 22: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 121 | 900070/2020 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. MARTIN OF TOURS a/k/a ST. MARTIN'S; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1963 to 1965 | Answer ¶ 20: "The answering defendants, ST. MARTIN, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16."<br><br>Answer ¶ 21: "That pursuant to General Obligations Law §15-108, the answering defendant, ST. MARTIN, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher."<br><br>Answer ¶ 22: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 122 | 900071/2019 | NAME ON FILE | Diocese of Rockville Centre and St. Hyacinth Parish and | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1991-1992 | Answer ¶ 21: "These answering defendants plead the provisions and terms of CPLR §4545 otherwise |

B-104

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 105 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | All Saints Regional Catholic School | | | known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source."  Answer ¶22:  "These answering defendants plead the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."  Answer ¶24: "These answering defendants reserve the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 123 | NAME ON FILE | Diocese of Rockville Centre, and St. Andrew's Parish and Elementary School | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1973-1976 by Soave; Approximately 1974-1979 by Burke | Answer ¶22: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment |

B-105

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 106 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." |
| | | | | | Answer ¶ 23: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." |
| | | | | | Answer ¶ 25: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 124 | NAME ON FILE | Diocese of Rockville Centre and St. Lawrence Parochial School | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1972 | Answer ¶ 22: "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff |

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | in whole or in part, for any past or future claimed economic loss, from any collateral source."

Answer ¶ 23: "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."

Answer ¶ 25: "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| 125 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; OUR LADY OF VICTORY; SACRED HEARTS OF JESUS AND MARY a/k/a BASILICA CHURCH OF SACRED HEARTS OF JESUS AND MARY; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1969 | Answer ¶ 21: "The answering defendants, OUR LADY OF VICTORY and SACRED HEARTS, herein deny liability; however, if a measure of damage of fifty percent or less is found against these answering defendants, then these answering defendants are entitled to the limitations of liability in CPLR Article 16."

Answer ¶ 22: "That pursuant to General Obligations Law §15-108, the answering defendants, OUR LADY OF VICTORY and SACRED |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 108 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | HEARTS, are entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher."  Answer ¶23: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 126 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; HOLY TRINITY DIOCESAN HIGH SCHOOL a/k/a HOLY TRINITY; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1980 | Answer ¶20: "The answering defendant, HOLY TRINITY, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16."  Answer ¶21: "That pursuant to General Obligations Law §15-108, the answering defendant, HOLY TRINITY, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher." |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 109 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| 127 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. RAYMONDS a/k/a THE PARISH FAMILY OF SAINT RAYMOND OF PENYAFORT; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1984 to 1986 | Answer ¶ 22: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." Answer ¶ 20: "The answering defendant, SAINT RAYMOND, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 22: "That pursuant to General Obligations Law §15-108, the answering defendant, SAINT RAYMOND, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher." Answer ¶ 23: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 128 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; OUR LADY OF LOURDES a/k/a OUR LADY OF LOURDES CHURCH MALVERNE; and DOES 1- | Negligence, Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1984 to 1988 | Answer ¶ 19: "The answering defendant, OUR LADY OF LOURDES, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16." |

B-109

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 110 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | 5 whose identities are unknown to Plaintiff | | | Answer ¶ 21: "That pursuant to General Obligations Law §15-108, the answering defendant, OUR LADY OF LOURDES, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." Answer ¶ 22: "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 129 | 900079/2020 [Rice Answer] | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. PATRICK'S a/k/a CHURCH OF ST. PATRICK a/k/a ST. PATRICK'S ROMAN CATHOLIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent training and supervision of employees; Negligent retention of employees | Approximately 1977-1978 | Answer ¶ 16. "This answering defendant pleads the provisions and terms of CPLR 4545 otherwise known as collateral source payment of benefits." Answer ¶ 17. "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." Answer ¶ 19. "This answering defendant reserves the right to the benefit of any and all offsets from |

B-110

20-01226-mg     Doc 180-2     Filed 04/06/23     Entered 04/06/23 14:37:46     Exhibit B
Pg 111 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | | | | | | payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| | | | | | | Answer ¶ 20. "Upon information and belief, pursuant to CPLR sections 3211(a)(10), 1001, and 1003, plaintiff has failed to join a party to this lawsuit who is so essential to the litigation that the action cannot proceed in the absence of that party." |
| 130 | 900081/2020 [St. Thomas Answer] | NAME ON FILE | THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE; ST. THOMAS THE APOSTLES PARISH; and ST. THOMAS THE APOSTLE SCHOOL INC. | Negligent Hiring, Retention, Supervision, and Direction; Negligent, Reckless, and Willful Misconduct; Negligent Infliction of Emotional Distress; Premises Liability; Breach of Fiduciary Non-Delegable Duty; Breach of Duty in Loco Parentis; Breach of Statutory Duties to Report | Approximately 1981-1984 | Answer ¶ 36. "The answering defendant, ST. THOMAS, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16." |
| | | | | | | Answer ¶ 37. "That pursuant to General Obligations Law §15-108, the answering defendant, ST. THOMAS, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| | | | | | | Answer ¶ 38. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |

B-111

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 112 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| 131 | 900095/2020 [Church of the Blessed Sacrament Answer] | NAME ON FILE | The Roman Catholic Diocese Of Rockville Centre, The Church Of The Blessed Sacrament, Blessed Sacrament Elementary School | Negligent Supervision; Negligent Retention; Negligent Hiring; Failure to Warn | Approximately 1977-1981 | Answer ¶ 22. "The answering defendant, BLESSED SACRAMENT, herein deny liability; however, if a measure of damage of fifty percent or less is found against the answering defendants, then the answering defendants are entitled to the limitations of liability in CPLR Article 16."<br><br>Answer ¶ 23. "That pursuant to General Obligations Law §15-108, the answering defendant, BLESSED SACRAMENT, are entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the percentage of fault attributable to such paying parties or non-parties, whichever is higher."<br><br>Answer ¶ 45 [sic]. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 132 | 900102/2020 [Franciscan Missionaries of Mary Answer] | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE; ST. AIDAN CHURCH AND SCHOOL; SISTERS OF CHARITY OF HALIFAX; FRANCISCAN MISSIONARIES OF MARY; FRANCISCAN BROTHERS; and DOMINICAN SISTERS OF AMITYVILLE | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1989-1991 | Third Aff. Defense. "If any liability is found against the answering defendant, then said liability will constitute 50 percent or less of the total liability assigned to all persons liable, and as such, the liability of this answering defendant to plaintiff for non-economic loss shall be limited and shall not exceed this answering |

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | defendant's equitable share as provided in article 16 of the CPLR."

Fifth Aff. Defense. "That in the event of any judgment or verdict on behalf of the plaintiffs, the defendant is entitled to a set-off against the judgment or verdict with respect to the amounts of any collateral source payments to be received by plaintiff in the future pursuant to CPLR § 4545."

Sixth Aff. Defense. "The injuries and damages, if any, allegedly sustained by the plaintiff were caused or contributed to, in whole or in part, by the culpable conduct on the part of a third-party or parties not then and there in the control of the answering defendants without any fault or negligence on the part of the defendants contributing thereto."

Eleventh Aff. Defense. "That in the event a settlement occurs, all of the provisions of General Obligations Law 15-108 are applicable." |
| 133 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE; ST. AIDAN CHURCH AND SCHOOL; SISTERS OF CHARITY OF HALIFAX; FRANCISCAN MISSIONARIES OF MARY; FRANCISCAN BROTHERS; and DOMINICAN SISTERS OF AMITYVILLE | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1989-1991 | Answer ¶ 18. "The answering defendant, ST. AIDAN, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16." |
| 900102/2020 [St. Aidan Answer] | | | | | |

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 19. "'That pursuant to General Obligations Law §15-108, the answering defendant, ST. AIDAN, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| | | | | | Answer ¶ 20. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545.'" |
| 134 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE and SACRED HEART ROMAN CATHOLIC CHURCH | Negligence | Approximately 1962 | Answer ¶ 15. "The answering defendant, SACRED HEART, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16." |
| 900105/2020 [Sacred Heart Answer] | | | | | Answer ¶ 16. "'That pursuant to General Obligations Law §15-108, the answering defendant, SACRED HEART, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher." |

B-114

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 115 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| 135 | 900107/2020 [St. Raphael Answer] | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. RAPHAEL a/k/a ST. RAPHAEL PARISH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1968 - 1970 | Answer ¶ 17. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." Answer ¶ 20. "The answering defendant, ST. RAPHAEL, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 21. "That pursuant to General Obligations Law §15-108, the answering defendant, ST. RAPHAEL, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |
| 136 | 900109/2020 [Holy Redeemer Church Answer] | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; OUR HOLY REDEEMER; and DOES 1 - 5 whose identities are unknown to Plaintiff. | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1974-1975 | Answer ¶ 22. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." Answer ¶ 20. "The answering defendant, OUR HOLY REDEEMER, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16." |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 116 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | | | | | | Answer ¶ 21. "That pursuant to General Obligations Law §15-108, the answering defendant, OUR HOLY REDEEMER, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the percentage of fault attributable to such paying parties or non-parties, whichever is higher."<br><br>Answer ¶ 22. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 137 | 900111/2020 [St. Catherine Answer] | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. CATHERINE OF SIENNA; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1982-1984 | Answer ¶ 21. "The answering defendant ST. CATHERINE, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16."<br><br>Answer ¶ 22. "That pursuant to General Obligations Law §15-108, the answering defendant, ST. CATHERINE, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the percentage of fault attributable to such paying parties or nonparties, whichever is higher." |

B-116

20-01226-mg     Doc 180-2     Filed 04/06/23     Entered 04/06/23 14:37:46     Exhibit B
Pg 117 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| 138 | 900112/2020 [Holy Family Answer] | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; HOLY FAMILY a/k/a HOLY FAMILY ROMAN CATHOLIC CHURCH, and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1963-1965 | Answer ¶ 23. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." Answer ¶ 20. "The answering defendant, HOLY FAMILY, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 21. "That pursuant to General Obligations Law §15-108, the answering defendant, HOLY FAMILY, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher." |
| 139 | 900113/2020 [Big Brothers Big Sisters Answer] | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; CATHOLIC CHARITIES OF THE DIOCESE OF ROCKVILLE CENTRE; | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1970-1971 | Answer ¶ 22. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." Answer ¶ 18. "The answering defendant is entitled to a set-off pursuant to § 15-108 of the New York State General Obligations Law insofar as settlement or release of one tortfeasor decreases the amount the plaintiff may recover from the remaining tortfeasor(s) by the greater |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 118 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | CATHOLIC BIG BROTHERS OF LONG ISLAND; BIG BROTHERS BIG SISTERS OF AMERICA a/k/a BIG BROTHERS BIG SISTERS OF AMERICA, INC.; BIG BROTHERS BIG SISTERS ASSOCIATION OF NEW YORK STATE, INC.; BIG BROTHERS & SISTERS OF NASSAU COUNTY, INC. a/k/a and d/b/a BIG BROTHERS BIG SISTERS OF LONG ISLAND, INC. f/k/a BIG BROTHERS OF NASSAU COUNTY, INC.; and DOES 1-5 whose identities are unknown to Plaintiff | | | of: 1) the amount stipulated as consideration for the release; 2) the amount actually paid for the release; or 3) the settling tortfeasor's equitable share of plaintiff's damages." Answer ¶ 19. "In the event plaintiff recovers a verdict or judgment against the defendant, then such verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source." Answer ¶ 22. "The equitable share of the liability of the answering defendants, if any, is less than or equal to fifty percent of the total liability of all persons liable, and as such the answering defendants' liability for non-economic loss is limited to its equitable share." Answer ¶ 24. "Upon information and belief that the injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom answering defendant exercised no control." Answer ¶ 25. "If and in the event answering defendant is found to be liable to the plaintiff, answering |

20-01226-mg Doc 180-2 Filed 04/06/23 Entered 04/06/23 14:37:46 Exhibit B
Pg 119 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | defendant's liability is 50% or less and therefore answering defendant's liability is subject to the provisions of the CPLR Article 16." Answer ¶ 26. "Defendant affirmatively pleads the provisions of Section 4545 of the CPLR in limitation and mitigation of the damages sustained by the plaintiff, if any." Answer ¶ 28. "The injuries and damages allegedly suffered by the plaintiff, if any, (which injuries and damages are specifically denied by defendant), were the result of conduct the defendants are not legally responsible, and the damages recovered by the plaintiff, if any, should be diminished or reduced in the proportion to which said culpable conduct bears upon the culpable conduct which caused the damages. Any liability on the part of the defendant (which liability is denied) is fifty percent or less or the liability of all persons which are the cause of the alleged injuries, if any, and the liability of the defendants for non-economic loss does not exceed the defendant's culpability of each person causing or contributing to the total liability for non-economic loss pursuant to CPLR Sections [60] through 1603." |

20-01226-mg   Doc 180-2   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit B
Pg 120 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | FIRST CROSS CLAIM AGAINST DRVC – see pg 7. "If plaintiff was caused to sustain personal injuries and other resulting damages at the time and place set forth in plaintiff's Complaint, in the manner alleged therein, through any carelessness, recklessness, omissions, acts or negligence, other than that of the plaintiff, then said injuries and other damages arose out of the carelessness, recklessness, omissions, acts, negligence and other breach of duty and/or obligation of DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK..."<br><br>SECOND CROSS CLAIM AGAINST DRVC – see pg 9. "It is alleged in the original complaint that the damages sustained by the plaintiff were the result of the negligence of the defendants. The cross-complaining defendants beg leave to refer to the original complaint at the time of trial. If the plaintiff was caused to sustain the damages as alleged in the complaint, said damages will have been sustained by reason of the negligence of the co-defendants BIG BROTHERS BIG SISTERS OF AMERICA a/k/a BIG BROTHER BIG SISTERS OF AMERICA, INC., have judgment over and against DIOCESE OF ROCKVILLE |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 121 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK…" |
| | | | | | THIRD CROSS CLAIM AGAINST DRVC – see pg 10. "If the plaintiff recovers judgment against the defendants, then the defendants request an apportionment of responsibility among all defendants. In the event the defendants herein are held liable or responsible for the acts of any other co-defendants, or if a judgment is rendered finding any of these defendants vicariously liable for the acts of any other defendants, then these defendants shall be entitled to, and hereby demand, judgment over against all other co-defendants on the basis of common law, implied, warranty, statutory, or contractual indemnification, together with all attorneys' fees, cost of investigation and disbursements." |
| 140 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; CATHOLIC CHARITIES OF THE DIOCESE OF ROCKVILLE CENTRE; CATHOLIC BIG BROTHERS OF LONG ISLAND; BIG BROTHERS BIG SISTERS OF | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1970-1971 | Answer ¶ 24. "The answering defendant, CATHOLIC CHARITIES, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16."<br><br>Answer ¶ 25. "That pursuant to General Obligations Law §15-108, the answering defendant, CATHOLIC |
| 9001 13/2020 [Catholic Charities Answer] | | | | | |

B-121

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 122 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | AMERICA a/k/a BIG BROTHERS BIG SISTERS OF AMERICA, INC.; BIG BROTHERS BIG SISTERS ASSOCIATION OF NEW YORK STATE, INC.; BIG BROTHERS & SISTERS OF NASSAU COUNTY, INC. a/k/a and d/b/a BIG BROTHERS BIG SISTERS OF LONG ISLAND, INC. f/k/a BIG BROTHERS OF NASSAU COUNTY, INC.; and DOES 1-5 whose identities are unknown to Plaintiff | | | CHARITIES, is entitled to a setoff for any and all settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher." Answer ¶ 26. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 141 | 900115/2020 [Brothers of the Christian Schools Answer] | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; BROTHERS OF THE CHRISTIAN SCHOOLS DISTRICT OF EASTERN NORTH AMERICA a/k/a BROTHERS OF THE CHRISTIAN SCHOOLS a/k/a and d/b/a LA SALLE PROVINCIALATE, INC. f/k/a BROTHERS OF THE CHRISTIAN SCHOOLS PROVINCE OF NEW YORK; LA SALLE MILITARY ACADEMY; and | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1987 - 1989 | Third Aff. Defense. "If any liability is found against the answering defendant, then said liability will constitute 50 percent or less of the total liability assigned to all persons liable, and as such, the liability of this answering defendant to plaintiff for non-economic loss shall be limited and shall not exceed this answering defendant's equitable share as provided in article 16 of the CPLR." Fifth Aff. Defense. "That in the event of any judgment or verdict on behalf of the plaintiffs, the defendant is entitled to a set-off against the judgment or verdict with respect to the amounts of any collateral source payments to be received by plaintiff in the future pursuant to CPLR § 4545." |

B-122

20-01226-mg   Doc 180-2   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit B
Pg 123 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | DOES 1-5 whose identities are unknown to Plaintiff | | | Sixth Aff. Defense. "The injuries and damages, if any, allegedly sustained by the plaintiff were caused or contributed to, in whole or in part, by the culpable conduct on the part of a third-party or parties not then and there in the control of the answering defendants without any fault or negligence on the part of the defendants contributing thereto." |
| 142 | 900117/2020 [St. Barnabas Answer] | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. BARNABAS THE APOSTLE a/k/a BARNABAS APOSTLE; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1974 | Answer ¶ 21. "The answering defendant, ST. BARNABAS, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16."

Answer ¶ 22. "That pursuant to General Obligations Law § 15-108, the answering defendant, ST. BARNABAS, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher."

Answer ¶ 23. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR § 4545." |

B-123

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 124 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| 143 | 900118/2020 [St. Boniface Answer] | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. BONIFACE a/k/a ST. BONIFACE ROMAN CATHOLIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1958 - 1963 | Answer ¶ 20. "The answering defendant, ST. BONIFACE, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16."<br><br>Answer ¶ 21. "That pursuant to General Obligations Law §15-108, the answering defendant, ST. BONIFACE, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher."<br><br>Answer ¶ 22. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 144 | 900119/2020 [St. Joseph Answer] | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE and ST. JOSEPH'S CHURCH | Negligence | Approximately 1963 - 1965 | Answer ¶ 25. "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendants, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 125 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | future claimed economic loss, from any collateral source." |
| | | | | | Answer ¶ 26. "This answering defendant plead the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and these answering defendants reserve the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." |
| | | | | | Answer ¶ 27. "Upon information and belief, this answering defendant, is free from any negligence and in no way contributed to the occurrence and injuries referred to in the plaintiff's verified complaint, and any negligence that allegedly caused an injury to plaintiff was wholly done by some third-party not related in any manner to defendants.'" |
| | | | | | Answer ¶ 28. "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| | | | | | Answer ¶ 29. "Upon information and belief, pursuant to CPLR §§§ 3211(a)(10), 1001 and 1003, plaintiff has failed to join a party to this lawsuit |

B-125

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 126 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | who is so essential to the litigation that the action cannot proceed in the absence of that party (see In re Redhook/Gowanus Chamber of Commerce v. New York City Bd. of Stds. & Appeals, 5 NY3d 452, 457-459 [2005]; Siegel, Practice Commentaries McKinney's Cons Laws of NY, Book 7B, C3211:34, p. 53; 1 New York Civil Practice: CPLR ¶ 1003.04 and 1 New York Civil Practice: CPLR ¶ 3211.39)." |
| | | | | | Answer ¶ 37. "If plaintiff sustained injuries and incurred any expenses as claimed, they were caused in whole or in part by the acts or omissions of others for whose intervening conduct or negligence defendants are not responsible." |
| 145 | 9001/20/2020 [Province of Meribah Society of Mary Answer] | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; SOCIETY OF MARY a/k/a MARIANISTS a/k/a SOCIETY OF MARY PROVINCE OF MERIBAH a/k/a PROVINCE OF MERIBAH SOCIETY OF MARY, INC.; KELLENBERG MEMORIAL HIGH SCHOOL; and DOES 1- | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1987-1988 | Second Aff. Defense. "That if, at the time of trial, any of the issues herein have finally been determined solely or partially against the plaintiff, or any other adverse party, by a tribunal, forum or court of competent jurisdiction, then in that event, the plaintiff, or any other adverse party will be estopped from re-litigating such issue or issues.<br><br>Third Aff. Defense. "If any liability is found against the answering defendant, then said liability will constitute 50 percent or less of the total liability assigned to all persons |

B-126

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | 5 whose identities are unknown to Plaintiff | | | liable, and as such, the liability of this answering defendant to plaintiff for non-economic loss shall be limited and shall not exceed this answering defendant's equitable share as provided in article 16 of the CPLR." |
| | | | | | Fifth Aff. Defense. "That in the event of any judgment or verdict on behalf of the plaintiffs, the defendant is entitled to a set-off against the judgment or verdict with respect to the amounts of any collateral source payments to be received by plaintiff in the future pursuant to CPLR § 4545." |
| | | | | | Sixth Aff. Defense. "The injuries and damages, if any, allegedly sustained by the plaintiff were caused or contributed to, in whole or in part, by the culpable conduct on the part of a third-party or parties not then and there in the control of the answering defendants without any fault or negligence on the part of the defendants contributing thereto." |
| | | | | | Twelfth Aff. Defense. "That in the event a settlement occurs, all of the provisions of General Obligations Law 15-108 are applicable." |
| 146 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1960 - 1962 | Answer ¶ 20. "The answering defendant, OUR LADY OF PEACE, herein denies liability; however, if a measure of damage of fifty percent or |
| 900121/2020 [Our Lady of Peace Answer] | | | | | |

B-127

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 128 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | CENTRE, NEW YORK; OUR LADY OF PEACE; and DOES 1-5 whose identities are unknown to Plaintiff | | | less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 22. "That pursuant to General Obligations Law §15-108, the answering defendant, OUR LADY OF PEACE, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher." Answer ¶ 23. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 147 | 900124/2020 [St. Joseph Answer] | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE, ST. JOSEPH ROMAN CATHOLIC CHURCH AND SCHOOL, and SISTERS OF MERCY OF THE AMERICAS | Negligence; Outrage and intentional infliction of emotional distress. | Approximately 1981-1982 | Answer ¶ 23. "These answering defendants plead the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 129 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 24. "These answering defendants pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." |
| | | | | | Answer ¶ 25. "Upon information and belief, these answering defendants, are free from any negligence and in no way contributed to the occurrence and injuries referred to in the plaintiff's complaint, and any negligence that allegedly caused an injury to plaintiff was wholly done by some third-party not related in any manner to defendants." |
| | | | | | Answer ¶ 26. "These answering defendants reserve the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| | | | | | Answer ¶ 27. "Upon information and belief, pursuant to CPLR §§§ 3211(a)(10), 1001 and 1003, plaintiff has failed to join a party to this lawsuit who is so essential to the litigation that the action cannot proceed in the absence of that party (see In re |

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Redhook/Gowanus Chamber of Commerce v. New York City Bd. of Stds. & Appeals, 5 NY3d 452, 457-459 [2005]; Siegel, Practice Commentaries McKinney's Cons Laws of NY, Book 7B, C3211:34, p. 53; 1 New York Civil Practice: CPLR 1003.04 and 1 New York Civil Practice: CPLR §3211.39)." |
| 148 | 900126/2020 [St. James Answer] | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. BRIGID; ST. JAMES R.C. CHURCH a/k/a ST. JAMES PARISH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1980-1982 | Answer ¶ 21. "The answering defendant, ST. JAMES, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16."

Answer ¶ 22. "That pursuant to General Obligations Law §15-108, the answering defendant, ST. JAMES, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher."

Answer ¶ 23. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 149 | 900126/2020 [St. Brigid Answer] | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1980-1982 | Answer ¶ 21. "The answering defendant, ST. BRIGID, herein denies liability; however, if a measure of damage of fifty percent or less is |

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | CENTRE, NEW YORK; ST. BRIGID; ST. JAMES R.C. CHURCH a/k/a ST. JAMES PARISH; and DOES 1-5 whose identities are unknown to Plaintiff | | | found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16."<br><br>Answer ¶ 22. "That pursuant to General Obligations Law §15-108, the answering defendant, ST. BRIGID, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher."<br><br>Answer ¶ 23. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 150 | 900128/2020 [St. Raphael Answer] | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. RAPHAEL a/k/a ST. RAPHAEL PARISH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1959-1960 | Answer ¶ 20. "The answering defendant, ST. RAPHAEL, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16."<br><br>Answer ¶ 21. GOL 15-108. That pursuant to General Obligations Law §15-108, the answering defendant, ST. RAPHAEL, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 132 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher." |
| | | | | | Answer ¶ 22. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545."" |
| 151 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; FRANCISCAN BROTHERS OF BROOKLYN a/k/a CONGREGATION OF THE RELIGIOUS BROTHERS OF THE THIRD ORDER REGULAR OF ST. FRANCIS a/k/a and d/b/a FRANCISCAN BROTHERS, INC., BROOKLYN, NY; ST. ANTHONY'S HIGH SCHOOL; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1978-1979 | Answer ¶ 22. "These answering defendants plead the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." |
| 9/01/29/2020 [St. Francis Answer] | | | | | Answer ¶ 23. "These answering defendants plead the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and these answering defendants reserve the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." |
| | | | | | Answer ¶ 24. "Upon information and belief, these answering defendants, are free from any negligence and in no |

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | way contributed to the occurrence and injuries referred to in the plaintiff's complaint, and any negligence that allegedly caused an injury to plaintiff was wholly done by some third-party not related in any manner to defendants." |
| | | | | | Answer ¶ 25. "These answering defendants reserve the right to the benefit of any and all offsets from payments and settlements pursuant to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| | | | | | Answer ¶ 26. "Upon information and belief, pursuant to CPLR §§§ 3211(a)(10), 1001 and 1003, plaintiff has failed to join a party to this lawsuit who is so essential to the litigation that the action cannot proceed in the absence of that party (see In re Redhook/Gowanus Chamber of Commerce v. New York City Bd. of Stds. & Appeals, 5 NY3d 452, 457-459 [2005]; Siegel, Practice Commentaries McKinney's Cons Laws of NY, Book 7B, C3211:34, p. 53; 1 New York Civil Practice: CPLR ¶ 1003.04 and 1 New York Civil Practice: CPLR ¶ 3211.39)." |
| 152 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1976-1980 | Answer ¶ 18. "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of |
| 900130/2020 [St. Patrick Answer] | | | | | |

20-01226-mg     Doc 180-2     Filed 04/06/23     Entered 04/06/23 14:37:46     Exhibit B
Pg 134 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | CENTRE, NEW YORK; ST. PATRICK CHURCH a/k/a ST. PATRICK'S ROMAN CATHOLIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | | | benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source."

Answer ¶ 19. "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."

Answer ¶ 20. "Upon information and belief, this answering defendant, is free from any negligence and in no way contributed to the occurrence and injuries referred to in the plaintiff's complaint, and any negligence that allegedly caused an injury to plaintiff was wholly done by some third-party not related in any manner to defendants."

Answer ¶ 21. "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the |

B-134

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 135 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| | | | | | Answer ¶ 22. "Upon information and belief, pursuant to CPLR §§§ 3211(a)(10), 1001 and 1003, plaintiff has failed to join as a party to this lawsuit who is so essential to the litigation that the action cannot proceed in the absence of that party (see In re Redhook/Gowanus Chamber of Commerce v. New York City Bd of Stds. & Appeals, 5 NY3d 452, 457-459 [2005]; Siegel, Practice Commentaries McKinney's Cons Laws of NY, Book 7B, C3211:34, p. 53; 1 New York Civil Practice: CPLR ¶ 1003.04 and 1 New York Civil Practice: CPLR ¶ 3211.39)." |
| 153 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE, ST. BARNABAS THE APOSTLE CHURCH AND SCHOOL, and SISTERS OF CHARITY | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1970-1972 | Answer ¶ 18. "The answering defendant, ST. BARNABAS, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16." |
| 90013l/2020 [St. Barnabas Answer] | | | | | Answer ¶ 19. "That pursuant to General Obligations Law §15-108, the answering defendant, ST. BARNABAS, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the |

20-01226-mg      Doc 180-2     Filed 04/06/23     Entered 04/06/23 14:37:46     Exhibit B
Pg 136 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher." Answer ¶ 20. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545.'" |
| 154 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; CORPUS CHRISTI a/k/a CORPUS CHRISTI PARISH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1964-1966 | Answer ¶ 12 [sic, it's actually 20]. "The answering defendant, CORPUS CHRISTI, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 20. '"That pursuant to General Obligations Law §15-108, the answering defendant, CORPUS CHRISTI, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher." Answer ¶ 21. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545.'" |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 137 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| 155 | 900133/2020 [Brothers of the Christian Schools Answer] | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; BROTHERS OF THE CHRISTIAN SCHOOLS DISTRICT OF EASTERN NORTH AMERICA a/k/a BROTHERS OF THE CHRISTIAN SCHOOLS a/k/a and d/b/a LA SALLE PROVINCIALATE, INC. f/k/a BROTHERS OF THE CHRISTIAN SCHOOLS PROVINCE OF NEW YORK; LA SALLE MILITARY ACADEMY; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1958 | Answer ¶ 64. "The Answering Defendant is entitled to a reduction and/or set-off against any judgment or verdict with respect to the amounts of any collateral source payments received and/or to be received by plaintiff pursuant to CPLR § 4545." Answer ¶ 65. "The limitations of liability set forth in CPLR Article 16 apply to the Answering Defendant." Answer ¶ 66. "The Answering Defendant is entitled to a set-off and/or reduction of damages pursuant to General Obligations Law § 15-108." |
| 156 | 900134/2020 [St. Joseph Answer] | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. JOSEPH'S a/k/a ST. JOSEPH a/k/a ST. JOSEPH ROMAN CATHOLIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1959-1961 | Answer ¶ 20. "The answering defendant, ST. JOSEPH, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 21. "That pursuant to General Obligations Law §15-108, the answering defendant, ST. JOSEPH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 138 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | | | | | | allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher."<br><br>Answer ¶ 22. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 157 | 900135/2020 [St. Patrick Answer] | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. PATRICK CHURCH a/k/a ST. PATRICK'S ROMAN CATHOLIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1987-1989 | Answer ¶ 17. "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source."<br><br>Answer ¶ 18. "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."<br><br>Answer ¶ 19. "Upon information and belief, this answering defendant, is |

B-138

20-01226-mg   Doc 180-2   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit B
Pg 139 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | free from any negligence and in no way contributed to the occurrence and injuries referred to in the plaintiff's complaint, and any negligence that allegedly caused an injury to plaintiff was wholly done by some third-party not related in any manner to defendants." <br><br> Answer ¶ 20. "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." <br><br> Answer ¶ 21. "Upon information and belief, pursuant to CPLR §§§ 3211(a)(10), 1001 and 1003, plaintiff has failed to join a party to this lawsuit who is so essential to the litigation that the action cannot proceed in the absence of that party (see In re Redhook/Gowanus Chamber of Commerce v. New York City Bd of Stds. & Appeals, 5 NY3d 452, 457-459 [2005]; Siegel, Practice Commentaries McKinney's Cons Laws of NY, Book 7B, C3211:34, p. 53; 1 New York Civil Practice: CPLR ¶ 1003.04 and 1 New York Civil Practice: CPLR ¶ 3211.39)." |
| 158 | 900136/2020 [Marist Brothers Answer] | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1982-1983 | Ninth Aff. Defense. "Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 140 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | CENTRE, NEW YORK; THE MARIST BROTHERS a/k/a THE MARIST BROTHERS OF THE SCHOOLS, INC. a/k/a THE MARIST BROTHERS, PROVINCE OF THE UNITED STATES OF AMERICA; ST. MARY'S a/k/a ST. MARY'S ROMAN CATHOLIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | | | received in accordance with CPLR § 4545." Tenth Aff. Defense. "Plaintiff's recovery, if any, shall be reduced and/or subject to equitable apportionment under CPLR Article 16." Eleventh Aff. Defense. "In the event of any prior or subsequent settlement all provisions of General Obligations Law § 15-108 are applicable." |
| 159 | 900136/2020 [St. Mary's Answer] | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; THE MARIST BROTHERS a/k/a THE MARIST BROTHERS OF THE SCHOOLS, INC. a/k/a THE MARIST BROTHERS, PROVINCE OF THE UNITED STATES OF AMERICA; ST. MARY'S a/k/a ST. MARY'S ROMAN CATHOLIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1982-1983 | Answer ¶ 20. "The answering defendant, ST. MARY'S, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 21. "That pursuant to General Obligations Law §15-108, the answering defendant, ST. MARY'S, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 141 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Answer ¶ 22. CPLR 4545. Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545. |
| 160  900137/2020 [St. Jude Answer] | NAME ON FILE | THE DIOCESE OF ROCKVILLE CENTRE and ST. JUDE ROMAN CATHOLIC CHURCH | Negligence; Negligent Hiring, Retention, Supervision and Direction; Breach of Statutory Duty to Report Abuse Under Serv. Soc. Law 413, 420 | Approximately 1967 | Answer ¶ 24. "This answering defendant pleads the provisions and terms of CPLR 4545…"

Answer ¶ 25. "This answering defendant pleads the provisions and terms of CPLR Article 16…"

Answer ¶ 26. "…[A]ny negligence that allegedly caused an injury to plaintiff was wholly done by some third-party not related in any manner to defendant."

Answer ¶ 27. "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108."

Answer ¶ 28. "Failure to join essential party. CPLR 3211(a)(10), 1001, 1003." |
| 161  900138/2020 [St. James Answer] | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. JAMES R.C. CHURCH a/k/a ST. JAMES PARISH; and DOES 1-5 | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1980-1982 | Answer ¶ 21. "The answering defendant, ST. JAMES, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16." |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 142 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | whose identities are unknown to Plaintiff | | | Answer ¶ 22. "That pursuant to General Obligations Law §15-108, the answering defendant, ST. JAMES, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher." Answer ¶ 23. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 162 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; SOCIETY OF MARY a/k/a MARIANISTS a/k/a SOCIETY OF MARY PROVINCE OF MERIBAH a/k/a PROVINCE OF MERIBAH, SOCIETY OF MARY, INC.; CHAMINADE HIGH SCHOOL; ST. ANNE a/k/a CHURCH OF ST. ANNE; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1990-1996 | Answer ¶ 21. "The answering defendant, ST. ANNE, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 22. "That pursuant to General Obligations Law §15-108, the answering defendant, ST. ANNE, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher." |
| 900139/2020 [St. Anne Answer] | | | | | |

B-142

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 143 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| 163 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; SOCIETY OF MARY a/k/a MARIANISTS a/k/a SOCIETY OF MARY PROVINCE OF MERIBAH a/k/a PROVINCE OF MERIBAH, SOCIETY OF MARY, INC.; CHAMINADE HIGH SCHOOL; ST. ANNE a/k/a CHURCH OF ST. ANNE; and DOES 1-5 whose identities are unknown to Plaintiff | Negligence; Negligent Training and Supervision of Employees; Negligent Retention of Employees | Approximately 1990-1996 | Answer ¶ 23. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." CROSS CLAIM AGAINST UNNAMED INDIVIDUALS, pg 5. "That although the answering Defendant has denied the allegations of the plaintiff with respect to any wrongdoing on the part of said defendant, nevertheless, in the event that there is a verdict or judgment in favor of the plaintiff as against the answering defendant, then, and in that event, said answering defendant demands judgment over and against the yet unnamed individuals accused of abuse in the complaint by reason of their wrongful conduct being primary and/or active... and in the alternative, that if a contract existed between the defendants, said contract provided that defendant was to hold harmless, defend and indemnify Defendants and/or that they were to procure insurance which named Defendants as an additional insured on their insurance policy, and that if they failed to do so, then Defendants are entitled to all recoverable damages arising there from and/or due to their failure to procure the same." Third Aff. Defense. "If any liability is found against the answering defendant, then said liability will constitute 50 percent or less of the total liability assigned to all persons |

900139/2020
[Province of
Meribah Society
of Mary Answer]

20-01226-mg     Doc 180-2     Entered 04/06/23 14:37:46     Exhibit B
Pg 144 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | liable, and as such, the liability of this answering defendant to plaintiff for non-economic loss shall be limited and shall not exceed this answering defendant's equitable share as provided in article 16 of the CPLR." Fifth Aff. Defense. "That in the event of any judgment or verdict on behalf of the plaintiffs, the defendant is entitled to a set-off against the amounts of any collateral source payments to be received by plaintiff in the future pursuant to CPLR § 4545." Sixth Aff. Defense. "The injuries and damages, if any, allegedly sustained by the plaintiff were caused or contributed to, in whole or in part, by the culpable conduct on the part of a third-party or parties not then and there in the control of the answering defendants without any fault or negligence on the part of the defendants contributing thereto." |
| 164 | NAME ON FILE | Diocese of Rockville Centre, Holy Family Church, Holy Family Catholic School, and Joseph Trapp | Negligence; Negligent Hiring, Retention, Supervision, and Direction Against Defendants School, Church, and Diocese; Breach of Fiduciary Duty Against Defendants School, Church, and Diocese; Breach of Non-Delegable Duty Against Defendants School, Church and Diocese; Breach of Duty in | Approximately 1978-1980 | Answer ¶ 37. "The answering defendant, HOLY FAMILY, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the limitations of liability in CPLR Article 16." |

900143/202 [Holy Family Answer]

B-144

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 145 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | Loco Parentis Against Defendants School, Church and Diocese; | | Answer ¶ 38. "That pursuant to General Obligations Law §15-108, the answering defendant, HOLY FAMILY, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or nonparties, whichever is higher." |
| | | | | | Answer ¶ 39. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 165 | NAME ON FILE | THE DIOCESE OF ROCKVILLE CENTRE, ST FRANCIS DE SALES PARISH, HOLY ANGELS REGIONAL SCHOOL F/K/A ST. FRANCIS DE SALES CATHOLIC SCHOOL, JANE DOE COMPANY and JOHN DOE | Negligence; Negligent Hiring, Retention, Supervision; Breach of Non-Delegable Duty; Breach of Statutory Duty to Report Abuse Under Social Services Law 413 and 420; Negligent Infliction of Emotional Distress; Breach of Loco Parentis | Approximately 1978 | Answer ¶ 47. "These answering defendants plead the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." |
| | 900145/2020 [Francis De Sales Answer] | | | | Answer ¶ 48. "These answering defendants pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the |

B-145

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 146 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." |
| | | | | | Answer ¶ 49. "These answering defendants reserve the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." |
| | | | | | Answer ¶ 50. "Upon information and belief, pursuant to CPLR §§§ 3211(a)(10), 1001 and 1003, plaintiff has failed to join a party to this lawsuit who is so essential to the litigation that the action cannot proceed in the absence of that party (see In re Redhook/Gowanus Chamber of Commerce v. New York City Bd. of Stds. & Appeals, 5 NY3d 452, 457-459 [2005]; Siegel, Practice Commetaries McKinney's Cons Laws of NY, Book 7B, C3211:34, p. 53; 1 New York Civil Practice: CPLR ¶ 1003.04 and 1 New York Civil Practice: CPLR ¶ 3211.39)." |
| 166 | 900150/2020 | NAME ON FILE | THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, ST. PATRICK RC CHURCH OF SMITHTOWN, N.Y. and ST. PATRICK ROMAN CATHOLIC SCHOOL | Negligence; Gross Negligence; Negligent Hiring, Supervision and Retention; Failure to Warn; Negligent Failure to Provide a Safe and Secure Environment; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress | Approximately 1977 | Answer ¶ 33. "These answering defendants plead the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of |

B-146

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 147 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source."

Answer ¶ 34. "These answering defendants pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss."

Answer ¶ 35. "These answering defendants reserve the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108."

Answer ¶ 36. "Upon information and belief, pursuant to CPLR §§§ 3211(a)(10), 1001 and 1003, plaintiff has failed to join a party to this lawsuit who is so essential to the litigation that the action cannot proceed in the absence of that party (see In re Redhook/Gowanus Chamber of Commerce v. New York City Bd of Stds. & Appeals, 5 NY3d 452, 457-459 [2005]; Siegel, Practice |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 148 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | Commentaries McKinney's Cons Laws of NY, Book 7B, C3211:34, p. 53; 1 New York Civil Practice: CPLR ¶ 1003.04 and 1 New York Civil Practice: CPLR ¶ 3211.39)." |
| 167 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE and ST. LUKE'S ROMAN CATHOLIC CHURCH | Negligence | Approximately 1973 - 1977 | Answer ¶ 23. "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendants, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." Answer ¶ 24. "This answering defendant plead the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." Answer ¶ 25. "Upon information and belief, this answering defendant, is free from any negligence and in no way contributed to the occurrence and injuries referred to in the plaintiff's complaint, and any negligence that |

B-148

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 149 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | allegedly caused an injury to plaintiff was wholly done by some third-party not related in any manner to defendant." Answer ¶ 26. "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108." Answer ¶ 27. "Upon information and belief, pursuant to CPLR §§§ 3211(a)(10), 1001 and 1003, plaintiff has failed to join a party to this lawsuit who is so essential to the litigation that the action cannot proceed in the absence of that party (see In re Redhook/Gowanus Chamber of Commerce v. New York City Bd of Stds. & Appeals, 5 NY3d 452, 457-459 [2005]; Siegel, Practice Commentaries McKinney's Cons Laws of NY, Book 7B, C3211:34, p. 53; 1 New York Civil Practice: CPLR ¶ 1003.04 and 1 New York Civil Practice: CPLR ¶ 3211.39)." |
| 168 | NAME ON FILE | ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE AND SACRED HEART CHURCH | Negligence; Negligent Hiring, Retention and Supervision | Approximately 1985-1986 | Answer ¶ 18. "The answering defendant, SACRED HEART CHURCH, herein denies liability; however, if a measure of damage of fifty percent or less is found against the answering defendant, then the answering defendant is entitled to the |

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | limitations of liability in CPLR Article 16. Answer ¶ 19. "That pursuant to General Obligations Law §15-108, the answering defendant, SACRED HEART CHURCH, is entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." Answer ¶ 20. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 169 | NAME ON FILE | Diocese of Rockville Center and Chaminade High School | Negligence; Negligent hiring, retention and supervision; Negligent infliction of emotional distress | Approximately 1970-1971 (Toale); Approximately 1972-1973 (Byrne) | Eighth Aff. Defense. "The Defendant pleads and reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the Plaintiffs for any non-economic loss." Ninth Aff. Defense. "Upon information and belief, some or all of Plaintiffs' damages are barred and/or subject to CPLR 4545." |
| 170 | NAME ON FILE | Diocese of Rockville Centre, St. Kilian Roman Catholic Church, and Edmund F. Needham | Negligence; Negligent hiring, retention and supervision; Negligent infliction of emotional distress | Approximately 1972 – 1982 | Answer ¶ 16. "The answering defendant, St. Kilian Roman Catholic Church… is entitled to the limitations of liability in CPLR Article 16." Answer ¶ 18. "That pursuant to General Obligations Law § 15-108, |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 151 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | | | | | | the answering defendant... is entitled to a setoff for any settlement paid to the plaintiff..." |
| | | | | | | Answer ¶ 19. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR § 4545." |
| 171 | 950167/2019 | NAME ON FILE | DIOCESE OF ROCKVILLE CENTRE and ST. JOSEPH'S ROMAN CATHOLIC CHURCH | Vicarious liability in respondeat superior; negligent hiring, retention, and supervision; inadequate security; negligence; intentional infliction of emotional distress; negligent infliction of emotional distress | Approximately 1974 | Answer ¶ 40. "This answering defendant pleads the provisions and terms of CPLR §4545 otherwise known as collateral source payment of benefits. In the event plaintiff recovers a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source." |
| | | | | | | Answer ¶ 41. "This answering defendant pleads the provisions and terms of CPLR Article 16 otherwise known as claiming limitations of liability and this answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss." |
| | | | | | | Answer ¶ 42. "Culpable third party. Upon information and belief, this |

20-01226-mg      Doc 180-2      Filed 04/06/23      Entered 04/06/23 14:37:46      Exhibit B
Pg 152 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | | | | answering defendant, is free from any negligence and in no way contributed to the occurrence and injuries referred to in the plaintiff's verified complaint, and any negligence that allegedly caused an injury to plaintiff was wholly done by some third-party not related in any manner to defendant."

Answer ¶ 43. "This answering defendant reserves the right to the benefit of any and all offsets from payments and settlements to the plaintiff from any of the other tortfeasors pursuant to General Obligations Law 15-108."

Answer ¶ 44. "Upon information and belief, pursuant to CPLR §§§ 3211(a)(10), 1001 and 1003, plaintiff has failed to join a party to this lawsuit who is so essential to the litigation that the action cannot proceed in the absence of that party (see In re Redhook/Gowanus Chamber of Commerce v. New York City Bd of Stds. & Appeals, 5 NY3d 452, 457-459 [2005]; Siegel, Practice Commentaries McKinney's Cons Laws of NY, Book 7B, C3211:34, p. 53; 1 New York Civil Practice: CPLR ¶ 1003.04 and 1 New York Civil Practice: CPLR ¶ 3211.39)." |
| 172 | NAME ON FILE | The Roman Catholic Diocese of Rockville Centre, | Negligence, Gross Negligence | Approximately 1998-2001 | Third Aff. Defense. "If any liability is found against the answering |

950229/2020

B-152

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 153 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | [Province of Meribah Society of Mary Answer] | | Kellenberg Memorial High School, The Marianist Province of Meribah, Marina Trentacoste and David Geiger | | | defendant, then said liability will constitute 50 percent or less of the total liability assigned to all persons liable, and as such, the liability of this answering defendant to plaintiff for non-economic loss shall be limited and shall not exceed this answering defendant's equitable share as provided in article 16 of the CPLR."

Fifth Aff. Defense. "That in the event of any judgment or verdict on behalf of the plaintiffs, the defendant is entitled to a set-off against the judgment or verdict…"

Sixth Aff. Defense. "The injuries and damages, if any, allegedly sustained by the plaintiff were caused or contributed to, in whole or in part, by the culpable conduct on the part of a third-party or parties not then and there in the control of the answering defendants without any fault or negligence on the part of the defendants contributing thereto."

Twelfth Aff. Defense. "That in the event a settlement occurs, all of the provisions of General Obligations Law 15-108 are applicable." |
| 173 | 950229/2020 [David Geiger Answer] | NAME ON FILE | The Roman Catholic Diocese of Rockville Centre, Kellenberg Memorial High School, The Marianist Province of Meribah, Marina | Negligence, Gross Negligence | Approximately 1998-2001 | Answer ¶ 1. "Upon information and belief, Plaintiff's economic loss, if any, as specified in §4545 of the CPLR, was or will be replaced or indemnified, in whole or in part, from collateral sources, and the answering |

B-153

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 154 of 159

| | Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|---|
| | | | Trentacoste and David Geiger | | | Defendant is entitled to have the court consider the same in determining such special damages as provided in §4545 of the CPLR."<br><br>Answer ¶ 3. "The answering Defendant's liability (if any) is limited and governed by the provisions set forth in Article 16 of the CPLR."<br><br>Answer ¶ 6. "Pursuant to the provisions of section 15-108 of the General Obligations Law, the answering Defendant is entitled to a reduction of any adverse judgment by either the total settlement amount paid by any other tortfeasors or in the amount of the released tortfeasors' equitable share of the damages under article 14 of the CPLR, whichever is the greatest."<br><br>Answer ¶ 10. "If, at the time of trial, any of the issues herein have finally been determined solely or partially against the plaintiff, or any other adverse party, by a tribunal, forum or court of competent jurisdiction, then in that event, the plaintiff, or any other adverse party will be estopped from re-litigating such issue or issues." |
| 174 | 950245/2020 | NAME ON FILE | THE DIOCESE OF ROCKVILLE CENTRE, ST. KILIAN ROMAN CATHOLIC CHURCH, ST. JOHN BAPTIST DE LASALLE | Negligence/Gross Negligence, Negligent Hiring, Retention, Supervision, and/or Direction, Breach of Fiduciary Duty, Breach of Non-Delegable Duty, Breach of Duty in Loco Parentis, Negligent Infliction of | Approximately 1972 to 1980 | Answer ¶ 43. "The answering defendants, CHURCH and SCHOOL, SAINT RAYMOND, herein deny liability; however, if a measure of damage of fifty percent or less is found against the answering |

B-154

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 155 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | REGIONAL SCHOOL, a successor in interest to, ST. KILIAN PARISH SCHOOL and EDMUND F. NEEDHAM | Emotional Distress, Breach of Statutory Duty to Report Abuse, Battery, Assault | | defendants, then the answering defendants are entitled to the limitations of liability in CPLR Article 16." <br><br> Answer ¶ 44. "That pursuant to General Obligations Law §15-108, the answering defendants, CHURCH and SCHOOL, are entitled to a setoff for any settlement paid to the plaintiff by any and all parties or non-parties for the damages allegedly sustained, the amount of the setoff will be the amount paid or the value of the percentage of fault attributable to such paying parties or non-parties, whichever is higher." <br><br> Answer ¶ 45. "Recovery, if any, by the plaintiff herein shall be governed by the provisions of CPLR §4545." |
| 175 | | | | | |
| 950535/2020 [Covenant House Answer] | NAME ON FILE | ARCHDIOCESE OF NEW YORK; COVENANT HOUSE; DIOCESE OF ROCKVILLE CENTRE; ST. LAWRENCE THE MARTYR ROMAN CATHOLIC CHURCH AND SCHOOL; SCHOOL SISTERS OF NOTRE DAME; ORDER OF FRIARS MINOR CONVENTUAL, ST. ANTHONY OF PADUA PROVINCE; and SISTERS OF CHARITY OF SAINT VINCENT DE PAUL OF | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1977-1979 | Answer ¶ 22. "In the event plaintiff recovers a verdict or judgment against this answering defendant, then said verdict or judgment must be reduced pursuant to CPLR § 4545(a) by those amounts which have been replaced, or with reasonable certainty, will be replaced or indemnify plaintiff, in whole or in part, for any past or future claims, economic loss, from any collateral source including but not limited to insurance, Social Security, worker's compensation or employee benefit programs." |

B-155

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 156 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | NEW YORK A/K/A THE SISTERS OF CHARITY OF NEW YORK | | | Answer ¶ 23. "This answering defendant claims no responsibility to the plaintiff herein. However, to the extent that the trier of the facts finds liability of fifty percent or less as defined by CPLR Article 16, entitlement is claimed by this answering defendant to the benefits set forth in that Article."<br><br>FIRST CROSS CLAIM AGAINST THE DRVC<br>Answer ¶ 25. "If the allegations of the Complaint are true and the answering defendant is adjudged negligent, by reason of the facts or operations of law or otherwise, then the responsibility for damages sustained by plaintiff will be that of codefendants."<br><br>SECOND CROSS CLAIM AGAINST DRVC<br>Answer ¶ 29. "If the plaintiff hereby sustained damages at the time and place and in the manner set forth in the Complaint, then said damages were sustained and arose out of and by reason of the primary and active negligence of codefendants, and that this answering defendant is entitled to indemnification from said codefendants." |
| 176 | 950535/2020 [Archdiocese of New York Answer] | NAME ON FILE | ARCHDIOCESE OF NEW YORK; COVENANT HOUSE; DIOCESE OF ROCKVILLE CENTRE; ST. LAWRENCE THE | Negligence; Outrage and Intentional Infliction of Emotional Distress | Approximately 1977-1979 | Answer ¶ 239. "In the event that a settlement occurs, all of the provisions of General Obligations Law 15-108 are applicable." |

20-01226-mg   Doc 180-2   Filed 04/06/23   Entered 04/06/23 14:37:46   Exhibit B
Pg 157 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | MARTYR ROMAN CATHOLIC CHURCH AND SCHOOL; SCHOOL SISTERS OF NOTRE DAME; ORDER OF FRIARS MINOR CONVENTUAL, ST. ANTHONY OF PADUA PROVINCE; and SISTERS OF CHARITY OF SAINT VINCENT DE PAUL OF NEW YORK A/K/A THE SISTERS OF CHARITY OF NEW YORK | | | Answer ¶ 240. "The Archdiocese, pleads and reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR for any recovery herein by Plaintiff for any non-economic loss." Answer ¶ 241. "Upon information and belief, some or all of Plaintiffs damages are barred and/or subject to CPLR 4545." |
| 177 | 950642/2020 [City of New York Answer] | NAME ON FILE | CITY OF NEW YORK, NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES f/k/a BUREAU OF CHILD WELFARE, ARCHDIOCESE OF NEW YORK, PIUS XII YOUTH AND FAMILY SERVICES, INC. a/d/b/a GOOD SHEPHERD SERVICES, BROTHERS OF THE HOLY CROSS, a/d/b/a BROTHERS OF THE HOLY CROSS OF THE EASTERN PROVINCE OF THE UNITED STATES OF AMERICA, INC., THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE a/d/b/a CATHOLIC HEALTH SERVICES OF | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1983 - 1987 | Answer ¶ 8. "The amounts recoverable by plaintiff(s) are subject to limitation pursuant to Section 1601 of the Civil Practice Law and Rules, by reason of the culpable conduct of other person(s) who are, or with reasonable diligence could have been made party defendant(s) to this action, or pursuant to Section 15-108 of the General Obligations Law, by reason of a prior settlement between plaintiff(s) and said person(s), or pursuant to Section 4545 of the Civil Practice Law and Rules are subject to reduction by collateral sources received by plaintiff(s), or by reason of the fact that punitive damages are not recoverable against municipal defendant(s)." CROSSCLAIM AGAINST DRVC "Any damages sustained by the plaintiff(s) were caused in whole or in |

20-01226-mg       Doc 180-2     Filed 04/06/23     Entered 04/06/23 14:37:46     Exhibit B
Pg 158 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | LONG ISLAND, MARYHAVEN CENTER OF HOPE, INC. f/k/a MARYHAVEN CENTER FOR CHILDREN, and THE DAUGHTERS OF WISDOM, INC. | | | part by the acts or omissions of defendant(s) ARCHDIOCESE OF NEW YORK, PIUS XII YOUTH AND FAMILY SERVICES, INC. A/D/B/A GOOD SHEPHARD SERVICES, BROTHERS OF THE HOLY CROSS D/B/A BROTHERS OF THE HOLY CROSS OF THE EASTERN PROVINCE OF THE UNITED STATES OF AMERICA, INC., THE ROMAN CATHOLIC CENTRE A/D/B/A CATHOLIC HEALTH SERVICES OF LONG ISLAND, MARYHAVEN CENTER OF HOPE, INC. F/K/A MARYHAVEN CENTER FOR CHILDREN, and THE DAUGHTERS OF WISDOM, INC., who are or may be liable to the defendant(s) answering hereby for contribution on the basis of their equitable shares of responsibility, or for indemnity on the basis of a contract between them, actual or implied." |
| 178 | 950642/2020 [Holy Cross Answer] | NAME ON FILE | CITY OF NEW YORK, NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES f/k/a BUREAU OF CHILD WELFARE, ARCHDIOCESE OF NEW YORK, PIUS XII YOUTH AND FAMILY SERVICES, INC. a/d/b/a GOOD SHEPHERD SERVICES, BROTHERS | Negligence; Negligent Hiring, Retention, Supervision, and/or Direction; Breach of Statutory Duty to Report Abuse Under Soc. Serv. Law 413 and 420 | Approximately 1983 - 1987 | Answer ¶ 276. "Recovery, if any, by Plaintiff shall be governed by the provisions of CPLR § 4545." <br><br> Answer ¶ 277. "Pursuant to CPLR §1603, Holy Cross asserts the limitations contained in CPLR §1601 and 1602 and all rights contained therein." <br><br> Answer ¶ 279. "In the event of any prior or subsequent settlement entered |

20-01226-mg    Doc 180-2    Filed 04/06/23    Entered 04/06/23 14:37:46    Exhibit B
Pg 159 of 159

| Index No. | Plaintiff(s) | Defendant(s) | Cause(s) of Action | Date(s) of Alleged Abuse | Allegations of Diocesan Obligations for Indemnity and/or Contribution in the Answers |
|---|---|---|---|---|---|
| | | OF THE HOLY CROSS, a/d/b/a BROTHERS OF THE HOLY CROSS OF THE EASTERN PROVINCE OF THE UNITED STATES OF AMERICA, INC., THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE a/d/b/a CATHOLIC HEALTH SERVICES OF LONG ISLAND, MARYHAVEN CENTER OF HOPE, INC. f/k/a MARYHAVEN CENTER FOR CHILDREN, and THE DAUGHTERS OF WISDOM, INC. | | | into between Plaintiff and another person or persons liable, or claimed to be liable, in tort for the same injury complained herein, Holy Cross assert all relevant portions of New York General Obligations Law § 15-108." |

**EXHIBIT D**

JONES DAY
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew Butler
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

JONES DAY
Christopher DiPompeo (pro hac vice)
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-7686
Facsimile: (202) 626-1700

*Counsel for the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC DIOCESE OF<br>ROCKVILLE CENTRE, NEW YORK,[1]<br><br>Debtor. | Chapter 11<br>Case No.  20-12345 (MG) |
| THE ROMAN CATHOLIC DIOCESE OF<br>ROCKVILLE CENTRE, NEW YORK,<br><br>Plaintiff,<br><br>v.<br><br>ARK320 DOE, *et al.,*[2]<br><br>Defendants. | Adv. No.  20-01226 (MG) |

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

[2] A full list of the Defendants in this adversary proceeding is included in Exhibit A to the Verified Complaint for Declaratory and Injunctive Relief [Adv. Pro. Docket No. 1].

## DIRECT TESTIMONY OF KENNETH F. PORTER

**April 6, 2023**

I, KENNETH F. PORTER, hereby declare under penalty of perjury:

I.      **INTRODUCTION**

1.      I am a founder and practitioner of Porter & Curtis, now a division of Heffernan Insurance Brokers, specializing in insurance broking and risk management and insurance consulting.  I hold a Bachelor of Science degree from Dickinson College and a Masters in Business Administration in finance from Temple University.  I have over 35 years of experience in the field of risk management and insurance consulting, brokerage, and advisory services, with particular expertise in integrated risk management and self-insurance structures for Roman Catholic Dioceses.  I hold the following professional designations from the Insurance Institute of America: Chartered Property Casualty Underwriter, Associate in Risk Management, and Associate in Insurance Accounting and Finance. A copy of my current CV is attached as Exhibit 1.

2.      Since 2006, I have served as an insurance broker and advisor on risk management and insurance issues to the Diocese of Rockville Centre (the "Debtor" or the "DRVC"), the non-profit corporation that is a debtor and debtor in possession in the above-captioned chapter 11 case.  In that capacity, I have helped the DRVC design its current risk management and insurance programs, place insurance and reinsurance, and write coverage forms.  I and my firm have also assisted with notifying the DRVC's current and past insurance companies of new claims that could be covered under one or more of the DRVC's insurance programs.  From my work as an advisor to the DRVC, I have developed a personal knowledge of the DRVC's current and historical insurance programs.  This Declaration is based on my personal knowledge of these programs and reflects my best understanding of the DRVC's coverage with the documentation that is currently available.

3.      To insure the DRVC's many activities, the DRVC maintains a broad insurance program.  Specifically, the DRVC purchased and continues to purchase a broad range of primary commercial liability insurance ("CLI") and excess liability insurance policies to protect itself and various other entities from a myriad of risks.  These  CLI policies provided and continue to provide substantial insurance coverage, including under the older policies, for claims arising out of sexual abuse or sexual misconduct.

4.      If the preliminary injunction is lifted, the DRVC's ability to compensate victims will, in terms of the totality of the insurance proceeds available, be reduced by the need for co-insureds to defend against State Court Actions.  Although there are differences between the policy programs, which I outline below, as a general matter, there is a risk that every dollar out of the insurance proceeds that goes toward defense costs is a dollar that cannot be awarded to victims of abuse.

## II.    INSURANCE POLICIES

5.      From 1957 to the present, the DRVC was insured for sexual abuse and sexual misconduct under insurance policies purchased from different insurance companies.  These insurance policies can be broken down into three groups: the Royal years (from 1957 to 1976); the London Program years (from 1976 to 1986); and the Ecclesia years (from 1986 to the present).[3]

6.      These insurance policies provide coverage to the DRVC and the incorporated parishes, schools, and other Roman Catholic entities within the DRVC's territory (the "DRVC

---

[3] The descriptions provided herein are intended to provide an overview of the DRVC's insurance programs.  To the extent that the statements made herein in any way conflict with or are expanded upon by the insurance policies, the language in the insurance policies control.  The DRVC reserves any and all rights with respect to its insurance policies.  Furthermore, the DRVC and its advisors have not yet been able to locate copies of all relevant insurance policies and thus the descriptions provided herein may need to be amended to incorporate any newly-discovered evidence.

- 2 -

Related Parties").[4]  As "Insureds," the DRVC Related Parties have the same rights as the DRVC

to the limits of liability under those insurance policies.  Thus, the limits of liability are "shared"

between the DRVC and the DRVC Related Parties.

7.    Importantly, these shared insurance policy proceeds are paid on a first-come-first-

served basis, meaning that once the insurance company has satisfied its obligation on a per-claim

or aggregate basis for one insured, the insurance policy proceeds will not be available to other

insureds.

8.    In my experience, insurers do not exercise discretion to deviate from a first-come-

first-served basis for paying claims.  As a matter of practice and custom, insurers act at the

direction of the underlying policy, as the claims are made under that contract.  When a claim

comes in, it is paid.  Because there is not a clawback of the funds paid to an earlier policyholder

to then redistribute among later policyholders, any proceeds paid to one insured become

unavailable to other insureds.  Thus, claims are paid on a first-come-first-served basis.

9.    It is also customary that an insured may present partial proofs of loss to the

underwriters for reimbursement over the course of the claim.  And, in my experience, indemnity

is provided to a policyholder over the course of a claim.

**A.    The Royal Policies (1957 to 1976)**

10.    From 1957 until 1976, the DRVC purchased both primary and excess or umbrella

insurance coverage (as relevant, the "Royal Primary Policies" and the "Royal Umbrella

Policies") from Royal Indemnity Insurance and Royal Globe Insurance Company (collectively

---

[4] I understand that certain insurance companies have not agreed to defend certain DRVC Related Parties based on missing insurance policy documentation. The DRVC has reserved all rights with respect to such coverage disputes.

now known as Arrowood Indemnity Company, "Royal" and its affiliates)[5].  The Royal Policies

cover both the DRVC and the DRVC Related Parties.

11.      _Royal Primary Policies_:  The Royal Primary Policies provide the first layer of

insurance coverage for the DRVC and the DRVC Related Parties.  These insurance policies do

not have aggregate limits of liability, but they do have per-occurrence limits of liability.  These

per occurrence policy limits range from $150,000 to $300,000, depending on the policy period.

This means that the Royal Primary Policies cover the first $150,000 to $300,000 of liability, for

as many claims as may be asserted for any injury occurring during the policy period.  The Royal

Primary Policies also provide for an unlimited payment of defense costs for each claim, as long

as the Royal Primary Policies' limits of liability have not been exhausted for that particular

claim.

12.      Until 1964, the Royal Primary Policies were the DRVC's only insurance

coverage—there are no Royal Umbrella Policies before that date.  Thus, for example, if a parish

or another insured settles a claim for the policy limit, the DRVC would be left with no insurance

coverage remaining for that particular claim, either for the ongoing defense or for any settlement

or judgment against the DRVC.

13.      _Royal Umbrella Policies_:  From 1964 to 1976, Royal also provided the DRVC

with excess or umbrella insurance coverage.  The Royal Umbrella Policies cover liability that

exceeds the limits of liability for the Royal Primary Policies.

14.      From June 4, 1964 to June 4, 1966, the Royal Umbrella Policies had a $2 million

per-occurrence limit of liability with no aggregate limit of liability per policy period.  From June

---

[5] From the founding of the DRVC in 1957 until 1960, the DRVC and the DRVC Related Parties were covered by
Royal under policies purchased by the Diocese of Brooklyn.

- 4 -

4, 1966 to June 4, 1970, the per-occurrence limits were $4 million, apparently with no aggregate

limit of liability per policy period.  From June 4, 1970 to October 1, 1973, the Royal Umbrella

Policies had per-occurrence and likely aggregate limits of liability of $4 million per policy

period.  And from October 1, 1973 through March 1, 1975, the Royal Umbrella Policies had per-

occurrence and likely aggregate limits of $7 million per policy period.  Finally, from March 1,

1975 through October 1, 1976, the Royal Umbrella Policies had per-occurrence and likely

aggregate limits of $12 million per policy period.  For each of those Royal Umbrella Policies

with an aggregate limit of liability, once certain amounts equal to the aggregate limit of liability

are paid pursuant to the terms of that Royal Umbrella Policy, that particular insurance policy is

exhausted and no new claims will be covered by that insurance policy.

     **B.**     **The London Program Policies (1976 to 1986)**

     15.     From 1976 until 1986, the DRVC purchased insurance coverage (the "London

Policies") from various insurance syndicates known as the London Market Insurers (the "London

Insurers"), with additional excess insurance coverage provided by various other insurers,

including Interstate Fire & Casualty Company (collectively with the London Insurers, the

"London Program").  Like the Royal Policies, all of the London Policies also cover both the

DRVC and the DRVC Related Parties, and the insurance policy proceeds are shared between all

co-insureds.

     16.     Under the London Policies, the insureds are required to cover the first $100,000

of liability per occurrence, an amount referred to as the "Self-Insured Retention" ("SIR").[6]  From

there, the London Policies provide an initial layer of insurance coverage containing two insuring

---

[6] Generally, a "self-insured retention," or SIR, is a dollar amount specified in a liability insurance policy that must
be paid by the insured before the insurer will respond to a loss. Insurance policies include "self-insured retentions"
when the insured decides to retain some risk. Insurance policies that contain SIRs often have reduced premium costs
and place the responsibility for handling the claim with the insured until the SIR is exhausted.

- 5 -

agreements—an "Aggregate Agreement" and a "Specific Excess Agreement."  The London

Policies also provide a layer of umbrella insurance policies—the "Interstate Policies"—and

upper layer excess insurance policies—the "London Excess Policies."[7]

17.    *Aggregate Agreement*:  The Aggregate Agreement is designed to reimburse the

insureds for SIR payments above a prescribed SIR aggregate amount.  This SIR aggregate

amount was $1.2 million beginning with the first London Program insurance policy in 1976, and

was incrementally increased to $4.5 million with the last policy ending in 1986.  Once the

insureds have made the applicable aggregate amount of SIR payments, the London Insurers are

responsible for any additional SIR payments during that policy year up to a stated aggregate limit

(ranging between approximately $500,000 and $1 million in later years).  Any SIR payments

above these limits would again be the responsibility of the insureds.

18.    *Specific Excess Agreement*:  The Specific Excess Agreement provides coverage

for losses that exceed the SIR of $100,000, up to a specified per-occurrence limit.  The Specific

Excess Agreement contained per-occurrence limits of mostly $200,000, meaning that after the

SIR was satisfied for a claim (either by the insureds or under the Aggregate Agreement), the

Specific Excess Agreement required the London Insurers to cover the next $100,000 of liability

for that occurrence.

19.    Significantly, there is no aggregate limit of liability under the Specific Excess

Agreement.  As a result, the London Insurers continue to be liable for their share of all covered

losses over $100,000, including for claims alleging injuries during a London Policies policy

period that have been recently asserted under the New York Child Victims Act (the "CVA").

---

[7] Some of the London Market Insurers may currently be insolvent and unable to fulfill their obligations under the
London Policies

- 6 -

20.    Under the London Policies, defense costs are generally considered part of the ultimate net loss.[8]  This means that incurring reimbursable defense costs depletes the available policy proceeds.

21.    *Interstate Policies and London Excess Policies*:  To cover losses beyond the amounts covered by the Specific Excess Agreement, the DRVC also purchased umbrella insurance policies as part of the London Program.  The umbrella layer of coverage generally covered the difference between $200,000 and $5 million for each occurrence, with no aggregate limit of liability, and was provided by Interstate and other insurance companies.  The excess insurance policies covered per-occurrence liability above $5 million, up to a per-occurrence limit of liability of $5 million to $45 million, depending on the policy period.  Neither layer of insurance coverage included an aggregate limit of liability, meaning that those insurance companies still retain liability for new claims alleging injury during a London Program policy period, up to their share of the per-occurrence limits of liability.

22.    Thus, even while the automatic stay bars litigation against the DRVC, if a CVA plaintiff succeeded in establishing liability against a parish for sexual abuse occurring during the London Program policy periods, the parish would be able to draw insurance policy proceeds to cover the loss.  For example, if the parish's liability for the claim was $200,000, the parish would be responsible for a $100,000 SIR, but may be entitled to have some or all of the SIR reimbursed from the insurance proceeds of that year's Aggregate Agreement.  The parish would also be entitled to indemnification of $100,000 under the Specific Excess Agreement for the amount of the loss exceeding the SIR.  Importantly, once the insurance company has paid its share of the

---

[8] The Debtor reserves the right to argue that the London Insurers have a duty to defend under the London Policies. To the extent that the statements made herein in any way conflict with or are expanded upon in the insurance policies, the language in the insurance policies controls, and the Debtor reserves any and all rights in that regard.

covered loss to the parish, it will have no further obligation regarding that occurrence.  As a result, if the DRVC later attempted to settle with that CVA plaintiff in its chapter 11 case, no insurance policy proceeds would be available under the Aggregate Agreement, and the proceeds paid to the parish under the Specific Excess Agreement would also not be available to the DRVC.

        **C.**    **Ecclesia Policies**

    23.    Ecclesia Assurance Company ("Ecclesia") is the sole provider of insurance for the DRVC and the DRVC Related Parties for alleged sexual abuse that occurred after August 31, 1986.[9]  Ecclesia is a captive property and casualty insurance company that provides insurance to the DRVC. It is a separate corporation that is wholly owned by the DRVC.  Ecclesia was incorporated in New York in December 2003.  The company is a licensed insurer and reinsurer. It is also subject to the supervision of the New York State Department of Financial Services.

    24.    The sexual abuse liability insurance coverage provided by Ecclesia is subject to per claim limits of $750,000 in excess of self-insured retentions (or deductibles) of $250,000 per claim and an aggregate limit of liability for sexual abuse claims of (i) $15 million for claims made and reported before October 31, 2020 based on alleged incidents that first occurred on or after September 1, 1986 and prior to October 31, 2019 and (ii) $7.5 million for claims made, and for claims based on alleged incidents that first occurred on or after October 31, 2019 and reported on or after November 1, 2019.  Under the Ecclesia program, defense costs are generally considered part of the ultimate net loss.  This means that incurring reimbursable defense costs depletes the available policy proceeds.

---

[9] Ecclesia began providing insurance coverage in 2003 for sexual abuse claims made during the Ecclesia policy periods that allege wrongful acts after August 31, 1986.

25.     As with the Royal Policies and the London Program Policies, the DRVC Related Parties are co-insureds with the DRVC and the insurance policy proceeds are shared among all the insureds.  Thus, if litigation were allowed to continue to judgment against a Parish, notwithstanding that the litigation has been automatically stayed against the DRVC, the Parish would be able to recover proceeds from the Ecclesia insurance policies, and those insurance proceeds would not be available to the DRVC to fund a judgment or settlement of claims. Indeed, because the Ecclesia insurance policies include aggregate limits of liability, a dollar of insurance recovery paid to a Parish is a dollar less insurance recovery available to the DRVC for any covered claims during that policy period, not simply for the particular claim.

## III.    CONCLUSION

26.     I look forward to answering any questions that the Court or plaintiff's counsel may have.

Kenneth F. Porter

- 9 -

# Exhibit 1

# Kenneth (Ken) F. Porter, CPCU, ARM, AIAF

105 Oakland Avenue
Media, PA  1906
Mobile:  610-348-3112
kporter@portercurtisventures.com

## Summary

Commercial property and casualty broker with over 35 years of experience innovating risk strategies, managing risk pooling programs, supporting financial activities, writing policy forms, placing insurance and reinsurance, developing integrated risk management concepts, and creating risk management standards

## Expertise

- Management
- Coverage analysis
- Integrated risk management
- Program design
- Policy forms
- Risk standards
- Finance and accounting
- Risk placement
- Training

## Education

**Temple University, Philadelphia, Pennsylvania**
Master of Business Administration, Finance (with honors)

**Dickinson College, Carlisle, Pennsylvania**
Bachelor of Science, Biology

**The Institutes, Malvern, Pennsylvania**
Chartered Property and Casualty Underwriter (CPCU)
Associate in Risk Management (ARM)
Associate in Insurance Accounting and Finance (AIAF)

## Experience

**Porter & Curtis, a division of Heffernan Insurance Brokers, Media, Pennsylvania**
(2020-Current)
Producer

- Client support
- Producer

CV 2023 04 05 Porter

**Porter & Curtis, LLC, Media, Pennsylvania** (1998-2020)
Principal

- Founder
- Manager
- Client support

**Arthur J. Gallagher & Co, Media, Pennsylvania** (1994-1998)
Vice President and Manager

- Manager
- Client support
- Producer

**Mandeville Insurance Associates, Bala Cynwyd, Pennsylvania** (1992-1994)
Producer

**McCrea & Gallen, Wayne, Pennsylvania** (1991-1992)
Producer

**Liberty Mutual Insurance Company, Blue Bell, Pennsylvania** (1985-1991)
Sales Manager

## Awards

**Risk & Insurance**
Power Broker Award, Nonprofit

**EXHIBIT E**

JONES DAY
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew Butler
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

JONES DAY
Christopher DiPompeo (pro hac vice)
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-7686
Facsimile: (202) 626-1700

*Counsel for the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,<br><br>Debtors. | Chapter 11<br>Case No.  20-12345 (MG) |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,<br><br>Plaintiff,<br><br>v.<br><br>ARK320 DOE, *et al.,*<br><br>Defendants. | Adv. No.  20-01226 (MG) |

**DIRECT TESTIMONY OF CHARLES MOORE**

**April 6, 2023**

I, CHARLES MOORE, hereby declare under penalty of perjury:

## I.     INTRODUCTION

1.     I am a Managing Director within the North American restructuring division of Alvarez & Marsal ("A&M"), a professional services firm specializing in turnaround management and performance improvement.  I serve as a restructuring advisor to the Diocese of Rockville Centre (the "Debtor" or the "DRVC"), the non-profit corporation that is a debtor and debtor in possession in the above-captioned chapter 11 case.  I have over twenty-five years of experience in operational and financial restructuring, turnaround consulting, performance improvement and interim management. A copy of my current CV is attached as Exhibit 1.

2.     On October 1, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code.  As the lead Managing Director at A&M responsible for this engagement, I had a lead role in preparing the Debtor's chapter 11 filings, developing the Debtor's business plans, and providing diligence to certain of the Debtor's key constituencies.  In doing so, I have become familiar with the Debtor's day-to-day operations, financial affairs, and books and records through review of certain financial documents, discussions with management, and discussions with the DRVC's other professionals. Since then, I have worked closely with the Debtor's senior management regarding the Debtor's chapter 11 case.

## II.    THE BURDEN OF STATE COURT ACTIONS ON THE ESTATE

3.     Historically, any claims alleging liability for sexual abuse or related misconduct against the DRVC, alleged perpetrators (the "Individual Defendants"), the parishes that effectuate the DRVC's mission (the "Parishes"), or the various affiliate organizations of the DRVC (each such organization, a "DRVC Affiliate" and, together with the Parishes, the "DRVC Related Parties"), have, with very limited exception, been litigated and administered by the

DRVC in close coordination with the DRVC Related Parties.  This approach is due to the

relationship between the DRVC and the DRVC Related Parties, and the fact that many of the key

allegations made by plaintiffs in such cases are substantially directed at the DRVC.

4.      My personal experience is consistent with this historical practice. I have been

working with the DRVC since early 2019. As a result, there was over a year-and-a-half where I

was active with the DRVC prior to the bankruptcy filing and observed firsthand some of the

activities that were involved in responding to State Court Actions, especially as Child Victims

Act cases started to be filed in August of 2019. As a result, I had visibility on a prepetition basis

to the amount of time and attention key DRVC personnel, including the legal, financial, and risk

management departments, devoted to matters related to the State Court Actions.

5.      Consistent with past practice and my experience, if the Court were to allow

Plaintiffs to proceed with the State Court Actions, the DRVC will need to play multiple roles in

those cases, including providing information and records that the DRVC maintains.  Further,

because my understanding is that the DRVC believes there may be insurance, *res judicata*, or

other consequences to the DRVC of the cases proceeding, the DRVC would need to be very

actively involved in the litigation, from at least a monitoring standpoint.

6.      I understand that there are currently over 500 personal injury lawsuits pending in

New York state court (collectively, the "State Court Actions") against the DRVC, certain DRVC

Related Parties, Individual Defendants, and other defendants alleging liability for personal injury

tort claims based on sexual abuse or misconduct arising out of the plaintiffs' involvement or

connection with the DRVC. I also understand the Committee now contests a continued

preliminary injunction of 228 of those cases, all but six of which were filed after the petition

date, and none that name the DRVC as a defendant. Although the State Court Actions vary in

their procedural posture, I understand that none are close to trial. All of the State Court Actions

are either at the pleading, discovery, or motion practice phase. And my understanding is that the

228 contested cases have not progressed at all.

7.      Litigating the State Court Actions during the pendency of this chapter 11 case—

even if they only proceed against other defendants, such as the DRVC Related Parties or the

Individual Defendants—will be extremely burdensome on the DRVC, disrupt the administration

and expeditious reorganization of the DRVC, and reduce the estate's assets to the detriment of all

creditors.

8.      Although I was not involved with the litigation of individual cases before the

petition date, I observed the total amount of activity that went into managing litigation of the

approximately 200 prepetition cases, and the overall activity level was significant. For example,

in connection with the prepetition State Court Actions, the DRVC's General Counsel and Chief

Operating Officer, Thomas Renker, was required to review, analyze, and approve settlements,

strategies, and expenses. And the DRVC's Director of Insurance and Risk Management, William

Chapin, devoted substantial amounts of time to insurance noticing and coverage matters related

to the prepetition State Court Actions.

9.      These individuals, among others, are now heavily involved in the chapter 11

process. I participate in weekly conference calls with Mr. Renker, and based on my observations,

he is the person at the DRVC most responsible for the day-to-day management of the chapter 11

case. Likewise, I regularly interact with Mr. Chapin and understand that he has been involved in

claims management and seeking insurance coverage for the proofs of claim. Both individuals are

critically important to the DRVC's continued progress in the chapter 11 case.

- 3 -

10.     If the State Court Actions are allowed to resume, however, these individuals would be forced to reallocate time away from the chapter 11 process. Mr. Renker would need to closely monitor those cases and coordinate with the defendants as it relates to litigation strategies, at a minimum. To the extent any litigation decisions or settlements affecting the DRVC were proposed, it would be Mr. Renker who would need to review, analyze, and make those decisions. Similarly, Mr. Chapin would be required to coordinate insurance matters based on the shared programs with Parishes, schools, and DRVC affiliates.  This would be an important and complicated undertaking.  Mr. Chapin would have to closely monitor the claims being made on these 200+ State Court Actions, the amounts left on the various claims' self-insured retentions, and help to resolve any coverage issues that may arise.

11.     In addition, other DRVC personnel, such as Thomas Doodian, who oversees all things financial for the DRVC during its chapter 11 case, would likely be pulled into any finance-related discovery requests.  This is not just a hypothetical concern.  I have worked extensively with Mr. Doodian for the past three years, and I know that he was heavily involved in responding to the financial discovery requests made by the Committee during the chapter 11 case.  If similar discovery requests come in from any of the 200+ State Court Actions, Mr. Doodian will be required to help respond to them, even though his primary focus needs to be on helping the DRVC manage and emerge from its chapter 11 case.

12.     Finally, if the State Court Actions are allowed to resume, Mr. Renker, Mr. Chapin, Mr. Doodian, and other key DRVC personnel may be called to testify as witnesses or required to sign off on written discovery requests, document requests, or other discovery matters directed to the DRVC. This would necessarily distract these individuals from their primary focus on running the day-to-day for the DRVC and helping to manage the chapter 11 process.

- 4 -

13.     At this point in the chapter 11 case, these same key personnel need to focus their attention on tasks related to the DRVC's restructuring efforts. Among other things, Mr. Renker, Mr. Chapin, Mr. Doodian, and others will be required to (i) consult with various professionals engaged by the DRVC in connection with the bankruptcy case, (ii) participate in mediation and negotiations with creditors, including abuse victims, (iii) support the claims administration process, (iv) supervise the preparation of documentation needed to implement the DRVC's reorganization, and (v) consult on a regular basis with the Bishop and other DRVC officers with respect to the foregoing.

14.     The DRVC operates very lean. Allowing the State Court Actions to take time away from people that would otherwise go towards the reorganization certainly would impact the ability to proceed with the reorganization. Further, the DRVC has recently lost important personnel, including within its finance department, and I am not aware of anyone else at the DRVC that could take on the responsibilities of Mr. Renker, Mr. Chapin, or Mr. Doodian.

15.     Accordingly, the success of the DRVC's reorganization efforts will, in part, be dependent on the time and efforts that its key personnel are able to expend toward ensuring a successful reorganization. The DRVC's continued ability to focus its efforts on the reorganization process will maximize the value of the DRVC's estate for the benefit of all creditors. On the other hand, the DRVC's reorganization efforts and its estate will suffer real and substantial harm to the detriment of all creditors if the DRVC's key personnel are required to actively participate in the State Court Actions instead of concentrating their efforts on the bankruptcy case.

16.     Finally, should the State Court Actions be allowed to continue—even only as against other defendants, such as the DRVC Related Parties and the Individual Defendants—my

- 5 -

understanding is that the DRVC believes it and its estate could face potential contribution, indemnification, collateral estoppel and/or *res judicata* issues with respect to the DRVC Related Parties, which would effectively compel the DRVC to monitor and participate in the numerous trials of the State Court Actions. Relatedly, if the DRVC faces potential contribution and indemnification obligations from the DRVC Related Parties, or if the DRVC Related Parties use limited insurance proceeds to pay any monetary awards to the plaintiffs in the State Court Actions, or if any defense costs are incurred and paid from limited insurance proceeds in connection with the State Court Actions, such events will also consume assets of the estate to the detriment of other creditors and the chapter 11 reorganization process.

17.    Absent a continuation of the stay, the DRVC would be required to engage in the defense of the DRVC Related Parties and Individual Defendants, even as it attempts to resolve claims against itself in its bankruptcy case and exit the reorganization process. The DRVC's continued ability to focus its efforts on the reorganization process, instead of simultaneously defending its interests in the State Court Actions, will maximize the value of the DRVC's estate for the benefit of all creditors.

**III.    CONCLUSION**

18.    I look forward to answering any questions that the Court or plaintiff's counsel may have.

_____

Charles Moore

# Exhibit 1

# CURRICULUM VITAE

## Charles M. Moore, CPA

Charles Moore is a Managing Director within Alvarez & Marsal's North American restructuring division.  He brings more than twenty-five years of experience in operational and financial restructuring, turnaround consulting, performance improvement and interim management. He serves under-performing organizations, as well as financially distressed municipalities and their constituents.

Mr. Moore is nationally recognized for his work in the automotive industry. He has counseled more than seventy-five companies in the industry across all component parts segments.  Mr. Moore regularly advises Tier I and Tier II automotive suppliers, along with secured lenders and equity investors, on matters such as liquidity management, mergers & acquisitions, capital raise, negotiation of commercial issues, cost accounting and operational analysis, cost reductions, negotiations with unions and customers, and strategic planning.

Mr. Moore also has deep experience in the power and utilities industry and recently served as Chief Restructuring Officer of FirstEnergy Solutions, a merchant power generator with generation assets encompassing coal and nuclear fuel sources, with capability of generating approximately 50 TWhs annually, as well as a retail business selling approximately 40 TWhs annually.  Mr. Moore also provided advisory services to the Governance Committee of the Board of NRG REMA, LLC, a merchant power generator and subsidiary of GenOn, Inc.

Mr. Moore also has experience with mass tort cases.  He currently serves as restructuring advisor to the Diocese of Rockville Centre in its chapter 11 proceeding and has worked with other Catholic dioceses outside of chapter 11.  Mr. Moore also provided advisory services to the Official Committee of Tort Claimants in the Takata chapter 11 proceeding, which involved the largest recall of vehicles in the history of the automotive industry.

Mr. Moore led the team that provided operational restructuring services to the City of Detroit and facilitated the creation of the $1.7 billion Reinvestment Plan, the cornerstone of the City's Plan of Adjustment in emerging from bankruptcy in December 2014.

Mr. Moore has served as an expert witness in bankruptcy and commercial litigation matters and has held fiduciary roles, including Liquidating Trustee and Special Fiduciary.

Prior to joining A&M, Mr. Moore was a Senior Managing Director at Conway MacKenzie, Inc.  Earlier in his career, he served as Chief Financial Officer for Horizon Technology Group.  He began his career in the Management Solutions & Services group at Deloitte & Touche.

Mr. Moore is a Certified Public Accountant, a Certified Turnaround Professional and is certified in Financial Forensics. He earned his Bachelor of Arts degree in Accounting and a Master's degree in Business Administration  in Professional Accounting, both from the Eli Broad College of Business at Michigan State University.

**EXHIBIT F-1**

FILED: NASSAU COUNTY CLERK 07/01/2020 10:12 AM
NYSCEF DOC. NO. 1

INDEX NO. 900058/2020
RECEIVED NYSCEF: 07/02/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| ARK237 DOE, | Index No. _____ |
| Plaintiff, | |
| | **SUMMONS** |
| v. | |
| DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. DOMINIC a/k/a THE CHURCH OF SAINT DOMINIC a/k/a SAINT DOMINIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff, | Date Index No. Purchased: July 1, 2020 |
| Defendants. | |

**TO THE ABOVE NAMED DEFENDANTS:**

**PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to answer the

Complaint, a copy of which is hereby served upon you, and to serve a copy of your Answer to the

Complaint upon the undersigned attorneys listed below within twenty (20) days after the service

of this Summons, exclusive of the day of service (or within thirty (30) days after the service is

complete if this Summons is not personally delivered to you within the State of New York); and

in the case of your failure to appear or answer, judgment by default will be taken against you for

the relief demanded herein.

The basis of venue is the principal place of business of Defendant Diocese of Rockville

Centre, which is 50 North Park Ave., Rockville Centre, New York 11571.

FILED: NASSAU COUNTY CLERK 07/01/2020 10:12 AM

NYSCEF DOC. NO. 1

INDEX NO. 900058/2020

RECEIVED NYSCEF: 07/02/2020

Dated: July 1, 2020
      New York, New York

              */s/ Jeffrey R. Anderson*

Jeffrey R. Anderson
Trusha Goffe
Patrick Stoneking
**JEFF ANDERSON & ASSOCIATES, P.A.**
55 West 39th Street, 11th Floor
New York, NY 10018
Telephone: (646) 759-2551
Email: *Jeff@AndersonAdvocates.com*
Email: *Trusha@AndersonAdvocates.com*
Email: *PStoneking@AndersonAdvocates.com*

2

FILED: NASSAU COUNTY CLERK 07/01/2020 10:12 AM                    INDEX NO. 900058/2020
NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 07/02/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| ARK237 DOE, | Index No. _____ |
| Plaintiff, | **COMPLAINT** |
| | **AND DEMAND** |
| v. | **FOR JURY TRIAL** |
| DIOCESE OF ROCKVILLE CENTRE a/k/a THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK; ST. DOMINIC a/k/a THE CHURCH OF SAINT DOMINIC a/k/a SAINT DOMINIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff, | |
| Defendants. | |

TO THE SUPREME COURT OF THE STATE OF NEW YORK:

Plaintiff, by and through Plaintiff's attorneys, states and alleges as follows:

## PARTIES

**A.     Plaintiff**

1.     At all times material, Plaintiff resided in the State of New York.

2.     ARK237 Doe is a pseudonym. Pursuant to New York law, Plaintiff will seek leave of Court to pursue this action under that pseudonym.

3.     This action is brought pursuant to the New York Child Victims Act, CPLR § 214-g.  The conduct at issue constituted sexual offense against a minor in violation of Article 130 of the New York Penal Law, or a predecessor statute that prohibited such conduct at the time of the act, and resulted in physical, psychological, and emotional injuries. As a civil cause of action was previously time-barred prior to August 14, 2019, the terms of the Child Victims Act, CPLR § 214-g, revive the claims set forth below.

FILED: NASSAU COUNTY CLERK 07/01/2020 10:12 AM

NYSCEF DOC. NO. 1

INDEX NO. 900058/2020

RECEIVED NYSCEF: 07/02/2020

4.     At all times material, Plaintiff was a minor under 18 years of age when the sexual abuse occurred.

**B.     Defendants**

5.     Whenever reference is made to any Defendant entity, such reference includes that entity, its parent companies, subsidiaries, affiliates, predecessors, and successors. In addition, whenever reference is made to any act, deed, or transaction of any entity, the allegation means that the entity engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or representatives while they were actively engaged in the management, direction, control, or transaction of the entity's business or affairs.

6.     At all times material, Defendant Diocese of Rockville Centre a/k/a The Roman Catholic Diocese of Rockville Centre, New York ("Diocese") was and continues to be an organization or entity which includes, but is not limited to, civil corporations, decision making entities, officials, and employees, authorized to conduct business and conducting business in the State of New York with its principal place of business at 50 North Park Avenue, Rockville Centre, NY 11571.

7.     The Diocese was created in approximately 1957 from the Diocese of Brooklyn. Later, the Diocese created a corporation called the Roman Catholic Diocese of Rockville Centre, New York to conduct some of its affairs. The Diocese operates its affairs as both a corporate entity and as the organization known as the Diocese of Rockville Centre. Both of these entities and all other affiliated corporations and entities controlled by the Bishop are included in this Complaint as the "Diocese." The Diocese functions as a business by engaging in numerous revenue producing activities and soliciting money from its members in exchange for its services.

8.     The Diocese has several programs that seek out the participation of children

2

FILED: NASSAU COUNTY CLERK 07/01/2020 10:12 AM

NYSCEF DOC. NO. 1

INDEX NO. 900058/2020

RECEIVED NYSCEF: 07/02/2020

including, but not limited to, schools and other educational programs. The Diocese, through its officials, has complete control over those activities and programs involving children. The Diocese has the power to appoint, train, supervise, monitor, remove, and terminate each and every person working with children within the Diocese.

9.      At all times material, Defendant St. Dominic's a/k/a The Church of Saint Dominic a/k/a Saint Dominic Church ("St. Dominic's"), was and continues to be an organization authorized to conduct business and conducting business in the State of New York, with its principal place of business at 93 Anstice St., Oyster Bay, NY 11771. Defendant St. Dominic's includes, but is not limited to, St. Dominic's and any other organizations and/or entities operating under the same or similar name with the same or similar principal place of business.

10.      At all times material, Defendant St. Dominic's was and continues to be under the direct authority, control, and province of Defendant Diocese and the Bishop of Defendant Diocese. Defendant St. Dominic's includes any school affiliated with St. Dominic's. At all times material, any schools associated with Defendant St. Dominic's were under the direct authority, control, and province of Defendant Diocese and the Bishop of Defendant Diocese. At all times material, Defendants St. Dominic's and Diocese owned, operated, managed, maintained, and controlled St. Dominic's School.

11.      Defendants Does 1 through 5 are unknown agents whose identities will be provided when they become known pursuant to CPLR § 1024.

## JURISDICTION

12.      This Court has jurisdiction pursuant to CPLR § 301 as Defendants' principal places of business are in New York and because the unlawful conduct complained of herein occurred in New York.

3

FILED: NASSAU COUNTY CLERK 07/01/2020 10:12 AM    INDEX NO. 900058/2020
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 07/02/2020

13.     Venue is proper pursuant to CPLR § 503 in that Nassau County is the principal place of business of Defendant Diocese. In addition, many of the events giving rise to this action occurred in Nassau County.

## FACTUAL ALLEGATIONS

14.     At all times material, Father Robert Huneke ("Fr. Huneke") was a Roman Catholic cleric employed by the Diocese and St. Dominic's. Fr. Huneke remained under the direct supervision, employ, and control of Defendants.

15.     Defendants placed Fr. Huneke in positions where he had access to and worked with children as an integral part of his work.

16.     Plaintiff was raised in a devout Roman Catholic family and attended St. Dominic's in the Diocese. Plaintiff and Plaintiff's family came in contact with Fr. Huneke as an agent and representative of Defendants, and at St. Dominic's.

17.     Plaintiff participated in youth activities and/or church activities at St. Dominic's. Plaintiff, therefore, developed great admiration, trust, reverence, and respect for the Roman Catholic Church, including Defendants and their agents, including Fr. Huneke. During and through these activities, Plaintiff, as a minor and vulnerable child, was dependent on Defendants and Fr. Huneke. Defendants had custody of Plaintiff and accepted the entrustment of Plaintiff and, therefore, had responsibility for Plaintiff and authority over Plaintiff.

18.     In approximately 1971, when Plaintiff was approximately 11 to 12 years old, Fr. Huneke engaged in unpermitted sexual contact with Plaintiff in violation of at least one section of New York Penal Law Article 130 and/or § 263.05, or a predecessor statute that prohibited such conduct at the time of the abuse.

19.     Plaintiff's relationship to Defendants and Fr. Huneke, as a vulnerable child,

4

FILED: NASSAU COUNTY CLERK 07/01/2020 10:12 AM
NYSCEF DOC. NO. 1

INDEX NO. 900058/2020
RECEIVED NYSCEF: 07/02/2020

parishioner, student, and/or participant in church activities, was one in which Plaintiff was subject

to the ongoing influence of Defendants and Fr. Huneke.

20.    The culture of the Catholic Church over Plaintiff created pressure on Plaintiff not

to report the abuse Plaintiff suffered.

## COUNT I: NEGLIGENCE

21.    Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth

under this count.

22.    Each Defendant owed Plaintiff a duty of reasonable care to protect the Plaintiff

from injury.

23.    Defendants had a duty arising from the special relationship that existed with

Plaintiff, Plaintiff's parents, and other parents of young, innocent, vulnerable children to properly

train and supervise its clerics. This special relationship arose because of the high degree of

vulnerability of the children entrusted to their care. As a result of this high degree of vulnerability

and risk of sexual abuse inherent in such a special relationship, Defendants had a duty to establish

measures of protection not necessary for persons who are older and better able to safeguard

themselves.

24.    Each Defendant owed Plaintiff a duty to protect Plaintiff from harm because each

Defendant also had a special relationship with Fr. Huneke.

25.    Each Defendant owed Plaintiff a duty to control the conduct of Fr. Huneke because

each Defendant had complete ability to control Fr. Huneke's access to children like Plaintiff to

prevent the foreseeable harms associated with childhood sexual abuse, giving rise to a special

relationship with Fr. Huneke and a duty to control his conduct.

26.    Defendants owed Plaintiff a duty of reasonable care because they solicited youth

FILED: NASSAU COUNTY CLERK 07/01/2020 10:12 AM
NYSCEF DOC. NO. 1

INDEX NO. 900058/2020
RECEIVED NYSCEF: 07/02/2020

and parents for participation in their youth programs; encouraged youth and parents to have the youth participate in their programs; undertook custody of minor children, including Plaintiff; promoted their facilities and programs as being safe for children; held their agents, including Fr. Huneke, out as safe to work with children; encouraged parents and children to spend time with their agents; and/or encouraged their agents, including Fr. Huneke, to spend time with, interact with, and recruit children.

27.    By accepting custody of the minor Plaintiff, Defendants established an *in loco parentis* relationship with Plaintiff and in so doing, owed Plaintiff a duty to protect Plaintiff from injury. Further, Defendants entered into a fiduciary relationship with Plaintiff by undertaking the custody, supervision of, and/or care of the minor Plaintiff. As a result of Plaintiff being a minor, and by Defendants undertaking the care and guidance of the Plaintiff, Defendants also held a position of power over Plaintiff. Further, Defendants, by holding themselves out as being able to provide a safe environment for children, solicited and/or accepted this position of empowerment. Defendants, through its employees, exploited this power over Plaintiff and, thereby, put the minor Plaintiff at risk for sexual abuse.

28.    By establishing and/or operating the Diocese and St. Dominic's, accepting the minor Plaintiff as a participant in their programs, holding their facilities and programs out to be a safe environment for Plaintiff, accepting custody of the minor Plaintiff *in loco parentis*, and by establishing a fiduciary relationship with Plaintiff, Defendants entered into an express and/or implied duty to properly supervise Plaintiff and provide a reasonably safe environment for children, who participated in their programs. Defendants owed Plaintiff a duty to properly supervise Plaintiff to prevent harm from foreseeable dangers. Defendants had the duty to exercise the same degree of care over minors under their control as a reasonably prudent person would have

6

FILED: NASSAU COUNTY CLERK 07/01/2020 10:12 AM

NYSCEF DOC. NO. 1

INDEX NO. 900058/2020

RECEIVED NYSCEF: 07/02/2020

exercised under similar circumstances.

29.    By establishing and operating the Diocese and St. Dominic's, which offered educational programs to children and which may have included a school, and by accepting the enrollment and participation of the minor Plaintiff as a participant in those educational programs, Defendants owed Plaintiff a duty to properly supervise Plaintiff to prevent harm from generally foreseeable dangers.

30.    Each Defendant owed Plaintiff a duty to protect Plaintiff from harm because Defendants invited Plaintiff onto their property and Fr. Huneke posed a dangerous condition on Defendants' property.

31.    Each Defendant breached its duties to Plaintiff. Defendants failed to use ordinary care in determining whether their facilities were safe and/or determining whether they had sufficient information to represent their facilities as safe. Defendants' breach of their duties include, but are not limited to: failure to protect Plaintiff from a known danger, failure to have sufficient policies and procedures in place to prevent child sex abuse, failure to properly implement policies and procedures to prevent child sex abuse, failure to take reasonable measures to ensure that policies and procedures to prevent child sex abuse were working, failure to adequately inform families and children of the risks of child sex abuse, failure to investigate risks of child molestation, failure to properly train the employees at institutions and programs within Defendants' geographical confines, failure to train the minors within Defendants' geographical confines about the dangers of sexual abuse by clergy, failure to have any outside agency test their safety procedures, failure to protect the children in their programs from child sex abuse, failure to adhere to the applicable standard of care for child safety, failure to investigate the amount and type of information necessary to represent the institutions, programs, leaders and people as safe, failure to

7

FILED: NASSAU COUNTY CLERK 07/01/2020 10:12 AM
NYSCEF DOC. NO. 1

INDEX NO. 900058/2020
RECEIVED NYSCEF: 07/02/2020

train their employees properly to identify signs of child molestation by fellow employees, failure

by relying upon mental health professionals, and/or failure by relying on people who claimed that

they could treat child molesters.

32.     Defendants also breached their duty to Plaintiff by failing to warn Plaintiff and

Plaintiff's family of the risk that Fr. Huneke posed and the risks of child sexual abuse in Catholic

institutions. They also failed to warn them about any of the knowledge that Defendants had about

child sexual abuse.

33.     Defendants breached their duties to Plaintiff by failing to use reasonable care.

Defendants' failures include, but are not limited to, failing to properly supervise Fr. Huneke,

failing to properly supervise Plaintiff, and failing to protect Plaintiff from a known danger.

34.     Defendants additionally violated a legal duty by failing to report known and/or

suspected abuse of children by Fr. Huneke and/or its other agents to the police and law

enforcement.

35.     Defendants knew or should have known that Fr. Huneke was a danger to children

before Fr. Huneke sexually assaulted Plaintiff.

36.     Prior to the sexual abuse of Plaintiff, Defendants learned or should have learned

that Fr. Huneke was not fit to work with children. Defendants, by and through their agents, servants

and/or employees, became aware, or should have become aware of Fr. Huneke's propensity to

commit sexual abuse and of the risk to Plaintiff's safety. At the very least, Defendants knew or

should have known that they did not have sufficient information about whether or not their leaders

and people working at St. Dominic's and other Catholic institutions within the Diocese of Rockville

Centre were safe.

37.     Defendants knew or should have known that there was a risk of child sex abuse for

8

FILED: NASSAU COUNTY CLERK 07/01/2020 10:12 AM
NYSCEF DOC. NO. 1

INDEX NO. 900058/2020
RECEIVED NYSCEF: 07/02/2020

children participating in Catholic programs and activities within the Diocese. At the very least, Defendants knew or should have known that they did not have sufficient information about whether or not there was a risk of child sex abuse for children participating in Catholic programs and activities within the Diocese.

38.    Defendants knew or should have known that Defendants had numerous agents who had sexually molested children. Defendants knew or should have known that child molesters have a high rate of recidivism. They knew or should have known that there was a specific danger of child sex abuse for children participating in their youth programs.

39.    However, despite this knowledge, Defendants negligently deemed that Fr. Huneke was fit to work with children; and/or that any previous suitability problems Fr. Huneke had were fixed and cured; and/or that Fr. Huneke would not sexually molest children; and/or that Fr. Huneke would not injure children.

40.    Defendants' actions created a foreseeable risk of harm to Plaintiff. As a vulnerable child participating in the programs and activities Defendants offered to minors, Plaintiff was a foreseeable victim. Additionally, as a vulnerable child who Fr. Huneke had access to through Defendants' facilities and programs, Plaintiff was a foreseeable victim.

41.    As a direct result of the foregoing, Plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

## COUNT II: NEGLIGENT TRAINING AND SUPERVISION OF EMPLOYEES

42.    Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth under this count.

43.    At all times material, Fr. Huneke was employed by Defendants and was under each Defendant's direct supervision, employ, and control when he committed the wrongful acts alleged

9

FILED: NASSAU COUNTY CLERK 07/01/2020 10:12 AM

NYSCEF DOC. NO. 1

INDEX NO. 900058/2020

RECEIVED NYSCEF: 07/02/2020

herein. Fr. Huneke engaged in the wrongful conduct while acting in the course and scope of his employment with Defendants and/or accomplished the sexual abuse by virtue of his job-created authority.

44.     Defendants had a duty, arising from their employment of Fr. Huneke, to ensure that he did not sexually molest children.

45.     Further, Defendants owed a duty to train and educate employees and administrators and establish adequate and effective policies and procedures calculated to detect, prevent, and address inappropriate behavior and conduct between clerics and children.

46.     The abuse complained of herein occurred on Defendants' property and/or with the use of their chattels.

47.     Defendants breached their duties to Plaintiff by actively maintaining and employing Fr. Huneke in a position of power and authority through which Fr. Huneke had access to children, including Plaintiff, and power and control over children, including Plaintiff.

48.     Defendants were negligent in the training, supervision, and instruction of their employees. Defendants failed to timely and properly educate, train, supervise, and/or monitor their agents or employees with regard to policies and procedures that should be followed when sexual abuse of a child is suspected or observed. Defendants were additionally negligent in failing to supervise, monitor, chaperone, and/or investigate Fr. Huneke and/or in failing to create, institute, and/or enforce rules, policies, procedures, and/or regulations to prevent Fr. Huneke's sexual abuse of Plaintiff. In failing to properly supervise Fr. Huneke, and in failing to establish such training procedures for employees and administrators, Defendants failed to exercise the degree of care that a reasonably prudent person would have exercised under similar circumstances.

49.     As a direct result of the foregoing, Plaintiff sustained physical, emotional, and

10

FILED: NASSAU COUNTY CLERK 07/01/2020 10:12 AM
NYSCEF DOC. NO. 1

INDEX NO. 900058/2020
RECEIVED NYSCEF: 07/02/2020

psychological injuries, along with pain and suffering.

## COUNT III: NEGLIGENT RETENTION OF EMPLOYEES

50.     Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth under this count.

51.     At all times material, Fr. Huneke was employed by Defendants and was under each Defendant's direct supervision, employ, and control when he committed the wrongful acts alleged herein.

52.     Defendants negligently retained Fr. Huneke with knowledge of Fr. Huneke's propensity for the type of behavior which resulted in Plaintiff's injuries in this action. Defendants failed to investigate Fr. Huneke's past and/or current history of sexual abuse and, through the exercise of reasonable diligence, should have known of Fr. Huneke's propensity for child sexual abuse. Defendants should have made an appropriate investigation of Fr. Huneke and failed to do so. An appropriate investigation would have revealed the unsuitability of Fr. Huneke for continued employment and it was unreasonable for Defendants to retain Fr. Huneke in light of the information they knew or should have known.

53.     Defendants negligently retained Fr. Huneke in a position where he had access to children and could foreseeably cause harm which Plaintiff would not have been subjected to had Defendants taken reasonable care.

54.     In failing to timely remove Fr. Huneke from working with children or terminate the employment of Fr. Huneke, Defendants failed to exercise the degree of care that a reasonably prudent person would have exercised under similar circumstances.

55.     As a direct result of the foregoing, Plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

11

FILED: NASSAU COUNTY CLERK 07/01/2020 10:12 AM
NYSCEF DOC. NO. 1

INDEX NO. 900058/2020
RECEIVED NYSCEF: 07/02/2020

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing causes of action, Plaintiff prays for judgment against Defendants in an amount that will fully and fairly compensate Plaintiff for Plaintiff's injuries and damages and for any other relief the Court deems appropriate. The amount of damages sought in this Complaint exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable. Pursuant to §4 of the New York Child Victims Act, Plaintiff is entitled to a trial preference.

Dated:  July 1, 2020
          New York, New York

_/s/ Jeffrey R. Anderson_
Jeffrey R. Anderson
Trusha Goffe
Patrick Stoneking
**JEFF ANDERSON & ASSOCIATES, P.A.**
55 West 39th Street, 11th Floor
New York, NY 10018
Telephone: (646) 759-2551
Email: _Jeff@AndersonAdvocates.com_
Email: _Trusha@AndersonAdvocates.com_
Email: _PStoneking@AndersonAdvocates.com_

_Counsel for Plaintiff_

12

**EXHIBIT F-2**

FILED: NASSAU COUNTY CLERK 07/21/2021 02:49 PM
NYSCEF DOC. NO. 1

INDEX NO. 900148/2021
RECEIVED NYSCEF: 07/21/2021

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**

ARK516 DOE,

        Plaintiff,

v.

ST. BRIGID; CHURCH OF OUR LADY OF
HOPE; and DOES 1-5 whose identities are
unknown to Plaintiff,

        Defendants.

Index No._____

**SUMMONS**

Date Index No. Purchased: July 21, 2021

**TO THE ABOVE NAMED DEFENDANT:**

        **PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to answer the

Complaint, a copy of which is hereby served upon you, and to serve a copy of your Answer to the

Complaint upon the undersigned attorneys listed below within twenty (20) days after the service

of this Summons, exclusive of the day of service (or within thirty (30) days after the service is

complete if this Summons is not personally delivered to you within the State of New York); and

in the case of your failure to appear or answer, judgment by default will be taken against you for

the relief demanded herein.

        The basis of venue is that Nassau County is Defendants' principal places of business and a

substantial part of the events giving rise to the claim occurred in Nassau County, NY.

FILED: NASSAU COUNTY CLERK 07/21/2021 02:49 PM
NYSCEF DOC. NO. 1

INDEX NO. 900148/2021
RECEIVED NYSCEF: 07/21/2021

Dated:  New York, New York
      July 21, 2021

          */s/ Trusha Goffe*

Jeffrey R. Anderson
Trusha Goffe
Patrick Stoneking
**JEFF ANDERSON & ASSOCIATES, P.A.**
55 West 39th Street, 11th Floor
New York, NY 10018
Telephone: (646) 759-2551
Email: *Jeff@AndersonAdvocates.com*
Email: *Trusha@AndersonAdvocates.com*
Email: *PStoneking@AndersonAdvocates.com*

2

FILED: NASSAU COUNTY CLERK 07/21/2021 02:49 PM
NYSCEF DOC. NO. 1

INDEX NO. 900148/2021
RECEIVED NYSCEF: 07/21/2021

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**

ARK516 DOE,

        Plaintiff,

v.

ST. BRIGID; CHURCH OF OUR LADY OF
HOPE; and DOES 1-5 whose identities are
unknown to Plaintiff,

        Defendants.

Index No._____

**COMPLAINT**

Plaintiff, by and through Plaintiff's attorneys, states and alleges as follows:

## PARTIES

**A.**    **Plaintiff**

1.    At all times material, Plaintiff resided in the State of New York.

2.    ARK516 Doe is a pseudonym. Pursuant to New York law, Plaintiff will seek leave of Court to pursue this action under that pseudonym.

3.    This action is brought pursuant to the New York Child Victims Act, CPLR § 214-g.  The conduct at issue constituted sexual offense against a minor in violation of Article 130 of the New York Penal Law, or a predecessor statute that prohibited such conduct at the time of the act, and resulted in physical, psychological, and emotional injuries. As a civil cause of action was previously time-barred prior to August 14, 2019, the terms of the Child Victims Act, CPLR § 214-g, revive the claims set forth below.

4.    At all times material, Plaintiff was a minor under 18 years of age when the sexual abuse occurred.

FILED: NASSAU COUNTY CLERK 07/21/2021 02:49 PM

NYSCEF DOC. NO. 1

INDEX NO. 900148/2021

RECEIVED NYSCEF: 07/21/2021

### B.    Defendants

5.      Whenever reference is made to any Defendant entity, such reference includes that entity, its parent companies, subsidiaries, affiliates, predecessors, and successors. In addition, whenever reference is made to any act, deed, or transaction of any entity, the allegation means that the entity engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or representatives while they were actively engaged in the management, direction, control, or transaction of the entity's business or affairs.

6.      At all times material, Defendant St. Brigid was and continues to be an organization authorized to conduct business and conducting business in the State of New York, with its principal place of business at 50 Post Avenue, Westbury, NY 11590. Defendant St. Brigid includes, but is not limited to, St. Brigid and any other organizations and/or entities operating under the same or similar name with the same or similar principal place of business.

7.      Upon information and belief, the Carle Place Chapel was a mission of St. Brigid until approximately 1987.

8.      At all times material, Defendant St. Brigid was under the direct authority, control, and province of the Diocese of Rockville Centre ("Diocese") and the Bishop of the Diocese. Defendant St. Brigid includes the Carle Place Chapel. At all times material, the Carle Place Chapel was under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. At all times material, Defendant St. Brigid and the Diocese owned, operated, managed, maintained, and controlled the Carle Place Chapel.

9.      At all times material, Defendant Church of Our Lady of Hope ("Our Lady of Hope") was and continues to be an organization authorized to conduct business and conducting business in the State of New York, with its principal place of business at 534 Broadway, Carle

2

FILED: NASSAU COUNTY CLERK 07/21/2021 02:49 PM

NYSCEF DOC. NO. 1

INDEX NO. 900148/2021

RECEIVED NYSCEF: 07/21/2021

Place, NY 11514. Our Lady of Hope includes, but is not limited to, the parish corporation and any other organizations and/or entities operating under the same or similar name with the same or similar principal place of business.

10.    Upon informaiton and belief, in 1987, the Carle Place Chapel was re-dedidicated as Our Lady of Hope. Upon information and belief, Our Lady of Hope contiuned the misions and ministry of Carle Place Chapel, and Carle Place Chapel remained under the direct authority, control, and province of the Diocese and the Bishop of the Diocese. Upon information and belief, St. Brigid's ceased business operations of the Carle Place Chapel as soon as possible after the transaction(s), and Our Lady of Hope assumed the Carle Place Chapel's liabilities ordinarily necessary for the uninterupted continuation of Carle Place Chapel's operations and business with a continuity of mangement, personnel, physical location and general business operation.

11.    Defendants Does 1 through 5 are unknown agents whose identities will be provided when they become known pursuant to CPLR § 1024.

12.    The limitations of Article 16 of the CPLR do not apply because one or more of the exceptions set forth in CPLR § 1601 and/or § 1602 apply.

## JURISDICTION

13.    This Court has jurisdiction pursuant to CPLR § 301 as Defendants' principal places of business are in New York and because the unlawful conduct complained of herein occurred in New York.

14.    Venue is proper pursuant to CPLR § 503 in that Defendants' principal places of business are in Nassau County and a substantial part of the events giving rise to this action occurred in Nassau County.

3

FILED: NASSAU COUNTY CLERK 07/21/2021 02:49 PM
NYSCEF DOC. NO. 1

INDEX NO. 900148/2021
RECEIVED NYSCEF: 07/21/2021

## FACTUAL ALLEGATIONS

15.    At all times material, Father John Doe ("Fr. Doe") was a Roman Catholic cleric employed by the Diocese, St. Brigid and Our Lady of Hope. Fr. Doe remained under the direct supervision, employ, and control of Defendants and the Diocese.

16.    Defendants and the Diocese placed Fr. Doe in positions where he had access to and worked with children as an integral part of his work.

17.    Plaintiff was raised in a devout Roman Catholic family and attended St. Brigid's Carle Place Chapel, in the Diocese. Plaintiff and Plaintiff's family came in contact with Fr. Doe as an agent and representative of Defendants and the Diocese, and at St. Brigid.

18.    Plaintiff participated in youth activities and/or church activities at St. Brigid. Plaintiff, therefore, developed great admiration, trust, reverence, and respect for the Roman Catholic Church, including Defendants and their agents, including Fr. Doe. During and through these activities, Plaintiff, as a minor and vulnerable child, was dependent on Defendants and Fr. Doe. Defendants had custody of Plaintiff and accepted the entrustment of Plaintiff and, therefore, had responsibility for Plaintiff and authority over Plaintiff.

19.    From approximately 1960 to 1962, when Plaintiff was approximately 13 to 15 years old, Fr. Doe engaged in unpermitted sexual contact with Plaintiff in violation of at least one section of New York Penal Law Article 130 and/or § 263.05, or a predecessor statute that prohibited such conduct at the time of the abuse.

20.    Plaintiff's relationship to Defendants and Fr. Doe, as a vulnerable child, parishioner, and/or participant in church activities, was one in which Plaintiff was subject to the ongoing influence of Defendants and Fr. Doe.

21.    The culture of the Catholic Church over Plaintiff created pressure on Plaintiff not

4

FILED: NASSAU COUNTY CLERK 07/21/2021 02:49 PM

NYSCEF DOC. NO. 1

INDEX NO. 900148/2021

RECEIVED NYSCEF: 07/21/2021

to report the abuse Plaintiff suffered.

## COUNT I: NEGLIGENCE

22.    Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth under this count.

23.    Defendants owed Plaintiff a duty of reasonable care to protect Plaintiff from injury.

24.    Defendants had a duty arising from the special relationship that existed with Plaintiff, Plaintiff's parents, and other parents of young, innocent, vulnerable children to properly train and supervise its clerics. This special relationship arose because of the high degree of vulnerability of the children entrusted to their care. As a result of this high degree of vulnerability and risk of sexual abuse inherent in such a special relationship, Defendants had a duty to establish measures of protection not necessary for persons who are older and better able to safeguard themselves.

25.    Defendants owed Plaintiff a duty to protect Plaintiff from harm because Defendants also had a special relationship with Fr. Doe.

26.    Defendants owed Plaintiff a duty to control the conduct of Fr. Doe because Defendants had ability to control Fr. Doe's access to children like Plaintiff to prevent the foreseeable harms associated with childhood sexual abuse, giving rise to a special relationship with Fr. Doe and a duty to control his conduct.

27.    Defendants owed Plaintiff a duty of reasonable care because they solicited youth and parents for participation in their youth programs; encouraged youth and parents to have the youth participate in their programs; undertook custody of minor children, including Plaintiff; promoted their facilities and programs as being safe for children; held their agents, including Fr. Doe, out as safe to work with children; encouraged parents and children to spend time with their

5

FILED: NASSAU COUNTY CLERK 07/21/2021 02:49 PM    INDEX NO. 900148/2021
NYSCEF DOC. NO. 1                                  RECEIVED NYSCEF: 07/21/2021

agents; and/or encouraged their agents, including Fr. Doe, to spend time with, interact with, and recruit children.

28.     By accepting custody of the minor Plaintiff, Defendants established an *in loco parentis* relationship with Plaintiff and in so doing, owed Plaintiff a duty to protect Plaintiff from injury. Further, Defendants entered into a fiduciary relationship with Plaintiff by undertaking the custody, supervision of, and/or care of the minor Plaintiff. As a result of Plaintiff being a minor, and by Defendants undertaking the care and guidance of the Plaintiff, Defendants also held a position of power over Plaintiff. Further, Defendants, by holding themselves out as being able to provide a safe environment for children, solicited and/or accepted this position of empowerment. Defendants, through their employees, exploited this power over Plaintiff and, thereby, put the minor Plaintiff at risk for sexual abuse.

29.     By establishing and/or operating St. Brigid and Our Lady of Hope, accepting the minor Plaintiff as a participant in its programs, holding its facilities and programs out to be a safe environment for Plaintiff, accepting custody of the minor Plaintiff *in loco parentis*, and by establishing a fiduciary relationship with Plaintiff, Defendants entered into an express and/or implied duty to properly supervise Plaintiff and provide a reasonably safe environment for children, who participated in its programs. Defendants owed Plaintiff a duty to properly supervise Plaintiff to prevent harm from foreseeable dangers. Defendants had the duty to exercise the same degree of care over minors under their control as a reasonably prudent person would have exercised under similar circumstances.

30.     By establishing and operating St. Brigid and Our Lady of Hope, which offered educational programs to children and which included a school, and by accepting the enrollment and participation of the minor Plaintiff as a participant in those educational programs, Defendants

6

FILED: NASSAU COUNTY CLERK 07/21/2021 02:49 PM

NYSCEF DOC. NO. 1

INDEX NO. 900148/2021

RECEIVED NYSCEF: 07/21/2021

owed Plaintiff a duty to properly supervise Plaintiff to prevent harm from generally foreseeable dangers.

31.      Defendants owed Plaintiff a duty to protect Plaintiff from harm because Defendants invited Plaintiff onto their property and Fr. Doe posed a dangerous condition on Defendants' property.

32.      Each Defendant breached its duties to Plaintiff. Each Defendant failed to use ordinary care in determining whether its facilities were safe and/or determining whether they had sufficient information to represent their facilities as safe. Each Defendant's breach of its duties include, but are not limited to: failure to protect Plaintiff from a known danger, failure to have sufficient policies and procedures in place to prevent child sex abuse, failure to properly implement policies and procedures to prevent child sex abuse, failure to take reasonable measures to ensure that policies and procedures to prevent child sex abuse were working, failure to adequately inform families and children of the risks of child sex abuse, failure to investigate risks of child molestation, failure to properly train the employees at institutions and programs within each Defendant's geographical confines, failure to train the minors within each Defendant's geographical confines about the dangers of sexual abuse by clergy, failure to have any outside agency test their safety procedures, failure to protect the children in their programs from child sex abuse, failure to adhere to the applicable standard of care for child safety, failure to investigate the amount and type of information necessary to represent the institutions, programs, leaders and people as safe, failure to train their employees properly to identify signs of child molestation by fellow employees, failure by relying upon mental health professionals, and/or failure by relying on people who claimed that they could treat child molesters.

33.      Each Defendant also breached its duty to Plaintiff by failing to warn Plaintiff and

7

FILED: NASSAU COUNTY CLERK 07/21/2021 02:49 PM
NYSCEF DOC. NO. 1

INDEX NO. 900148/2021
RECEIVED NYSCEF: 07/21/2021

Plaintiff's family of the risk that Fr. Doe posed and the risks of child sexual abuse in Catholic institutions. They also failed to warn them about any of the knowledge that Defendants had about child sexual abuse.

34.     Each Defendant breached its duties to Plaintiff by failing to use reasonable care. Each Defendant's failures include, but are not limited to, failing to properly supervise Fr. Doe, failing to properly supervise Plaintiff, and failing to protect Plaintiff from a known danger.

35.     Each Defendant additionally violated a legal duty by failing to report known and/or suspected abuse of children by Fr. Doe and/or its other agents to the police and law enforcement.

36.     Each Defendant knew or should have known that Fr. Doe was a danger to children before Fr. Doe sexually assaulted Plaintiff.

37.     Prior to the sexual abuse of Plaintiff, each Defendant learned or should have learned that Fr. Doe was not fit to work with children. Each Defendant, by and through its agents, servants and/or employees, became aware, or should have become aware of Fr. Doe's propensity to commit sexual abuse and of the risk to Plaintiff's safety. At the very least, each Defendant knew or should have known that it did not have sufficient information about whether or not their leaders and people working at St. Brigid, Our Lady of Hope and other Catholic institutions within the Diocese of Rockville Centre were safe.

38.     Each Defendant knew or should have known that there was a risk of child sex abuse for children participating in Catholic programs and activities within the Diocese. At the very least, each Defendant knew or should have known that they did not have sufficient information about whether or not there was a risk of child sex abuse for children participating in Catholic programs and activities within the Diocese.

39.     Each Defendant knew or should have known that Defendants and the Diocese had

8

FILED: NASSAU COUNTY CLERK 07/21/2021 02:49 PM

NYSCEF DOC. NO. 1

INDEX NO. 900148/2021

RECEIVED NYSCEF: 07/21/2021

numerous agents who had sexually molested children. Each Defendant knew or should have known that child molesters have a high rate of recidivism. Each Defendant knew or should have known that there was a specific danger of child sex abuse for children participating in its youth programs.

40.     However, despite this knowledge, each Defendant negligently deemed that Fr. Doe was fit to work with children; and/or that any previous suitability problems Fr. Doe had were fixed and cured; and/or that Fr. Doe would not sexually molest children; and/or that Fr. Doe would not injure children.

41.     Each Defendant's actions created a foreseeable risk of harm to Plaintiff. As a vulnerable child participating in the programs and activities Defendants offered to minors, Plaintiff was a foreseeable victim. Additionally, as a vulnerable child who Fr. Doe had access to through Defendants' facilities and programs, Plaintiff was a foreseeable victim.

42.     As a direct result of the foregoing, Plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

### COUNT II: NEGLIGENT TRAINING AND SUPERVISION OF EMPLOYEES

43.     Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth under this count.

44.     At all times material, Fr. Doe was employed by each Defendant and was under each Defendant's direct supervision, employ, and control when he committed the wrongful acts alleged herein. Fr. Doe engaged in the wrongful conduct while acting in the course and scope of his employment with Defendants and/or accomplished the sexual abuse by virtue of his job-created authority.

45.     Each Defendant had a duty, arising from its employment of Fr. Doe, to ensure that

9

FILED: NASSAU COUNTY CLERK 07/21/2021 02:49 PM

NYSCEF DOC. NO. 1

INDEX NO. 900148/2021

RECEIVED NYSCEF: 07/21/2021

he did not sexually molest children.

46.    Further, each Defendant owed a duty to train and educate employees and administrators and establish adequate and effective policies and procedures calculated to detect, prevent, and address inappropriate behavior and conduct between clerics and children.

47.    The abuse complained of herein occurred on Defendants' property and/or with the use of their chattels.

48.    Each Defendant breached its duties to Plaintiff by actively maintaining and employing Fr. Doe in a position of power and authority through which Fr. Doe had access to children, including Plaintiff, and power and control over children, including Plaintiff.

49.    Each Defendant was negligent in the training, supervision, and instruction of its employees. Each Defendant failed to timely and properly educate, train, supervise, and/or monitor its agents or employees with regard to policies and procedures that should be followed when sexual abuse of a child is suspected or observed. Each Defendant was additionally negligent in failing to supervise, monitor, chaperone, and/or investigate Fr. Doe and/or in failing to create, institute, and/or enforce rules, policies, procedures, and/or regulations to prevent Fr. Doe's sexual abuse of Plaintiff. In failing to properly supervise Fr. Doe, and in failing to establish such training procedures for employees and administrators, each Defendant failed to exercise the degree of care that a reasonably prudent person would have exercised under similar circumstances.

50.    As a direct result of the foregoing, Plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

## COUNT III: NEGLIGENT RETENTION OF EMPLOYEES

51.    Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth under this count.

10

FILED: NASSAU COUNTY CLERK 07/21/2021 02:49 PM

NYSCEF DOC. NO. 1

INDEX NO. 900148/2021

RECEIVED NYSCEF: 07/21/2021

52.     At all times material, Fr. Doe was employed by each Defendant and was under each Defendant's direct supervision, employ, and control when he committed the wrongful acts alleged herein.

53.     Each Defendant negligently retained Fr. Doe with knowledge of Fr. Doe's propensity for the type of behavior which resulted in Plaintiff's injuries in this action. Each Defendant failed to investigate Fr. Doe's past and/or current history of sexual abuse and, through the exercise of reasonable diligence, should have known of Fr. Doe's propensity for child sexual abuse. Each Defendant should have made an appropriate investigation of Fr. Doe and failed to do so. An appropriate investigation would have revealed the unsuitability of Fr. Doe for continued employment and it was unreasonable for each Defendant to retain Fr. Doe in light of the information they knew or should have known.

54.     Each Defendant negligently retained Fr. Doe in a position where he had access to children and could foreseeably cause harm which Plaintiff would not have been subjected to had each Defendant taken reasonable care.

55.     In failing to timely remove Fr. Doe from working with children or terminate the employment of Fr. Doe, each Defendant failed to exercise the degree of care that a reasonably prudent person would have exercised under similar circumstances.

56.     As a direct result of the foregoing, Plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing causes of action, Plaintiff prays for judgment against Defendants in an amount that will fully and fairly compensate Plaintiff for Plaintiff's injuries and damages and for any other relief the Court deems appropriate. The amount of damages

11

FILED: NASSAU COUNTY CLERK 07/21/2021 02:49 PM          INDEX NO. 900148/2021
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 07/21/2021

sought in this Complaint exceeds the jurisdictional limits of all lower courts which would

otherwise have jurisdiction.

### JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable. Pursuant to §4 of the New York

Child Victims Act, Plaintiff is entitled to a trial preference.

Dated:  New York, New York
      July 21, 2021

                     _/s/ Trusha Goffe_
                     Jeffrey R. Anderson
                     Trusha Goffe
                     Patrick Stoneking
                     **JEFF ANDERSON & ASSOCIATES, P.A.**
                     55 West 39th Street, 11th Floor
                     New York, NY 10018
                     Telephone: (646) 759-2551
                     Email: _Jeff@AndersonAdvocates.com_
                     Email: _Trusha@AndersonAdvocates.com_
                     Email: _PStoneking@AndersonAdvocates.com_

12

**EXHIBIT G**

# JONES DAY

51 LOUISIANA AVE., N.W. • WASHINGTON, D.C. 20001

TELEPHONE: +1.202.879.3939 • JONESDAY.COM

Direct Number: 202.879.7686
CDIPOMPEO@JONESDAY.COM

April 19, 2023

VIA ELECTRONIC MAIL

Hon. Chief Judge Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, N.Y. 10004-1408

> Re: *The Roman Catholic Diocese of Rockville Centre, New York v. ARK320 DOE, et al.*, Adv. Pro. No. 20-01226 (MG) (Bankr. S.D.N.Y.)

Dear Chief Judge Glenn:

We write to update the Court regarding the stipulated "Related Insurance Schedules," filed by the Committee as Exhibit A to its Appendix of Evidence (ECF No. 173, Ex. A), which listed 228 State Court Actions for which a preliminary injunction is contested.

Page 17 of that Schedule previously listed 17 cases for which there is no reported corresponding Proof of Claim. The parties have since met and conferred, and on further review, have agreed that 11 of these cases are related to Proofs of Claim. They are:

| CVA Case No. | Proof of Claim No. |
|---|---|
| 70043/2021E | ████████ |
| 400091/2021 | |
| 610249/2021 | |
| 614919/2021 | |
| 900142/2021 | |
| 900191/2021 | |
| 900259/2021 | |
| 900260/2021 | |
| 900261/2021 | |
| 900264/2021 | |
| 900302/2021 | |

JONES DAY

Hon. Chief Judge Martin Glenn
April 18, 2023
Page 2


      In addition, the Parties have identified five cases that can be removed from the PI schedule and the scope of any extended PI order.  They are: CVA Nos. 616239/2021, 513591/2020, 520003/2021, 900017/2021, and 951014/2021.  The Diocese no longer seeks a preliminary injunction of these CVA actions.

      Sincerely,

      */s/ Christopher DiPompeo*

      Christopher DiPompeo


Cc:

Gail S. Greenwood
Kenneth Brown
Corinne Ball
Benjamin Rosenblum